# Declaration of Christopher Hadnagy

# Exhibit 1:

# Defendants' Disclosures in Prior Action

**Monday, October 30, 2023 at 11:04:18 Pacific Daylight Time**



**From:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Sent:** Sunday, September 25, 2022 7:48 PM
**To:** Ashley Zingaretti <azingaretti@comitzlaw.com>; Jon Cochran <jcochran@levanstapleton.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>
**Subject:** RE: Hadnagy, et al. vs. Moss, et al. - Defendants' Rule 26 disclosures

Hi, Ashley—

Please find attached Defendants' Rule 26 initial disclosures in the above-referenced matter.

Thanks,

**Matt Mertens | Perkins Coie LLP**
COUNSEL
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mertens, Matthew (POR)
**Sent:** Thursday, September 22, 2022 10:24 AM
**To:** 'Ashley Zingaretti' <azingaretti@comitzlaw.com>; 'Jon Cochran' <jcochran@levanstapleton.com>

**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>
**Subject:** RE: Hadnagy, et al. vs. Moss, et al. - Follow-Up

Hi, Ashley—

I'm following up on the below. (1) Can we reach out to Judge Lloret via joint letter (we're happy to do the first draft); (2) if so, what time frame should we communicate to him for ideal timing of settlement discussions from Plaintiffs' perspective?

Thank you,

**Matt Mertens | Perkins Coie LLP**
COUNSEL
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mertens, Matthew (POR)
**Sent:** Wednesday, September 21, 2022 10:13 AM
**To:** Ashley Zingaretti <azingaretti@comitzlaw.com>; Jon Cochran <jcochran@levanstapleton.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>
**Subject:** RE: Hadnagy, et al. vs. Moss, et al. - Follow-Up

Hi, Ashley—

Thanks for reaching out and following up. We'd like to send Judge Lloret a joint letter, if that's OK with you. Defendants think early 2023 is a reasonable time for judge-brokered settlement discussions since the parties will have gotten a ruling on the MTD and waded into discovery in a meaningful way.

Regarding the confidentiality issue, after conducting our initial Rule 26 investigation, we do not think a protective order is necessary at this time but reserve the right to seek one if appropriate as our fact investigation evolves.

Thank you,

**Matt Mertens | Perkins Coie LLP**
COUNSEL
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Ashley Zingaretti <azingaretti@comitzlaw.com>
**Sent:** Tuesday, September 20, 2022 8:28 AM
**To:** Jon Cochran <jcochran@levanstapleton.com>; Mertens, Matthew (POR)

<MMertens@perkinscoie.com>
**Subject:** Hadnagy, et al. vs. Moss, et al. - Follow-Up
**Importance:** High

Jon and Matt –

Are you comfortable with our office reaching out to Judge Lloret on behalf of all parties to request the scheduling of a settlement conference per Judge Beetlestone's Order? We must do so by this Friday. If you have an alternative suggestion, please advise.

Also, have you given any thought to initial disclosures and the confidentiality issue(s) you mentioned during our Zoom with Judge Beetlestone? I would like to discuss sooner rather than later so we can formulate a game plan and begin at lease some discovery.

Please advise.

Thanks.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, individually and on behalf of SOCIAL-ENGINEER, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, and<br>DEF CON COMMUNICATIONS, INC.,<br><br>Defendants. | 2:22-cv-03060-WB |

## INITIAL RULE 26 DISCLOSURES OF DEFENDANTS JEFF MOSS AND DEF CON COMMUNICATIONS, INC.

Defendants Jeff Moss and Def Con Communications, Inc. ("Def Con," and collectively "Defendants") submit the following initial disclosure statement in accordance with Federal Rule of Civil Procedure 26(a)(1). This statement is submitted without the benefit of complete discovery or having yet received an initial disclosure statement from Plaintiffs Chris Hadnagy and Social-Engineer, LLC ("S-E LLC," and collectively "Plaintiffs"). Accordingly, Defendants reserve the right to disclose additional information or otherwise supplement these disclosures under Federal Rule 26(e)(1) following discovery in this action and/or receipt of Plaintiffs' initial disclosure statement.

These initial disclosures are submitted to comply with the Court's instructions during the Rule 16 conference, the Court's September 15, 2022, Order, and the Federal Rules. They are made without waiver of Defendants' arguments regarding the lack of personal jurisdiction over them in the Eastern District of Pennsylvania.

