THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-01932-BAT |

**JOINT STATUS REPORT OF RULE 26(f)**

**MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and the Local Rules of the Western District of Washington, counsel for the parties conferred on January 30, 2024 and submit the following Joint Status Report and Discovery Plan.

**1. Statement of the Nature and Complexity of Case:**

Plaintiffs Christopher Hadnagy and Social-Engineer, LLC ("Social-Engineer") allege that Defendants Moss and Def Con Communications ("Def Con") made a series of defamatory statements about Plaintiffs, which allegedly severely harmed Plaintiffs' reputation and business. Plaintiffs bring causes of action for defamation, business disparagement, intentional interference with contractual relations, intentional interference with prospective economic advantage, unjust

165813791.2

enrichment, and quantum meruit. Plaintiffs also intends on amending the complaint to specifically state a claim for false light.

Def Con denies that the statements were defamatory, denies that it has harmed Social-Engineer's business relationships, and generally denies liability and that plaintiffs have suffered any damages.

The case is of ordinary complexity.

**2. Deadline for Joining of Additional Parties:**

Additional parties to this lawsuit shall be joined no later than March 15, 2024.

**3. Discovery Plan:**

a. **Initial disclosures:** The parties exchanged initial disclosures on or about November 21, 2023.

b. **Subjects, timing, and potential phasing of discovery:** The parties do not believe that any discovery phasing is necessary for this case, aside from the parties' agreement to stay discovery pending a final resolution of Def Con's currently pending Rule 12 motion. The parties agree that factual discovery (including written discovery and depositions) should be completed within 180 days after receiving a ruling from the Court on Def Con's Rule 12 motion(s). They disagree as to whether the 180-day clock should begin to run from when the Court rules on Def Con's pending Motion to Dismiss, which is Social-Engineer's position, or from when the parties conclude all Rule 12 motions practice and there is an operative Complaint in place, which is Def Con's position.

i. **Def Con's position:** Def Con wants to preserve the resources of the parties and the Court. Def Con does not want to spend time and money collecting and reviewing documents and interviewing witnesses that are only relevant to claims that the Court ultimately dismisses. Nor does Def Con want to waste the Court's time with potential discovery disputes relating to claims that the Court ultimately dismisses. Def Con believes starting discovery when an operative

165813791.2

Complaint is in place, and Def Con has filed a responsive Answer, is consistent with the goal of achieving an inexpensive resolution of this action. See Fed. R. Civ. P. 1.

    ii. **Plaintiffs' position:** To avoid further motions practice and promote cooperation, the plaintiffs have agreed to stay discovery until the defendants' pending motion to dismiss is resolved. This agreement is detailed in the Stipulation for Stay of Discovery Pending Resolution of Defendants' Motion to Dismiss (ECF NO. 13) and Motion to Transfer (ECF NO. 15), ECF 20, filed on November 20, 2013. However, there's no justification for delaying discovery after receiving the court's ruling. The defendant's stance suggests they plan to file additional Rule 12 motions even after the court's ruling under Rule 12. The only proposed amendment to the complaint that plaintiffs intend to make is to simply add a claim for false light, which, as recognized in case law, is "highly similar" to defamation but still considered an independent action. Therefore, once this court has ruled on defendants' current motion to dismiss, this matter should proceed in the normal course.

  c. **Electronically stored information:** The parties will act in good faith to manage discovery to minimize expense to the litigants, including utilizing electronic means whenever possible. The parties agree to accept the service of discovery and the production of documents via electronic files served by email and/or mutually agreed file-sharing programs and/or saved onto compact discs. The parties will confer and agree on an ESI protocol to govern the collection and production of documents.

  d. **Privilege issues:** The parties do not anticipate any unique or challenging attorney-client privilege or work product issues. The parties agree that any claims of privilege or of protection as trial-preparation materials will be made at the time of production, and will be accompanied by a privilege log stating the privilege asserted, as well as: the date of the document; a description of the document and of its content so as to identify that portion over which privilege is asserted and

disclosing the remainder; and the name and title of author(s) and recipient(s). Communications that are solely between a party and that party's attorney(s) do not need to be disclosed on the privilege log. The parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

e. **Proposed limitations on discovery:** Apart from the parties' agreement to abstain from discovery until after receiving a ruling from the Court on Def Con's currently pending Rule 12 motion, the parties do not currently propose any modification to the discovery limitations contained in the Federal and Local Civil Rules but reserve the right to request modifications as necessary.

f. **The need for any discovery-related orders:** The parties anticipate that discovery may include the exchange of sensitive business information, including the possibility of exchanging business financial information and Social-Engineer's communications with current and prospective business targets. The parties will likely request entry of the Court's model stipulated protective order prior to starting discovery.

**4. The Parties' Views on Topics in LCR 26(f)(1):**

a. **Prompt case resolution:** The parties believe Rule 12 motion practice and some amount of discovery (should Plaintiffs' claims survive Rule 12 motion(s)) is necessary before the parties can have meaningful settlement discussions.

b. **Alternative dispute resolution:** The parties are amenable to mediating this case at a mutually agreeable time, likely after the commencement of discovery (if any).

c. **Related cases:** The parties are unaware of the existence of any related cases pending before this Court or any other court.

d. **Discovery management:** This is not a case where the parties anticipate extensive deposition practice, and they believe that the deposition limit in Rule 30(a)(2)(A)(i) is adequate.

