THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,

Plaintiffs,

v.

JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,

Defendants.

No. 2:23-cv-01932-BAT

**DEF CON COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT**

ANSWER TO COMPLAINT – 1 (No. 2:23-cv-01932-BAT)

Defendant Def Con Communications, Inc. ("Def Con" or "Defendant"), for its answer and affirmative defenses to the Complaint states as follows:

All facts not specifically admitted are denied. Defendant specifically denies the truth of any allegations contained in un-numbered headings (which are not separately addressed below).

## I.    JURISDICTION AND VENUE

1.    Defendant admits that Plaintiffs allege a claim for defamation. Pursuant to the Court's Order on March 28, 2024, Plaintiffs' tortious interference with contractual relations and other breach claims have been dismissed, to which no response is required. Defendant denies that Plaintiffs are entitled to any relief, including but not limited to the relief requested in the Complaint. Defendant denies the remaining allegations in Paragraph 1.

2.    Defendant admits that Jeff Moss ("Moss") is the founder of Defendant and is registered as Defendant's governor.

3.    Defendant admits that it conducts an annual conference in Las Vegas (the "Event"), typically in August. Defendant admits that it was organized for the purpose of conducting the Event, in addition to other business reasons and purposes. Defendant denies the remaining allegations in Paragraph 3.

4.    Defendant admits that the Event was held on August 10, 2023, through August 13, 2023, at Caesars Forum, 3911 South Koval Lane, Las Vegas, Nevada 89109.

5.    Defendant denies that Mr. Moss "conducts business at" the Event. Defendant otherwise admits the allegations in Paragraph 5.

6.    Defendant admits that its Twitter Page provides the location of Las Vegas, NV as its location. Defendant denies the remaining allegations in Paragraph 6.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   7.   Defendant denies the allegations in Paragraph 7.

2   8.   Defendant admits that Plaintiffs seek damages in excess of $15,000.

3   Defendant denies the remainder of the allegations in Paragraph 8.

4   9.   Defendant denies the allegations in Paragraph 9.

5   10.   Defendant admits that its website states that the Event is one of the

6   oldest continuously running hacker conventions around, and also one of the largest.

7   Defendant denies the remainder of the allegations in Paragraph 10.

8   11.   Defendant denies the allegations in Paragraph 11.

9   12.   Defendant denies the allegations in Paragraph 12.

10   ## II.   PARTIES

11   13.   Defendant incorporates its responses to the allegations in the

12   preceding paragraphs as if set forth fully herein.

13   14.   Defendant lacks knowledge or information sufficient to form a belief

14   about the truth of the allegations in Paragraph 14 and, on that basis, denies them.

15   15.   Defendant lacks knowledge or information sufficient to form a belief

16   about the truth of the allegations in Paragraph 15 and, on that basis, denies them.

17   16.   Pursuant to the Court's Order on March 28, 2024, Jeff Moss has been

18   dismissed from the case and is no longer a party to this action, such that no

19   response is required. To the extent a response is required, Defendant admits that

20   Mr. Moss has referred to himself online as "the Dark Tangent," is an adult

21   individual, and is a resident of Washington. Defendant denies the remainder of the

22   allegations in Paragraph 16.

23   17.   Defendant admits that it is a corporation organized under the laws of

24   the State of Washington. Defendant denies the remaining allegations in Paragraph

25   17.

26

ANSWER TO COMPLAINT – 3 (No. 2:23-cv-01932-
BAT)

1    18.    Defendant lacks knowledge or information sufficient to form a belief

2   about the truth of the allegations in Paragraph 18 and, on that basis, denies them.

3                    **III.    ALTER EGO ALLEGATIONS**

4    19.    Defendant incorporates its responses to the allegations in the

5   preceding paragraphs as if set forth fully herein.

6    20.    Pursuant to the Court's Order on March 28, 2024, the allegations in

7   Paragraph 20 have been dismissed, to which no response is required. To the extent

8   a response is required, Defendant denies the allegations in Paragraph 20.

