THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | No. 2:23-cv-01932-BAT<br><br>PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>WITHOUT ORAL ARGUMENT |

## I.   INTRODUCTION

Pursuant to F.R.C.P. 15(a)(2), Plaintiffs hereby request leave to file an amended complaint to provide clarity and specifically include a cause of action for "Invasion of Privacy by False Light." As reflected in the [proposed] Amended Complaint, a redlined copy of which is submitted herewith, this additional cause of action is based on the same facts as Plaintiffs' defamation claim and is brought against the same Defendants.[1]

---

[1] Pursuant to this Court's Order dated March 28, 2024, Plaintiffs have removed the causes of action dismissed by the Court.

PLAINTIFFS' MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 1

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

While Plaintiffs' defamation claims share many elements with false light, Washington cases recognize false light as a separate cause of action. Therefore, to ensure proper notice, Plaintiffs request to amend the complaint to specifically set forth a claim for false light. The inclusion of this claim would not introduce new factual disputes, parties, or any starkly differing legal theories that would prejudice the Defendants. Therefore, leave to amend should be granted.

## II. EVIDENCE RELIED UPON

This motion is based upon the Declaration of Mark Conrad, with exhibits thereto, and upon the records and papers herein.

## III. STATEMENT OF FACTS

On December 15, 2023, this matter was transferred to the Western District of Washington by Federal District Court Judge Cristina Silva pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, and in the interest of justice. On January 18, 2024, Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(6). On March 1, 2024, the parties submitted a joint status report to the court, in which Plaintiffs expressed their intent to file an amended complaint to add a claim for false light. Dkt. 44, Joint Status Report, pg. 3.

On March 28, 2024, this Court ruled on Defendants' Motion to Dismiss and found that Washington law applies to this case. The Court dismissed Plaintiffs' claims of Alter Ego, Business Disparagement, Unjust Enrichment, Quantum Meruit, Injunction, Tortious Interference with Contractual Relations, Prospective Business Relations, and Defamation ("Injurious Falsehoods" by Defendant Moss). However, the Court denied Defendants' motion to dismiss Plaintiffs' defamation claims premised upon the Transparency Report and subsequent updates. In its ruling, this Court specifically discussed and recognized the validity of Plaintiffs' claims for defamation by implication based on the facts presented in Plaintiffs' complaint.

PLAINTIFFS' MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 2

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

Subsequently, this Court issued an order setting a trial date and pretrial scheduling, establishing the deadline for amending pleadings as June 28, 2024, the deadline for discovery as December 13, 2024, and the trial date as April 28, 2025.

This Court, having reviewed and ruled on the Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12, is familiar with the factual background and claims of this matter. Therefore, Plaintiffs will not delve into the facts underlying this case. However, through further investigation and discovery, Plaintiffs have learned that Defendants indeed recognized the need to provide clarity to the statements within the Transparency Reports shortly after publishing them. The reports clearly left readers with the false implication that Plaintiff Hadnagy was a sexual predator posing a danger to the community. Despite this recognition, Defendants never provided any clarification on the false implications and continued to provide updates.

Last, Plaintiffs reached out to Defendants to reach an agreement on amending the complaint but were unable to do so, necessitating this motion.

### IV.     ISSUES PRESENTED

Should the Court grant Plaintiffs' request to file an Amended Complaint? Yes, the Plaintiffs are not seeking to expand the case beyond the facts and issues already set forth in the original complaint, and there is no prejudice to the Defendants giving the current posture of the case. Allowing the amendment ensures that Plaintiffs are able to fully present their case and relevant legal theories.

### V.     ARGUMENT AND AUTHORITY

F.R.C.P 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P 15(a)(2). Five factors are typically considered when assessing

PLAINTIFFS' MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 3

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Where there is no apparent reason such as undue delay, bad faith, or dilatory motive on part of movant, and there is no undue prejudice to opposing party to preclude amendment, plaintiffs' motion to file an amended complaint should be granted. *Id*. Here, all factors support Plaintiffs' motion to amend the complaint especially in light of the Court's recent ruling that Washington law applies, and the interrelatedness of Plaintiffs existing defamation claim to the claims Plaintiffs seek to add.

A review of Washington caselaw sets forth that "Washington has adopted Restatement (Second) of Torts § 652E (Am. Law Inst. 1977), recognizing invasion of privacy by false light as an independent claim." *Seaquist v. Caldier*, 8 Wash. App. 2d 556, 564, 438 P.3d 606, 611 (2019) (citing *Eastwood v. Cascade Broad*. Co., 106 Wn.2d 466, 471, 473-74, 722 P.2d 1295 (1986)). In *Eastwood*, the Washington Supreme Court specifically noted that "while all false light cases need not be defamation cases, all defamation cases are potentially false light cases." *Eastwood*, 106 Wash. 2d at 471. A false light claim arises when someone publicizes a matter that places another in a false light if (a) the false light would be highly offensive to a reasonable person and (b) the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed. *Eastwood*, 106 Wash. 2d 466, 470-71.

In this matter, this Court has already determined that Plaintiffs have a legally cognizable claim for defamation, indicating that the factual allegations are sufficiently substantial to support the claim. Given this ruling and the "highly similar" nature of a false light claim to defamation, Plaintiffs' proposed amendment is well-grounded both legally and factually. Indeed, there is a complete overlap in the core facts in support of the original defamation claim. Therefore, the

PLAINTIFFS' MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 4

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

inclusion of a false light claim would not introduce new factual disputes or legal theories that would prejudice the Defendants. Furthermore, the amendment would allow for a more comprehensive adjudication of the harm suffered by Plaintiffs from the Defendants' actions. Therefore, permitting the [proposed] Amended Complaint ensures a just and thorough examination of all related claims without prejudicing any party involved.

### VI.  CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court grant leave to file the [proposed] Amended Complaint.

As required by Local Civil Rule 7(e)(6), I certify that Plaintiffs' for Leave to File Amended Complaint contains 1092 words, excluding the parts that are exempt by Local Civil Rule 7(e)(6).

DATED this 28th day of June 2024.

FREY BUCK, P.S.

By:_____
Ted Buck, WSBA #22029
Mark Conrad, WSBA # 48135
Attorneys for Plaintiffs

PLAINTIFFS' MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 5

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** on the following individuals:

David Perez, WSBA #43959
Matthew J. Mertens (Pro Hac Vice)
Lauren A. Trambley (Pro Hac Vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
dperez@perkinscoie.com
mmertens@perkinscoie.com
ltrambley@perkinscoie.com

[ ]   Via USPS
[X]   Via Electronic Mail
[ ]   Via Electronic Filing (CM/ECF)

DATED this 28th day of June 2024 at Seattle, Washington.

_Amber S Holmes_
Amber Holmes, Legal Assistant