THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,

Plaintiffs,

v.

JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,

Defendants.

No. 2:23-cv-01932-BAT

**OPPOSITION TO PLAINTIFFS' MOTION TO AMEND**



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 5
II. BACKGROUND .......... 6
III. LEGAL STANDARD .......... 7
IV. ARGUMENT .......... 8
A. Hadnagy's amended complaint does not comply with the Court's Order. .......... 8
B. The factors weigh against granting leave to amend. .......... 9
1. Hadnagy unduly delayed seeking leave to file the amended complaint. .......... 10
2. Def Con will be prejudiced by amendment. .......... 11
3. Hadnagy's amended complaint is also futile. .......... 13
4. Hadnagy had the opportunity to amend his complaint and declined to do so. .......... 15
5. Hadnagy's amended complaint is in bad faith. .......... 16
V. CONCLUSION .......... 17



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abalos v. Bronchick*,
2008 WL 1929893 (W.D. Wash. Apr. 28, 2008) ....................................................10

*Acri v. Int'l Ass'n of Machinists*,
781 F.2d 1393 (9th Cir. 1986)........................................................................... 7

*Allen v. City of Beverly Hills*,
911 F.2d 367 (9th Cir. 1990)............................................................................. 7

*BP W. Coast Prod. LLC v. SKR Inc.*,
989 F. Supp. 2d 1109 (W.D. Wash. 2013) ..........................................................13

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
856 F.3d 605 (9th Cir. 2017)..............................................................................12

*Contact Lumber Co. v. P.T. Moges Shipping Co.*,
918 F.2d 1446 (9th Cir. 1990)............................................................................10

*Corey v. Pierce Cnty.*,
154 Wash. App. 752 (2010)................................................................................13

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003)............................................................................ 7

*Grayson v. Nordic Const. Co.*,
92 Wash. 2d 548 (1979) ..................................................................................... 8

*Guild Mortg. Co. LLC v. CrossCountry Mortg. LLC*,
2022 WL 1078574 (W.D. Wash. Apr. 11, 2022) ..................................................11

*Hadnagy v. Moss*,
2023 WL 114689 (E.D. Pa. Jan. 5, 2023) .........................................................6, 12

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990)...............................................................7, 10, 11, 12

*Jha v. Khan*,
24 Wash. App. 2d 377 (2022)........................................................................14, 15



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Kaplan v. Rose*,
49 F.3d 1363 (9th Cir. 1994)....................12

*Lacey v. Maricopa Cnty.*,
693 F.3d 896 (9th Cir. 2012)....................17

*Lockheed Martin Corp. v. Network Sols., Inc.*,
194 F.3d 980 (9th Cir. 1999)....................11

*Mohr v. Grant*,
153 Wash. 2d 812 (2005) .................... 12, 13, 14

*Seaquist v. Caldier*,
8 Wash. App. 2d 556 (2019)....................12

*Telesaurus VPC, LLC v. Power*,
623 F.3d 998 (9th Cir. 2010)....................15

*United States v. SmithKline Beecham Clinical Labs.*,
245 F.3d 1048 (9th Cir. 2001)....................13

*Wise v. Washington State Dep't of Corr.*,
2006 WL 3694442 (W.D. Wash. Dec. 13, 2006) ....................11

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*,
309 F.R.D. 645 (W.D. Wash. 2015)....................16

*Yeakey v. Hearst Commc'ns, Inc.*,
156 Wash. App. 787 (2010)....................14



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

Two years ago, Christopher Hadnagy and Social-Engineer, LLC (together, "***Hadnagy***") filed his first lawsuit against Def Con Communications, Inc. ("***Def Con***") and Jeff Moss for banning him from attending Def Con after receiving reports from third parties that Hadnagy had violated the Code of Conduct. Since then, Hadnagy's lawsuit has been dismissed, refiled, transferred to the correct venue of the Western District of Washington, and seven out of eight claims dismissed. Now, Hadnagy seeks leave to add two new claims of defamation by implication and invasion of privacy by false light. Leave to amend should be denied for two separate reasons:

