THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | No. 2:23-cv-01932-BAT<br><br>REPLY TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>WITHOUT ORAL ARGUMENT |

## I.   RELIEF REQUESTED

Plaintiffs submit this reply brief in support of their motion to amend the complaint, requesting the Court to grant leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure. The proposed amendment is straightforward and should be liberally granted. Plaintiffs seek to add a cause of action for false light, which is premised on the same facts as the existing defamation claim and includes all the same elements. Nothing more. Despite the simplicity and timeliness of this amendment, opposing counsel has gone to great lengths to draft a lengthy and convoluted argument against it. Notably, when Plaintiffs initially sought a stipulation regarding the amendment, Defendants were willing to stipulate, but expressed

concern with the inclusion of factual background allegations which they say related to dismissed claims. *See* Supplemental Conrad Declaration, Ex. A. Defendants never raised any concerns that the amendment was untimely, prejudicial, futile, or made in bad faith.

Therefore, Plaintiffs request that this Court grant this simple, justified amendment, which is well within the scheduling order, to ensure all relevant claims are adjudicated.

## I.   EVIDENCE REPLIED UPON

This reply is based upon the Supplemental Declaration of Mark Conrad ("Conrad Decl."), with exhibits thereto, and upon the records and papers herein.

## II.   ARGUMENT AND AUTHORITY

**1. The Amendment Is Simple, Within The Deadlines Set By This Court, And Should Be Liberally Granted.**

The proposed amendment is straightforward: it adds an additional cause of action for false light based on the same facts underlying the defamation claim and removes the causes of action dismissed by this Court. The false light claim shares the same elements as defamation, making it a logical and uncomplicated addition to the complaint. The amendment does not introduce new facts or complicated legal theories but merely seeks to ensure all relevant claims are presented for adjudication in light of this Court's ruling that Washington law applies.

Defendants' response incorrectly asserts that Plaintiffs are seeking to add two causes of action—false light and defamation by implication—that Defendants will be prejudiced because they will be forced to file another dismissal motion on these additional causes of action, and that Plaintiffs unduly delayed bringing the amendment in bad faith.

As an initial matter, defamation by implication is not an independent cause of action but rather a theory of defamation. Indeed, this Court specifically discussed defamation by implication and the supporting facts when denying Defendants' prior motion to dismiss. Dkt. 44,

REPLY TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT - 2



FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

pg. 12-13. As the Washington Supreme Court recognized, "[w]hile all false light cases need not be defamation cases, all defamation cases are potentially false light cases." *Eastwood v. Cascade Broad. Co.*, 106 Wash. 2d 466, 471, 722 P.2d 1295, 1297 (1986). Thus, it is illogical for Defendants to argue prejudice based on the threat of another motion to dismiss when this Court has already ruled on the defamation claim, which is necessarily dispositive to a claim for false light. Adding this claim is neither prejudicial nor futile.

Additionally, Plaintiffs' amendment is timely. The Court's Order dated March 28, 2024, provided Plaintiffs an opportunity to amend the complaint by April 22, 2024, to add more specificity to their claims of Defamation ("Injurious Falsehoods" by Defendant Moss), Tortious Interference with Contractual Relations, and Prospective Business Relations. This did not alter this Court's scheduling order deadline of June 28, 2024, to amend the pleadings as to claims not subject of the motion and not yet before the Court. *See* Court Order Setting Trial Date and Pretrial Schedule, Dkt. 25, filed March 29, 2024. This scheduling order was set in place to ensure the orderly and timely handling of this case, including any amendment of the pleadings. It is nonsensical to suggest that Plaintiffs unduly delayed bringing this claim or that Defendants are prejudiced when Plaintiffs complied with the deadline set forth by the court. Furthermore, there is ample time for discovery, no depositions have taken place, and the parties have just begun exchanging discovery. There is no undue delay or prejudice. Defendants' attempt to twist this Court's order by creating a new deadline to amend the pleadings is an unreasonable tactic that should not go unnoticed.

Lastly, this motion to amend was not brought in bad faith, as Defendants suggest. Defendants once again misinterpret this Court's order to suggest that Defendant Moss is no longer a defendant. In light of the Court's ruling, and although not necessarily required,

REPLY TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT - 3

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

Plaintiffs' proposed amendment struck all causes of action dismissed by the Court Order, leaving only the factual background information related to Plaintiffs' remaining defamation claims. Plaintiffs did not interpret the order as an outright dismissal of Defendant Jeff Moss concerning his publicizing of the 2/9/22 Transparency Report and the 1/13/23 Update in his personal capacity. *See* Supplemental Conrad Declaration Ex. B. Instead, the Court stated, "Plaintiffs have sufficiently stated claims of defamation based on **Defendants'** publications of the 2/9/22 Transparency Report and the 1/13/23 Update on Def Con's website." Dkt. 44, dated March 28, 2024, pg. 12 (emphasis added). Regardless, the factual background does not create a new cause of action or supersede this Court's ruling. There is no bad faith, and Plaintiffs request that this Court grant the motion.

As required by Local Civil Rule 7(e)(6), I certify that Plaintiffs' for Leave to File Amended Complaint contains <u>863</u> words, excluding the parts that are exempt by Local Civil Rule 7(e)(6).

DATED this 22nd day of July 2024.

        FREY BUCK, P.S.

By:_____
    Ted Buck, WSBA #22029
    Mark Conrad, WSBA # 48135
    Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **REPLY TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** on the following individuals:

David Perez, WSBA #43959
Matthew J. Mertens (Pro Hac Vice)
Lauren A. Trambley (Pro Hac Vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
dperez@perkinscoie.com
mmertens@perkinscoie.com
ltrambley@perkinscoie.com

[ ]   Via USPS
[X]   Via Electronic Mail
[X]   Via Electronic Filing (CM/ECF)

DATED this 22nd day of July 2024 at Seattle, Washington.

*Amber S Holmes*
Amber Holmes, Legal Assistant

REPLY TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT - 5

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660