UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:23-c-v-01932-BAT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART, PLAINTIFFS' MOTION FOR RECONSIDERATION** |

Before the Court is a Motion for Reconsideration filed by Plaintiffs Christopher J. Hadnagy and Social-Engineer, LLC. Dkt. 55. Plaintiffs ask the Court to reconsider its July 24, 2024 Order Denying Plaintiff's Motion to Amend. Dkt. 53 (the "Order Denying Amendment"); Dkt. 49 (Plaintiffs' Motion to Amend). The motion is granted in part and denied in part.

## LEGAL STANDARD

Motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. CR 7(h)(1). The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete

ORDER GRANTING IN PART AND
DENYING IN PART, PLAINTIFFS' MOTION
FOR RECONSIDERATION - 1

disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

Plaintiffs' Motion to Amend sought to add a new cause of action for Invasion of Privacy/False Light. According to Plaintiffs, this new claim relies only on the facts on which their existing defamation claim relies. Plaintiffs argue the Court committed several manifest errors in denying their motion to amend, including finding Plaintiffs unduly delayed when they complied with the Court's Scheduling Order; deeming Jeff Moss is no longer a party; and finding the proposed amendment is futile and will prejudice Defendants. The Court has reviewed Plaintiffs' argument and finds no manifest error in its ruling denying the motion to amend. However, the Court erred in deeming Jeff Moss is no longer a party to this action.

A. <u>Timeliness vs. Undue Delay</u>

Because Plaintiffs filed the motion to amend within the deadline set forth in the Court's Scheduling Order, they contend the Court committed manifest error in finding they unduly delayed in seeking leave to amend. Plaintiffs argue "[n]o further explanation should be required when the filing complies with the Court's established schedule." Dkt. 55 at 4. This argument is illogical as it ignores the Court's discretion to grant or deny a proposed amendment to a complaint based on the factors of bad faith, undue delay, prejudice, futility, and prior amendments. The Court addressed this issue at length in the Order Denying Amendment. *See* Dkt. 53 at 5-7.

While there is no question Plaintiffs' *filing* of the motion to amend was timely vis-à-vis the Scheduling Order, this does not automatically lead to the conclusion that the proposed amendment should be granted. The Court looks not merely to whether a motion is filed within the time allotted in the scheduling order, but also inquires "whether the moving party *knew or should have known* the facts and theories raised by the amendment in the original pleading." Dkt. 53 at p. 6 (emphasis added). Here, Plaintiffs insist the facts underlying their proposed claim of privacy/false light are the very same facts underlying their original defamation claim. Dkt. 55 at 6. Thus, Plaintiffs *knew* of the facts underlying their proposed "new" claim in August 2023 (in fact, Plaintiffs included a false light claim on identical facts in the initial Pennsylvania lawsuit nearly two years ago). Plaintiffs also provide no reasonable explanation for waiting over a year to bring the claim. The delay is inexcusable. *See* Dkt. 53, pp. 6-7.

B. <u>Defendant Moss</u>

Plaintiffs are correct the Court erred in referring to Defendant Moss as having been dismissed entirely from the case.

On March 28, 2024, the Court dismissed Plaintiffs' claims that Defendant Moss is liable "as the alter ego of Defendant DEF CON" (*see* Dkt. 1-1, Complaint at p. 6, ¶¶ 27, 29). Plaintiffs also alleged Defendant Moss is personally liable for defamation because "Moss published false and defamatory factual statements" including "injurious falsehoods regarding Plaintiff. *Id*. at 18. The Court dismissed Plaintiff's "injurious falsehood" claims by Defendant Moss to Black Hat representatives with leave to amend by April 22, 2024, to add specific facts to support these claims, which Plaintiffs chose not to do. Dkt. 44.

However, Plaintiffs also assert a defamation claim against Defendant Moss wherein they allege Defendant Moss published defamatory statements in the Transparency Report and Update. Dkt. 1-1 at pp. 14-15. The defamation claim was not dismissed. Defendant Moss was not dismissed for the alleged defamatory acts that he allegedly performed, and the defamation claim will proceed against both Defendants as set forth in the original Complaint.

