THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER J. HADNAGY, an individual;
and SOCIAL-ENGINEER, LLC, a
Pennsylvania limited liability company,

               Plaintiffs,

v.

JEFF MOSS, an individual; DEF CON
COMMUNICATIONS, INC., a Washington
corporation; and DOES 1-10; and ROE
ENTITIES 1-10, inclusive,

               Defendants.

No. 2:23-cv-01932-BAT

DECLARATION OF MARK CONRAD IN
SUPPORT OF PLAINTIFFS' RESPONSE
TO DEFENDANTS' MOTION TO
COMPEL DISCOVERY

I, Mark Conrad, declare under penalty of perjury under the laws of Washington State as follows:

     1.     I am one of the attorneys representing Plaintiffs Christopher Hadnagy and Social-Engineer, LLC.

     2.     I am over the age of 18, and competent to testify to the matters set forth herein; and make this declaration of my own personal knowledge.

     3.     On May 3, 2024, Plaintiffs served its first set of discovery requests (ROGs 1-10; RFPs 1-6).

     4.     On May 21, 2024, Defendants served its first set of discovery requests (RFAs 1-43; ROGs 1-16; RFPs 1-47).

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

5.      On June 3, 2024, Defendants served their first set of responses to Plaintiffs' discovery requests. When Defendants served its responses, they did not produce any documents in response, and never indicated when they intended to produced documents. Attached hereto as **Exhibit A** is a true and correct copy of Def Con's first set for discovery response to Plaintiffs' discovery requests.

6.      On June 10, 2024, Plaintiffs reached out to Defendants to discuss Defendants' deficient discovery responses. Attached hereto as **Exhibit B** is a true and correct copy of my June 10, 2024, email to Def Con's counsel regarding discovery and Plaintiffs' deficiency letter, dated July 10, 2024.

7.      On June 13, 2024, the parties held a discovery conference to address Plaintiffs' concerns regarding Defendants' deficient responses and lack of any discovery production. Thereafter, Defendants also served its first amended discovery response and discovery production, containing 116 pages.

8.      On June 20, 2024, Plaintiffs timely produced its first set of discovery responses and first production of responsive documents, containing 445 documents.

9.      On June 21, 2024, Defendants produced a second discovery production, containing 25 pages.

10.      On July 5, 2024, Defendants sent a letter requesting a discovery conference to address its discovery concerns. Plaintiffs responded to this letter on July 8, 2024, agreeing to meet and confer with defendants on July 16, 2024.

11.      On July 10, 2024, after reviewing Defendants' response to our discovery requests, I sent a deficiency letter detailing my concerns regarding Defendants' response. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiffs' deficiency letter, dated July 10, 2024.

DECLARATION OF MARK CONRAD IN SUPPORT
OF PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO COMPEL DISCOVERY - Page 2

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

12. On July 15, 2024, the day before our meet and confer, Defendants served a second letter.

13. One July 16, 2024, Defendants served their second set of Amended Responses to Plaintiffs' Discovery Requests.

14. The parties held a discovery conference on July 16, 2024, to discuss each parties' discovery concerns. Plaintiffs agreed to provide amended responses to all of the specific requests for additional documents or information made by Defendant regarding a particular discovery request and committed to providing that information by July 25, 2024. I began a trial that week, so we also scheduled to follow up phone call for July 26, 2024.

15. On July 22, 2024, Defendants produced a third production, containing 14 pages, as well as a letter summing up the Rule 26(f) conference held on July 16, 2024.

16. On July 25, 2024, Plaintiff provided amended responses and a supplemental production of documents containing 495 documents consistent with our previous discovery discussions.

17. On July 26, 2024, we held another discovery conference to discuss the status of discovery, during the discussion I also indicated that Plaintiffs would be more than willing to provide all information required by an ESI agreement, including details on custodians, data sources, search terms, methodology, and the results of those searches. I also informed Defendants' counsel that it would be helpful if they let me know what specific requests for discovery that they wanted custodial, data, search term information for. Defendants' counsel stated providing this information would not be sufficient and it would move to compel Plaintiffs to have a third-party vendor or Plaintiffs' counsel collect, house, and search for documents. During the conference call, I also offered to include any additional search terms that Defendants' counsel reasonably requested

DECLARATION OF MARK CONRAD IN SUPPORT
OF PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO COMPEL DISCOVERY - Page 3

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

and for asked that they send me any specific request for production they had concerns about because it was difficult to address these issues without any specificity or examples of concerns. However, I did not receive any additional search terms from Defendants' counsel, and Plaintiffs addressed each of Defendants' specific request for documents or further detail for interrogatory responses. Lastly, to date, I have not received the information required by the ESI agreement regarding Defendants' collection and discovery methodologies per the ESI agreement.

18.    On July 30, 2024, the day before Jeff Moss's deposition, Defendants produced their fourth production, which included three emails that they said they "recently identified." The emails were from Maxi Reynolds to Def Con and specifically discuss Hadnagy.

19.    During Jeff Moss's deposition, he admitted to having text or signal messages with Maxi Reynolds regarding her accusations against Hadnagy which center around her employment dispute with Social Engineer. These messages had never been previously produced by Defendants despite our multiple confers regarding discovery.  Attached hereto as **Exhibit C** is a true and correct copy of Jeff Moss's deposition transcript. The day after the deposition, Def Con produced the messages.

20.    Our firm is actively engaged in collecting and searching for all responsive discovery documents. We are working with our client to identifying all potential sources of information available that need to be searched and searching those information sets using search terms specific to each of Defendants' request for production. We are also reviewing documents produced by our client to ensure there are no other missing communications, attachments, metadata, or electronically stored information (ESI), and inquiring into other potential searches that may reveal additional responsive records after review of materials. We are more than willing to use any additional search terms that Defendants suggests and to identify all the information

DECLARATION OF MARK CONRAD IN SUPPORT
OF PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO COMPEL DISCOVERY - Page 4

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

required by the model ESI agreement.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.


DATED this 16th day of August 2024 in Seattle, Washington.

FREY BUCK,

By: _____

Mark Conrad, WSBA #48135

DECLARATION OF MARK CONRAD IN SUPPORT
OF PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO COMPEL DISCOVERY - Page 5

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **DECLARATION OF MARK CONRAD IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL DISCOVERY** on the following individuals:

David Perez, WSBA #43959
Matthew J. Mertens (Pro Hac Vice)
Lauren A. Trambley (Pro Hac Vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
dperez@perkinscoie.com
mmertens@perkinscoie.com
ltrambley@perkinscoie.com

[  ]    Via USPS
[X]    Via Electronic Mail
[  ]    Via Electronic Filing (CM/ECF)


DATED this 16th day of August 2024 at Seattle, Washington.


_____
Amber Holmes, Legal Assistant

DECLARATION OF MARK CONRAD IN SUPPORT
OF PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO COMPEL DISCOVERY - Page 6

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

Exhibit A

1

THE HONORABLE BRIAN A. TSUCHIDA

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  CHRISTOPHER J. HADNAGY, an
individual; and SOCIAL-ENGINEER,

10  LLC, a Pennsylvania limited liability
company,

11

Plaintiffs

12

JEFF MOSS, an individual; DEF CON

13  COMMUNICATIONS, INC., a Washington
corporation; and DOES 1-10; and ROE

14  ENTITIES 1-10, inclusive,

15

Defendants.

No. 2:23-cv-01932-BAT

**DEFENDANT DEF CON
COMMUNICATIONS, INC'S
RESPONSES TO PLAINTIFF
CHRISTOPHER HADNAGY'S
AND PLAINTIFF SOCIAL-
ENGINEER, LLC'S FIRST SET
OF DISCOVERY REQUESTS**

16

17        Defendant Def Con Communications, Inc. ("Def Con"), by its undersigned

18  attorneys, hereby responds and objects as follows to Plaintiffs Christopher

19  Hadnagy's and Social-Engineer, LLC's (collectively, "Mr. Hadnagy") First Set of

20  Discovery Requests ("Requests").

21                        **GENERAL OBJECTIONS**

22        1.      Def Con objects to the temporal scope of these Requests to the extent

23  they seek information or documents prior to August 2021 and after February 9,

24  2022.  Such information and documents are neither relevant to the subject matter

25  involved in this action, nor reasonably calculated to lead to the discovery of

26  admissible evidence.

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 1 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

167338109.5

2.     Def Con objects to these Requests to the extent they call for the disclosure of confidential, sensitive, or proprietary information.  Such confidential, sensitive, or proprietary information will be produced only after the entry of a suitable protective order.

3.     Def Con objects to these Requests to the extent they seek information or materials that implicate Def Con's right to privacy or third parties' right to privacy.

4.     Def Con objects to these Requests to the extent they seek materials protected by the attorney-client privilege, work-product doctrine, or any other privilege recognized by law.

5.     Def Con objects to these Requests to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.  To the extent there are duplicative documents responsive to requests for production, Def Con will produce a single copy of such documents.

6.     Def Con objects to these Requests to the extent they are vague, ambiguous, or susceptible of varying interpretations.  Def Con will answer these Requests based upon its understanding of them.

7.     Def Con objects to these Requests to the extent they seek information and documents already in the possession of, or otherwise available to, Mr. Hadnagy.

8.     Def Con objects to these Requests to the extent they are unduly burdensome or expensive, in that the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, Def Con's limited resources, and the importance of the discovery in resolving the issues the issues in this action.

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 2 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

167338109.5

9.    Def Con objects to these Requests on the grounds that they would require Def Con to review each, and every document contained in all of its files (including electronic files) and to interview every one of its agents and employees to determine if they may have information or documents responsive to one or more of the Requests.  Such a requirement imposes upon Def Con an undue burden and expense not commensurate with Mr. Hadnagy's legitimate discovery needs, and seeks discovery beyond that reasonably calculated to lead to the discovery of admissible evidence.  Def Con further objects to the extent that there has been no electronically stored information protocol ("ESI protocol") entered by the parties to mitigate this burden on Def Con and exclude irrelevant information.

10.    All documents that Def Con produces in response to these Requests will be produced at times and places to be agreed upon by counsel.

11.    Def Con objects to these Requests to the extent that they seek information or documents related to claims that were dismissed.

12.    Each of these general objections is hereby specifically incorporated into each of the specific answers set forth below.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1**: Please identify the names of all present and past employees of Def Con for the previous ten years.

**RESPONSE:**  Def Con objects to this Interrogatory on the grounds that it is overbroad and not reasonably tailored to Mr. Hadnagy's legitimate discovery needs, seeking information that is neither relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Def Con also objects that the temporal scope of this Interrogatory is overbroad.

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 3 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

167338109.5

**INTERROGATORY NO. 2**: If you have been involved as either a plaintiff or defendant in any civil suit, arbitration, or administrative action, please provide the following details:

    a. Date the action was filed.
    b. Location where the action was filed.
    c. Court, arbitration board, or administrative agency before which the action was brought.
    d. Cause or identifying file number.
    e. Name and address of your attorney.
    f. Type of case and causes of action.
    g. Disposition of the action.
    h. Amount of settlement or judgment.

**RESPONSE:** Def Con objects that this Interrogatory is overbroad; seeks information that is neither relevant to Mr. Hadnagy's claims nor reasonably likely to lead to the discovery of admissible evidence; lacks a reasonable time limitation; and is disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, Def Con answers as follows: On August 3, 2022, Mr. Hadnagy sued Def Con in the Eastern District of Pennsylvania in Case No. 2:22-cv-03060-WB and raised substantially identical claims to those pleaded here. The court dismissed the lawsuit without prejudice for lack of personal jurisdiction.

**INTERROGATORY NO. 3**: Please identify all persons known to you, involved in the investigation into the allegations made against Plaintiff Christopher Hadnagy, resulting in his ban from DEF CON.

**RESPONSE:** Def Con interprets this Interrogatory to request the identity of individuals at Def Con who were involved in the investigation into Mr. Hadnagy's

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 4 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

167338109.5

1    misconduct. Def Con identifies the following: Jeff Moss and Neil Wyler.

2

3    **INTERROGATORY NO. 4**: Please identify all persons known to you, involved in the

4    investigation into the allegations made against Plaintiff Christopher Hadnagy,

5    resulting in his ban from BLACK HAT.

6         **RESPONSE:** Def Con objects to this Interrogatory because it seeks

7    information related to claims that were dismissed. Def Con further objects to this

8    Interrogatory on the grounds that it is overbroad and not reasonably tailored to Mr.

9    Hadnagy's legitimate discovery needs, seeking discovery that is neither relevant to

10   the subject matter involved in this action nor reasonably calculated to lead to the

11   discovery of admissible evidence. Additionally, this request asks for information that

12   only a third party (Black Hat) would have. Discovery is still ongoing and Def Con

13   reserves its right to amend its response.

14        Subject to and without waiving the foregoing objections, Def Con responds as

15   follows: Def Con is unaware of the specific individuals involved in Black Hat's

16   investigation of Mr. Hadnagy.

17

18   **INTERROGATORY NO. 5**: On February 9, 2022, you posted the following

19   statement on your website and/or social media:

20        We received multiple CoC violation reports about a DEF CON Village
         leader, Chris Hadnagy of the SE Village. After conversations with the
21       reporting parties and Chris, we are confident the severity of the
         transgressions merits a ban from DEF CON.
22

23   Please identify the "reporting parties," describe in detail the information received

24   from the "reporting parties," provide the details of any other information related to

25   this statement and where that information originated. Please also provide detailed

26   information about any investigations conducted to verify and or support this

---

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 5 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  statement, including but not limited to, the names and dates of individuals contacted,

2  the information those individuals provided, the names of any persons who

3  participated in the investigation, steps taken to verify the information provided by

4  individuals.

5  **RESPONSE:** Def Con objects that this Interrogatory is compound and

6  contains at least five distinct interrogatories. Subject to and without waiving this

7  objection, and consistent with counsel's email correspondence on May 28, 2024, and

8  May 29, 2024, Def Con will produce the names of the individuals who communicated

9  with Def Con upon entry of a protective order. These individuals described Mr.

10  Hadnagy subjecting them to (or observing Mr. Hadnagy subjecting others to) different

11  kinds of bullying, crude, condescending, and sexually inappropriate behavior across

12  a variety of environments, including as employees at Social-Engineer; as volunteers

13  at Mr. Hadnagy's Innocent Lives Foundation; at conferences; and while on private

14  work trips. Based on the totality of these reports, Def Con concluded that it no longer

15  wished for Mr. Hadnagy to participate in Def Con's annual conference moving

16  forward, and exercised its First Amendment right not to associate with Mr. Hadnagy.

17  Discovery is ongoing and Def Con reserves the right to amend this response.

18

19  **REQUEST FOR PRODUCTION NO. 1**: On February 9, 2022, you posted the

20  following statement on your website and/or social media:

21  > We received multiple CoC violation reports about a DEF CON Village
22  > leader, Chris Hadnagy of the SE Village. After conversations with the
      > reporting parties and Chris, we are confident the severity of the
23  > transgressions merits a ban from DEF CON.

24  Please produce any and all documents related to this statement and any related

25  investigation.

26  **RESPONSE:** Def Con will produce responsive, non-privileged documents that

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 6 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

167338109.5

1    are in its possession, custody, or control, if any, that are located after a diligent search

2    and reasonable inquiry.  Def Con's production will be made subject to the provisions

3    of a mutually acceptable protective order.

4

5    **INTERROGATORY NO. 6**: On January 13, 2023, you posted the following

6    statement on your website and/or social media:

7        During our investigation we spoke directly with Mr. Hadnagy about the
         claim of his violations of our Code of Conduct. He confirmed his
8        behavior, and agreed to stop. Unfortunately, the behavior did not stop.
         Before DEF CON finalized our response, Mr. Hadnagy informed us that
9        his Social Engineering Village would not be returning to DEF CON. Our
10       investigation also revealed that DEF CON is not the only security
         conference to receive complaints about Mr. Hadnagy's behavior. For
11       example, Black Hat received complaints, conducted their own
         investigation and removed Mr. Hadnagy from their Review Board.
12

13   Please provide detailed information about any investigations conducted to support

14   this statement, including but not limited to, the names and dates of individuals

15   contacted, the information those individuals provided, any steps taken to verify the

16   information provided by individuals, and the names of any persons who participated

17   in the investigation.

18       **RESPONSE:** Def Con objects that this Interrogatory is compound and

19   contains at least four distinct interrogatories. Subject to and without waiving this

20   objection, Def Con responds as follows: See Def Con's Response to Interrogatory No.

21   5 above. Additionally, Neil Wyler spoke with Mr. Hadnagy several times regarding

22   Mr. Hadnagy's campaign of harassment against Maxie Reynolds after Ms. Reynolds

23   left her job at Social-Engineer. Mr. Hadnagy confirmed to Mr. Wyler that Mr.

24   Hadnagy had indeed acted towards Ms. Reynolds as Ms. Reynolds had described to

25   Mr. Wyler.

26

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 7 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

167338109.5

**REQUEST FOR PRODUCTION NO. 2**: On January 13, 2023, you posted the following statement on your website and/or social media:

> During our investigation we spoke directly with Mr. Hadnagy about the claim of his violations of our Code of Conduct. He confirmed his behavior, and agreed to stop. Unfortunately, the behavior did not stop. Before DEF CON finalized our response, Mr. Hadnagy informed us that his Social Engineering Village would not be returning to DEF CON. Our investigation also revealed that DEF CON is not the only security conference to receive complaints about Mr. Hadnagy's behavior. For example, Black Hat received complaints, conducted their own investigation and removed Mr. Hadnagy from their Review Board.

Please produce any and all documents related to this statement, or the investigation referenced.

**RESPONSE:** Def Con will produce responsive, non-privileged documents that are in its possession, custody, or control, if any, that are located after a diligent search and reasonable inquiry. Def Con's production will be made subject to the provisions of a mutually acceptable protective order.

**INTERROGATORY NO. 7**: Please identify any other source of information that you reviewed and/or relied upon in issuing the statements referenced in Interrogatories Nos. 5 and 6, provide the details of any information gleaned from that source, and all those involved in providing information from those sources.

**RESPONSE:** Def Con objects that the terms "any other source," "relied upon," "details," "gleaned from," "all those involved," and "providing" as vague and ambiguous. Discovery is still ongoing and Def Con reserves its right to amend its response.

Subject to and without waiving the foregoing objections, Def Con responds as follows: See Def Con's Responses to Interrogatory Nos. 5 and 6 above.

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 8 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

167338109.5

1    **REQUEST FOR PRODUCTION NO. 3**: Please produce any documents related to

2    your response to Interrogatory No. 7.

3        **RESPONSE:** *See* Response to Plaintiffs' Request for Production No. 2.

4

5    **INTERROGATORY NO. 8**: Please identify all persons you, your representative or

6    your employees have communicated with in any way about the allegations contained

7    in your statements on February 9, 2022, and/or January 13, 2023, regarding Plaintiff

8    Christopher Hadnagy, together with the substance of those communications.

9        **RESPONSE:** Def Con objects to this Interrogatory on the grounds that it is

10   overbroad and not reasonably tailored to Mr. Hadnagy's legitimate discovery needs,

11   seeking discovery that is neither relevant to the subject matter involved in this action

12   nor reasonably calculated to lead to the discovery of admissible evidence. Def Con

13   published the statements on February 9, 2022, and January 13, 2023, to its blog and

14   Twitter account. It is impossible for Def Con to identify any specific individuals that

15   may have viewed these statements on these mediums. Def Con objects to this

16   Interrogatory because the word "representative" is vague and ambiguous and could

17   refer to Def Con's attorneys, whose communications regarding this matter are

18   protected by attorney-client privilege, work product, or both. Def Con objects to this

19   Interrogatory because Def Con does not and cannot know what its employees may

20   have potentially said about Mr. Hadnagy while outside the course and scope of their

21   employment. Discovery is still ongoing and Def Con reserves its right to amend its

22   response.

23        Subject to and without waiving these objections, and consistent with counsel's

24   email correspondence on May 28, 2024, and May 29, 2024, Def Con will produce the

25   names of the individuals who communicated with Def Con upon entry of a protective

26   order. See also Def Con's Response to Interrogatory No. 5.

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 9 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

167338109.5

1

2    **REQUEST FOR PRODUCTION NO. 4**: Produce any documents or materials

3    related to the publication or dissemination of the allegations contained in your

4    statements on February 9, 2022, and/or January 13, 2023, regarding Plaintiff

5    Christopher Hadnagy, including distribution lists, subscriber lists, website traffic

6    records, or records of social media engagement.

7        **RESPONSE:** Def Con objects to this Request on the grounds that it is vague,

8    ambiguous, overbroad, and unduly burdensome.  Def Con further objects that this

9    Request calls for information that is neither relevant to the subject matter of this

10   litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

11   Def Con further objects that the terms "distribution lists," "subscriber lists," "website

12   traffic records," and "records of social media engagement" are vague and ambiguous.

13   Def Con further objects that this Request does not seek documents with reasonable

14   particularity.  Discovery is still ongoing and Def Con reserves its right to amend its

15   response.

16       Subject to and without waiving the foregoing objections, Def Con responds as

17   follows: None. Answering further, Def Con does not track IP addresses of visitors to

18   the Def Con website; Def Con did not disseminate the statements via any

19   "distribution lists" or "subscriber lists"; and the social media engagement with Def

20   Con's Twitter posts dated February 9, 2022, and January 13, 2023, is information

21   equally available to Mr. Hadnagy from a cursory review of Def Con's Twitter account.

22

23   **INTERROGATORY NO. 9**: Please identify all individuals and/or entities that have

24   been permanently banned from DEF CON, together with the reasons behind those

25   bans. Please also indicate whether, in any announcement related to such bans, the

26   names of the individuals and/or entities were disclosed.

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 10 (No. 2:23-CV-01932-
BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

167338109.5

1    **RESPONSE:** Def Con objects to this Interrogatory on the grounds that it is

2    overbroad and not reasonably tailored to Mr. Hadnagy's legitimate discovery needs,

3    seeking discovery that is neither relevant to the subject matter involved in this action

4    nor reasonably calculated to lead to the discovery of admissible evidence.  Def Con

5    further objects that the temporal scope of this Interrogatory is overbroad.  Discovery

6    is still ongoing and Def Con reserves its right to amend its response.

7

8    **INTERROGATORY NO. 10**: Please identify each individual you intend to call as a

9    witness at trial, including experts, and for each witness state the subject matter upon

10   which such person is expected to testify, all facts and opinions to which the individual

11   is expected to testify, and a summary of the grounds for each opinion.

12   **RESPONSE:** Def Con objects to this Interrogatory because it seeks attorney-

13   client privileged information and/or information protected by work product. Def Con

14   further objects to this Interrogatory because it is premature. Def Con will provide lay

15   and expert witness statements at the time and in the format required by any case

16   management order that may be entered.

17

18   **REQUEST FOR PRODUCTION NO. 5**: Please produce all documents relating to the

19   review and/or opinions of each expert, including but not limited to each expert's

20   current resume/curriculum vitae, all case-related correspondence (including emails

21   and texts), invoicing and payment documentation, notes, analyses, file(s), reports,

22   draft reports, and any other document provided to, produced by, or relied upon by the

23   expert.

24   **RESPONSE:** See Def Con's Response to Interrogatory No. 10 above.

25

26

1    **REQUEST FOR PRODUCTION NO. 6:** Please produce copies of all documents or

2    tangible evidence in your possession or control containing any information related to

3    your statements referenced in Interrogatories Nos. 5 and 6, including but not limited

4    to, photographs, videos, slides, journals, diaries, calendar entries, communications,

5    emails, letters, statements, sketches, photographs, movies, videos, videotapes,

6    reports, drawings, diagrams, maps, or other graphic or electronic representations or

7    that support your answers to these Interrogatories.

8        **RESPONSE:** Def Con is producing all responsive documents in response to

9    Request for Production No. 2.

10

11

12                              **PERKINS COIE LLP**

13

14   DATED this 3rd day of June 2024.        *David A. Perez*

15                                   David A. Perez, Bar No. 43959
                                     **Perkins Coie LLP**
16                                   1201 Third Avenue, Suite 4900
                                     Seattle, Washington 98101-3099
17                                   Telephone: +1.206.359.8000
                                     DPerez@perkinscoie.com
18
                                     Matthew J. Mertens, Bar No. 146288
19                                   **Perkins Coie LLP**
                                     1120 N.W. Couch Street, Tenth Floor
20                                   Portland, Oregon 97209-4128
                                     Telephone: +1.503.727.2000
21                                   MMertens@perkinscoie.com

22                                   Lauren Trambley, Bar No. 340634
                                     **Perkins Coie LLP**
23                                   505 Howard Street, Suite 1000
                                     San Francisco, California 94105
24                                   Telephone: +1.415.344.7000
                                     LTrambley@perkinscoie.com
25

26

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET
OF DISCOVERY REQUESTS – 12 (No. 2:23-CV-01932-
BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

167338109.5

1

## CERTIFICATE OF SERVICE

2      I, Matthew Mertens, certify under penalty of perjury that on June 3, 2024, I

3  caused the following to be served as follows:

4  ***Defendant Def Con Communications, Inc.'s Responses to Plaintiffs***

5  ***Christopher Hadnagy's and Social-Engineer, LLC's First Set of Discovery***
***Requests***

6

7

| **Attorneys for Plaintiffs**: | [x] Via Electronic Mail |
|---|---|
| Ted Buck, WSBA #22029 | |
| Mark Conrad, WSBA #48135 | |
| FREY BUCK | |
| 1200 Fifth Avenue, Suite 1900 | |
| Seattle, WA 98101 | |
| P: (206) 486-8000 | |
| F: (206) 902-9660 | |
| tbuck@freybuck.com | |
| mconrad@freybuck.com | |
| aholmes@freybuck.com | |
| | |
| | |
| Kristofer Riklis (pro hac) | |
| RIKLIS LAW, PLLC | |
| 871 Coronado Center Dr., Suite 200 | |
| Henderson, Nevada 89052 | |
| Telephone: (702) 720-6471 | |
| kristofer@riklislaw.com | |

19

20      Dated: June 3, 2024

21                                     /s/ Matthew Mertens

22

23

24

25

26

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
Phone: +1.415.344.7000
Fax: +1.415.344.7050

167338109.5

Exhibit B

| | |
|---|---|
| **From:** | Mertens, Matthew (Perkins Coie) |
| **Sent:** | Monday, June 10, 2024 4:42 PM |
| **To:** | Mark Conrad; Amber Holmes; Perez, David A. (Perkins Coie); Ted Buck; Trambley, Lauren (Perkins Coie) |
| **Cc:** | Lauren English; Kristofer Riklis |
| **Subject:** | RE: Hadnagy, et al. v. Moss, et al. |

---

Hi, Mark—

Following up on your email below. We intended no chicanery by not producing documents concurrently with our responses. I agree producing documents within a reasonable time period is required under Rule 34(b)(2)(B) but don't think the rule requires concurrent production. *See* Fed. R. Civ. P. 34(b)(2)(B) ("The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or *another reasonable time specified in the response*.") (Emphasis added.)

In any case, we'll be able to make an initial production of responsive documents this week, consisting of (1) certain of Mr. Hadnagy's Signal messages with Mr. Wyler; and (2) Def Con's internal discussions regarding the announcement of Mr. Hadnagy's ban from Def Con.

I'm working on getting Mr. Moss's emails processed into our system and will review and produce any responsive email correspondence as soon as possible. We recognize that you need a reasonable amount of time with the documents prior to Mr. Moss's July deposition.

Regarding your request to confer on the interrogatory responses, let's talk Thursday morning. I'm available at your convenience then, so just let me know when works for you.

Thanks,

**Matt Mertens | Perkins Coie LLP**
**PARTNER**
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Thursday, June 6, 2024 1:56 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>

**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Hi Matt and David,

I understand that you are withholding the names of certain individuals pending the entry of a protective order. However, you did not produce a single document in response to our requests, and I believe withholding all documents is unreasonable. You could have handled this by redacting the names of individuals while we await the protective order and producing any other responsive documents.

Additionally, if you needed more time to respond and provide records, we could have discussed this beforehand and agreed on a timeline for production. However, not having any discussion and then failing to produce a single record does not align with the spirit of discovery.

I'd like to schedule a discovery conference next week to discuss this issue, as well as your clients' discovery responses to ROG 1, 4, 5, 6, 8, and 9. I'm available on Wednesday, 6/13, morning or afternoon; Thursday, 6/13, morning; and Friday, 6/14, morning or afternoon. Please let me know what works with your schedule.

Thanks,

Mark

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Monday, June 3, 2024 4:41 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>

**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Mark, Kris, and Ted—

Please find attached Def Con's responses to Plaintiffs' first set of discovery requests.

Thank you,

**Matt Mertens | Perkins Coie LLP**
PARTNER
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Sent:** Friday, May 31, 2024 11:29 AM
**To:** Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Thanks, Mark. Please find attached the proposed draft, which is just the WDWA's model order with a few categories of proposed confidential documents. Please feel free to propose any additional categories that may be appropriate based on your anticipated production.

If this looks good to you, we'll get this on file.

Thanks,

**Matt Mertens | Perkins Coie LLP**
PARTNER
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Wednesday, May 29, 2024 5:31 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck

<tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

This shouldn't be an issue. Please send over the protection order you would like to use. Thanks, Matt.

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

---

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Tuesday, May 28, 2024 6:01 PM
**To:** Amber Holmes <aholmes@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Mark—

We're preparing discovery responses, including the names of the individuals who spoke with Def Con regarding their experiences with Mr. Hadnagy. These individuals are very concerned about the possibility of retaliation from Mr. Hadnagy or harassment by online trolls if their names become public. We will produce these names subject to and upon entry of a protective order so their identities cannot be disclosed or used for non-litigation purposes. Please let me know if you will stipulate to the entry of the standard Western District of Washington protective order, or mutually agreed-to modifications of that order, so we can produce the names accordingly.

Thanks,

**Matt Mertens | Perkins Coie LLP**
PARTNER
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128

D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mertens, Matthew (POR)
**Sent:** Tuesday, May 21, 2024 3:28 PM
**To:** Amber Holmes <aholmes@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Amber, receipt confirmed, thanks. And please, call me Matt.

**Matt Mertens | Perkins Coie LLP**
PARTNER
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Amber Holmes <aholmes@freybuck.com>
**Sent:** Tuesday, May 21, 2024 10:20 AM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Mark Conrad <mconrad@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Mr. Mertens:

Attached, please find the First Amended Notice of Videotaped Deposition of Jeff Moss.

Thank you.

Amber

**Amber Holmes**

**FREYBUCK P.S.**
**1200 Fifth Avenue, Ste. 1900**
**Seattle, WA 98101**
**(206) 487-3020**
**aholmes@freybuck.com**
**www.freybuck.com**

This electronic message contains information from Frey Buck P.S. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at aholmes@freybuck.com.

---

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Monday, May 20, 2024 3:54 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Mark, sounds good. Let's do the deposition at Perkins's offices in Seattle.

Perkins Coie LLP, 1201 3rd Ave #4900, Seattle, WA 98101

Two-block downhill walk for you! Easy trip.

**Matt Mertens | Perkins Coie LLP**
**PARTNER**
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Monday, May 20, 2024 3:14 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Let's lock in July 18 at 9am. Let me know if you have a preferred location. Thanks, Matt.

# Mark R. Conrad | Attorney

**Frey Buck, P.S.**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)

www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck, P.S.  It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

---

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Friday, May 17, 2024 4:23 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Mark, I misunderstood Mr. Moss's travel schedule. He's available in Washington State at any of the dates you indicated. Please let me know what you'd prefer.

Thanks,

**Matt Mertens | Perkins Coie LLP**
PARTNER
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mertens, Matthew (POR)
**Sent:** Thursday, May 16, 2024 3:21 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Quick update here. I'm in touch with Mr. Moss on availability and should have concrete dates soon.

**Matt Mertens | Perkins Coie LLP**
PARTNER
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199

E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mertens, Matthew (POR)
**Sent:** Monday, May 13, 2024 5:51 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Mark, I have to be honest, I was at least somewhat hoping you were itching for an in-person deposition in Singapore.

I'll check with Mr. Moss on those dates, but referring you back to my email dated April 12 (highlighted below) I don't think he's available then. My understanding is that he's traveling through Washington State en route to spending several weeks in Washington, D.C. in July. So, I think his general availability is on the front end of July (on his trip out to D.C.) and then again on the back end of July (on his trip back from D.C.).

I'll reach out to him right now for specific dates of availability in July. He's pretty responsive so I should be back to you quickly.

Thanks,

**Matt Mertens | Perkins Coie LLP**
**PARTNER**
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Friday, May 10, 2024 10:35 AM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Hi Matt,

While a trip to Singapore sounds enticing, I'll opt for an in-person deposition in Washington. I'm available on July 10, 11, 17, 18, with a start time of 9 am. We can conduct the dep. at a location of

your choosing in Seattle. Please let me know which date and a location that works best for your side.

Thanks,
Mark


**Mark R. Conrad | Attorney**

**Frey Buck, P.S.**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck, P.S. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges. If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

---

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Wednesday, May 1, 2024 5:10 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Hey, Mark—

Mr. Moss is a resident of Washington; he also doesn't currently live there full-time. Those aren't mutually exclusive.

If you'd like to depose him in May, we can do it remotely, or we can do it in person in Singapore. If you want to depose him in person in Washington State, we can make him available in July.

Thanks,

**Matt Mertens | Perkins Coie LLP**
**PARTNER**
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199

F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Tuesday, April 30, 2024 3:17 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Amber Holmes
<aholmes@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck
<tbuck@freybuck.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Hi Matt,

Considering the representation made to the Court that Mr. Ross is a resident of Washington, we
would request his availability for an in-person deposition in Washington during May 2024. Please
let me know some dates he is available.

Thanks,

## Mark R. Conrad | Attorney

**Frey Buck, P.S.**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a
transmission from the law firm Frey Buck, P.S.  It may contain information that is
confidential and legally protected by the attorney-client, work product and/or other
privileges.  If you are not the designated or intended recipient, please destroy the message
without disclosing any of its contents and notify us immediately by reply email or by
calling 1-206-486-8000.

---

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Friday, April 12, 2024 2:43 PM
**To:** Amber Holmes <aholmes@freybuck.com>; Perez, David A. (Perkins Coie)
<DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Trambley, Lauren (Perkins Coie)
<LTrambley@perkinscoie.com>
**Cc:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Kristofer
Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Hey, Amber—

Chiming in for David here. Jeff will be traveling through Washington State at the beginning and at the end of July, so if you want to take his deposition in person in WA, we can make him available then. If you want to do a remote deposition, I can get specific dates from him for May or June. Just let me know what your collective preference is.

Thanks,

**Matt Mertens | Perkins Coie LLP**
PARTNER
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com
www.perkinscoie.com/mmertens

---

**From:** Amber Holmes <aholmes@freybuck.com>
**Sent:** Friday, April 12, 2024 2:27 PM
**To:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Ted Buck <tbuck@freybuck.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

David:

Circling back on the below email. Do you have any dates for the deposition of Jeff Moss?

Thank you.

Amber

**Amber Holmes**
**FREY BUCK P.S.**
**1200 Fifth Avenue, Ste. 1900**
**Seattle, WA 98101**
**(206) 487-3020**
**aholmes@freybuck.com**
**www.freybuck.com**

This electronic message contains information from Frey Buck P.S. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any

disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at aholmes@freybuck.com.

---

**From:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>
**Sent:** Monday, April 1, 2024 2:25 PM
**To:** Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Ted, those dates won't work but we'll get back to you for dates in May, and location.

David

**David A. Perez | Perkins Coie LLP**
**Partner**
**Firmwide Chair of Business Litigation**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
p: 206.359.6767
c: 206.618.4293
e: DPerez@perkinscoie.com
http://www.perkinscoie.com/dperez/

---

**From:** Ted Buck <tbuck@freybuck.com>
**Sent:** Monday, April 01, 2024 12:07 PM
**To:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Amber Holmes <aholmes@freybuck.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Greetings, David:

We would like to renew our request for dates to depose Mr. Moss. Kindly let me know if you collectively are available April 18, 23 or 24.  Please also let us know if Mr. Moss is in Washington.

Thank you.

Ted Buck
Frey Buck PLLC
1200 Fifth Avenue, Suite 1900
Seattle, WA 98101
206-486-8000

---

**From:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>
**Sent:** Thursday, February 8, 2024 3:20 PM
**To:** Amber Holmes <aholmes@freybuck.com>; Mertens, Matthew (Perkins Coie)
<MMertens@perkinscoie.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Ted Buck <tbuck@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Lauren English
<lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al.

Amber,

We're happy to work with you on a date and time for the deposition, but it won't be until after the Court rules on the pending motion to dismiss. The parties have already stipulated to stay discovery pending resolution of the MTD. Please see the attached stipulated order from the District of Nevada case. Moreover, Kris Riklis conferred last week with my colleague Matt Mertens on the joint status report due to the Court on March 1, and they reaffirmed their agreement that discovery is stayed until the Court rules on the MTD.

The deposition is currently noticed as being in-person. We request that the deposition be over video since Mr. Moss currently lives in Singapore. The parties should stipulate to this to avoid motion practice under FRCP 30(b)(4).

Best,

David

**David A. Perez | Perkins Coie LLP**
**Partner**
**Firmwide Chair of Business Litigation**
**Co-Chair Real Estate Litigation**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
p: 206.359.6767
c: 206.618.4293
e: DPerez@perkinscoie.com
http://www.perkinscoie.com/dperez/

**From:** Amber Holmes <aholmes@freybuck.com>
**Sent:** Thursday, February 08, 2024 11:12 AM
**To:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Ted Buck <tbuck@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Kristofer Riklis <kristofer@riklislaw.com>
**Subject:** Hadnagy, et al. v. Moss, et al.

All:

Attached, please find the Notice of Videotaped Deposition of Jeff Moss. We will work with your office to coordinate a date.

Thank you.

Amber

**Amber Holmes**
**FREY BUCK P.S.**
**1200 Fifth Avenue, Ste. 1900**
**Seattle, WA 98101**
**(206) 487-3020**
**aholmes@freybuck.com**
**www.freybuck.com**

This electronic message contains information from Frey Buck P.S. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at aholmes@freybuck.com.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.



July 10, 2024

*VIA E-MAIL ONLY*

David Perez
Perkins Coie
1201 3ʳᵈ Avenue, Suite 4900
Seattle, Washington 98101-3099

   Re: *Hadnagy et al. v. Def Con Communications, Inc. et al.*
     Letter re: Deficient Responses to Discovery

Dear Mr. Perez:

On May 3, 2024, Plaintiffs served their first set of discovery (Interrogatories 1-10; Requests for Production 1-6) on Defendants. On May 21, 2024, Defendants served their responses and objections to discovery. Notably, Defendants did not produce a single responsive document nor indicate any date by which they would provide responsive documents. Defendants' answers to Plaintiffs' interrogatories were also either evasive or outright refusals to answer basic discovery requests.

On June 6, 2024, our office sent an email requesting a discovery conference to address these deficiencies with Defendants. On June 10, 2024, Defendants responded via email, acknowledging that they had not produced any responsive documents but indicated that they would produce (1) the message between Neil Wyler and Plaintiff Hadnagy and (2) Def Con's internal discussions ("Basecamp communications") that week. Defendants also indicated they were reviewing Mr. Moss's emails and would produce any responsive correspondence. On June 13, 2024, we held a discovery conference during which we detailed and justified the reasons for our requests, our concerns about non-responses, and the importance of having Defendants' full responses to discovery prior to Mr. Moss's deposition, which Defendants acknowledged as important in their June 10, 2024, email.

After our discovery conference, Defendants served their first amended discovery responses, providing amended responses to Interrogatories 5 and 8, which included the names of alleged accusers but failed to provide any details of the accusations. Defendants also specifically indicated they were working on providing updated responses to Interrogatories 1, 4, 5, 8, and 9. However, we have still not received any supplemental or amended responses to these interrogatories.

On June 20, 2024, Defendants produced their first set of documents, DEFCON00000001-00000116. Defendants did not specify which of Plaintiffs' discovery requests these documents were responsive to and marked each page of the production as "confidential," despite none of the information meeting the basic criteria for confidentiality. For example, even communications with Plaintiff Hadnagy were marked as confidential. It is also clear from the production of the Basecamp communications that Def Con and/or Mr. Moss possess additional responsive materials that are still being withheld.

On June 21, 2024, Defendants produced a second set of documents, DEFCON0000117-0000142. Again, Defendants did not specify which discovery requests these documents were responsive to, and the production contains redactions without any associated privilege log.

As you know, discovery is intended to be cooperative in nature. The discovery rules are in place to ensure that the trial is not a game of blindman's bluff. It has now been over two months since Plaintiffs first served discovery and a month since you indicated you would produce Mr. Moss's responsive emails/documents and provide updated answers to interrogatories. As you know, Mr. Moss's deposition is scheduled for later this month, and we need a reasonable amount of time to review Defendants' answers and responsive documents to prepare for the deposition. Therefore, we request that you amend your responses and/or produce responsive discovery by July 17, 2024, as further outlined below. If we do not receive your amended responses and supplemental discovery by that date, we will be forced to involve the Court. Please also note that given the posture of discovery, we reserve the right to continue Mr. Moss's deposition to cover any discovery materials and answers that are being withheld or provided after the fact.

- **Interrogatory No. 1**: Defendants refused to provide any information responsive to Plaintiffs' basic request to identify Def Con employees. As we indicated during our discovery conference, we are willing to limit the time frame to five years, but simply refusing to provide any response does not evidence a good faith approach to discovery. Please provide the name, address, telephone number, and last known position for any Def Con employees for the last five years.

- **Interrogatory No. 4**: Your response indicates that Def Con is unaware of any specific individuals involved at any level in Black Hat's investigation. However, the updated transparency report specifically states that Def Con's investigation revealed that Black Hat also received complaints, conducted their own investigation, and removed Hadnagy. Therefore, please identify any persons known to you who were involved, at any level, in Black Hat's investigation regarding allegations against Plaintiff Hadnagy.

- **Interrogatory No. 5 / Request for Production No. 1:** This request asks for detailed information regarding Def Con's investigation that led to the ban of Plaintiffs and the announcement on February 9, 2022, including the dates "reporting parties" were contacted, detailed information received from the "reporting parties," the steps taken to verify information received, and all persons involved in the investigation process. Defendants' response is evasive and provides no detail regarding the accusations. Please provide a detailed description of the alleged accusations from the differing reporting parties and Def Con's investigation into these accusations. Please also provide any and all

documents that relate to the February 9, 2022, ban announcement and related investigation. If Def Con does not know these details, it must state as much.

- **Interrogatory No. 6 / Request for Production No. 2**: We requested detailed information regarding Def Con's post from January 13, 2023. Your response is evasive and fails to provide the requested detail. Please provide a detailed account of any investigation that supports Def Con's January statement, including dates, names of individuals involved, information obtained from any individuals, and steps taken to verify the information.

- **Interrogatory No. 8**: Your responses provided the names of individuals you allegedly communicated with but did not provide any information regarding the substance of those communications. Please identify each person you communicated with regarding the allegations contained in Def Con's posts on February 9, 2022, and January 13, 2022, along with the substance of the communications with each individual.

- **Request for Production No. 4**: Please provide any website traffic data and other similar website analytics that evidence website traffic and user engagement with your posts from February 9, 2022, and January 13, 2023. Given Mr. Moss's background as a computer and internet expert, we are confident this is information he possesses and can provide. This information is clearly relevant to Plaintiffs' claims/damages, and Def Con's failure to provide this basic information does not evidence a good faith approach to discovery.

- **Interrogatory No. 9**: Def Con completely refused to provide any information in response to this clearly relevant and basic discovery request. Please identify all the individuals that have been permanently banned, the reason for the ban, and whether any announcement disclosed the names of individuals or entities.

- **Interrogatory No. 10**: To the extent that you know which witnesses you are likely to call to trial and the substance of their testimony, please provide this information. An objection based on a case schedule is not appropriate.

- Please also indicate which specific discovery requests the documents you have produced to date are responsive to.

We are hopeful that we can resolve this issue without court involvement. Feel free to contact me at any time to discuss this matter further.

Sincerely,

Mark Conrad

CC:
Ted Buck tbuck@freybuck.com
Amber Holmes aholmes@freybuck.com
Lauren English lenglish@freybuck.com

Exhibit C

```
                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON AT SEATTLE

_____

CHRISTOPHER J. HADNAGY, an          )
individual; and SOCIAL-ENGINEER,    )
LLC, a Pennsylvania limited         )
liability company,                  )
                                    ) No. 2:23-cv-01932-BAT
                    Plaintiffs,     )
                                    )
          vs.                       )
                                    )
JEFF MOSS, an individual; DEF CON   )
COMMUNICATIONS, INC., a Washington  )
corporation; and DOES 1-10; and     )
ROE ENTITIES 1-10,                  )
                                    )
                    Defendants.     )
_____

              VIDEO-RECORDED DEPOSITION OF JEFF MOSS

                        July 31, 2024

                      Seattle, Washington
```

```
          Reporter:  John M. S. Botelho, CCR, RPR
```

Jeff Moss
July 31, 2024

1    speak personally or I don't -- don't speak or when can

2    I -- what am I allowed to say?"  Like, there was no

3    conversations like that.  So from my perspective and

4    everybody on this group where Grifter is in the group

5    at DEF CON, he is DEF CON.

6         We'll have to ask Grifter what his mental state

7    was.

8                        MR. MERTENS:  Mark, it's 4:00.

9                        MR. CONRAD:  Yeah.  We can recess.

10                       MR. MERTENS:  I appreciate that.

11        Before we -- just before we go off the record, we

12   spoke previously, Mark, about the seven-hour limit.

13   It's FRCP 30(d)(1) is seven hours for a deposition.

14        DEF CON is agreeing to keep this deposition open

15   for the remainder of the seven-hour period because you

16   should be able to ask Mr. Moss questions about his

17   Signal messages with Ms. Reynolds.

18        DEF CON will oppose any request that you might

19   make to the Court to extend the deposition limit beyond

20   seven hours.  You did not ask a question to Mr. Moss

21   about the substance of this dispute until 12:37 p.m.

22   Until that time, everything else was background

23   questioning.  You're entitled to use your time how you

24   want, but we will oppose any request for additional

25   time based on how it was used in today's deposition.

Jeff Moss
July 31, 2024

1              MR. CONRAD:  Okay.  There was also

2    mention of a photo that was provided to your client.

3        Do you know why that wasn't provided in discovery?

4              MR. MERTENS:  I'm happy to talk to

5    you in more detail about collection and production

6    questions you've raised during this deposition.

7              MR. CONRAD:  Why won't you do it on

8    the record?

9              MR. MERTENS:  I'm happy to do it on

10   the record.  It was provided in the -- I don't think it

11   was responsive to your request for production, subject

12   to the objections that we made.

13             MR. CONRAD:  The picture of my

14   client that was included in an allegation that led to

15   the publishing of the transparency report wouldn't be

16   responsive?

17             MR. MERTENS:  The timing of when we

18   received the photo is what I think is missing from your

19   question there.  We received that photo in the context

20   of Perkins doing an investigation.

21             MR. CONRAD:  So after the publishing

22   of it?

23             MR. MERTENS:  Correct.

24             MR. CONRAD:  And do you know why the

25   Signal messages were never provided prior to the

Jeff Moss
July 31, 2024

1   deposition today?

2                    MR. MERTENS:  Yes.  It's -- it's

3   fundamentally my responsibility to make sure that

4   things are timely produced to you.  We collected them

5   on the heels of your and my exchange of letters and

6   multiple conferral meetings.  We produced multiple

7   documents to you that we had collected after those

8   conferral meetings.  I thought that these were part of

9   the production we made.  They were not.  They're a part

10  of our collection.  They did not make it into the

11  production.

12      Yesterday I e-mailed you what you used today as

13  Exhibits 4 and 5 because it came to my attention that

14  we had not produced Exhibits 4 and 5.  And so I

15  provided them to you immediately informally so that you

16  would have them, and then I think we produced them

17  formally yesterday.

18      The additional Signal messages we collected were

19  also not part of the production that we made.  Had I

20  realized that at the time, I absolutely would have

21  provided them to you at the same time that I e-mailed

22  you Ms. Reynolds's e-mails that she sent to DEF CON.

23                    MR. CONRAD:  Okay.

24                    MR. MERTENS:  And I agree with you

25  that they're responsive.  They're within the scope of

1   your request for production.  We've collected them.  We

2   intended to produce them.  We'll produce them tomorrow.

3   And you're obviously entitled to ask Mr. Moss about

4   them.

5                   MR. CONRAD:  But you don't think I'm

6   entitled to ask about them outside of this seven-hour

7   limit?

8                   MR. MERTENS:  I do not.

9                   MR. CONRAD:  Okay.  All right.

10                  THE VIDEOGRAPHER:  Please stand by.

11        This concludes Volume 1 of the video-recorded

12   deposition of Jeff Moss taken on July 31st, 2024.

13        The time is 4:04 p.m., and we are off the record.

14                       (Signature reserved.)

15                       (Deposition adjourned at

16                        4:04 p.m.)

17

18

19

20

21

22

23

24

25

Jeff Moss
July 31, 2024

1    STATE OF WASHINGTON )        I, John M. S. Botelho, CCR, RPR,
                         ) ss  a certified court reporter
2    County of Pierce    )        in the State of Washington, do
                                  hereby certify:

3

4

5          That the foregoing deposition of JEFF MOSS was taken
     before me and completed on July 31, 2024, and thereafter was
     transcribed under my direction; that the deposition is a
6    full, true and complete transcript of the testimony of said
     witness, including all questions, answers, objections,
7    motions and exceptions;

8          That the witness, before examination, was by me duly
     sworn to testify the truth, the whole truth, and nothing but
9    the truth, and that the witness reserved the right of
     signature;

10

11         That I am not a relative, employee, attorney or counsel
     of any party to this action or relative or employee of any
     such attorney or counsel and that I am not financially
12   interested in the said action or the outcome thereof;

13         IN WITNESS WHEREOF, I have hereunto set my hand
     this 12th day of August, 2024.

14

15

16

17
                            _____
18                          John M. S. Botelho, CCR, RPR
                            Certified Court Reporter No. 2976
19                          (Certification expires 5/26/2025.)

20

21

22

23

24

25

Jeff Moss
July 31, 2024

1  Errata Sheet

2

3  NAME OF CASE: Hadnagy vs Moss

4  DATE OF DEPOSITION: 07/31/2024

5  NAME OF WITNESS: Jeff Moss

6  Reason Codes:

7       1. To clarify the record.

8       2. To conform to the facts.

9       3. To correct transcription errors.

10  Page _____ Line _____ Reason _____

11  From _____ to _____

12  Page _____ Line _____ Reason _____

13  From _____ to _____

14  Page _____ Line _____ Reason _____

15  From _____ to _____

16  Page _____ Line _____ Reason _____

17  From _____ to _____

18  Page _____ Line _____ Reason _____

19  From _____ to _____

20  Page _____ Line _____ Reason _____

21  From _____ to _____

22  Page _____ Line _____ Reason _____

23  From _____ to _____

24

25                      _____