THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | No. 2:23-cv-01932-BAT<br><br>**LCR 37 SUBMISSION REGARDING DEFENDANT DEF CON'S MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATION**<br><br>NOTED FOR CONSIDERATION: August 20, 2024 |

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY
(No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF CONTENTS

I. Def Con's Introductory Statement ........................................................................... 3

II. Hadnagy's Responding Statement ........................................................................... 4

III. Discovery Dispute ................................................................................................... 5

    A. Def Con's Argument ................................................................................... 6

    B. Hadnagy's Response ................................................................................... 8

        1. Def Con's argument for blanket confidentiality lacks legal basis. ........................................................................................... 8

        2. Def Con bears the burden of proving serious harm will result from open proceedings. ........................................................... 9

        3. There is a strong presumption of public access to court records, and reasonable alternatives to blanket confidentiality exist. ................................................................... 10

        4. Hadnagy's Conclusion ................................................................. 11

    C. Def Con's Reply ........................................................................................ 11

        1. Def Con has established that good cause exists to maintain the confidentiality designation. ................................. 11

        2. Def Con's Conclusion ................................................................. 14

DEFENDANT DEF CON COMMUNICATIONS,
INC.'S MOTION TO MAINTAIN
CONFIDENTIALITY – 2 (No. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. MEET AND CONFER REQUIREMENT UNDER SECTION 6.2 OF THE STIPULATED PROTECTIVE ORDER

In accordance with Paragraph 6.2 of the parties' model stipulated protective order, counsel undersigned certifies that the movant has engaged in a good-faith meet and confer conference with counsel for Hadnagy and Social-Engineer, LLC in an effort to resolve the dispute without Court action. On July 16, 2024, Matt Mertens and Mark Conrad spoke via videoconference regarding, among other things, Def Con's confidentiality designation of the subject document. On July 31, 2024, Matt Mertens and Mark Conrad spoke in person regarding, among other things, Def Con's confidentiality designation of the subject document. The parties could not reach agreement, necessitating this joint submission.

## II. DEF CON'S INTRODUCTORY STATEMENT

Defendant Def Con Communications, Inc. ("Def Con") and Plaintiffs Christopher Hadnagy and Social-Engineer, LLC ("Hadnagy") negotiated and agreed to a protective order, which the Court entered on June 10, 2023 (the "Protective Order"). *See* ECF 48. During negotiations, Def Con proposed two categories of documents to be "confidential" under the Protective Order: (1) the identities of individuals that report Hadnagy's abuse and harassment; and (2) Def Con's internal discussions regarding whether to ban individuals or not from the conference. **At no point during the parties' negotiation of the Protective Order did Hadnagy raise any objections to these two categories of documents.**

Relying on the Protective Order, Def Con began producing documents to Hadnagy and designated a narrow set of documents as "confidential" under the Protective Order. One of those documents being an internal discussion among Def Con employees, and other individuals holding leadership positions at the conference, about whether to ban Hadnagy from the conference. This document falls squarely

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 3 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  within the second category of documents in the Protective Order. It also includes
2  discussions of specific individuals who reported Hadnagy's harassment and abuse to
3  Def Con, also overlapping with the first category of documents. Despite falling
4  squarely within the Protective Order and properly being designated as "confidential,"
5  Hadnagy challenges that designation.

6  Notably, Hadnagy does not challenge the confidentiality designation of this
7  document in connection with any pending motion or filing. Rather, Hadnagy's counsel
8  admitted in the parties' meet-and-confer that Hadnagy intends to use this document
9  to "clear his name" and "exonerate" himself in the public eye. Essentially, Hadnagy
10 intends to post the document, presumably on Twitter or some other social media
11 platforms, with his own narrative of events. Not only is this an improper use of
12 discovery, but public disclosure of this document risks subjecting the individuals who
13 reported Hadnagy and the individuals involved in the decision to ban Hadnagy—all
14 of whom are third parties to this action—to the same "immediate and foreseeable
15 widespread firestorm of social media commentary [and] Twitter retweets" that
16 Hadnagy complains of in his Complaint. Def Con insisted on a protective order in this
17 action for this very reason: to protect these individuals from further harassment and
18 abuse at the hands of Hadnagy.

19 Accordingly, Def Con requests that the Court uphold the designation of this
20 document as "confidential" under the Protective Order.

21 **III.    HADNAGY'S RESPONDING STATEMENT**

22 Def Con's motion to uphold its confidentiality designation for these
23 communications is unsupported by case law and the rules governing confidentiality,
24 protection orders, and open courts. Initially, when Def Con sought this order, it
25 claimed the need to protect internal communications due to the inclusion of alleged
26 accusers' identities—a claim Hadnagy agreed to. However, the communications also

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 4 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

contain only a few references to alleged accusers, yet Def Con marked every page as confidential. Moreover, any references to Maxi Reynolds have already been publicly discussed by Def Con, and the document does not clearly identify any other accusers. Additionally, the document in question are not "internal communications" as they involve "other individuals holding leadership positions at the conference" who are not Def Con employees.

The protective order requires each party to narrowly tailor its confidentiality designations to "specific material that qualifies under the appropriate standards." Dkt. 48, ¶¶ 5.1, 6.1. It also allows parties to challenge confidentiality designations at any time. Dkt. 48, ¶ 6.1. Both the protective order and federal case law establish that when a party challenges a confidentiality designation, the burden is on the designating party (in this case, Def Con) to prove that the information warrants special protection under the applicable standards. Broad, stipulated orders do not satisfy this requirement, as the court must make findings specific to the document at issue.

Def Con has failed to demonstrate the necessary particularized harm, instead making baseless allegations that Hadnagy intends to publicly post or misuse the document. These claims are speculative and lack any factual basis or supporting affidavit. Both parties have acknowledged that the communications are relevant to Hadnagy's claims and will be necessary for future pleadings. However, they could not agree on less restrictive measures for use in future pleadings, prompting the current dispute under LCR 37, as provided by the protective order.

## IV. DISCOVERY DISPUTE

Def Con designated a document that contains internal discussions among Def Con employees, and others that hold leadership positions at the conference, regarding whether to ban Hadnagy from the conference as "confidential" under the Protective

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 5 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Order. Hadnagy challenges the confidentiality designation as improper and has requested that Def Con de-designate the document as "confidential." Def Con did not agree, standing on its designation of the document as "confidential" under the Protective Order. This dispute follows.

### A. Def Con's Argument

Def Con properly designated the document as "confidential" under the Protective Order. Hadnagy's challenge to the designation of this document as confidential should be denied for five reasons.

First, the document contains private information that warrants special protection, and use should be limited to "prosecuting, defending, or attempting to settle this litigation" as provided under the Protective Order. ECF 48 at 1:18–23, 2:23–24. Federal Rule of Civil Procedure 26(c) allows a court to enter protective orders limiting the use of and access to discovery. *See* Fed. R. Civ. Proc. 26(c). "Protective orders may cover confidential, proprietary, or private information that warrants special protection." *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, No. 2:13-CV-00543-RAJ, 2020 WL 569949, at *1 (W.D. Wash. Feb. 5, 2020); *see also* Local Civil Rule 26(c)(2).

Second, the document falls squarely within the second category of documents defined as "confidential" under the Protective Order. The parties negotiated the terms of this Protective Order and agreed that the following category of documents could be designated "confidential": "Def Con's internal communications discussing whether and under what circumstances to ban individuals from the Def Con conference." Hadnagy now wishes to renege on that agreement because he wishes to post this document online. However, the document **clearly** falls within this category, and was properly designated under the Protective Order as confidential.

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 6 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Third, "[c]hanging the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery." *Ingenco Holdings, LLC*, 2020 WL 569949, at *1 (quoting Wright, Miller & Marcus § 2044.1 (3d. ed.)). Def Con insisted on a protective order being entered in this action before it produced documents, and relied on the Protective Order when it did produce documents. Moreover, de-designating this document would essentially be modifying the Protective Order to gut the second category of documents, rendering the Protective Order unreliable. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (noting that a concern in modifying a protective order is whether that order was relied upon in the party's decision to produce documents).

Fourth, Hadnagy challenges the designation of this document for an improper purpose. Hadnagy has not filed the document at issue in connection with any motion or pleading in this action. He simply wishes to publish it **with his own narrative of events** outside the course of this active litigation. Def Con has compelling concerns regarding Hadnagy's (unbounded) use and disclosure of this document. Moreover, any public posting of this document may (ironically) render Hadnagy liable for defamation against Def Con and any individuals who are identified in the document.

Fifth, disclosure of this document will likely expose individuals who reported Hadnagy and who were involved in the decision to ban him to harassment and ridicule—not only from Hadnagy but the "firestorm" on social media platforms. The same "firestorm" that Hadnagy claims to have harmed him, he now wishes to turn on to others involved in the ban. From the outset, Def Con has been concerned about Hadnagy's retaliation against others and has prioritized protecting individuals who came forward with complaints. Hadnagy should not be permitted to use discovery for

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 7 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

his own personal antics online. Discovery should be used to prove or disprove his claims in the court, not on social media.

### B. Hadnagy's Response

#### 1. Def Con's argument for blanket confidentiality lacks legal basis.

Def Con's argument that the document should remain confidential simply because it falls within a broadly defined category under the Stipulated Protective Order is fundamentally flawed. Federal case law requires an individualized showing of good cause for each specific document, which has not occurred here.

In *Foltz v. State Farm Mut. Auto. Ins. Co.*, a case cited by Def Con, the court made it clear that a blanket protective order does not suffice to maintain confidentiality. The court emphasized that protection cannot be assumed for entire categories of documents; rather, there must be a particularized showing of good cause for each document that is to be kept confidential. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003); *see also Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("because the protective order was a stipulated blanket order, International never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection"). The *Foltz* court further noted that a party's reliance focuses on "the extent to which a party can rely on a protection order depends on the extent to which the order did reasonably induce the party to allow discovery as opposed to settling the case." *Foltz* at 1137. Def Con has made no claim that it may have opted to settle this case rather than produce the documents in question.

Def Con's argument that the document should remain confidential simply because it falls within a broadly defined category under the Protective Order does not meet the standard set forth in *Foltz*. Def Con must provide specific, articulated reasons that warrant special protection for the document in question. Moreover, Def Con has not demonstrated or argued that the stipulated order reasonably influenced

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 8 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

its decision to proceed with discovery rather than settle the case—a critical point emphasized by *Foltz*. Without a specific finding of good cause for the document, as required by *Foltz*, reliance on the Protective Order alone is insufficient. Furthermore, it appears the document does not even fall under the category of "internal communications" as it involves persons who are not Def Con employees.

### 2. Def Con bears the burden of proving serious harm will result from open proceedings.

"[W]here a party challenges the designation of documents under a stipulated protective order, the party seeking to maintain confidentiality 'has the burden of establishing that there is good cause to continue the protection of the discovery material.'" *Raner v. Fun Pimps Entm't LLC*, No. 3:22-cv-05718-TMC, 2023 U.S. Dist. LEXIS 179387, at *3 (W.D. Wash. Oct. 4, 2023); *Foltz v. State Farm Mut. Auto. Ins.*, Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy" the test. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). Absent a showing that a defined and serious injury will result from open proceedings, a finding as of special protection should not be made. *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 485 (3d Cir. 1995.

Def Con has failed to meet this burden. Their claim that these communications are confidential to protect the identities of accusers does not hold up to scrutiny. The specific accuser mentioned, Maxi Reynolds, has already been publicly discussed by Def Con, and it's unclear from the document who the other so-called accusers are. Additionally, none of these accusations involve allegations of any type of sexual assault or abuse, further diminishing the need for heightened confidentiality. Def Con is not seeking to protect proprietary or financial information—categories

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 9 (NO. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

traditionally recognized as deserving of confidentiality. Instead, they seek to protect communications that do not meet the recognized standard for confidential information.

Furthermore, Def Con's claims are based on baseless allegations with no factual foundation. They assert, without evidence, that Hadnagy intends to publish the document on social media and that disclosure will lead to a "firestorm of ridicule and harassment" against those involved in the decision to ban Hadnagy. These claims are speculative at best. If Def Con's decision to ban Hadnagy was justified, as they contend, why would they fear public scrutiny? Their argument that releasing the document could expose Hadnagy to defamation is equally unfounded and illogical.

Def Con's assertions lack factual support and fail to meet its burden to justify the continued confidentiality of this document.

### 3. There is a strong presumption of public access to court records, and reasonable alternatives to blanket confidentiality exist.

If a court finds that disclosing information to the public could cause particularized harm, it must then balance public and private interests to determine whether a protective order is warranted. *Phillips v. GMC*, 307 F.3d 1206, 1211-12 (9th Cir. 2002) (recognizing the "strong presumption in favor of access to judicial documents."); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) ("We do not see how the presence of a small number of third-party medical and personnel records that can be redacted with minimal effort constitutes "good cause," let alone a compelling reason, for this protective order to overcome the strong presumption in favor of public access."). These principles are also reflected in Local Civil Rule 5, which emphasizes public access to court files and less restrictive alternatives to full scale withholdings. LCR 59(g) ("There is a strong presumption of public access to the court's files.").

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 10 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    Def Con's attempt to blanket the entire Basecamp communication document
2 in confidentiality contradicts federal precedent, LCR 5, and the terms of the
3 protective order. Even if the court finds that some protection is warranted, reasonable
4 alternatives exist to full-scale confidentiality. For example, redacting the names of
5 specific accusers could sufficiently protect their privacy without the need for a broad
6 confidentiality designation. References to alleged accusers are limited to just a few
7 pages, which could easily be redacted.

8    Courts favor transparency and public access to judicial records. While
9 protecting sensitive information is important, it should not come at the expense of
10 openness unless absolutely necessary to prevent specific prejudice or harm. Def Con
11 has not demonstrated why a less restrictive alternative, such as redaction, would not
12 suffice.

### 4. Hadnagy's Conclusion

The claims of confidentiality based on broadly defined categories under the Protective Order do not meet the legal standard required to override the strong presumption of public access to court records. Moreover, reasonable alternatives to full-scale confidentiality exist, such as targeted redactions, which would protect privacy without undermining transparency. Def Con's sweeping confidentiality designation is unsupported, and the document in question does not warrant the level of protection they seek.

### C. Def Con's Reply

#### 1. Def Con has established that good cause exists to maintain the confidentiality designation.

When a document is attached to a non-dispositive motion, "a particularized showing of good cause will suffice to warrant sealing documents." *Sun Life Assurance Co. of Canada v. O'Connor*, No. C16-0799-JCC, 2017 WL 1479470, at *1 (W.D. Wash. Apr. 25, 2017); *In re Midland Nat'l Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 11 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1115, 1119 (9th Cir. 2012) ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."). Given the Basecamp thread is not attached to *any motion*, dispositive or non-dispositive, because Hadnagy challenges the designation for his own personal use, the good cause standard applies. Def Con need only show "specific prejudice or harm will result if no protective order is granted." *Parker v. BNSF Ry. Co.*, No. 2:14-CV-00176-RAJ, 2022 WL 16641805, at *1 (W.D. Wash. Mar. 29, 2022) (quoting *Foltz*, 331 F.3d at 1130). Here, Def Con has shown that good cause exists to maintain the confidentiality of the Basecamp thread.

First, Hadnagy's claim that the Basecamp thread does not deserve protection because it does not contain "proprietary or financial information" is erroneous. "Protective orders may cover **confidential**, proprietary, or **private information that warrants special protection**." *Ingenco Holdings, LLC*, 2020 WL 569949, at *1 (citing LCR 26(c)(2)) (emphasis added). The Protective Order provides for protection of confidential and private information, including, among other things: (1) the identities of the non-party individuals who reported Hadnagy's abuse and harassment to Def Con, and (2) Def Con's internal communications discussing whether and under what circumstances to ban individuals from the Def Con conference. ECF 48 at 2:4–8. Because the Basecamp thread falls within both categories, *i.e.*, discloses the identities of those non-party individuals and the internal discussions of Def Con for the ban of Hadnagy, Def Con properly designated the Basecamp thread as "confidential" under the Protective Order. Def Con then produced the Basecamp thread and designated it confidential in reliance on the Protective Order negotiated by the parties and, if the designation is removed, the Protective Order would be rendered unreliable. *See Ingenco Holdings, LLC*, 2020 WL 569949, at *1.

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 12 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    Second, Hadnagy intends to use the Basecamp thread for an improper purpose. "Courts often seal records that may 'become a vehicle for improper purposes,' including 'records to gratify private spite, promote public scandal, [or] circulate libelous statements[.]'" *Benshoof v. Admon*, No. 2:23-CV-1392, 2024 WL 3358608, at *1 (W.D. Wash. July 10, 2024) (quoting *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006)). Disclosure of the Basecamp thread would result in all three—spite, public scandal, and libel. Hadnagy challenges the confidentiality designation so that he can publish the basecamp thread on social media to gratify his private spite against Def Con, the non-party individuals that reported his harassment and abuse, and the non-party individuals who were involved in the decision to ban him from the conference. Public disclosure of the Basecamp thread would also result in public scandal and libelous statements about Def Con and non-party individuals, warranting sealing. Hadnagy claims that he was harmed by an "immediate and foreseeable widespread firestorm" on social media but baselessly denies that such a result would occur for the non-party individuals if the Basecamp thread were made public. Like Hadnagy, these non-party individuals are prominent in the information security industry and fear retaliation, not only from Hadnagy but from the public online. They also fear for their jobs, livelihood, and reputations if their identities and reports about Hadnagy are made public. Courts have sealed records where "it may lead to it being used for improper purposes by the public." *Benshoof*, 2024 WL 3358608, at *1. These same circumstances apply here. To protect these non-parties from retaliation and further harassment, the Basecamp thread should remain confidential.

Hadnagy claims that Def Con makes "baseless allegations that Hadnagy intends to publicly post or misuse the document," arguing that this dispute relates to

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 13 (NO. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

future use of the document in pleadings.[1]  But if that were the case, the parties could have addressed this issue when the Basecamp thread was filed with a pleading and the parties could have fully briefed the issue on a motion to seal.  Hadnagy insisted that the parties go through this procedure now, claiming that the basecamp thread would "exonerate" and "clear his name."  Hadnagy does not deny that he made these statements.  He instead deflects, pointing out that Def Con did not submit a supporting affidavit. However, Def Con did not submit an affidavit because the expedited discovery procedure under LCR 37 does not provide for the parties to submit affidavits that contain argument.  *See* LCR 37(a)(2)(F).  If the Court requires it, Def Con can submit an affidavit.  Hadnagy can also submit an affidavit subject to penalty of perjury regarding his statements and intentions with the Basecamp thread.

Third, Hadnagy's argument regarding the "strong presumption" of public access to court records is misguided.  "[A]ccess to judicial records is not absolute." *Kamakana*, 477 F.3d at 1178.  The Ninth Circuit has "carved out an exception to the presumption of access" for documents attached to "non-dispositive motions," such that "the usual presumption of the public's right of access is **rebutted**." *Id.*  As is the case here, the public's right of access is rebutted.  The Basecamp thread is not filed as an attachment to any motion, let alone a dispositive one, and good cause exists to maintain its designation as confidential under the Protective Order.

### 2. Def Con's Conclusion

For the foregoing reasons, Def Con requests that the Court grant its motion to maintain the confidentiality designation of the Basecamp thread.  In the

---

[1] Nothing in the Protective Order prohibits Hadnagy from using the Basecamp thread in future pleadings.  ECF 48 at 2:22–24 (allowing a party to use confidential materials "for prosecuting, defending, or attempting to settle this litigation"). It prohibits Hadnagy's use of the document ***outside*** the litigation.  Therefore, Hadnagy's argument that this dispute relates to future pleadings is a red herring.

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 14 (No. 2:23-CV-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1 alternative, the Court may decline to issue a ruling on the document's designation
2 as premature until it is filed in connection with a future pleading.  However, if the
3 Court decides to de-designate the document, Def Con requests that the Court enter
4 an order that (1) permits Def Con to redact all identifying information of individuals
5 that reported Hadnagy's harassment and abuse to Def Con, and all identifying
6 information of those involved in the decision to ban Hadnagy, and (2) restricts
7 Hadnagy's use of the Basecamp thread to only proper purposes in this litigation and
8 not online publication.

DEFENDANT DEF CON COMMUNICATIONS, INC.'S MOTION TO MAINTAIN CONFIDENTIALITY – 15 (NO. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# CERTIFICATE

I certify that the full response by the responding party has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this discovery dispute in accordance with LCR 37(a).

Dated: August 20, 2024

                s/ *David A. Perez*

                David A. Perez, WSBA No. 43959
                **Perkins Coie LLP**
                1201 Third Avenue, Suite 4900
                Seattle, Washington 98101-3099
                Telephone:  206.359.8000
                DPerez@perkinscoie.com

                Matthew J. Mertens (Admitted Pro Hac Vice)
                **Perkins Coie LLP**
                1120 N.W. Couch Street, Tenth Floor
                Portland, Oregon 97209-4128
                Telephone: 503.727.2000
                MMertens@perkinscoie.com

                Lauren A. Trambley (Admitted Pro Hac Vice)
                **Perkins Coie LLP**
                505 Howard Street, Suite 1000
                San Francisco, California 94105-3204
                Telephone:  415.344.7000
                LTrambley@perkinscoie.com

CERTIFICATE
(No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000