UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-01932-BAT<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY (DKT. 61)** |

This is the second of two LCR 37 "expedited" discovery motions filed jointly by the parties. Dkt. 61; *see also* Dkt. 57. In this motion, the parties dispute whether a document designated by Defendants as "confidential" pursuant to the parties' Protective Order should remain designated as "confidential." The Court grants the motion.

DISCUSSION

The parties negotiated and agreed to a protective order, which the Court entered on June 10, 2023 (the "Protective Order"). Dkt. 48. During negotiations, Def Con proposed, and Plaintiff Hadnagy did not object to, two categories of documents to be designated and maintained as "confidential" under the Protective Order: (1) the identities of individuals that reported Plaintiff Hadnagy's abuse and harassment; and (2) Def Con's internal discussions regarding whether to ban individuals from the conference. Dkt. 61 at 3.

- 1

Defendants designated the document at issue (the "Basecamp Thread") as "confidential" within the first category of documents (as it includes discussions of specific individuals who reported Plaintiff Hadnagy's harassment and abuse to Def Con) and within the second category of documents (as it dealt with an internal discussion among Def Con employees and other individuals holding leadership positions at the conference).

Plaintiff Hadnagy now wishes to challenge the confidentiality designation of the Basecamp Thread as improper and argues Defendants must provide specific, articulated reasons warranting special protection of this "broadly" defined category. However, as previously noted, the parties negotiated and jointly agreed to the categories of documents which would be designated "confidential", and Defendants relied on the parties' agreed Protective Order when it produced the Basecamp Thread. "Changing the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery." *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, No. 2:13- CV-00543-RAJ, 2020 WL 569949, at *1 (W.D. Wash. Feb. 5, 2020) (quoting Wright, Miller & Marcus § 2044.1 (3d. ed.)). De-designating this document would essentially be modifying the Protective Order to gut the second category of documents, rendering the Protective Order unreliable. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (noting that a concern in modifying a protective order is whether that order was relied upon in the party's decision to produce documents).

Moreover, Plaintiff does not seek to attach the Basecamp Thread to any motion or for any other use in this litigation. According to Defendants, "Hadnagy insisted that the parties go through this procedure now because the Basecamp Thread would 'exonerate' and 'clear his name.'" Dkt. 61 at 13-14. Plaintiff Hagnagy does not deny he made these statements or that he

1 | wishes to publish the Basecamp Thread online. Instead, he argues the parties' dispute should be
2 | addressed by the Court *now* as it relates to his *future* use of the Basecamp Thread in pleadings.
3 | However, there is nothing in the Protective Order prohibiting him from using the document in
4 | future pleadings – it only prohibits his use of the document *outside* this litigation.
5 |     The Court declines to rule on the designation of the Basecamp Thread as premature until
6 | it is filed in connection with a future pleading. At that time, the Court will deal with the issue of
7 | a motion to seal after a pleading is filed and the parties have fully briefed the issue.
8 |     Accordingly, it is **ORDERED** that Defendants' Motion to Maintain Confidentiality (Dkt.
9 | 61) is **GRANTED**.
10 |     DATED this 21st day of August, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
MOTION TO MAINTAIN
CONFIDENTIALITY (DKT. 61) - 3