1       THE HONORABLE BRIAN A. TSUCHIDA

2

3

4

5

6                    UNITED STATES DISTRICT COURT
7               WESTERN DISTRICT OF WASHINGTON
                           AT SEATTLE
8

9    CHRISTOPHER J. HADNAGY, an          No. 2:23-cv-01932-BAT
     individual; and SOCIAL-ENGINEER,
10   LLC, a Pennsylvania limited liability   **DEFENDANTS' MOTION TO**
     company,                               **EXTEND DEADLINES IN**
11                                          **SCHEDULING ORDER AND**
                    Plaintiffs,             **CONTINUE TRIAL**
12
          v.
13
     JEFF MOSS, an individual; DEF CON      NOTED FOR CONSIDERATION:
14   COMMUNICATIONS, INC., a Washington     November 15, 2024
     corporation; and DOES 1-10; and ROE
15   ENTITIES 1-10, inclusive,

16                  Defendants.

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

# TABLE OF CONTENTS

3    I.    INTRODUCTION ........................................................................ 4

4    II.    BACKGROUND ........................................................................ 5

5        A.    Plaintiffs' deficient discovery efforts in this litigation ........................... 5

6        B.    Plaintiffs have failed to timely produce documents ............................. 5

7        C.    Plaintiffs have delayed the deposition of Mr. Hadnagy—the

8              named plaintiff in this lawsuit. ................................................ 6

9    III.    ARGUMENT ............................................................................. 7

10        A.    Good cause exists to extend the deadlines in the Court's

              Scheduling Order ................................................................ 7

11        B.    The four factors weigh in favor of continuing the trial date. ............... 8

12    IV.    CONCLUSION ......................................................................... 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER
(No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3
**CASES**

4

5
*Burdette v. Steadfast Commons II, LLC,*
    2012 WL 3762515 (W.D. Wash. Aug. 29, 2012)......................................7

6

7
*Eagle W. Ins. Co. v. Watts Regulator Co.,*
    2017 WL 7053640 (W.D. Wash. Aug. 2, 2017)........................................8

8

9
*Johnson v. Mammoth Recreations, Inc.,*
    975 F.2d 604 (9th Cir. 1992)....................................................................7

10
*Rios-Barrios v. I.N.S.,*
    776 F.2d 859 (9th Cir. 1985)....................................................................8

11

12
*St. George v. Sequim Sch. Dist.,*
    2018 WL 6518118 (W.D. Wash. Dec. 11, 2018) ....................................8

13

14
*United States v. 2.61 Acres of Land,*
    791 F.2d 666 (9th Cir. 1986)....................................................................8

15

16
*United States v. Flynt,*
    756 F.2d 1352 (9th Cir.)...........................................................................8

17

18
*Zivkovic v. S. Cal. Edison Co.,*
    302 F.3d 1080 (9th Cir. 2002)..................................................................7

19
**FEDERAL RULES**

20
Federal Rules of Civil Procedure Rule 16....................................................7

21

22

23

24

25

26

DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER
(No. 2:23-cv-01932-BAT) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.    INTRODUCTION

Defendants Def Con Communications, Inc. ("**Def Con**") and Jeff Moss (collectively, "**Defendants**") request that the Court extend the current case deadlines by 60 days and continue the trial date by 90 days. Plaintiffs Christopher Hadnagy and Social-Engineer, LLC (collectively, "**Plaintiffs**") have yet to complete their document production—with more documents to be produced—and have indicated that Mr. Hadnagy is only available for his deposition the first week of December, ***one week before the close of discovery*** and ***only one month before the deadline for dispositive motions***. More time is needed for Defendants to review Plaintiffs' recent document dump of over 5,740 pages (and anticipated future production), to start the deposition of Mr. Hadnagy, and to conduct any necessary follow-up discovery before the close of discovery in six short weeks. Defendants have consulted with Plaintiffs regarding the extension requested in this motion, and Plaintiffs refused.

Defendants therefore request the following revised case schedule:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of discovery | December 13, 2024 | February 13, 2025 |
| Discovery motions | November 15, 2024 | February 28, 2025 |
| *Daubert* motions | January 10, 2025 | March 14, 2025 |
| Dispositive motions | January 10, 2025 | March 14, 2025 |
| Mediation | January 24, 2025 | March 28, 2025 |
| Plaintiffs' Pre-Trial Statement | February 3, 2025 | April 4, 2025 |
| Defendants' Pre-Trial Statement | February 17, 2025 | April 18, 2025 |
| Motions in Limine | February 17, 2025 | April 18, 2025 |
| Agreed CR 16.1 Pretrial Order | March 21, 2025 | May 23, 2025 |
| Jury Trial | April 28, 2025 | July 28, 2025 |

Moreover, Plaintiffs will not be prejudiced by a short continuance, and the continuance will promote judicial economy by allowing the parties additional time to complete discovery. Accordingly, Defendants request that the Court grant their

DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER
(No. 2:23-cv-01932-BAT) – 4

1  motion and enter an order (1) extending the case deadlines and (2) continuing the
2  trial date to the proposed dates outlined in the chart above.

3  **II.    BACKGROUND**

4  **A.    Plaintiffs' deficient discovery efforts in this litigation.**

5  The Court is already familiar with Plaintiffs' deficient discovery, which was
6  fully briefed in Defendants' motion to compel. *See* ECF 57. Defendants served
7  discovery requests on May 21, 2024. *See id.* at 3. However, ***after ten weeks***, Plaintiffs
8  had made only two paltry document productions with missing metadata; failed to
9  produce key documents; failed to provide Defendants with their process for reviewing
10  and identifying responsive documents, despite Defendants' repeated requests; and
11  refused to commit to attorney collection and review, despite the deficiencies in their
12  self-collection and self-review. *Id.*

13  Recognizing these deficiencies, on August 21, 2024, the Court granted
14  Defendants' motion to compel (the "***Order***") and instructed the parties to (1) use
15  counsel or a third-party vendor for the collection of documents, and (2) produce
16  documents responsive to the other party's search terms. ECF 63.

17  **B.    Plaintiffs have failed to timely produce documents.**

18  ***On that same day***, following the Court's Order, Defendants sent their list of
19  proposed custodians and search terms to Plaintiffs. Declaration of Matt Mertens
20  ("Mertens Decl.") ¶ 4. On August 23, 2024, Plaintiffs sent their list of seven additional
21  custodians and search terms to Defendants. *Id.* ¶ 5.  Defendants quickly worked to
22  process over 200,000 documents from the seven additional custodians and to
23  negotiate narrowing Plaintiffs' overbroad search terms. *Id.* ¶ 6.

24  On September 5, 2024, Plaintiffs confirmed that they had hired a third-party
25  vendor to handle the forensic collection pursuant to the Court's Order and would run
26  the search terms Defendants provided **over two weeks ago**. *Id.* ¶ 7. On September

DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER
(No. 2:23-cv-01932-BAT) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

6, 2024, Defendants met and conferred with Plaintiffs and negotiated parameters to narrow the scope of Plaintiffs' search terms. *Id.* ¶ 8. On September 9, 2024, Defendants asked for an update on the search term report for Defendants' proposed search terms. *Id.* ¶ 9.

On September 13, 2024, **more than three weeks after Defendants provided their proposed search terms**, Plaintiffs provided for the first time a search term report for Defendants' search terms. *Id.* ¶ 10.  Plaintiffs indicated that Defendants' proposed search terms are overbroad, and the parties negotiated parameters to narrow those terms. *Id.* On September 17, 2024, Defendants provided proposed parameters to limit the scope of the search terms. *Id.* ¶ 11. Defendants also requested another meet and confer. *Id.* On September 18, 2024, Defendants met and conferred with Plaintiffs and asked for a firm date by which Plaintiffs' vendor could provide an updated search term report for Defendants' revised search terms. *Id.* ¶ 12. Plaintiffs promised to provide the updated search term report promptly; however, **it took Plaintiffs one full week to provide the search term report to Defendants.** *Id.* ¶ 13.

On October 23, 2024, after Defendants' numerous follow-ups, Plaintiffs produced over 5,740 pages of documents. *Id.* ¶ 15.  Plaintiffs also indicated that their document production is not complete and that they intend to make a second production of documents. *Id.* **However, when that second production will be made by Plaintiffs and its relative volume has yet to be seen**, despite it being now only six weeks until the close of discovery.

### C.    Plaintiffs have delayed the deposition of Mr. Hadnagy—the named plaintiff in this lawsuit.

On September 30, 2024, Defendants requested that Plaintiffs provide available deposition dates for Mr. Hadnagy. *Id.* ¶ 17. Defendants noted that they would need

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Plaintiffs' documents and sufficient time to review those productions **before** the deposition of Mr. Hadnagy. *Id.* On October 4, 2024, Plaintiffs' counsel informed Defendants that Mr. Hadnagy's earliest availability for a deposition is the first week of December, **over eight weeks from then and conveniently only *one week* before the close of discovery.** *Id.* ¶ 18. Concerned that new topics for discovery may be learned during Mr. Hadnagy's deposition, Defendants raised the potential need for an extension on case deadlines with Plaintiffs. *Id.* ¶¶ 19–20. Defendants also reiterated the need for Plaintiffs' documents and adequate time for review prior to the deposition and, if not made within a timely manner, the need for an extension on the case deadlines. *Id.* On October 23, 2024, Defendants asked whether Plaintiffs would agree to an extension of the current deadlines and continuance of trial, as outlined above. *Id.* ¶ 21. Plaintiffs declined to agree to the extension. *Id.* ¶ 22.

## III.   ARGUMENT

### A.   Good cause exists to extend the deadlines in the Court's Scheduling Order.

Case schedules may be modified for "good cause." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6); *see also Burdette v. Steadfast Commons II, LLC*, No. 2:11-980-RSM, 2012 WL 3762515, at *4 (W.D. Wash. Aug. 29, 2012). To establish "good cause," a party seeking modification must generally show that it cannot meet the established deadlines despite its exercise of diligence. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The focus of its inquiry is on the moving party's reasons for seeking modification. *Id.*

Good cause exists to extend the cases deadlines because Defendants have been diligent in their efforts to obtain discovery from Plaintiffs and schedule the deposition of Mr. Hadnagy before the close of discovery. Despite Defendants' diligence, Plaintiffs

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    have made a document dump on Defendants (with more anticipated at an unknown
2    date and volume) and have postponed the deposition of Mr. Hadnagy until the
3    eleventh hour before the close of discovery. Defendants require additional time to
4    review Plaintiffs' documents (and future productions) and to take the deposition of
5    Mr. Hadnagy, as well as engage in any follow-up discovery that may be needed.

6        Courts have found good cause to extend court deadlines where it will "allow
7    the parties to complete discovery and engage in further discussions related to
8    resolution." *St. George v. Sequim Sch. Dist.*, No. 18-CV-05372-RJB, 2018 WL
9    6518118, at *1 (W.D. Wash. Dec. 11, 2018). Here, the 60-day extension will allow the
10    parties to complete discovery and engage in further discussions of resolution before
11    the parties file a motion for summary judgment or proceed to trial.

12        Accordingly, the Court should grant the motion to extend the case deadlines to
13    permit the parties to complete discovery. The brief continuance will allow for the
14    parties to do so.

15    **B.    The four factors weigh in favor of continuing the trial date.**

16        Whether to grant or deny a continuance of trial is at the discretion of the Court.
17    *See Rios-Barrios v. I.N.S.*, 776 F.2d 859, 862-63 (9th Cir. 1985). When evaluating a
18    request for a continuance, courts consider the following four factors: "(1) the diligence
19    of the moving party; (2) the need for continuance; (3) inconvenience for the Court and
20    the non-moving party; and (4) the harm caused by denial of a continuance." *Eagle W.*
21    *Ins. Co. v. Watts Regulator Co.*, No. C16-0781-JCC, 2017 WL 7053640, at *2 (W.D.
22    Wash. Aug. 2, 2017) (citing *United States v. 2.61 Acres of Land*, 791 F.2d 666, 670-71
23    (9th Cir. 1986)). The weight attributable "to any single factor may vary with the
24    extent of the showings on the other factors." *United States v. Flynt*, 756 F.2d 1352,
25    1359 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985).

26

DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER
(No. 2:23-cv-01932-BAT) – 8

*First,* as explained above, Defendants have satisfied the first factor: diligence. Defendants have been diligent in their efforts to obtain discovery from Plaintiffs. Defendants timely served their discovery requests shortly after the stay of discovery was lifted and the motion to dismiss was granted in part. Defendants then sought to compel production of responsive documents from Plaintiffs when their document collection efforts were deficient, which was also granted by this Court. Following the Court's Order, Defendants negotiated search terms in good faith with Plaintiffs and followed up several times for Plaintiffs' document productions and availability of Mr. Hadnagy for a deposition. Despite Defendants' diligence, the parties are only six weeks away from the close of discovery and Plaintiffs have yet to complete their document production or produce Mr. Hadnagy for a deposition.

*Second*, the second factor regarding the need for the continuance weighs in favor of granting the continuance of trial. Defendants require additional time to review Plaintiffs' recent document production (a document dump of over 5,740 documents) and their anticipated future production at an unknown date and volume. Defendants may need to conduct follow-up discovery if Plaintiffs' document productions are deficient or if Mr. Hadnagy's deposition reveals further responsive areas of discovery.

*Third,* Plaintiffs will not be inconvenienced by the short continuance of 90 days for the trial and, even if inconvenienced, that inconvenience is of Plaintiffs' own making. Plaintiffs delayed the production of their documents and claimed that Mr. Hadnagy has no availability for a deposition for the next two months until the eve of the close of discovery. The Court may not be available the dates Defendants have requested; however, Defendants are more than willing to work within the Court's schedule to promote judicial efficiency and economy.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    *Fourth,* the fourth factor on harm also weighs in favor of granting the

2    continuance. Defendants will be harmed if they are not given adequate time to review

3    Plaintiffs' document productions, complete the deposition of Mr. Hadnagy, and

4    conduct any additional follow-up discovery that is revealed through either Plaintiffs'

5    document productions or Mr. Hadnagy's testimony. While on the other hand,

6    Plaintiffs will not be harmed by a short continuance because they will also be afforded

7    additional time to complete discovery and prepare for trial.

8    **IV.    CONCLUSION**

9        For the foregoing reasons, Defendants request that the Court grant this motion

10   and enter the schedule reflected in Defendants concurrently filed proposed order.

11       I certify that this motion contains 2,245 words, in compliance with the Local

12   Civil Rules.

13

14   Dated: October 31, 2024

15                                    s/*David A. Perez*

16                                    David A. Perez, WSBA No. 43959
17                                    **Perkins Coie LLP**
                                      1201 Third Avenue, Suite 4900
18                                    Seattle, Washington 98101-3099
                                      Telephone:  206.359.8000
19                                    DPerez@perkinscoie.com

20                                    Matthew J. Mertens (Admitted Pro Hac Vice)
                                      **Perkins Coie LLP**
21                                    1120 N.W. Couch Street, Tenth Floor
                                      Portland, Oregon 97209-4128
22                                    Telephone: 503.727.2000
                                      MMertens@perkinscoie.com

23                                    Lauren A. Trambley (Admitted Pro Hac Vice)
24                                    **Perkins Coie LLP**
                                      505 Howard Street, Suite 1000
25                                    San Francisco, California 94105-3204
                                      Telephone:  415.344.7000
26                                    LTrambley@perkinscoie.com

DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER
(No. 2:23-cv-01932-BAT) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000