THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,

     Plaintiffs,

v.

JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,

     Defendants.

No. 2:23-cv-01932-BAT

**DECLARATION OF MARK CONRAD IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER AND CONTINUE TRIAL**

NOTED FOR CONSIDERATION: November 15, 2024

I, Mark Conrad, declare as follows:

1.  I am one of the attorneys representing Plaintiffs Christopher Hadnagy and Social-Engineer, LLC.

2.  I am over the age of 18, and competent to testify to the matters set forth herein.

3.  On September 30, 2024, Mr. Mertens sent me an email stating that they would like to depose Mr. Hadnagy "in late November or early December"; and asked me to check with Mr. Hadnagy for his availability in that time period. On October 1, 2024, I responded promptly, stating "I'll work on scheduling dates for Hadnagy's deposition. Do you prefer Zoom or in-person?" Defendants' counsel responded on October 3rd, 2024, indicating their preference for an in-person

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

deposition. The following day, on October 4th, 2024, I informed Defendants' that Plaintiff Hadnagy was available the first week of December. This aligns with the timeframe Defendants had explicitly requested. Attached hereto as **Exhibit A** is a true and correct copy of the email thread, titled 'Social Engineer Initial STR', between the parties.

4.      Since that exchange, I have followed up on multiple occasions to secure a specific date for the deposition and to discuss specifics regarding location/travel/etc. Those dates include October 7, 2024, October 29, 2024, and as recent as November 5, 2024. However, Defendants have yet to confirm any date or issue a deposition notice.

5.      Following the Court's order on August 21, 2024, see Dkt. 63, which required both parties to forensically collect and process discovery data using designated search terms, Plaintiffs immediately initiated compliance measures. The next day, on August 22, 2024, our firm contacted three different third-party forensic discovery firms to undertake the effort, and Plaintiff Hadnagy began preparing for transfer data to any forensic discovery firm. Thereafter, we then held multiple meetings with discovery firms to determine their ability to undertake the tasks required for discovery in this case, meet the deadlines, and to determine whether our client could afford them.

6.      One of the firms we contacted, Archer Hall, quoted our firm $11,800 to undertake the body of work needed demonstrating the substantial amount of work that was needed based on Defendants custodian and search term demands. Our firm that does not currently have the capacity or expertise to forensically collect and house the amount of data (some 380 GB) required by Defendants' demands.

7.      By August 28, 2024, Plaintiffs had retained Def Sec LLC and provided its technicians with access to Social-Engineer, LLC's data. Def Sec LLC informed me that the estimated total data for process was 381GB. For context, and from what I researched, 380 GB

DECLARATION OF MARK CONRAD IN
SUPPORT OF PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER AND
CONTINUE TRIAL - Page 2

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

equates to about 95 feature length moves in HD, and if printed, would require millions of pages or tens of thousands of volumes of books.

8.    Forensically collecting and processing this volume of data from multiple sources, including multiple emails domains and social media accounts, is a time-consuming and complex task which requires technical expertise to ensure data integrity and to effectively conduct search result reports. The process involves not only extracting and handling large datasets but also coordinating with social media platforms for account access and waiting for the platforms to make the data available for download. It can also take a significant amount of time for any discovery tool to process this volume of data to make it searchable and produce search results.

9.    By August 26, 2024, within five days of the Court's order, we produced additional documents responsive to Defendants' requests, because I wanted to ensure that any ongoing production was not delayed by the forensic collection process.

10.    In addition to August 26, 2024's production, Plaintiffs have turned over several other productions on June 20, 2024, July 25, 2024, September 13, 2024, September 29, 2024, October 7, 2024, October 11, 2024, October 24, 2024 , November 1, 2024, and November 7, 2024.

11.    In comparison, Defendants have produced documents on June 13, 2024, June 21, 2024, July 22, 2024, July 30, 2024, August 1, 2024, October 23, 2024, October 25, 2024, and October 30, 2024.

12.    On September 3, 2024, Defendants provided an initial search term report, which did not include all results and required numerous other iterations. This occurred less than two weeks after Plaintiffs had provided their proposed search terms to Defendants. Thereafter, Defendants provided Plaintiffs with new and updated search term reports on September 17, 2024, September 26, 2024, and October 10, 2024.

DECLARATION OF MARK CONRAD IN
SUPPORT OF PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER AND
CONTINUE TRIAL - Page 3

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

13.    Following a September 6, 2024, meet and confer session to discuss collection status and search term narrowing, I wrote an email to Mr. Mertens on September 9, 2024 informing him of our collection progress, noting that a search term report could be reasonably provided by September 16, 2024. Attached hereto as **Exhibit B** is a true and correct copy of this email thread, titled 'Plaintiffs' LCR 37 requests', between the parties. Thereafter, on September 10, 2024 filed their joint motion certifying good faith efforts in discovery. Dkt. 65.

14.    On September 13, 2024, I delivered the search term report three days earlier than anticipated, which revealed, as anticipated, that Defendants' search terms were overly broad, yielding well over 200,000 document hits. *See* Attached **Exhibit A** "Social Engineer Initial STR."

15.    In response, on September 16, 2024, Mr. Merten's wrote an email stating, "Thanks for the STR. Appreciate it. It's clear that some of these terms need narrowing. I'll work on that tomorrow and send you proposed narrowers." *See* Attached **Exhibit A** "Social Engineer Initial STR."

16.    Throughout September and into October, the parties engaged in collaborative discussions to refine the search terms, with each side providing multiple iterations of the search term reports to ensure compliance for both parties. After producing our initial search term report on September 16, 2024, we have sent additional search term reports to Defendants on September 25, 2024, October 1, 2024, and October 7, 2024 based on Defendants' edits with proposed new and/or narrower terms. After finalizing the search term report for Defendants, the result still yielded over 30,000 documents that had to be transferred into Plaintiffs' discovery platform for review of privilege and responsiveness to Defendants' discovery requests.

17.    On October 24, 2024, we produced documents from the forensic collection that were responsive to Defendants' second set of requests, including extensive communications from

DECLARATION OF MARK CONRAD IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER AND CONTINUE TRIAL - Page 4

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

Social-Engineer, LLC, employees as requested. By comparison, on October 25, 2024, Defendants produced documents from their own forensic collection for the first time. On November 1, 2024, Plaintiffs then completed the production of documents related to Defendants' first set of requests, and on November 7, 2024, finalized their production with an additional eight pages of relevant message. To date, plaintiffs have produced over 17,135 bates stamped pages of discovery while Defendants have only produced 785 bates pages.

18.     Contrary to Defendants' unfounded claims of a "document dump," Plaintiffs have adhered to the broad scope of discovery defined by Defendants' own demands. For instance, this document production includes *all communications related to* several Social-Engineer, LLC, employees who worked at the company for years, as specifically requested by Defendants in discovery

19.     Social-Engineer, LLC, is a small company that operated at a loss in 2022 and 2023 since Def Con announced its so-called "transparency" ban against Mr. Hadnagy. In comparison, Def Con is a multimillion-dollar enterprise, estimated to generate $14 million in annual revenue just from attendance at Def Con in Las Vegas alone.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATED this 12th day of November 2024, in Amsterdam, Netherlands.

FREY BUCK,

By: _____

Mark Conrad, WSBA #48135

DECLARATION OF MARK CONRAD IN
SUPPORT OF PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER AND
CONTINUE TRIAL - Page 5

## **CERTIFICATE OF SERVICE**

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **DECLARATION OF MARK CONRAD IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER AND CONTINUE TRIAL** on the following individuals:

David Perez, WSBA #43959
Matthew J. Mertens (Pro Hac Vice)
Lauren A. Trambley (Pro Hac Vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
dperez@perkinscoie.com
mmertens@perkinscoie.com
ltrambley@perkinscoie.com

[  ]     Via USPS
[X]     Via Electronic Mail
[X]     Via Electronic Filing (CM/ECF)


DATED this 12th day of November 2024 at Seattle, Washington.


_____
Amber Holmes, Legal Assistant

DECLARATION OF MARK CONRAD IN
SUPPORT OF PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER AND
CONTINUE TRIAL - Page 6

Exhibit A

| | |
|---|---|
| **From:** | Mertens, Matthew (Perkins Coie) |
| **Sent:** | Monday, October 7, 2024 10:01 AM |
| **To:** | Mark Conrad |
| **Cc:** | Perez, David A. (Perkins Coie); Kristofer@riklislaw.com; Trambley, Lauren (Perkins Coie); Lauren English; Ted Buck; Amber Holmes; Dean, Jacob (Jake) (Perkins Coie) |
| **Subject:** | RE: Social Engineer Initial STR |

---

Mark, thanks for the responses below. When are you available this afternoon to connect? I'm available from 1:30 to 2:30 and from 3:00 onwards.

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Friday, October 4, 2024 5:26 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>
**Subject:** RE: Social Engineer Initial STR

See my responses below in blue.

# Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges. If you

are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

---

**From:** Mertens, Matthew (POR)
**Sent:** Thursday, October 3, 2024 4:54 PM
**To:** Mark Conrad <mconrad@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>
**Subject:** RE: Social Engineer Initial STR

Mark, thanks. I'll address your points in order below.

2. Thanks for the update. What is the additional timing-related information you've received from Ms. Truss and DWR about the transfer of the hits to your platform for review, and what's your estimate for amount of time it's going to take to review and produce responsive materials? As my colleague Jake alluded to, we're starting to get concerned about the schedule and our ability to have adequate time to review your document production and depose Mr. and Ms. Hadnagy before the fact discovery cutoff in December. We reached out to Anna Truss several times this week, but she hasn't been as responsive as usual. She did respond today and informed us that she is currently exporting the data. However, she couldn't provide an exact timeframe because it depends on the download and upload speeds. She estimated that she would finish the export by Tuesday next week. As you know, she has had to process a substantial amount of data. Once we receive the data, we have a solid plan to search for privilege, and I hope we can complete an initial production within a week of receiving it, barring any unforeseen issues.

      2a. Yes, agreed on the production of S-E's financial information and S-E's client names being treated as if they were designated confidential under the SPO even if they're inadvertently not marked as such, with the goal of expediting Mr. Hadnagy's document production. I ask that you make every effort to mark those documents confidential so there aren't misunderstandings between the parties later, but we don't have any interest in publicizing Mr. Hadnagy's finances or his client names, and we'll make good-faith efforts to call any undesignated documents to your attention if we encounter them during the review of your production. To facilitate that, I ask that you provide a list of client names you'd like us to treat as confidential, as we don't have independent knowledge of Mr. Hadnagy's client base.

Regarding "S-E's client data," I'm not opposed in principle to the same treatment, but I'm not sure what that client data actually looks like / consists of. In other words, we can readily identify on our end S-E's financial information; and with the client names you

provide, we can identify Mr. Hadnagy's clients; but I'm not sure how we would identify "client data," so if you can provide parameters for what you mean by that, I'd appreciate it.

We reserve all rights to challenge the propriety of any confidentiality designations under the appropriate procedures for the SPO. Understood, I'll work on getting a client list to you.  We still need to reach an agreement on how to handle your confidential markings as well.

3.  I will get some dates for Mr. Moss's electronic availability for the last 75 minutes of the deposition over Zoom. Regarding his physical availability, as I said before, he doesn't presently have concrete dates for physical presence in Washington State during the fact discovery period, although he tentatively plans to be in Washington State in late November / early December. If and when he solidifies those plans, I'll let you know promptly. I would like to conduct the remaining portion of the deposition in person, just as you requested for Hadnagy.

4.  We prefer in person for Mr. Hadnagy's deposition. He is available the first week of December. If you want to do it in person, we've got two options: He can fly to Seattle, but you'll have to cover his flight and a night at a hotel, or we can take a trip to Florida! I've never been, but I've heard great things... well, honestly, mixed reviews.

-------------------------------------------------------------------------------------------

Turning to our review of your documents, responsiveness rates are extremely small—less than 1%. And even that figure is artificially high because your RFP Nos. 8 and 9 request all documents and communications related to Social-Engineer or Mr. Hadnagy. We're accordingly coding as "responsive" documents like daily email digests of social media activity unrelated to this dispute but mentioning Social-Engineer, like the following screenshot:



I have personally reviewed several hundred documents and have not found any "actually" responsive documents (i.e., something you would actually care about, in addition to being technically responsive to your RFPs).

We have a couple of options for how to proceed. The first is that we keep the document set as-is but review it with the assistance of Relativity Assisted Learning, which is a machine learning algorithm that prioritizes responsive documents and deprioritizes unresponsive ones, and then alerts the review team once it is highly unlikely that there are responsive documents left in the review set. This is a standard technology-assisted review (TAR) technique to identify responsive documents when they're greatly outnumbered by nonresponsive ones.

The other option is that we keep the search terms as-is but apply a one-year time limitation from August 1, 2021, until August 1, 2022 for the search terms, and then we'll do a linear review of those hits. This focuses the linear review on the time period when

Mr. Hadnagy's issues first came to Def Con's attention; the actions Def Con took in response up until February 2022 and the ban announcement; and then a six-month period thereafter. This is the most likely time period for responsive and relevant documents for Mr. Hadnagy's claims, if any.

I thought we had narrowed the search terms and time frames to avoid relying on "sampling" or AI assistance for determining responsiveness. I have a few questions about this and how the AI-based production would work. Can we schedule a call to finalize the approach? I'm available Monday afternoon, Tuesday morning, or Wednesday morning.

Additionally, I'm not in favor of limiting the time frame to just six months after the ban announcement. Based on deposition testimony and documents from witnesses, it seems Moss continued communicating with witnesses through 2023, possibly even into 2024. Several witnesses have also testified about specific communications with Moss that I want to ensure are included in the production. I'll review the testimony and subpoenaed documents from witnesses and compile a list for you.

Both of these options are approxiately the same cost and burden to our client, so both are fine from my perspective, and both are likely to surface responsive documents in the same way. Please let me know if you have a preference or would like to discuss further.

Thanks,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Tuesday, October 1, 2024 11:08 AM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>
**Subject:** RE: Social Engineer Initial STR

1. Sounds good, thank you.

2. Here's an update on the process of ingesting document: Anna Truss is working with a representative from Digital War Room (DWR) to transfer the data into our platform. Attached is an updated search term report (STR) that includes social media accounts, except for one Facebook and one Twitter account. I expect to receive another STR with those additional accounts included today and will send it over once I have it. We've instructed Ms. Truss and DWR to transfer the current hit results as soon as possible (minus ████████ through ████ hits). I've sent out an email this morning and asked for timing frame for this process and will report back on that. Once transferred, we'll run searches for attorney-client privilege/ work product, confidential markings, and produce.

   a. Side note: Can we agree that any SE financial information, SE client names, and client data are confidential, whether or not they're marked as such? Also, can we discuss approach to any redactions before you file any SE materials covered by the protective order? With a production of this size, I'm concerned about the risk of missing something, and the time needed to review everything for SE financial information and client data, which may slow things. I'm happy to discuss potential solutions to this issue. We also need to agree on how to handle confidential markings on your side.

3. I'd like to finish Mr. Moss's deposition in person due to the exhibits I need to cover and time constraints. Could you provide some available dates for both in-person and Zoom? I'll choose one.

4. I'll work on scheduling dates for Hadnagy's deposition. Do you prefer Zoom or in-person?

Feel free to call or text me at 206-979-5337. I'm free tomorrow morning, Thursday afternoon, Friday morning. But you can call or text anytime as well.

Thanks,

Mark

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Monday, September 30, 2024 1:46 PM
**To:** Mark Conrad <mconrad@freybuck.com>
**Cc:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>
**Subject:** RE: Social Engineer Initial STR

Hey, Mark—checking in on a few things. (1) I'm going to obtain the name of Max Reynolds's partner this evening and provide that to you on an AEO basis, as discussed. (2) Checking to make sure you've been able to ingest the documents hitting on our mutually agreed-to search terms with your vendor and have started your review? (3) regarding your request for additional dates for Jeff Moss's deposition, I don't have any additional updates at this time. He is still tentatively planning to be in person in Washington State in late November around Thanksgiving time, but he hasn't yet booked that travel. As I mentioned previously, I will work with you to make him available for the last 75 minutes of his deposition via Zoom prior to that, if you are willing to finish your deposition over videoconference.  (4) we would like to depose Mr. Hadnagy in late November or early December; could you please check with your client for his availability in that time period?

Thanks,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

**From:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Sent:** Thursday, September 26, 2024 5:42 PM
**To:** Mark Conrad <mconrad@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck

<tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Subject:** RE: Social Engineer Initial STR

Mark, the attached should have the hit counts for everything except for the "████████"
term; the linda@defcon.org search; the Marc Rogers emails; and the "Steves" at Black
Hat. I don't have the ████████ hits available offhand, but the Linda search is 276 docs with
fams; CJ / Marc search is 46 with fams; Steves at Black Hat is 76 with fams; and there are
no hits on emails to or from Maxie Reynolds at either her "zed-one" domain or her S-E
domain.

Please let me know if you have any questions. Otherwise, we'll promote these terms for
review and start chugging.

Thanks,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mertens, Matthew (POR)
**Sent:** Thursday, September 26, 2024 5:08 PM
**To:** Mark Conrad <mconrad@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren
(SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck
<tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Subject:** RE: Social Engineer Initial STR

Hey, Mark—agreed with not needing to provide a privilege log for communications
between your firm and your client. That's eminently reasonable, and we'll follow suit.

Looks like on the STR that the individual client names (████████████ etc.) are still the
hit count outliers, so just re-flagging that all we're looking for there are (1) the contracts
themselves, and (2) communications related to the termination of these contracts. We
have no expectation that you're otherwise reviewing those documents for
responsiveness.

Regarding the expert depo, does your expert have any dates in the first or second week of
October?

Our ESS team is at an offsite conference so their responses will be delayed, but I'll ping Ken regarding the updated STR and hope to have it for you by EOD tomorrow.

Thanks,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Wednesday, September 25, 2024 12:26 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Subject:** RE: Social Engineer Initial STR

Hi Matt,

Attached is the updated STR for the email data. Anna Truss informed me that the social media accounts are processed, and she will provide a separate STR for those. I'll follow up today to get an ETA on that but wanted to get this over to you in the interim. The revisions to the search terms have significantly reduced the email hit results. I suggest we proceed with Anna transferring the email data sets (which I understand also include Teams) to our firm for review of privilege and responsiveness. Since the data includes our firm's client communications, I don't plan to create a privilege log (nor expect you to), following the model ESI protocol. Let me know your thoughts.

For our expert's deposition, the available dates are November 14, 15, 18, 19, and 20. Please let me know which works best.

Once you have your updated STR, please send it over.

Thanks,
Mark

# Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101

206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Tuesday, September 17, 2024 6:49 PM
**To:** Mark Conrad <mconrad@freybuck.com>
**Cc:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Subject:** RE: Social Engineer Initial STR

Hey, Mark—

Following up on my email below. Please find attached Def Con's proposed edits to your search terms. Tab 1 is what you proposed. Tab 2 reflects removal of the broad terms we agreed to remove (custodial terms, Mar, Janet, *goon, etc.), and it also reflects me attempting to narrow some of the other broad terms we talked about (the Grifter-related terms, the Sugihara term, and the Black Hat term) in a way that is more likely to get you what you're looking for.

- Rather than not reviewing any additional "Black Hat" terms based on the 95/5 sample we performed, I'm proposing that we review all emails in our collection to, from, or cc'ing Steve Oldenbourg or Steve Wylie between 8/01/2021 and 8/01/2022, which is the time period within which Mr. Moss and Def Con may have been discussing Mr. Hadnagy with Mr. Oldenbourg and Mr. Wylie.
- I've added the "Chris" search term to the "Sugihara" term and Grifter-related terms, to try to narrow those terms to conversations that Grifter and/or Mr. Sugihara may have had with others where they mentioned the name "Chris." (Note that Hadnagy, SECOM, Social-Engineer, and S-E are standalone terms, so any hits containing these terms will already be reviewed.)
- I've added a term for emails to/from/cc'ing linda@defcon.org since that's the domain related to the Linda Hatcho/Hatco/etc. search term you proposed, so I think it's a cleaner search.

------------------------------

Turning to the initial search term report you provided in response to our initial requested search terms (STR attached), I propose the following modifications to reasonably narrow the review universe:

- For the "Maxie" or "Reynolds" terms, limit to 6/01/2021 and thereafter.
- For all the client terms—███████ through ███ on the attached spreadsheet—we don't need anything other than (1) the contracts or POs or work orders with these entities, and (2) communications related to these entities terminating their relationship with S-E. So if you can identify those materials within these search term hits, we don't need any other hits reviewed.
- Drop the term "sexual or criminal".
- For the Moss/Tangent/DT term, limit to 8/01/2021 and thereafter.
- For the "Black Hat" term, limit to 8/01/2021 and thereafter.
- For the "Netflix" term, limit to 6/01/2021 and thereafter.
- Drop the "Wiley" term.
- For these three terms— ((steal*) AND ("clients")), ((stole*) AND ("clients")), and ((compet*) AND ("business")), can you please rerun them with a "W/5" proximity search, or its functional equivalent if you are not using Relativity to host these documents?  That should make them more reasonable.
- Drop the ███████████ term.

With these changes, can you please advise of the new proposed review universe?

----------------------------

Happy to talk through these terms and proposed modifications thereto on our call tomorrow.

Thanks,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mertens, Matthew (POR)
**Sent:** Monday, September 16, 2024 6:58 PM
**To:** Mark Conrad <mconrad@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck

<tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Subject:** RE: Social Engineer Initial STR

Hey, Mark—

Thanks for the STR. Appreciate it. It's clear that some of these terms need narrowing. I'll work on that tomorrow and send you proposed narrowers. I've also developed some proposed search terms that I think may be better tailored to what you're looking for and apply some of the limiters you suggested for your terms. I'll send those to you tomorrow as well.

I'm free basically at your convenience except between 1:00 pm and 2:00 pm on Wednesday. Let's try to talk then as opposed to Friday.

Separately, can you please provide your expert's availability for deposition in the next couple of weeks?

Thank you,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Friday, September 13, 2024 12:31 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Kristofer@riklislaw.com; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Subject:** Social Engineer Initial STR

Hi Matt,

Anna Truss completed an initial STR for the email inboxes, including Teams communications, which is attached. She's still processing the social media accounts and plans to run the remaining search terms. I tried to schedule a call with her today to review the work, but she's in training all day. We've set a meeting for Monday, though the time is still being finalized. You and I should also meet next week to discuss next steps. I'm available on 9/18 and 9/20—let me know what works for you.

Thanks,

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

---

**From:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Sent:** Friday, September 13, 2024 10:53 AM
**To:** Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Cc:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con || Service of third-party deposition subpoenas

Counsel,

Please find attached for your records the deposition subpoena that we served on ███████ today. Ms. ███████ agreed to accept service by email and may be contacted through counsel.

Thank you,

**Lauren Trambley** | ASSOCIATE | *Perkins Coie*
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com

---

**From:** Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Sent:** Thursday, September 12, 2024 12:51 PM
**To:** Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR)

<MMertens@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con || Service of third-party deposition subpoenas

Counsel,

Please find attached for your records the deposition subpoena that we served on ▌▌▌▌▌▌▌ today. Ms. ▌▌▌▌ agreed to accept service by email.

Thank you,

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com

---

**From:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Sent:** Friday, August 30, 2024 6:40 PM
**To:** Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con || Service of third-party deposition subpoenas

Mark and Lauren—

Please find attached for your records the deposition subpoena that we served on ▌▌▌ ▌▌▌ today. Ms. ▌▌▌ agreed to accept service by email.

Thank you,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Sent:** Friday, August 30, 2024 12:07 PM
**To:** Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Trambley, Lauren (SFO)

<LTrambley@perkinscoie.com>

**Subject:** Hadnagy v. Def Con || Service of third-party deposition subpoenas

Mark and Lauren—

Please find attached for your records deposition subpoenas that we have served on Maxie Reynolds and ██████████ Ms. Reynolds and Ms. ██████ agreed to accept service by email.

We will respond separately to Lauren's August 23, 2024, email regarding Plaintiffs' LCR 37 requests in the near future.

Thank you,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and

immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

Exhibit B

| From: | Mertens, Matthew (Perkins Coie) |
|---|---|
| Sent: | Tuesday, September 10, 2024 5:48 PM |
| To: | Mark Conrad; Perez, David A. (Perkins Coie); Trambley, Lauren (Perkins Coie) |
| Cc: | Ted Buck; Amber Holmes; Lauren English; Kristofer@riklislaw.com |
| Subject: | RE: Plaintiffs' LCR 37 requests |

---

Mark, thanks. We'll work on running your proposed limiters and report back. Note that we're already reviewing all hits on "Hadnagy" and "Maxie" and "Reynolds," so anything involving any of those terms will already be swept up, including any such conversations with those hits that involved Kevin Sugihara.

We completed the Black Hat 95/5 sample. Of the 370 documents in the sample set, and using an expansive conceptualization of responsiveness, there were only two responsive documents, which I excerpt below:

Responsive documents

1. A presenter referencing two of by Chris Hadnagy writings as references in a submission. CTRL00048641
   Social Engineering: The Scinece of Human Hacking - Christopher Hadnagy
   Unmasking the Social Engineer: The Human Element of Security - Christopher Hadnagy

2. DefCon program referencing the Chris Hadnagy lawsuit and Perkins Coie in the "Thank You!" section. CTRL00108998.0001
   Thank you to those behind the scenes: Our convention management team at Caesars, Jeff McNamara and our legal team at Perkins Coie and Matt Mertins for defending against the Chris Hadnagy lawsuit.

We will produce these two documents, but based on the responsiveness rate of approximately 0.54%, we will not be reviewing the remainder of the "Black Hat" search term hits.

We will report back regarding the 95/5 "Chris" search term sample.

Separately, Ms. Reynolds indicated she is not available for deposition on the 18th and is traveling for a significant portion for the remainder of September. Her next available date is **September 27**. We are going to issue an updated subpoena for that date because of her limited availability.

Thank you,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Tuesday, September 10, 2024 9:53 AM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Lauren English <lenglish@freybuck.com>; Kristofer@riklislaw.com
**Subject:** RE: Plaintiffs' LCR 37 requests

Can you limit the search by including more specifics to this case with his name such as: Sugihara or Kevin Sugihara or kevin@infamousdevel.com AND Hadnagy or Chris or complaints or harassment or code of conduct or Maxie Reynolds?   We could use the same approach for Neil as well. Just brainstorming here.

We are reaching out to Anna Truss to see if she can run STRs sooner on the data available and help us investigate a date certain for the email accounts.

**Mark R. Conrad | Attorney**

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

---

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Tuesday, September 10, 2024 9:10 AM
**To:** Mark Conrad <mconrad@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Lauren English <lenglish@freybuck.com>; Kristofer@riklislaw.com
**Subject:** RE: Plaintiffs' LCR 37 requests

Mark, following up on the requested limiters for Kevin Sugihara. The limited search contains 2,188 emails with hits, and the count goes up to 2,591 including families. I've gone through this search to review the metadata associated with the hits. Based on filenames, there are hundreds of emails involving village applications, village floor plans, badge distribution logistics, application deadlines, and things of that nature—the nuts and bolts of Mr. Sugihara's role as Villages Lead.

Can you help me understand what you're looking for here? We want to cooperate in good faith in discovery, and I don't think these hits are relevant to anything you might care about.

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Sent:** Monday, September 9, 2024 5:59 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>

**Cc:** Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Lauren English <lenglish@freybuck.com>; Kristofer@riklislaw.com
**Subject:** RE: Plaintiffs' LCR 37 requests

Hey, Mark—

Responses inline in red below.

Thanks,

**Matt Mertens**
PARTNER

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Monday, September 9, 2024 4:37 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>; Lauren English <lenglish@freybuck.com>; Kristofer@riklislaw.com
**Subject:** RE: Plaintiffs' LCR 37 requests

Hi Matt,

1. **Discussion from Friday**

We're fine with removing Def Con's document custodians as search terms. You can also strike Janet and Mar. I'm also okay with an initial 95-5 approach for Black Hat and Chris. We can review the results and adjust from there. Sounds good.

For Sugihara, please include his email, kevin@infamousdevel.com, and limit the time frame to 02/2021 to the present. Hopefully, that will reduce the search term results. If not, we can discuss other options. We will do this and report back.

It also looks like your team missed the following search term requests:
- Marc Rogers (February 2021- present).
- ████ or ████████ or ████████████ (February 2021- present)
- Neil or Wyler or Neil Wyler or "Grifter" (February 2021-present)

If Rogers and Neil search results are too broad, we can work on narrowing as well with additional terms. I should have clarified this on our conferral call. As the filename of the attached STR indicates, these are the hits for search terms only, without including the terms that applied date filters or email domains. We did run the three search terms identified above but ran them separately because of the date limiters associated with them. The volume associated with Marc Rogers is reasonable, and we can review it. The combined ████████ / Wyler hits total 7,696 without including family members. Most of those are hits on the terms associated with Neil Wyler, and there are 1,358 hits on the word "████" which appear to be almost entirely (or entirely) false positives.

Regarding the Wyler terms, it would be helpful to understand what you think is potentially responsive regarding Mr. Wyler's search term hits, so that we can discuss reasonable limiters.

2. **Reynold's Deposition**

I always try to be available for depositions, but I had to move several meetings from 9/11 to 9/12 because of Reynold's deposition. Can we look at next week for rescheduling? I have all day free on 9/18 or morning of 9/20. Let me know what works for you all. We will talk to Ms. Reynolds and report back.

3. **Updates**

The final Facebook account for Chris became available for download today. Anna Truss will begin processing all the data this evening. Processing might take 2-3 days due to the large volume of data, but Anna indicated she will have search result reports ready by Monday, 9/16. There's not much I can do on this front, but let me know if there are any issues. Can you provide an initial STR before the Facebook material gets ingested? We understand it might change at the margins, but it would be helpful to know if there are any terms that may be overbroad for which we can start discussing narrowing them now.

Also, I confirmed with my client that they did not lose access to any of the email accounts on or after February 2022. Thank you; I understand from our conferral call that your client is not able to pinpoint precise dates when he lost access to these email accounts. Have you checked with Ms. Truss about whether she can confirm the dates, and if not, could you please do so?

**Mark R. Conrad | Attorney**

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Monday, September 9, 2024 12:50 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Subject:** RE: Plaintiffs' LCR 37 requests

Hi, Mark—

Thank you for your time on Friday to discuss outstanding discovery in this case. I write to confirm our conversation and to provide and request discovery-related updates.

1. **Summary of Friday's discussions.**

We discussed the attached search term report for your proposed search terms. You agreed to remove as search terms the names of Def Con's document custodians. You also agreed to remove the search term *goon and asked that Def Con identify and produce the "goon code of conduct" and any contract that may exist between Def Con "goons" and Def Con. I agreed that we would search for and produce these documents if they exist and are in Def Con's possession, custody, or control.

We also discussed narrowing the following search terms: Janet; Sugihara; and Mar. You agreed to propose limiters for these terms related to date range, email domain, additional search terms, or other limiters to reduce the review universe for these hits.

For the search term "Black Hat" and "Chris," Def Con believes these terms are overbroad but also understands why Plaintiff has included them. Def Con accordingly agreed to conduct a statistically valid random sampling of documents hitting on these search terms and provide responsiveness figures to Plaintiff.

I described my understanding of the random sampling procedure on the call but cautioned I was not an expert in its specifics. I thereafter consulted one of our internal e-discovery experts, who provided the following information:

> 95-5 is a standard sample composition in statistics and scientific experimentation, and commonly used in e-discovery for search term and TAR project validation. A sample size with 95% confidence and a 5% margin of error indicates there is a 95% probability that the true value of a parameter is within the estimated range—i.e. if you have a 95-5 sample of 378 documents and 50 of them are coded responsive (13%), there is a 95% chance the responsiveness rate of the overall document population is between 8% and 18% (the 13% responsiveness rate of the sample +/- the 5% margin of error).

Def Con has prepared and will review 95-5 samples for the search terms "Black Hat" and "Chris" and will advise Plaintiff of the responsiveness rates for these terms. The parties can thereafter discuss whether the terms are sufficiently responsive to warrant review of the broader data set.

2. **Providing updates.**

I will provide a draft joint certification of counsel to respond to the court's August 21, 2024, order. I'll get you that draft by EOD today. We have to file by Wednesday.

Maxie Reynolds has advised she has a conflict for the deposition currently scheduled for Wednesday, September 11. She requested that we move the deposition to Thursday, September 12. That works for me. Please let me know if the 12th works for you or if we need to find a different mutually agreeable date.

3. **Requesting updates.**

Can you please advise on the status of your vendor's document collection efforts and by when you'll be able to provide the STR for Def Con's requested search terms? Additionally, can you please advise on your discussion with Mr. Hadnagy regarding whether Plaintiffs lost access to any of the email accounts referenced below on or after February 2022?

Thank you,

**Matt Mertens**
**PARTNER**

**Perkins Coie**

1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Thursday, September 5, 2024 5:38 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Ted Buck <tbuck@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Subject:** RE: Plaintiffs' LCR 37 requests

Hi Matt,

Thank you for your response. Our client has hired a third-party vendor, Anna Truss at DefSec LLC, to handle the forensic collection and run the search terms. I met with Anna yesterday, and she was in the process of collecting and downloading the information sets. She will produce search term reports based on the terms your team proposed as soon as possible. Given the terms your side suggested, I anticipate we may encounter a similar issue with large volumes of irrelevant material which may need to be narrowed. My understanding is that Anna has collected documents from Social Engineer accounts for Christopher Hadnagy, Ryan MacDougall, Kaziyuki Nishi, Amanda Marchuxe, Maxie Reynolds, ██████████ and ██████████ She collected collected documents from Innocent Lives Foundation accounts associated with ██████████ and Christopher Hadnagy.

Regarding retention practices, Social Engineer typically purges former employee accounts after 3-5 years, depending on server space availability. Innocent Lives Foundation is a charity that deletes former employee accounts unless there is a specific request or reason to retain them. As a result, Social Engineer and Innocent Lives no longer have access to the accounts of ██████████ (who left on 12/31/2017), ██████████ (who left on 4/7/2007), ██████████ (who left on 6/30/2016), and ██████████ (who left on 12/8/2015). Additionally, ██████████ has never been an employee of Social Engineer, so there is no access to any of his accounts.

I am available tomorrow afternoon between 11 AM and 1 PM or on Monday, 9/9, in the afternoon to discuss narrowing the search terms and ensuring both sides are satisfied with the discovery production. Please let me know which date and time work best for you.

Thanks,
Mark

**Mark R. Conrad | Attorney**

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges. If you are not the designated or intended recipient, please destroy the

message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

---

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Tuesday, September 3, 2024 9:04 PM
**To:** Lauren English <lenglish@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Ted Buck <tbuck@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Amber Holmes <aholmes@freybuck.com>
**Subject:** RE: Plaintiffs' LCR 37 requests

Good evening, Lauren and Mark—

Def Con responds below to your August 23, 2024, LCR 37 requests.

1. **Def Con has issued a litigation hold to appropriate employees.**

On August 19, 2022, Perkins Coie prepared and Def Con disseminated a litigation hold to the following Def Con employees: Darington Forbes, Neil Kronenberg, Nikita Kronenberg, William Leonard, Mike Cotman, and Jeff Moss. (Tom Pikaart was hired subsequently.)

Def Con did not issue a litigation hold to Def Con volunteers and W-9 independent contractors. This request appears to misapprehend who receives a litigation hold and why. A corporate party's duty to preserve, including the issuance of a litigation hold, extends to "documents in the possession of employees who are 'key players' in the case." *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 678 (W.D. Wash. 2014) (citation omitted). Def Con's volunteers, including the volunteers involved in Mr. Hadnagy's ban from Def Con, are not Def Con's employees. Def Con has no right to possession, custody, or control of any documents in the possession of Def Con's volunteers.

2. **Mr. Hadnagy seeks documents from individuals who are not subject to Def Con's right to possession, custody, or control.**

Mr. Hadnagy's requested custodian list demonstrates the same problem discussed above. Def Con has collected documents from *its employees* on the requested custodian list—Jeff Moss, Darington Forbes, Nikita Kronenberg, Neil Kronenberg, William Leonard, and Tom Pikaart. Def Con has no legal right to the possession, custody, or control of any documents within the possession, custody, or control of the remaining proposed custodians. As stated above, Def Con has no legal right to collect documents from Def Con volunteers or from the individuals who came forward with complaints about Mr. Hadnagy. They do not have Def-Con-specific accounts from which to collect.

By contrast, Mr. Hadnagy *can* collect documents from the Social-Engineer and Innocent Lives Foundation accounts associated with Maxie Reynolds, ███████████ ██████████ ██████████ ██████████ and ███████ As Def Con specifically stated, for these former employees and/or volunteers, Def Con is only requesting the documents within Mr. Hadnagy and/or S-E's possession, custody, or control—not documents that may have come into those individuals' possession, custody, or control after they left S-E and/or ILF.

Custodial collections are not the same on both sides. Mr. Hadnagy has access to accounts for these individuals at S-E and ILF. He needs to produce responsive materials from these accounts or explain why he cannot.

3. **Plaintiff's proposed search terms are overbroad, and several cannot be run as designated.**

Mr. Hadnagy's proposed search terms overlap with the names of Mr. Hadnagy's document custodians, such that virtually all documents collected from these custodians are "responsive." The hit counts are

significantly in excess of what can reasonably be reviewed or expected to be responsive:

- William OR Leonard OR "Will" OR William Leonard OR Will Leonard: 86,922 documents; 112,922 documents including family members.

- Nikita OR Kronenberg OR Nikita Kronenberg: 83,265 documents; 84,942 including family members.

- Neil OR Kronenberg OR Neil Kronenberg: 81,625 documents; 82,465 including family members.

- Moss OR Tangent OR DT: 42,640 documents; 49,400 including family members.

- Darington OR Forbes OR Darington Forbes: 22,949 documents; 24,435 including family members.

- Tom OR Pikaart OR Tom Pickaart: 6,021 documents; 13,392 including family members.

Mr. Hadnagy has also designated common names such as "Chris," "Christopher," "Janet," and "Mike" as search terms. These are generating thousands of hits each. Please see the attached search term report for additional detail.

Additionally, we needed to modify several of your proposed search terms because they would not work as constructed:

- Transparency Report AND (Ban*OR banned)—deviation from contents: "Transparency Report"Ban* OR banned

- Black Hat OR Hadnagy—deviation from "Black Hat" Hadnagy.

- Code of conduct AND Goon—deviation from Code of conduct Goon.

Over-the-fence production of Mr. Hadnagy's proposed search term hits is not viable and not proportional to the needs of the case. We remain willing to confer on a reasonable narrowing of search terms, or alternatively a reasonable counsel-led collection, promotion, review, and production process. I am available at Mark's convenience to discuss.

Additionally, please advise by when we can expect a response to our LCR 37 requests.

Thank you,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

**From:** Lauren English <lenglish@freybuck.com>
**Sent:** Friday, August 23, 2024 1:33 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Ted Buck <tbuck@freybuck.com>; Mark Conrad <mconrad@freybuck.com>; Amber Holmes

<aholmes@freybuck.com>
**Subject:** Plaintiffs' LCR 37 requests

Good afternoon, Matt—

Pursuant to the Court's August 21, 2024, order on the LCR 37 discovery submission, Plaintiffs request the following:

1. **Preservation:**

Please confirm the following: (1) that Defendants have issued a litigation hold to relevant DEF CON employees and volunteers and "in-kind" employees; and (2) the date of the litigation hold. If not, please advise why not. (3) that Defendants have issued a litigation hold to anyone involved into the investigation leading to Chris Hadnagy's ban from DEF CON, including the people in "leadership positions with Def Con", goons and village organizers; and (2) the date of the litigation hold. If not, please advise why not.

2. **Custodians:**

Plaintiffs identifies the below custodians for collection and review by your firm or by a third-party vendor. Collection should include. PSTs, text messages, slack communications, basecamp communications, from all individuals identified below from January 1, 2014, to the present. Collection should also include all chat logs, or any other internal communication platform utilized by Def Con for this date range as well.

For any custodians identified below for which Defendants no longer have access to their documents, please advise (1) why not; and (2) when Defendants lost access to their documents.

For Jeff Moss, collection should also include all text messages; reddit messages or posts; LinkedIn messages; Twitter direct messages (DMs); Facebook messages; and Instagram DMs, for both his individual accounts and those of Def Con.

Jeff Moss
Marc Rogers
Kevin Sugihara
Melanie Ensign
Darington Forbes
Maxie Reynolds
Neil Wyler



Nikita Kronenberg
Neil Kronenberg
William Leonard
Tom Pikaart
Mike (aka Cot)

3. **Search terms and/or email domains:**

Plaintiffs identifies the following search terms and/or email domains for application to, and production from, the collection from the custodians identified above. Certain search terms and/or email domains may be applied solely to Jeff Moss' collection, rather than those of all custodians. Plaintiffs identifies these Moss-specific search terms and/or email domains below. Terms in "quotes" should be run with those quotation marks in place.

The asterisk (*) is a "wildcard" syntax that returns different versions of a word with a specific root (e.g., steal* returns hits on stealing, steals, and stealer).

If you do not intend to use a platform that can utilize syntax searches, the asterisk searches should be replaced with the appropriate "wildcard" syntax for the given review platform.

- informa.com received:1/1/2019 -8/22/2024 (replace with current date)
- received:1/1/2019 - 8/22/2024 to:*@informa.com (replace with current date)
- contents: (Maxie OR Reynolds)
- Sexual OR sex* OR abuse
- contents: (Hadnagy OR "Chris Hadnagy" OR Chris OR Christopher)
- contents: ("loganWHD" OR "humanhacker")
- contents: "Transparency Report"Ban* OR banned
- "Transparency report" AND Hadnagy
- Complaints OR allegations and Hadnagy
- Concerns AND Hadnagy
- Hadnagy AND ban
- Moss OR Tangent OR "DT"
- Code of conduct
- "Def Con" AND ban
- "Black Hat" Hadnagy
- Emails to OR from [maxie@social-engineer.com](mailto:maxie@social-engineer.com)
- from:(maxie@zed one.com)
- to:(maxie@zed one.com)
- Emails to OR from Marc Rogers' (date limited starting March 2021).
- ███ or ████████ or ██████████ (date-limited starting March 2021)
- Neil or Wyler or Neil Wyler or "Grifter" (date-limited starting March 2021)
- "Reporting parties" OR "reporting party"
- Harass OR Hassing OR Harassment
- Discriminatory OR discrimination AND Hadnagy
- ███████ OR ██████
- ████████████████ OR ███████████
- Lawsuit*
- Jake Applebaum
- John Draper OR "Draper" OR "captain crunch"
- "Crunch Squats"
- Marquis OR Boire OR Marquis Boire
- Captain Crunch
- Janet
- Nikita OR Kronenberg OR Nikita Kronenberg
- Neil OR Kronenberg OR Neil Kronenberg
- William OR Leonard OR "Will" OR William Leonard OR Will Leonard
- Tom OR Pikaart OR Tom Pikaart
- "Cot" OR Mike
- "Mar"
- "Darington" OR Forbes OR Darington Forbes
- Linda OR "Hatcho" OR Linda Hatcho OR "Hatco" OR Linda Hatco
- Goon*

- Code of conduct Goon
- Trespass*
- Assault*
- Strippers*
- Pedophile*
- "Harvey Weinstein"
- Bill Cosby
- ████████ OR ██████ OR ██████████
- "██████████"
- "██████████"
- ████████
- "Melanie Ensign" AND Wednesday
- "Kevin Sugihara" OR "Sugihara"
- "Serial sexual predator"

Please provide a search term report after application of the search terms and date ranges identified above.

      **(4)  Collection and review to be performed by your firm or a third-party vendor:**

Please advise whether your firm will perform the collection and review or whether you will retain a third-party vendor to do so. If your firm, please advise when you are available to meet and confer on the process you intend to use to collect from the custodians and run the search terms identified above.

Mr. Conrad filed a notice of unavailable a few weeks ago and is out next week but is available on September 4 afternoon (after 1pm), September 5 morning or afternoon, and September 6 afternoon.

Thank you,

**Lauren English**
**Frey Buck**
1200 Fifth Avenue, Suite #1900
Seattle, WA 98101
(206) 486-8000
lenglish@freybuck.com

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click [here](here) to report this email as spam.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click [here](here) to report this email as spam.