THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | No. 2:23-cv-01932-BAT<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER AND CONTINUE TRIAL**<br><br>NOTED FOR CONSIDERATION: November 15, 2024 |

DEFENDANTS' REPLY ISO MOTION TO EXTEND
DEADLINES IN SCHEDULING ORDER
(No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 4

II.  ARGUMENT .............................................................................................................. 5

    A.   Good cause exists to extend the deadlines in the Court's Scheduling Order and continue trial. ........................................................ 5

III. CONCLUSION ........................................................................................................... 9

DEFENDANTS' REPLY ISO MOTION TO
EXTEND DEADLINES IN SCHEDULING
ORDER (NO. 2:23-CV-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Eagle W. Ins. Co. v. Watts Regulator Co.*,
    2017 WL 7053640 (W.D. Wash. Aug. 2, 2017) .................................................. 5, 9

*Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*,
    2020 WL 7094074 (C.D. Cal. July 30, 2020) ..................................................... 8, 9

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .................................................................................. 8

*United States v. Dalton*,
    2021 WL 9526878 (C.D. Cal. Oct. 19, 2021) ........................................................ 7

DEFENDANTS' REPLY ISO MOTION TO
EXTEND DEADLINES IN SCHEDULING
ORDER (NO. 2:23-CV-01932-BAT) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

On November 12, 2024, at 2:58 PM, Plaintiffs Christopher Hadnagy and Social-Engineer, LLC ("*Plaintiffs*") served brand-new and wide-ranging discovery requests on Defendants Def Con Communications, Inc. ("Def Con") and Jeff Moss ("*Defendants*"). Plaintiffs served 11 new requests for admission; a new interrogatory; and—most importantly for the present motion—15 new requests for production, which seek the production of more than 11,000 new documents from Defendants. That same day at 8:18 PM, Plaintiffs filed a Response to this motion that omitted any reference to this dramatic expansion of Plaintiffs' discovery efforts and denied any need to extend the December 13, 2024, discovery deadline. Plaintiffs' own discovery conduct belies the notion that discovery is on the cusp of completion.

Moreover, Plaintiffs did not purport to complete their document production until November 7, 2024, after Defendants filed their Motion. Defendants accordingly could not evaluate whether there were lingering deficiencies in Plaintiffs' production until last week. It appears that there *are* deficiencies: specifically, substantial gaps between what Plaintiffs collected for seemingly responsive search terms and Plaintiffs actually produced for these terms. On November 13, 2024, Defendants served additional requests for production directed at these specific search terms.

Discovery in this case is not close to complete despite Defendants' diligence in driving discovery forward. Defendants respectfully request that the Court extend existing deadlines by 60 days and the current trial date by 90 days for the reasons in the Motion and as set forth below.

DEFENDANTS' REPLY ISO MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER (NO. 2:23-CV-01932-BAT) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II. ARGUMENT

### A. Good cause exists to extend the deadlines in the Court's Scheduling Order and continue trial.

A trial schedule may be modified for "good cause," an inquiry primarily focused on the moving party's diligence and also considering several other factors. *See Eagle W. Ins. Co. v. Watts Regulator Co.*, No. C16-0781-JCC, 2017 WL 7053640, at *2 (W.D. Wash. Aug. 2, 2017) (explaining the good cause analysis is comprised of "(1) the diligence of the moving party; (2) the need for continuance; (3) inconvenience for the Court and the non-moving party; and (4) the harm caused by denial of a continuance"). Defendants satisfy the four-factor "good cause" analysis to extend the case deadlines and continue trial.

**<u>Defendants have been diligent in their discovery efforts</u>**. On May 21, 2024, Defendants timely served discovery requests after the Court's ruling on the Motion to Dismiss. *See* ECF 57 at 3. Plaintiffs' production over the next ten weeks was slow, incomplete, and improperly client-driven, forcing Defendants to file their Motion to Compel. *See id.* On August 21, 2024, the Court ordered Plaintiffs to hire a third-party vendor and the parties to negotiate search terms. *See* ECF 63. Defendants provided Plaintiffs with their proposed search terms that same day. ECF 70 at ¶ 4. The parties then met and conferred extensively over the next two months on their respective search terms. *Id.* ¶¶ 4–21; *see also* ECF 71 at 3–5. Defendants agreed to review 29,176 documents based on Plaintiffs' proposed search terms. Supplemental Declaration of Matt Mertens ("Mertens Supp. Decl.") ¶ 2. Defendants spent dozens of hours and many thousands of dollars and produced all responsive documents identified from this review. *Id.* ¶ 5.

But Plaintiffs moved ponderously to collect, process, and produce responsive documents, as well as respond to Defendants' inquiries regarding Plaintiffs' own

DEFENDANTS' REPLY ISO MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER (NO. 2:23-CV-01932-BAT) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

document requests, despite increasingly urgent concerns from Defendants regarding the pace of production and its impact on the case schedule:

**October 2, 2024:** "At some point, we will need to confer about the overall schedule given the state of document productions and the upcoming holidays. For instance, we need a full production to depose both Mr. Hadnagy and his wife."

**October 3, 2024:** "What is the additional timing-related information you've received from Ms. Truss and DWR about the transfer of the hits to your platform for review, and what's your estimate for amount of time it's going to take to review and produce responsive materials? As my colleague Jake alluded to, we're starting to get concerned about the schedule and our ability to have adequate time to review your document production and depose Mr. and Ms. Hadnagy before the fact discovery cutoff in December."

**October 10, 2024:** "Please let me know if you have any additional questions. We really want to launch this review and get you any additional responsive documents timely, so we can wrap up document discovery and hopefully keep the case schedule intact."

**October 23, 2024:** "We are less than two months out from the close of discovery and only a few short weeks away from the discovery motion cutoff on November 15. *However, we have yet to receive the bulk of Plaintiffs' document production. Defendants will need time to review those documents and engage in any further meet and confers, if needed, to resolve any deficiencies. Defendants also cannot depose Mr. Hadnagy until they have received and reviewed these documents.* Given the upcoming holidays, we need to push out the current case deadlines in order to

DEFENDANTS' REPLY ISO MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER (NO. 2:23-CV-01932-BAT) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

allow the parties sufficient time to review documents, engage in any further meet and confers, and complete key depositions before the discovery cut off."[1]

Mertens Supp. Decl. ¶¶ 8–11, Exs. 2–5 (emphasis added).

Defendants have used the discovery case schedule efficiently while pressing Plaintiffs to complete their collection and production. For example, Defendants have issued seven third-party subpoenas and taken six third-party depositions. *Id.* ¶ 13. Ninth Circuit courts have granted continuances under similar circumstances. *See, e.g., United States v. Dalton,* No. 821CV00140JVSJDE, 2021 WL 9526878, at *1 (C.D. Cal. Oct. 19, 2021) (finding good cause for a four-month extension where party acted diligently by serving timely discovery requests, engaging in extensive meet-and-confers, and filing a successful motion to compel).

**There is a demonstrated need for the continuance.** Plaintiffs served 15 new requests for production seeking the production of more than 11,000 new documents *the very same day* they represented to the Court their document discovery is complete and an extension is unnecessary. Mertens Supp. Decl. ¶¶ 6–7, Ex. 1. Their position is inconsistent, and their considerable expansion of discovery at the 11th hour emphasizes that the parties need more time to complete discovery.

Plaintiffs argue that the need to conduct follow-up discovery "is not a sufficient basis to extend the scheduling order and trial date" because "Defendants have not identified any specific discovery needs." ECF 71 at 8:10–13. But Plaintiffs only completed their document production on November 7, 2024, after Defendants filed this Motion. Defendants could not assess whether Plaintiffs' document production

---

[1] Plaintiffs make much of Defendants' September 30, 2024, request to depose Hadnagy in early December 2024. Yet Defendants expressly and repeatedly conditioned this request on timely receipt of Plaintiffs' complete document production, as the foregoing excerpts make clear. This did not happen. *See* Mertens Supp. Decl. ¶ 12, Ex. 6 (describing issues with Plaintiffs' document production substance and timing and negative impact on ability to depose Hadnagy).

DEFENDANTS' REPLY ISO MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER (NO. 2:23-CV-01932-BAT) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

was in fact "complete" until Plaintiffs purportedly finished their production. Wide gaps between what Plaintiffs collected and produced for seemingly responsive search terms suggest Plaintiffs' production is *not* complete. Defendants were thus forced to serve additional discovery requests on November 13, 2024, to address these missing documents.

Moreover, Plaintiffs' 11th-hour discovery requests are a culmination of their general slowness in conducting document discovery. Defendants first served discovery requests on May 21, 2024. Plaintiffs did not purport to complete their document production until nearly *six months later*. The Motion sets forth at length Plaintiffs' slowness in collecting, reviewing, and producing documents despite Defendants' repeated follow-ups. *See* ECF 69 at 5–6. Document discovery should not be this protracted or difficult in Defendants' experience, which further demonstrates the need for additional time to complete discovery.

**Plaintiffs' financial protestations are insignificant.** While the "existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion [for continuance], the focus of the inquiry is upon the moving party's reasons for seeking modification." *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, No. SACV1900835JVSDFMX, 2020 WL 7094074, at *4 (C.D. Cal. July 30, 2020) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Plaintiffs' cost-related protestations lack merit. *See* ECF 71 at 8:20–22. Plaintiffs are the ones who chose to sue Defendants in three different jurisdictions across the United States. Plaintiffs are prosecuting a lawsuit for *millions of dollars* in economic damages alone against Defendants, to say nothing of Mr. Hadnagy's damages for his alleged severe emotional distress. Mr. Hadnagy complains that the extension could cost him money, yet it's *Mr. Moss* facing potentially ruinous personal liability for Plaintiffs' defamation claim. Just as Plaintiffs did when unsuccessfully

DEFENDANTS' REPLY ISO MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER (NO. 2:23-CV-01932-BAT) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

opposing third-party involvement in their discovery process, Plaintiffs want to have the financial upside of prosecuting a massive lawsuit with none of the potential financial downsides inherent in such a lawsuit—including case extensions, as appropriate, to allow Defendants to complete discovery and marshal a fair defense.[2] As explained above, "the existence or degree of prejudice" is not the focus on a motion to modify case deadlines, and Plaintiffs' own financial status does not constitute prejudice. *See Fisher & Paykel Healthcare Ltd.*, 2020 WL 7094074, at *4. If it did, any party to a litigation could complain of its litigation costs, and no continuance would ever be granted.

**Denying the continuance would harm Defendants.** The harm to Defendants if the Court denies the extension outweighs any inconvenience to Plaintiffs. Defendants would be at a significant disadvantage if not provided adequate time to obtain Plaintiffs' complete document production, to take the deposition of Mr. Hadnagy after review of those documents, and engage in any follow-up discovery revealed from the document production or deposition. *See Eagle W. Ins. Co.*, 2017 WL 7053640, at *5 (granting continuance where defendant would be put at a "significant disadvantage at trial" if denied and noting that the plaintiff "will also benefit" from the continuance).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and enter an order (1) extending the case deadlines in the Scheduling Order by 60 days, and (2) continuing the trial date by 90 days.

---

[2] Plaintiffs' position also presupposes that Social-Engineer is struggling financially *and* that this litigation has caused these financial struggles. Defendants strongly disagree after extensively evaluating Plaintiffs' expert report and deposing their expert economist.

DEFENDANTS' REPLY ISO MOTION TO
EXTEND DEADLINES IN SCHEDULING
ORDER (NO. 2:23-CV-01932-BAT) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

I certify that this motion contains 1,811 words, in compliance with the Local Civil Rules.

Dated: November 14, 2024

s/*David A. Perez*

David A. Perez, WSBA No. 43959
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
DPerez@perkinscoie.com

Matthew J. Mertens (Admitted Pro Hac Vice)
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
MMertens@perkinscoie.com

Lauren A. Trambley (Admitted Pro Hac Vice)
**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: 415.344.7000
LTrambley@perkinscoie.com

DEFENDANTS' REPLY ISO MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER (NO. 2:23-CV-01932-BAT) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000