I. **Individuals with discoverable information.**

Discovery has just begun, and Defendants' investigation continues. Defendants

reserve the right to supplement this category as new and/or additional information comes to light. Defendants also reserve the right to call any and all witnesses disclosed or identified by any party to this action; rebuttal witnesses; and witnesses necessary to authenticate documents introduced as evidence at trial. Defendants preliminarily identify the following individuals pursuant to Rule 26(a)(1)(A):

1. **Jeff Moss c/o Perkins Coie LLP ("Perkins Coie").**

Mr. Moss has discoverable information regarding his relationship with Mr. Hadnagy, Def Con's investigation of Mr. Hadnagy's conduct, Def Con's decision to ban Plaintiffs from future Def Con conferences, and his factual and legal defenses to Plaintiffs' claims. Mr. Moss can be contacted telephonically through Perkins Coie at (206) 359-6767 or (503) 727-2199, and he can receive mail through Perkins Coie at the following address: Attention: Matt Mertens, 1120 NW Couch Street, Ste 1000, Portland, OR 97209.

2. **Melanie Ensign c/o Perkins Coie.**

Ms. Ensign has discoverable information regarding Def Con's decision to ban Plaintiffs from future Def Con conferences and the development of the February 2022 statement that allegedly defamed Plaintiffs. Ms. Hassen can be contacted telephonically through Perkins Coie at (206) 359-6767 or (503) 727-2199, and she can receive mail through Perkins Coie at the following address: Attention: Matt Mertens, 1120 NW Couch Street, Ste 1000, Portland, OR 97209.

3. **Neil Wyler.**

Neil Wyler has discoverable information regarding his relationship with Mr. Hadnagy, Def Con's investigation of Mr. Hadnagy's conduct, and Def Con's decision to ban Plaintiffs

from future Def Con conferences. Mr. Wyler's telephone number is 801-383-2664.

4. **Maxie Reynolds**.

Maxie Reynolds has discoverable information regarding her relationship with Mr. Hadnagy, her prior employment with S-E LLC, Mr. Hadnagy's conduct toward her after she left S-E LLC, and Def Con's investigation of Mr. Hadnagy's conduct.

5. **Unknown current and former employees of Plaintiffs.**

These individuals are likely to have discoverable information regarding their relationships with Mr. Hadnagy and Mr. Hadnagy's conduct towards them in connection with Def Con's allegedly defamatory February 2022 statement banning Plaintiffs from future Def Con conferences.

II. **Relevant documents in Defendants' possession or control**.

Under Rule 26(a)(1)(B), Defendants describe the following categories of documents in its possession that support its defenses in this action. Disclosure of these documents does not constitute an admission that such documents are admissible under the Federal Rules of Evidence or discoverable within the meaning of Rule 26. Defendants reserve the right to object to the production or admissibility of particular documents included within this disclosure on the basis of all applicable privileges and legal doctrines. Discovery has just begun, and Defendants reserve the right to supplement this category as new or additional documents come to light. The categories of documents identified are in Defendants' possession, custody, or control at Def Con's offices in Seattle, WA, or are stored on the cloud: (1) email correspondence; (2) project management files related to the Def Con

- 4 -

conference; (3) correspondence on ephemeral messaging applications such as Signal.

          By:  */s/ Matthew Merens*
               Matthew Mertens (admitted PHV)
               **PERKINS COIE LLP**
               1120 NW Couch Street, 10th Floor
               Portland, Oregon 97209-4128
               503.727.2199
               MMertens@perkinscoie.com

               David Perez (admitted PHV)
               **PERKINS COIE LLP**
               1201 Third Avenue
               Suite 4900
               Seattle, Washington 98101-3099
               206.359.6767
               DPerez@perkinscoie.com

               Jonathan L. Cochran
               John S. Stapleton
               **LeVAN STAPLETON SEGAL**
               ** COCHRAN LLC**
               One Liberty Place
               1650 Market Street, Suite 3600
               Philadelphia, PA 19103
               215.261.5210
               jcochran@levanstapleton.com

               *Counsel for Defendants Jeff Moss*
               *and DEF CON Communications, Inc.*