4

165813791.2

The parties request the implementation of the expedited joint motion procedure in LCR 37(a)(2) for any discovery disputes that cannot be resolved through the meet-and-confer process.

e. **Anticipated discovery sought**: The parties expect to take discovery regarding all aspects of the matters alleged in the Complaint and Answer and agree to cooperate through discovery to facilitate reasonable inquiry and so as to narrow the issues in dispute.

f. **Phasing motions:** The parties have agreed to stay discovery pending resolution of the Defendants' pending Rule 12 motion. They disagree as to whether the discovery stay should continue for any additional Rule 12 motion that Def Con may file against a hypothetical First Amended Complaint, as explained in more detail in paragraph 3(b) above.

g. **Preservation of discoverable information**: The parties agree to preserve all discoverable information and do not anticipate any issues associated therewith.

h. **Privilege issues:** Privilege issues are addressed in Paragraph (3)(d) above.

i. **Model Protocol for Discovery of ESI:** All electronically stored information will be treated like any other document in the possession of the Parties. The Parties agree to follow the Court's Model Protocol for Discovery of ESI.

5. **The date by which discovery can be completed:** The parties agree that factual discovery (including written discovery and depositions) should be completed within 180 days after receiving a ruling from the Court on Def Con's Rule 12 motion. They disagree as to whether the discovery stay should continue for any additional Rule 12 motion that Def Con may file against a hypothetical First Amended Complaint, as explained in more detail in paragraph 3(b) above.

a. **Timing for disposition motions and expert reports:** The parties have agreed that any dispositive motions should be filed within thirty days after the factual discovery deadline, with responses due twenty days thereafter. Furthermore, Def Con requests thirty days after Social-Engineer's expert witness report deadline in which to file Def Con's expert witness report(s), if any.

165813791.2

**6. Whether the case should be bifurcated by trying the liability issues before the damages issues:** The parties do not currently believe that bifurcation is necessary. If the Court ultimately concludes that Social-Engineer has pleaded a cognizable theory of punitive damages for trial, Def Con requests that the Court bifurcate the liability issues and the punitive damages issues for trial.

**7. Whether pretrial statements and pretrial order should be dispensed with:** The parties agree that retaining the pretrial statements and pretrial order in LCR 16 and LCR 16.1 is appropriate.

**8. Whether the parties intend to use the individualized trial program in LCR 39.2 or any ADR options set forth in LCR 39.1.**

The parties do not intend to use the individualized trial program in LCR 39.2. The parties anticipate using a mediator consistent with the ADR options in LCR 39.1.

**9. Any other suggestions for shortening and simplifying the case:** None at this time.

**10. The date the case will be ready for trial:** April 2025.

**11. Whether the trial will be jury or non-jury:** Jury trial.

**12. Number of trial days required:** Approximately 5.

**13. Names, addresses, and telephone numbers of all trial counsel:**

Plaintiffs' Counsel:

Ted Buck & Mark Conrad
Frey Buck
1200 Fifth Ave Suite 1900
Seattle, WA 98101
(206)486-8000

Kristofer Riklis
Riklis Law, PLLC
871 Coronado Center Dr., Ste. 200
Henderson, NV 89052
(725)289-9131

/ / /

/ / /

165813791.2

Defendants' Counsel:

David A. Perez, Perkins Coie
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000

Matthew J. Mertens, Perkins Coie
1120 NW Couch St.
Portland, OR 97209
Telephone: 503.727.2199

Lauren Trambley, Perkins Coie
505 Howard Street Suite 1000 Mailstop Hotel;
San Francisco, CA 94105
Telephone: 415.344.7062.

**14. The dates on which the trial counsel may have complications to be considered in setting a trial date:**

    a.  **Plaintiffs** – Trial counsel for plaintiffs currently has trials scheduled for: March 18, 2024 through March 28, 2024, May 13, 2024 through May 24, 2024, September 16, 2024 through October 11, 2024, November 04, 2024 through November 15, 2024, June 16, 2025 through June 30, 2025.

    b.  **Defendants** – Trial counsel for defendants do not currently have conflicts in April 2025 or May 2025.

**15. Not applicable—all defendants have been served.**

**16. Whether any party wishes a pretrial Rule 16 conference with the Court prior to setting a case schedule:** The parties request a telephonic conference prior to the Court setting a case schedule.

**17. Date Corporate Disclosure Statement Was Filed:** Social-Engineer, LLC Corporate Disclosure Statement was filed on December 27, 2023. Def Con's corporate disclosure statement was filed on August 29, 2023, in the District of Nevada prior to this case's transfer.

165813791.2

Respectfully Submitted:

FREY BUCK,

*/s/ Mark Conrad*
Ted Buck, WSBA #22029
Mark Conrad, WSBA #48135
*Attorneys for Plaintiffs*


PERKINS COIE LLP,

*s/ David A. Perez*
David A. Perez, WSBA No. 43959
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Email: Dperez@perkinscoie.com

*Attorneys for Defendants*

8

165813791.2