9    21.    Pursuant to the Court's Order on March 28, 2024, the allegations in

10  Paragraph 21 have been dismissed, to which no response is required. To the extent

11  a response is required, Defendant denies the allegations in Paragraph 21.

12   22.    Pursuant to the Court's Order on March 28, 2024, the allegations in

13  Paragraph 22 have been dismissed, to which no response is required. To the extent

14  a response is required, Defendant denies the allegations in Paragraph 22.

15   23.    Pursuant to the Court's Order on March 28, 2024, the allegations in

16  Paragraph 23 have been dismissed, to which no response is required. To the extent

17  a response is required, Defendant denies the allegations in Paragraph 23.

18   24.    Pursuant to the Court's Order on March 28, 2024, the allegations in

19  Paragraph 24 have been dismissed, to which no response is required. To the extent

20  a response is required, Defendant denies the allegations in Paragraph 24.

21   25.    Pursuant to the Court's Order on March 28, 2024, the allegations in

22  Paragraph 25 have been dismissed, to which no response is required. To the extent

23  a response is required, Defendant denies the allegations in Paragraph 25.

24   26.    Pursuant to the Court's Order on March 28, 2024, the allegations in

25  Paragraph 26 have been dismissed, to which no response is required. To the extent

26  a response is required, Defendant denies the allegations in Paragraph 26.

ANSWER TO COMPLAINT – 4 (No. 2:23-cv-01932-BAT)

27.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 27 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 28 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 29 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 30 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

## IV.     FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

31.     Defendant incorporates its responses to the allegations in the preceding paragraphs as if set forth fully herein.

**A.      Defendant Def Con.**

32.     Defendant admits that it conducts an annual conference in Las Vegas, typically in August. Defendant admits that it was organized for the purpose of conducting the Event, in addition to other business reasons and purposes. Defendant denies the remaining allegations in Paragraph 32.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and, on that basis, denies them.

34.     Defendant admits that Mr. Moss regularly attends the Event. Defendant admits that Mr. Moss is the founder of the Event. Defendant otherwise denies the allegations of Paragraph 34.

35.     Defendant denies the allegations in Paragraph 35.

ANSWER TO COMPLAINT – 5 (No. 2:23-cv-01932-BAT)

36. Defendant admits that it conducts an annual conference in Las Vegas, typically in August. Defendant admits that it was organized for the purpose of conducting the Event, in addition to other business reasons and purposes. Defendant denies the remaining allegations in Paragraph 36.

37. Defendant admits that the Event is one of the world's largest hacker conventions and typically hosts professionals to speak about IT-related and/or hacking-related subjects. Defendant admits that the Event started in 1993. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38. Defendant admits that the initial Event took place in Las Vegas. Defendant denies the remaining allegations in Paragraph 38.

39. Defendant admits that as of April 24, 2024, its website states, "Def Con Training provides a forum for open discussion between participants, where radical viewpoints are welcome and a high degree of skepticism is expected." Defendant denies the remaining allegations in Paragraph 39.

40. Defendant admits the allegations in Paragraph 40.

41. Defendant admits the allegations in Paragraph 41.

**B.** **Plaintiffs and Their Contributions to the Event Throughout the Years**.

42. Defendant admits the allegations of Paragraph 42.

43. Pursuant to the Court's Order on March 28, 2024, allegations relating to contractual interference have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant admits the allegations of Paragraph 45.

ANSWER TO COMPLAINT – 6 (No. 2:23-cv-01932-BAT)

46.     Defendant denies the allegations of Paragraph 46.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48.     Defendant denies that Mr. Moss "sought out and warmly welcomed Plaintiffs' attendance, contributions and participation throughout the Event." Defendant denies that the SEVillage was always the first village to open at the Event. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.     Defendant admits that it changed its policy regarding compensation for sponsorships. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 50 and, on that basis, denies them.

**C.     Defendants' Sudden Attempts to Destroy Plaintiffs' Business Reputation.**

51.     Defendant admits that the Event was held virtually in 2020 and 2021. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51 and, on that basis, denies them.

52.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     Defendant lacks knowledge or information sufficient to form a belief about what Plaintiff Hadnagy may have been "made aware" of on or about September 2021 and, on that basis, denies this portion of the allegations in Paragraph 53. Defendant denies the remaining allegations in Paragraph 53.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

54.   Defendant denies the allegations in Paragraph 54.

55.   Defendant denies the allegations in Paragraph 55.

56.   Defendant  admits that Plaintiffs decided not to participate in the 2022 Event and denies the remaining allegations in Paragraph 56.

57.   Defendant admits that it notified Mr. Hadnagy on February 9, 2022, that he could no longer attend, contribute to, or participate at the Event. Defendant denies the remaining allegations in Paragraph 57.

58.   Defendant admits that it posted the Transparency Report on its website on February 9, 2022. The Transparency Report speaks for itself. Defendant denies the remaining allegations in Paragraph 58.

59.   Defendant admits that Mr. Hadnagy violated the Code of Conduct. The Transparency Report speaks for itself. Defendant denies the remaining allegations in Paragraph 59.

60.   Defendant admits that it has a Code of Conduct. The Code of Conduct speaks for itself. Defendant denies the remaining allegations in Paragraph 60.

61.   Defendant denies the allegations in Paragraph 61.

62.   Defendant denies the allegations in Paragraph 62.

63.   Defendant denies the allegations in Paragraph 63.

64.   Defendant denies the allegations in Paragraph 64.

65.   Defendant denies the allegations in Paragraph 65.

**D.**   **Predictable and Intentional Resulting Backlash.**

66.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to "various false rumors" in Paragraph 67

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    and, on that basis, denies them. Defendant denies the remaining allegations in

2    Paragraph 67.

3         68.    Defendant lacks knowledge or information sufficient to form a belief

4    about the truth of the allegations in Paragraph 68 and, on that basis, denies them.

5         69.    Defendant lacks knowledge or information sufficient to form a belief

6    about the truth of the allegations in Paragraph 69 and, on that basis, denies them.

7         70.    Defendant lacks knowledge or information sufficient to form a belief

8    about the truth of the allegations in Paragraph 70 and, on that basis, denies them.

9         71.    Defendant lacks knowledge or information sufficient to form a belief

10   about the truth of the allegations in Paragraph 71 and, on that basis, denies them.

11        72.    Defendant lacks knowledge or information sufficient to form a belief

12   about the truth of the allegations in Paragraph 72 and, on that basis, denies them.

13        73.    Defendant lacks knowledge or information sufficient to form a belief

14   about the truth of the allegations in Paragraph 73 and, on that basis, denies them.

15        74.    Defendant lacks knowledge or information sufficient to form a belief

16   about the truth of the allegations in Paragraph 74 and, on that basis, denies them.

17        75.    Defendant lacks knowledge or information sufficient to form a belief

18   about the truth of the allegations in Paragraph 75 and, on that basis, denies them.

19        76.    Defendant lacks knowledge or information sufficient to form a belief

20   about the truth of the allegations in Paragraph 76 and, on that basis, denies them.

21        77.    Defendant lacks knowledge or information sufficient to form a belief

22   about the truth of the allegations in Paragraph 77 and, on that basis, denies them.

23        78.    Pursuant to the Court's Order on March 28, 2024, the allegations in

24   Paragraph 78 have been dismissed, to which no response is required. To the extent

25   a response is required, Defendant denies the allegations in Paragraph 78.

26

ANSWER TO COMPLAINT – 9 (No. 2:23-cv-01932-
BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

79.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 79 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80.     Defendant admits that an update was posted on January 13, 2023, on its website. Defendant denies the remaining allegations in Paragraph 80.

81.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 81 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 81.

82.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 82 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82.

83.     Defendant admits that the Transparency Report and update are accessible on its website. Defendant denies the remaining allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and, on that basis, denies them.

86.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 86 have been dismissed, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and, on that basis, denies them.

87.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 87 have been dismissed, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form

ANSWER TO COMPLAINT – 10 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

a belief about the truth of the allegations in Paragraph 87 and, on that basis, denies them.

88.     Defendant denies the allegations in Paragraph 88.

89.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 89 have been dismissed, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and, on that basis, denies them.

90.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and, on that basis, denies them.

91.     Defendant denies the allegations in Paragraph 91.

92.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 92 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92.

93.     Defendant denies the allegations in Paragraph 93.

94.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 94 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 94.

95.     Defendant denies that Plaintiffs are entitled to any relief, including but not limited to the relief requested in the Complaint. Defendant denies the remaining allegations in Paragraph 95.

96.     Defendant admits that Plaintiffs seek monetary damages. Defendant denies that Plaintiffs are entitled to any relief, including but not limited to the relief requested in the Complaint. Defendant denies the remaining allegations in Paragraph 96.

## **FIRST CAUSE OF ACTION**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**(For Defamation against all Defendants)**

2      97.     Defendant incorporates its responses to the allegations in the

3  preceding paragraphs as if set forth fully herein.

4      98.     Pursuant to the Court's Order on March 28, 2024, the allegations in

5  Paragraph 98 relating to "Injurious Falsehoods" have been dismissed, to which no

6  response is required. To the extent a response is required, Defendant denies the

7  allegations in Paragraph 98.

8      99.     Pursuant to the Court's Order on March 28, 2024, the allegations in

9  Paragraph 99 relating to "Injurious Falsehoods" have been dismissed, to which no

10 response is required. To the extent a response is required, Defendant denies the

11 allegations in Paragraph 99.

12     100.    Defendant admits that Mr. Hadnagy was banned from the Event.

13 Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 100

14 relating to "Injurious Falsehoods" have been dismissed, to which no response is

15 required. Defendant denies the remaining allegations in Paragraph 100.

16     101.    Pursuant to the Court's Order on March 28, 2024, the allegations in

17 Paragraph 101 relating to "Injurious Falsehoods" have been dismissed, to which no

18 response is required. Defendant denies the remaining allegations in Paragraph 101.

19     102.    Pursuant to the Court's Order on March 28, 2024, the allegations in

20 Paragraph 102 relating to "Injurious Falsehoods" have been dismissed, to which no

21 response is required. To the extent a response is required, Defendant denies the

22 remaining allegations in Paragraph 102.

23     103.    Defendant denies the allegations in Paragraph 103.

24     104.    Pursuant to the Court's Order on March 28, 2024, the allegations in

25 Paragraph 104 relating to "Injurious Falsehoods" have been dismissed, to which no

26 response is required. Defendant denies the remaining allegations in Paragraph 104.

ANSWER TO COMPLAINT – 12 (No. 2:23-cv-01932-BAT)

1    105.    Defendant denies the allegations in Paragraph 105.

2    106.    Pursuant to the Court's Order on March 28, 2024, the allegations in

3  Paragraph 104 relating to "Injurious Falsehoods" have been dismissed, to which no

4  response is required. To the extent a response is required, Defendant lacks

5  knowledge or information sufficient to form a belief about the truth of the

6  allegations in Paragraph 106 and, on that basis, denies them.

7    107.    Pursuant to the Court's Order on March 28, 2024, the allegations in

8  Paragraph 107 relating to "Injurious Falsehoods" have been dismissed, to which no

9  response is required. To the extent a response is required, Defendant denies the

10  allegations in Paragraph 107.

11    108.    Pursuant to the Court's Order on March 28, 2024, the allegations in

12  Paragraph 108 relating to "Injurious Falsehoods" have been dismissed, to which no

13  response is required. To the extent a response is required, Defendant lacks

14  knowledge or information sufficient to form a belief about the truth of the

15  allegations in Paragraph 108 and, on that basis, denies them.

16    109.    Defendant denies the allegations in Paragraph 109.

17    110.    Defendant denies the allegations in Paragraph 110.

18    111.    Pursuant to the Court's Order on March 28, 2024, the allegations in

19  Paragraph 111 relating to "Injurious Falsehoods" have been dismissed, to which no

20  response is required. Defendant denies the remaining allegations in Paragraph 111.

21    112.    Pursuant to the Court's Order on March 28, 2024, the allegations in

22  Paragraph 112 have been dismissed, to which no response is required. To the extent

23  a response is required, Defendant denies the allegations in Paragraph 112.

24    113.    Pursuant to the Court's Order on March 28, 2024, the allegations in

25  Paragraph 113 have been dismissed, to which no response is required. To the extent

26  a response is required, Defendant denies the allegations in Paragraph 113.

ANSWER TO COMPLAINT – 13 (No. 2:23-cv-01932-BAT)

1  114. Defendant denies the allegations in Paragraph 114.

2  115. Pursuant to the Court's Order on March 28, 2024, the allegations in

3 Paragraph 115 have been dismissed, to which no response is required. To the extent

4 a response is required, Defendant denies the allegations in Paragraph 115.

5  116. Pursuant to the Court's Order on March 28, 2024, the allegations in

6 Paragraph 116 relating to "Injurious Falsehoods" have been dismissed, to which no

7 response is required. Defendant denies the remaining allegations in Paragraph 116.

8  117. Pursuant to the Court's Order on March 28, 2024, the allegations in

9 Paragraph 117 relating to "Injurious Falsehoods" have been dismissed, to which no

10 response is required. Defendant denies the remaining allegations in Paragraph 117.

11  118. Defendant denies the allegations in Paragraph 118.

12  119. Defendant denies the allegations in Paragraph 119.

13  120. Defendant admits that the Transparency Report and Transparency

14 Report Update are still available on the Def Con website. Defendant otherwise lacks

15 knowledge or information sufficient to form a belief about the truth of the

16 allegations in Paragraph 120 and, on that basis, denies them.

17  121. Defendant denies the allegations in Paragraph 121.

**SECOND CAUSE OF ACTION**

**(For Business Disparagement against all Defendants)**

20  122. Defendant incorporates its responses to the allegations in the

21 preceding paragraphs as if set forth fully herein.

22  123. Pursuant to the Court's Order on March 28, 2024, the allegations in

23 Paragraph 123 have been dismissed, to which no response is required. To the extent

24 a response is required, Defendant denies the allegations in Paragraph 123.

25

26

ANSWER TO COMPLAINT – 14 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

124.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 124 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 124.

125.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 125 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 125.

126.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 126 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 126.

127.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 127 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 127.

128.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 128 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 128.

129.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 129 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 129.

## THIRD CAUSE OF ACTION

### (For Intentional Interference with Contractual Relations against all Defendants)

130.    Defendant incorporates its responses to the allegations in the preceding paragraphs as if set forth fully herein.

131.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 131 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 131.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   132.   Pursuant to the Court's Order on March 28, 2024, the allegations in

2   Paragraph 132 have been dismissed, to which no response is required. To the extent

3   a response is required, Defendant denies the allegations in Paragraph 132.

4   133.   Pursuant to the Court's Order on March 28, 2024, the allegations in

5   Paragraph 133 have been dismissed, to which no response is required. To the extent

6   a response is required, Defendant denies the allegations in Paragraph 133.

7   134.   Pursuant to the Court's Order on March 28, 2024, the allegations in

8   Paragraph 134 have been dismissed, to which no response is required. To the extent

9   a response is required, Defendant denies the allegations in Paragraph 134.

10   135.   Pursuant to the Court's Order on March 28, 2024, the allegations in

11   Paragraph 135 have been dismissed, to which no response is required. To the extent

12   a response is required, Defendant denies the allegations in Paragraph 135.

13   136.   Pursuant to the Court's Order on March 28, 2024, the allegations in

14   Paragraph 136 have been dismissed, to which no response is required. To the extent

15   a response is required, Defendant denies the allegations in Paragraph 136.

16   137.   Pursuant to the Court's Order on March 28, 2024, the allegations in

17   Paragraph 137 have been dismissed, to which no response is required. To the extent

18   a response is required, Defendant denies the allegations in Paragraph 137.

19   138.   Pursuant to the Court's Order on March 28, 2024, the allegations in

20   Paragraph 138 have been dismissed, to which no response is required. To the extent

21   a response is required, Defendant denies the allegations in Paragraph 138.

22   139.   Pursuant to the Court's Order on March 28, 2024, the allegations in

23   Paragraph 139 have been dismissed, to which no response is required. To the extent

24   a response is required, Defendant denies the allegations in Paragraph 139.

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

140.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 140 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 140.

141.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 141 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 141.

142.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 142 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 142.

143.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 143 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 143.

## <u>FOURTH CAUSE OF ACTION</u>

### (For Intentional Interference with Prospective Economic Advantage against all Defendants)

144.     Defendant incorporates its responses to the allegations in the preceding paragraphs as if set forth fully herein.

145.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 145 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 145.

146.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 146 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 146.

147.     Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 147 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 147.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1       148.   Pursuant to the Court's Order on March 28, 2024, the allegations in

2  Paragraph 148 have been dismissed, to which no response is required. To the extent

3  a response is required, Defendant denies the allegations in Paragraph 148.

4       149.   Pursuant to the Court's Order on March 28, 2024, the allegations in

5  Paragraph 149 have been dismissed, to which no response is required. To the extent

6  a response is required, Defendant denies the allegations in Paragraph 149.

7       150.   Pursuant to the Court's Order on March 28, 2024, the allegations in

8  Paragraph 150 have been dismissed, to which no response is required. To the extent

9  a response is required, Defendant denies the allegations in Paragraph 150.

10       151.   Pursuant to the Court's Order on March 28, 2024, the allegations in

11  Paragraph 151 have been dismissed, to which no response is required. To the extent

12  a response is required, Defendant denies the allegations in Paragraph 151.

13       152.   Pursuant to the Court's Order on March 28, 2024, the allegations in

14  Paragraph 152 have been dismissed, to which no response is required. To the extent

15  a response is required, Defendant denies the allegations in Paragraph 152.

16       153.   Pursuant to the Court's Order on March 28, 2024, the allegations in

17  Paragraph 153 have been dismissed, to which no response is required. To the extent

18  a response is required, Defendant denies the allegations in Paragraph 153.

19       154.   Pursuant to the Court's Order on March 28, 2024, the allegations in

20  Paragraph 154 have been dismissed, to which no response is required. To the extent

21  a response is required, Defendant denies the allegations in Paragraph 154.

22       155.   Pursuant to the Court's Order on March 28, 2024, the allegations in

23  Paragraph 155 have been dismissed, to which no response is required. To the extent

24  a response is required, Defendant denies the allegations in Paragraph 155.

25

26

ANSWER TO COMPLAINT – 18 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

156.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 156 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 156.

157.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 157 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 157.

158.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 158 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 158.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment against all Defendants)

159.    Defendant incorporates its responses to the allegations in the preceding paragraphs as if set forth fully herein.

160.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 160 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 160.

161.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 161 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 161.

162.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 162 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 162.

163.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 163 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 163.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    164.    Pursuant to the Court's Order on March 28, 2024, the allegations in

2    Paragraph 164 have been dismissed, to which no response is required. To the extent

3    a response is required, Defendant denies the allegations in Paragraph 164.

4    165.    Pursuant to the Court's Order on March 28, 2024, the allegations in

5    Paragraph 165 have been dismissed, to which no response is required. To the extent

6    a response is required, Defendant denies the allegations in Paragraph 165.

7    166.    Pursuant to the Court's Order on March 28, 2024, the allegations in

8    Paragraph 166 have been dismissed, to which no response is required. To the extent

9    a response is required, Defendant denies the allegations in Paragraph 166.

10                          **SIXTH CAUSE OF ACTION**

11              **(For Quantum Meruit against all Defendants)**

12    167.    Defendant incorporates its responses to the allegations in the

13    preceding paragraphs as if set forth fully herein.

14    168.    Pursuant to the Court's Order on March 28, 2024, the allegations in

15    Paragraph 168 have been dismissed, to which no response is required. To the extent

16    a response is required, Defendant denies the allegations in Paragraph 168.

17    169.    Pursuant to the Court's Order on March 28, 2024, the allegations in

18    Paragraph 169 have been dismissed, to which no response is required. To the extent

19    a response is required, Defendant denies the allegations in Paragraph 169.

20    170.    Pursuant to the Court's Order on March 28, 2024, the allegations in

21    Paragraph 170 have been dismissed, to which no response is required. To the extent

22    a response is required, Defendant denies the allegations in Paragraph 170.

23    171.    Pursuant to the Court's Order on March 28, 2024, the allegations in

24    Paragraph 171 have been dismissed, to which no response is required. To the extent

25    a response is required, Defendant denies the allegations in Paragraph 171.

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3

172.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 172 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 172.

4
5
6

173.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 173 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 173.

7
8
9

174.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 174 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 174.

10

## SEVENTH CAUSE OF ACTION

11

### (For Injunctive Relief against all Defendants)

12
13

175.    Defendant incorporates its responses to the allegations in the preceding paragraphs as if set forth fully herein.

14
15
16

176.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 176 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 176.

17
18
19

177.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 177 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 177.

20
21
22

178.    Pursuant to the Court's Order on March 28, 2024, the allegations in Paragraph 178 have been dismissed, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 178.

23

## PRAYER FOR RELIEF

24
25
26

The Request for Relief section of the Complaint contains a prayer for relief to which no response is required. To the extent a response is required, the allegations contained in the Request for Relief section are denied. Defendant specifically denies

ANSWER TO COMPLAINT – 21 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    that Plaintiffs are entitled to any relief whatsoever, including but not limited to the

2    relief requested in the Request for Relief section of the Complaint or elsewhere.

3

4                                **AFFIRMATIVE DEFENSES**

5        1.    Defendant's conduct is protected by the First Amendment. Defendants

6    have the right to freely associate (or not associate) with whomever they choose.

7    Defendants chose not to associate with Mr. Hadnagy given his history of abuse and

8    harassment. Defendant also exercised its First Amendment right to freedom of

9    speech.

10       2.    Defendant's statements regarding Mr. Hadnagy are true.

11       3.    Defendant's statements regarding Mr. Hadnagy are opinion.

12       4.    Defendant's statements regarding Mr. Hadnagy are privileged.

13       5.    Plaintiffs cannot show causation.

14       6.    There are one or more third parties responsible for Plaintiffs' damages,

15   if any.

16       7.    Mr. Hadnagy himself is responsible for Plaintiffs' damages, if any.

17       8.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of

18   unclean hands.

19       9.    Defendant reserves the right to withdraw, amend, or assert additional

20   defenses or affirmative defenses upon discovery of additional facts or as otherwise

21   appropriate as this action proceeds.

22       DATED this 6th day of May 2024.

23

24                                **PERKINS COIE LLP**

25                                _David A. Perez_
                                  David A. Perez
26                                **PERKINS COIE LLP**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Email: DPerez@perkinscoie.com

Matthew J. Mertens
**PERKINS COIE LLP**
1120 N.W. Couch Street 10th Floor
Portland, OR 97209-4128
Telephone:   503.727.2000
Email: MMertens@perkinscoie.com

Lauren A. Trambley
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone:  415.344.7000
Email: LTrambley@perkinscoie.com

*Attorneys for Defendants*
*Jeff Moss and DEF CON Communications,*
*Inc.*

ANSWER TO COMPLAINT – 23 (No. 2:23-cv-01932-BAT)