*First*, Hadnagy's amended complaint does not comply with the Court's order on the motion to dismiss (the "***Order***"). *See* ECF 44. The amended complaint contains a multitude of allegations that this Court previously dismissed. The Court dismissed (1) Hadnagy's alter ego claim, holding he did not allege sufficient facts to pierce the corporate veil and hold Mr. Moss personally liable, and (2) the "Injurious Falsehoods" defamation claim and allegations relating to Black Hat by Mr. Moss. Therefore, Mr. Moss is no longer named in this action in his individual capacity. Yet, Hadnagy's amended complaint names Mr. Moss as a defendant and includes several references to "Injurious Falsehoods" and Black Hat. The Court also dismissed Hadnagy's contractual interference claims. But Hadnagy's amended complaint still contains allegations relating to contract termination. Hadnagy cannot do an end-run around the Court's Order by slipping allegations into his amended complaint that the Court already dismissed.

*Second*, the factors considered on a motion to amend weigh against amendment. Hadnagy knew of these legal theories and the facts underlying these proposed claims for over two years. He could have (and should have) brought these claims at the outset of the action. Seeking leave to amend now is unduly delayed and



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

would prejudice Def Con and Mr. Moss, who have already incurred significant expenses defending against Hadnagy's protracted litigation and will necessarily incur additional expenses to file a ***fourth*** motion to dismiss on these untimely claims and engage in further discovery to defend against these new, different legal theories.

Def Con and Mr. Moss have now spent years litigating Hadnagy's claim that his ban from Def Con defamed him, and have responded to discovery requests and propounded its own discovery narrowly focused on Hadnagy's surviving defamation claim. After two years, Def Con is entitled to have this matter adjudicated on the merits without having to incur additional expenses resulting from Hadnagy's belated amendment. Hadnagy's motion should therefore be denied.

## II. BACKGROUND

On August 1, 2022, Hadnagy initially filed his lawsuit in the Eastern District of Pennsylvania. *See Hadnagy v. Moss*, No. 2:22-cv-03060-WB, ECF No. 1. On January 5, 2023, Judge Wendy Beetlestone dismissed Hadnagy's lawsuit for lack of personal jurisdiction. *Hadnagy v. Moss,* No. CV 22-3060, 2023 WL 114689, at *7 (E.D. Pa. Jan. 5, 2023).

On August 9, 2023, Hadnagy filed the instant lawsuit in Nevada state court, which was functionally identical to the one Judge Beetlestone dismissed in January 2023. On August 29, 2023, Defendants timely removed the lawsuit to the District of Nevada under the diversity and removal statutes. ECF 1. Defendants then filed a motion to dismiss, or in the alternative, a motion to transfer to the Western District of Washington. ECF 13, 15. On December 13, 2023, the District of Nevada granted Defendants' motion to transfer to the Western District of Washington but did not reach the merits of the dismissal arguments. ECF 21. On January 18, 2024, Defendants filed their renewed motion to dismiss. ECF 37. The parties fully briefed the motion to dismiss on February 22, 2024, and the matter was submitted to the



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Court. ECF 40. On March 28, 2024, the Court granted in part and denied in part Defendants' motion to dismiss. ECF 44.

The Court's Order dismissed Hadnagy's alter ego, business disparagement, unjust enrichment, quantum meruit and injunction claims without leave to amend. *Id.* at 23. The Order also dismissed Hadnagy's defamation claim based on "Injurious Falsehoods" by Jeff Moss, tortious interference with contractual relations and prospective business relations claims but with leave to amend. *Id.* The Court instructed Hadnagy to "file an Amended Complaint consistent with this Order on or before April 22, 2024." *Id.* Hadnagy did not file an amended complaint by April 22, 2024. Following the Order and Hadnagy's failure to file an amended complaint, the only surviving claim was Hadnagy's defamation claim against Def Con based on the Transparency Report and the Update. *Id.* Def Con filed its Answer on May 6, 2024. ECF 46.

Hadnagy now seeks leave to file an amended complaint that does not conform with the Court's Order. *See* ECF 44, 49.

## III. LEGAL STANDARD

Although leave to amend should be liberally granted, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). It is within the Court's discretion to grant or deny leave to amend. *Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986). Courts consider five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## IV. ARGUMENT

### A. Hadnagy's amended complaint does not comply with the Court's Order.

Hadnagy's amended complaint contains factual allegations, claims, and parties that this Court dismissed on March 28, 2024. The Court instructed Hadnagy to file an amended complaint by April 22, 2024, that was "consistent with this Order." ECF 44 at 23. Hadnagy did not do so. Now, Hadnagy seeks leave to file an amended complaint after the deadline has passed, and the amended complaint is not even consistent with the Court's Order.

*First*, the Court dismissed Mr. Moss in his individual capacity from this action. Mr. Moss, as an agent of Def Con, posted the Transparency Report and Update to Def Con's website. Absent factual allegations that support piercing the corporate veil, which the Court has already found Hadnagy failed to allege, Mr. Moss cannot be held personally liable. *See* ECF 44 at 12 (holding Hadnagy "fail[s] to allege sufficient facts to state a prima facie case of alter ego liability under either Rule 8(a)'s notice standard or Rule 9(b)'s heightened pleading standard applicable to this claim"). As the Court correctly noted on the motion to dismiss, "[t]he corporate cloak is not lightly thrown aside." *Id.* (citing *Grayson v. Nordic Const. Co.*, 92 Wash. 2d 548, 553 (1979) (absent fraud or manifest injustice, "the corporation's separate entity should be respected")). Despite the Court's holding that the corporate veil should not be pierced, Hadnagy's amended complaint again includes Mr. Moss as a defendant.

The Court also dismissed the defamation claim based on the "Injurious Falsehoods" by Mr. Moss and the allegations relating to Black Hat because Hadnagy failed to allege the "whom, when, and where these statements were made." *Id.* at 15. While the Court granted Hadnagy leave to amend this claim by April 22, 2024, Hadnagy did not file an amended complaint by the Court's deadline. Nonetheless,



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Hadnagy's amended complaint still contains ***several*** references to the "Injurious Falsehoods" and the Black Hat Convention. *See, e.g.*, ECF 49-2 ¶¶ 66–67, 69–70, 77. And yet, in other paragraphs of the amended complaint, Hadnagy simply swaps "Injurious Falsehoods" with "Transparency Report and Update." *Id.* ¶¶ 83, 100–01. But these allegations were dismissed as insufficiently pled and repackaging them as tied to the Transparency Report and Update does not address the deficiencies that the Court previously identified, nor does it comply with the Court's Order. Because the "Injurious Falsehoods" defamation claim was dismissed, Mr. Moss was no longer an individual party in this action and any allegations previously tied to "Injurious Falsehoods" and Black Hat should be removed.

*Second*, the Court dismissed Hadnagy's claims for contractual interference with leave to amend by April 22, 2024. ECF 44 at 17–20. Again, Hadnagy declined to file an amended complaint by the Court's deadline. However, despite the Court's Order dismissing those claims, Hadnagy's amended complaint contains several allegations that Def Con "wrongfully interfered" with Hadnagy's contractual relations and that clients, and prospective clients, terminated contracts as a result of the defamation. *See, e.g.*, ECF 49-2 ¶¶ 53, 61–63, 69–70, 74, 77, 79, 93, 116–17. Any allegations relating to contractual interference should be removed from the amended complaint because the Court dismissed those claims. *See* ECF 44 at 17–20.

Hadnagy had every opportunity to timely amend his complaint and chose not to do so. The Court should deny Hadnagy leave to file the amended complaint, which raises factual allegations and legal theories that are no longer part of the case.

**B. The factors weigh against granting leave to amend.**

As separate grounds for denying leave to amend, all five factors considered on a motion for leave to amend weigh against granting Hadnagy's amendment.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### 1. Hadnagy unduly delayed seeking leave to file the amended complaint.

"Undue delay is a valid reason for denying leave to amend." *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1454 (9th Cir. 1990) (affirming district court's denial of leave to amend). "When deciding whether a party unduly delayed amendment, the Court evaluates the time that has passed between the original pleading and the proposed amendment." *Abalos v. Bronchick*, No. C07-844RSL, 2008 WL 1929893, at *2 (W.D. Wash. Apr. 28, 2008).

Hadnagy filed this action on August 9, 2023, but did not move to amend until ***nearly one year*** later on June 28, 2024. ECF 49. Courts have denied leave to amend where the delay was shorter in duration. *See, e.g.*, *Jackson*, 902 F.2d at 1388 (denying leave to amend where eight-month delay); *Abalos*, 2008 WL 1929893, at *2 (denying leave to amend where nine-month delay).

And, similar to *Abalos*, Hadnagy's expressed intent to file an amended complaint to add a false light claim in the Joint Status Report actually weighs ***against*** granting leave to amend. *See* ECF 49 at 2:13–15. In *Abalos*, the plaintiff did not move to amend until nine months after filing the original pleading. *Abalos*, 2008 WL 1929893, at *2. However, the plaintiff had expressed an intent to file an amended complaint to add those same claims months earlier in an email to the defendant. *See id.* Finding that the plaintiff had unduly delayed bringing these additional claims—despite clearly intending to do so earlier in its email—the court denied leave to amend. *Id.* Hadnagy admits that he "expressed [his] intent to file an amended complaint to add a claim for false light" on March 1, 2024, in the Joint Status Report. ECF 49 at 2:13–15; ECF 44 at 3. Yet, Hadnagy still waited ***several months*** to seek leave to file an amended complaint to add a claim for false light.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

To make matters worse, Hadnagy knew of these facts and theories at the time of his original pleading. *Jackson*, 902 F.2d at 1388 ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."); *see also Wise v. Washington State Dep't of Corr.*, No. C05 5810 FDB/KLS, 2006 WL 3694442, at *1 (W.D. Wash. Dec. 13, 2006) ("Leave to amend has also been denied when the moving party knew or should have known the facts upon which the amendment is based when drafting the original pleading, but did not include them in the original pleading."). The facts that form the basis of his proposed claims of defamation by implication and false light are the very same facts that provide the basis for his original defamation claim. *Compare* ECF 49-2 at ¶¶ 85–109, *with id.* ¶¶ 110–22. Hadnagy should have brought these claims when the original complaint was filed—especially because he filed a false light claim on identical facts in his initial Pennsylvania lawsuit nearly ***two years ago.***

Finally, a party's failure to explain the reason for its delay also militates against amendment. *See Guild Mortg. Co. LLC v. CrossCountry Mortg. LLC*, No. C21-1376-JCC-MLP, 2022 WL 1078574, at *2 (W.D. Wash. Apr. 11, 2022) (citing *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). Hadnagy provides no explanation for why he delayed seeking amendment until the eve of the deadline. He knew of these claims at the outset of this action and also expressed his intent to file an amended complaint in the Joint Status Report several months ago, but did not do so.

Hadnagy had several opportunities to include these claims in his lawsuits but unduly delayed in doing so.

**2. Def Con will be prejudiced by amendment.**

Def Con (and Jeff Moss, if he is to be added back as a defendant) will be prejudiced by Hadnagy's late amendment. "Expense, delay, and wear and tear on



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

individuals and companies count toward prejudice." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), *overruled on other grounds by City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017). Def Con (and Jeff Moss) have vigorously defended not only in this action, but the prior lawsuit that Hadnagy brought and was dismissed. *See Hadnagy,* 2023 WL 114689, at *1. Def Con has incurred significant expenses as a result, having already briefed three motions to dismiss and a motion to transfer. *See* ECF 13, 15, 37; *see also Hadnagy*, 2023 WL 114689, at *1. Hadnagy has had several years—and lawsuits—to bring these proposed claims. If allowed to amend, Def Con will file yet ***another*** motion to dismiss, to address the deficiencies of these proposed claims on the merits, incurring further avoidable expenses if Hadnagy had timely brought these claims.

Hadnagy's proposed claims of defamation by implication and false light also advance new legal theories that require proof of different facts, weighing against amendment. *See Jackson*, 902 F.2d at 1387–88 (holding that an amendment prejudices the other party when it would require additional discovery because it "advance[s] different legal theories and require[s] proof of different facts"); *see also id.* ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial."). While the proposed claims are similar to defamation, Washington courts have recognized they are "yet distinct, causes of action" that "require different elements and allow for recovery of different damages." *Seaquist v. Caldier*, 8 Wash. App. 2d 556, 564 (2019).

For instance, a claim of defamation by implication requires proof of all the elements of defamation ***plus*** "with respect to the element of falsity that the communication left a false impression that would be contradicted by the inclusion of omitted facts." *Mohr v. Grant*, 153 Wash. 2d 812, 827 (2005). Whereas "[f]alse light



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

***differs from defamation*** in that it focuses on compensation for mental suffering, rather than reputation. A false light claim arises when 'someone publicizes a matter that places another in a false light if (a) the false light would be highly offensive to a reasonable person and (b) the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed.'" *Corey v. Pierce Cnty.*, 154 Wash. App. 752, 762 (2010) (emphasis added) (citation omitted). These claims are comprised of different elements, require proof of different facts, rely upon different legal theories—harm to reputation versus mental suffering—and allow for recovery of different damages.

The parties have already been engaged in discovery focused on the surviving claim of defamation, and Hadnagy has noticed Def Con's deposition for July 31, 2024, which is only two short weeks away and with having no discovery conducted on Hadnagy's newly proposed claims. To the extent that Hadnagy intends to question Def Con on these claims or seek a second deposition if these claims are to be added, Def Con will be prejudiced.

**3. Hadnagy's amended complaint is also futile.**

"Leave to amend should not be granted when amendment would be futile, and futility alone is enough to refuse amendment." *BP W. Coast Prod. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) (citing *United States v. SmithKline Beecham Clinical Labs.*, 245 F.3d 1048, 1052 (9th Cir. 2001)). Hadnagy's amendment is futile because he cannot state a claim for either defamation by implication or false light.

"Defamation by implication occurs when 'the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts.'" *Corey*, 154 Wash. App. at 761-62 (quoting *Mohr*, 153 Wash. 2d at 823). "However, a statement does not imply false facts merely because



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

someone might draw a negative conclusion from it. 'Merely omitting facts favorable to the plaintiff or facts that the plaintiff thinks should have been included does not make a publication false.'" *Jha v. Khan*, 24 Wash. App. 2d 377, 394 (2022), *review denied*, 530 P.3d 182 (Wash. 2023) (quoting *Mohr*, 153 Wash. 2d at 827).

Hadnagy's defamation by implication claim hangs on this very (improper) argument. Hadnagy alleges that the Transparency Report and Update are defamatory by implication because third parties on social media "interpreted them to mean that there were despicable facts underlying the ban and that Plaintiff Hadnagy was a sexual predator of the worst order" and made "assumptions that Plaintiff Hadnagy was a sexual predator." ECF 49-2 ¶¶ 54, 96. But the fact that third parties drew a negative conclusion (i.e., that Hadnagy is a sexual predator) from Def Con's ban cannot establish a defamation by implication claim as a matter of law. Nor can Hadnagy's belief that Def Con should have included additional facts (i.e., clarified that the Code of Conduct violations were not sexual in nature) establish a defamation by implication claim. *Id.* ¶¶ 52, 54; *see also Mohr*, 153 Wash. 2d at 827.

Moreover, courts must give words their "natural and obvious meaning and may not extend language by innuendo or by the conclusions of the pleader." *Yeakey v. Hearst Commc'ns, Inc.*, 156 Wash. App. 787, 792 (2010) (reversing court's denial of motion to dismiss on defamation by implication claim and remanding for dismissal). "And the 'defamatory character of the language must be apparent from the words themselves.'" *Id.* The Transparency Report and Update said that individuals had reported Code of Conduct violations about Hadnagy to Def Con, and Def Con believed those reports merited a ban from Def Con. ECF 49-2 ¶ 46, 68. Nothing in the Transparency Report or Update references or implies sexual misconduct. *See id.* Therefore, "assumptions" by third parties or Hadnagy's own "conclusions as the



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

pleader" about the Transparency Report and Update are insufficient to plead a defamation by implication claim.

The same goes for Hadnagy's false light claim. In order to plead a prima facie claim for false light, Hadnagy must demonstrate that Def Con "publicized a statement placing [him] in a false light, so long as '(a) the false light would be highly offensive to a reasonable person and (b) the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed.'" *Jha*, 24 Wash. App. 2d at 391. While Hadnagy claims that the Transparency Report and Update was "highly offensive in nature," mimicking the elements in a conclusory manner without factual support, because it implied that he was "guilty of predatory conduct," nowhere in the Transparency Report and Update is there an implication of sexual misconduct. ECF 49-2 ¶¶ 46, 68, 114. Again, regardless of third parties' "assumptions" about Hadnagy, the Transparency Report and Update themselves are not "highly offensive to a reasonable person." *Id.* ¶¶ 52, 54; *Jha*, 24 Wash. App. 2d at 391.

Because Hadnagy cannot plead facts to support the elements of defamation by implication or false light, the Court should deny amendment as futile.

**4. Hadnagy had the opportunity to amend his complaint and declined to do so.**

This factor also weighs against amendment. The Ninth Circuit has held that "[a] district court may deny a plaintiff leave to amend if . . . the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). After granting in part and denying in part the Motion to Dismiss, the Court provided Hadnagy the opportunity to amend his complaint to cure deficiencies. *See* ECF 44. As discussed above in Part IV.B.1, the Court gave Hadnagy until April 22, 2024, to file an amended



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

complaint "consistent" with its Order. *Id.* at 23. Hadnagy declined to file an amended complaint by the Court's deadline. He should not be afforded any more opportunities to amend.

**5. Hadnagy's amended complaint is in bad faith.**

"In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015). Hadnagy seeks leave to amend with the intent to harass Def Con and Mr. Moss, and further delay this action. As previously explained, Hadnagy's amended complaint inserts factual allegations, claims, and parties that this Court already dismissed. *See* ECF 44. Despite knowing the Court has dismissed these claims and their related factual allegations, Hadnagy seeks leave to amend to circumvent that ruling and weave these dismissed claims back into the case.

*First*, as explained above, Mr. Moss is no longer a party to this action in his individual capacity. The Court dismissed the alter ego claim, holding that Hadnagy "fail[ed] to allege sufficient facts to establish a prima facie case of alter ego liability." *Id.* at 12:8–9. Therefore, Mr. Moss cannot be held personally liable for actions taken on behalf of Def Con, such as posting the Transparency Report and Update on Def Con's website as Def Con's agent. *See id.*

*Second*, the Court dismissed the "Injurious Falsehoods" defamation claim alleged against Mr. Moss relating to the Black Hat Convention because Hadnagy failed to allege the "whom, when, and where these statements were made." *Id.* at 16:11–16. However, the Court granted leave to amend "to plead additional factual allegations to support this claim" by April 22, 2024, and Hadnagy did not. *Id.* at 16:17–18. Yet Hadnagy's amended complaint improperly includes these same allegations by either simply changing "Injurious Falsehoods" to "Transparency



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Report and Update" in some instances, or still referring to "Injurious Falsehoods" and Black Hat throughout. *See, e.g.*, ECF 49-2 ¶¶ 66–67, 69–70, 77, 83, 100–01. Hadnagy waived this "Injurious Falsehoods" and Black Hat defamation claim when he did not comply with the Court's Order and file an amended complaint by April 22, 2024. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926–28 (9th Cir. 2012).

*Third*, the Court dismissed Hadnagy's contractual interference claim with leave to amend by April 22, 2024. ECF 44 at 17–20. Again, Hadnagy did not file an amended complaint to cure the deficiencies. Yet, Hadnagy's amended complaint still includes allegations that Def Con "wrongfully interfere[d] with Plaintiffs' contractual relations" and that "[s]everal of Plaintiffs' longstanding clients . . . terminated their contract(s)." *See, e.g.*, ECF 49-2 ¶¶ 53, 61–63, 69–70, 74, 77, 79, 93, 116–17. But Hadnagy waived these contractual interference claims when he did not amend his complaint by April 22, 2024. *Lacey*, 693 F.3d at 926–28.

Hadnagy's amended complaint reads of gamesmanship and bad faith, seeking to harass Def Con and Mr. Moss after years of litigating, to further delay this action, and to circumvent the Court's Order on the motion to dismiss.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Hadnagy's request for leave to file the amended complaint.

I certify that this Opposition contains 4,058 words, in compliance with the Local Civil Rules.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: July 15, 2024

*David A. Perez*
David A. Perez, WSBA No. 43959
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
DPerez@perkinscoie.com

Matthew J. Mertens (Admitted Pro Hac Vice)
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
MMertens@perkinscoie.com

Lauren A. Trambley (Admitted Pro Hac Vice)
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
LTrambley@perkinscoie.com