    4.    <u>Futility of False Light/Invasion of Privacy Claim</u>[1]

The futility of Plaintiffs' proposed amendment was discussed in detail in the Order Denying Amendment and the Court declines to revisit its analysis.

Plaintiffs wish the Court to consider that when "defamatory statements are publicized, an individual cannot commit defamation without necessarily committing false light." Dkt. 55. Plaintiffs contend this is "much like how a criminal defendant cannot commit burglary without committing trespass." *Id.* at p. 9. Plaintiff cites to Washington cases indicating defamation and false light are closely related. However, false light is not a "lesser included" tort because "a plaintiff does not need to be defamed in order to bring a false light claim." *Seaquist v. Caldier*, 8

---

[1] Plaintiffs do not contest this Court's finding that the proposed Defamation by Implication claim is unsupported and therefore, have waived this portion of the Order Denying Amendment.

ORDER GRANTING IN PART AND
DENYING IN PART, PLAINTIFFS' MOTION
FOR RECONSIDERATION - 4

1   Wash.App.2d 556, 573 (Div. II 2019) (citing *Eastwood v. Cascade Broadcasting*, 106 Wash.2d

2   466, 471 (1986).  Rather as *Eastwood* notes, the two torts overlap "when the statement

3   complained of is both false and defamatory."

4       As this Court previously noted, the mere statement that the Transparency Report and

5   Update are highly offensive to a reasonable person is a conclusory and insufficient statement. In

6   fact, publication of the Transparency Report and Update merely led to speculation and a general

7   discussion about how no one really knows the underlying reasons for why these reports were

8   issued. Dkt. 53 at pp. 11-12. The Court also found Plaintiffs had essentially swapped the

9   Transparency Report and Update for the phrase "injurious falsehood" after ignoring the deadline

10  to add additional facts to address the dismissed injurious falsehood claim. *See* Dkt. 44. As

11  previously noted, this attempt at repackaging does not cure the deficiencies of the Complaint as

12  to the falsehood claim.

13      Also, while Plaintiffs removed from the proposed amendment the Black Hat allegations

14  and claimed to remove claims of "injurious falsehood, and tortious interference with contractual

15  and prospective business relationships," Plaintiffs then reinserted in the proposed false light

16  claim that Defendants "wrongly interfered with plaintiff's contractual relations and prevent

17  plaintiffs from expanding their business and social engineering conference." Dkt. 49 at p. 22, ¶

18  117.  The proposed amended complaint further alleges under the proposed false light claim that

19  "plaintiffs have lost money" and "harm to their reputation, emotional harm, exposure to

20  contempt, ridicule and shame and threats to their business." Dkt. 49-2 at p. 23, ¶ 121. These

21  allegations attempt to circumvent the Court's dismissal of Plaintiffs' business/contractual/unjust

22  enrichment/quantum meruit claims.

23

ORDER GRANTING IN PART AND
DENYING IN PART, PLAINTIFFS' MOTION
FOR RECONSIDERATION - 5

5. <u>Prejudice</u>

Plaintiffs again argue Defendants are not prejudiced by the late inclusion of the false light claim because Plaintiffs are not entitled to recover twice for the same elements. However, false light differs from defamation in that it focuses on compensation for mental suffering rather than reputation. *Corey v. Pierce County*, 154 Wash.App. 752, 761-2 (Div. II 2010). Moreover, Plaintiffs would not be precluded from arguing that defamation and false light are in fact, different claims, and therefore, they are entitled to aggregate losses and obtain a higher loss amount than would be justified by prevailing on the defamation claim alone.

Accordingly, it is **ORDERED**:

1. Plaintiffs' motion for reconsideration (Dkt. 55) is **GRANTED only** as to Plaintiffs' claims of defamation against Defendant Moss for publishing statements in the Transparency Report and Update.

2. The remainder of Plaintiffs' motion for reconsideration (Dkt. 55) is **DENIED**.

DATED this 9th day of August, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge