THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER J. HADNAGY, an
individual; and SOCIAL-ENGINEER, LLC, a
Pennsylvania limited liability company,

                    Plaintiffs,

        v.

JEFF MOSS, an individual; DEF CON
COMMUNICATIONS, INC., a Washington
corporation; and DOES 1-10; and ROE
ENTITIES 1-10, inclusive,

                    Defendants.

NO. 2:23-cv-01932-BAT

PLAINTIFFS' MOTION FOR CIVIL
CONTEMPT AND SANCTIONS

Noted for Consideration: March 24, 2025

ORAL ARGUMENT REQUESTED

## I.    INTRODUCTION

Defendants Jeff Moss and Def Con Communications deliberately violated this Court's

Protective Order by publicly filing Plaintiff Hadnagy's confidential medical and proprietary

business information, despite being clearly marked "CONFIDENTIAL." Their misconduct did

not stop there—Def Con launched a calculated media campaign, disseminating their Motion for

Summary Judgment along with the confidential information contained in their exhibits across

their website and social media platforms, including Twitter, Reddit, LinkedIn, and DefCon.org,

encouraging mass public review and download. Def Con's Twitter post alone has amassed over

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA  98101
P: (206) 486-8000  F: (206) 902-9660

57,000 views to date.[1]

As a result of Defendants' egregious conduct, Plaintiff Hadnagy's private medical and financial information remains widely accessible online, causing significant and irreparable harm. Plaintiff Hadnagy has already received threats that directly reference his medical and financial information. Hadnagy Declaration, Exhibit A ("Hadnagy Decl."). Defendants' actions were intentional, reckless, and in direct defiance of the Court's authority. Sanctions are not only warranted but essential to deter further misconduct and to remediate the damage inflicted.

Accordingly, Plaintiffs respectfully move this Court for an order finding Defendants in civil contempt, imposing sanctions under Rule 37(b) and the Court's inherent authority, and awarding Plaintiffs the following relief:

1. Compensatory damages in the amount of $100,000.00 for the harm caused by the unauthorized disclosure and wide dissemination of confidential information.

2. Sanctions in the amount of $50,000.00 to deter future violations of this Court's orders.

3. Attorney's fees and costs incurred in bringing this motion.

4. An order directing Defendants to take immediate steps to remove all postings and links to the disclosed information and to issue corrective statements retracting their dissemination.

5. Certify under penalty of perjury compliance with this Order within 5 days.

## II.    STATEMENT OF FACTS

Plaintiff Social Engineer is a security company that assists clients in identifying vulnerabilities and mitigating risks. Given the nature of its work, Social Engineer strictly

---

[1] https://x.com/defcon/status/1894072986384437468

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA  98101
P: (206) 486-8000  F: (206) 902-9660

safeguards its client information, executing Non-Disclosure Agreements to prevent unauthorized disclosure. *See* Hadnagy Decl. Unauthorized exposure of Social Engineer's clients poses severe security risks and makes them vulnerable to malicious actors. *Id*.

On June 7, 2024, this Court entered a Protective Order expressly designating certain categories of information as confidential, including but not limited to:

- Plaintiffs' financial records, lost business opportunities, and revenue expectations.
- Plaintiffs' internal communications regarding client names and security-related matters.
- Plaintiff Christopher Hadnagy's medical records and information.

Dkt. 47.

The Protective Order explicitly outlines procedures for handling confidential materials, including a requirement that any party seeking to file such information must *first* confer with the designating party per LCR 5(g)(3)(A). If no agreement is reached regarding the handling of the information, such as redacting, the filing party must then preliminarily file the information under seal and set forth the designated party's justification for sealing. LCR 5(g).

On February 21, 2025, Defendants filed a Motion for Summary Judgment (Dkt. 79) and a Declaration of Matt Mertens (Dkt. 81) with supporting exhibits (Dkt. 81-1). Declaration of Mark Conrad ("Conrad Decl."). Defendants never sought to confer with Plaintiffs regarding the confidential nature of the information contained in their filing. *Id.* Dkt. 81-1 contained Plaintiff's confidential information that was explicitly designated as "CONFIDENTIAL and subject to the parties' protective order."[2] This information included:

- Plaintiff Hadnagy's private medical and mental health history, including doctors' names, treatment dates, symptoms, and prescriptions.
- Social Engineer's client names and contract amounts.
- Plaintiff Hadnagy's personal salary and earnings.

---

[2] Plaintiffs are avoiding direct reference to the exhibit as it still remains publicly available online.

PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND
SANCTIONS - 3

1    This information is clearly entitled to protection and, even more alarmingly, none of it

2    was relevant to Defendants' Motion for Summary Judgment, yet they deliberately included it, in

3    direct violation of the Protective Order.

4    Following the filing, Defendants publicly posted their Motion and exhibits across

5    multiple platforms, including X (formerly Twitter), Reddit, LinkedIn, and DefCon.org.[3] *See*

6    Conrad Decl. Defendant Def Con also promoted the documents, encouraging mass review and

7    distribution, stating:

8

9

10                                                    **

11

12                                                    **

13

14

15

16

17

18

19

_____

20    [3] https://x.com/defcon/status/1894072986384437468
      https://www.reddit.com/r/hacking/comments/1ix91k9/def_con_vs_hadnagy_legal_update/
21    https://forum.defcon.org/node/252131
      https://defcon.social/@deviantollam/114050512818605485
22    https://www.linkedin.com/posts/def-con_a-big-christopher-hadnagy-vs-def-con-lawsuit-activity-
      7299835497512587264-Bduh
      https://www.reddit.com/r/Defcon/comments/1ivo7x0/hadnagy_vs_defcon_et_al_motion_for_summary/
23    https://www.theregister.com/2025/02/25/def_con_harassment_allegations/
      https://www.instagram.com/wearedefcon/p/DGdqbBkRWmI/

24

PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND
SANCTIONS - 4

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA  98101
P: (206) 486-8000  F: (206) 902-9660

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

> **DEF CON** ✓
> @defcon
>
> Chris Hadnagy vs. DEF CON Lawsuit update
> 2025/02/24
> It's been a while since our last update – a lot has been going on behind
> the scenes – and with the discovery phase complete we have filed a
> motion for summary judgement asking the court to dismiss his lawsuit.
> In it we reveal some of the identities of those who testified regarding
> their experiences with Chris, and I would like to personally thank them
> for standing up for our community when remaining silent would have
> been easier.
>
> The legal standard for evaluating a summary judgement motion means
> giving the benefit of the doubt to the nonmoving party (Hadnagy) on all
> disputed facts. Because of this we focused on the undisputed facts,
> including the documents and deposition testimony, that Chris can't
> deny.
>
> Should this motion fail then we would start preparing for trial, and end
> up arguing over the disputed facts as well. Both sides will be done with
> briefing in approximately one month. After briefing is complete we
> expect the judge to rule on the motion within a couple weeks to a couple
> months.
>
> Thank you everyone for continuing to support DEF CON, and a special
> thank you to all those who came forward in the ongoing lawsuit.
>
> Jeff Moss, President, DEF CON Communications.
>
> #defcon #defconlegal @humanhacker
>
> Motion for Summary Judgement
> storage.courtlistener.com/recap/gov.usco...
>
> Full records here:
> courtlistener.com/docket/6809418...

On February 26, 2025, third parties who reviewed the pleading online informed Plaintiffs that their clients' names, as well as their financial and medical information, were publicly accessible. *See* Conrad Decl. Plaintiffs' counsel then immediately contacted Defendants' counsel, raising serious concerns about the violation. In response, Defendants' counsel issued a perfunctory "apology," sealed the exhibit, and refiled a redacted version. *Id.* However, the damage was already done. The confidential information remains publicly accessible online, and Def Con's social media posts linking to the information have not been removed. *Id.* Moreover,

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

Defendants' supposed "senior staff members" have actively engaged in comments, reposting and encouraging further dissemination.

Defendants' actions were not inadvertent; they were strategic and malicious. Def Con's community is composed primarily of hackers, many of whom view Plaintiff Hadnagy as an adversary due to his prior lawsuits and professional work. By deliberately exposing Plaintiff Hadnagy's personal medical and financial records, Defendants knowingly made him a target for harassment, doxxing, and potential cyber threats. Their reckless disregard for Plaintiff's privacy and security cannot be overstated. *See* Hadnagy Decl.

## III.    ARGUMENT AND AUTHORITY

Courts have inherent authority to enforce their orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531 (1966); Fed. R. Civ. P. 37(b). Civil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within its power to comply. *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 626 (N.D. Cal. 2018). Importantly, contempt need not be willful, and good faith is not a defense to noncompliance. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

The standard for civil contempt is well established:

> The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.

*F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

The decision in *Harmon v. City of Santa Clara* is particularly instructive. There, the court awarded $69,756.31 in attorney's fees and costs for a protective order violation. *Harmon*, 323 F.R.D. at 627-28. Even though the court ultimately found that the body camera footage in

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA  98101
P: (206) 486-8000  F: (206) 902-9660

1    question did not warrant a confidentiality designation, it nonetheless imposed sanctions because

2    the disclosure occurred while the material was still designated as confidential. *Id*. at 622-26. The

3    court criticized Plaintiff's counsel for being "woefully inadequate to the point of negligence" in

4    checking the confidentiality status of the video before dissemination. *Id*. at 626. Additionally, the

5    court noted that counsel made only minimal efforts to remove the material from the internet after

6    learning of the violation. *Id*. at 621, 627.

7        Similarly, Rule 37(b) authorizes courts to issue "further just orders" as sanctions when a

8    party violates an order, such as a Protective Order. This includes ordering reasonable expenses,

9    including attorney's fees, caused by the failure to obey the court order. *Falstaff Brewing Corp. v.*

10   *Miller Brewing Co*., 702 F.2d 770, 784 (9th Cir. 1983). Rule 37(b) sanctions may serve both

11   remedial and compensatory purposes as well as punitive and deterrent objectives. An appropriate

12   sanction must therefore be imposed, "not merely to penalize those whose conduct may be

13   deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in

14   the absence of such a deterrent." *Id*. at 776 .

15       Ultimately, "[t]he imposition and selection of particular sanctions are matters left to the

16   sound discretion of the trial court." *Id*. at 783-84; *SIMO Holdings Inc. v. H.K. uCloudlink*

17   *Network Tech. Ltd*., No. 18-cv-5427 (JSR), 2020 U.S. Dist. LEXIS 230317, at *7 (S.D.N.Y. Dec.

18   7, 2020) ("Given SIMO's clear violation of the Protective Order, the Court will therefore impose

19   a sanction of $40,000 (i.e., $10,000 for each of the four documents wrongly disclosed").

20       Here, Defendants cannot credibly argue that their actions complied with the Court's

21   Protective Order. The confidential information they disseminated was explicitly marked

22   "CONFIDENTIAL." There was no legitimate need to file this information, as it had no bearing

23   on any substantive issues in their Motion for Summary Judgment. More egregiously, after

24

PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND
SANCTIONS - 7

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

improperly filing this information, Defendants deliberately engaged in an extensive online campaign to amplify the disclosure.

Defendants' misconduct did not stop at the initial filing. They failed to self-report their violation and have not taken all corrective action even after being alerted by Plaintiffs' counsel to the social media posts. Defendants have continued to maintain public access to the confidential information by keeping their social media posts with direct links to the material available. Additionally, Defendants' supposed senior staff members have actively reposted and encouraged further dissemination, exacerbating the harm.

Additionally, Defendants were well aware that Social-Engineer operates in the cybersecurity industry and handles highly sensitive client information. Publicly exposing Social-Engineer's confidential information places both the company and its clients at risk. *See* Hadnagy Decl. The disclosure of Plaintiff Hadnagy's medical information was a deliberate and unwarranted attempt to embarrass him, serving no legitimate legal purpose. *Id.* Even more troubling, Defendants knew that the Def Con community and following is composed primarily of hackers—many of whom perceive Plaintiff Hadnagy as an adversary due to his lawsuit against Def Con and his professional activities. By disseminating his private medical and financial records, Defendants knowingly made Plaintiff Hadnagy a direct target for harassment, cyberattacks, and doxxing. Their actions were calculated and malicious, not accidental oversights.

## IV.    CONCLUSION

Defendants' blatant violation of the Court's Protective Order and their intentional efforts to spread confidential information warrant substantial sanctions. The Court should impose significant monetary penalties, award attorney's fees and costs, and order immediate removal of

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA  98101
P: (206) 486-8000  F: (206) 902-9660

all online postings to prevent further harm. Strong judicial action is necessary to uphold the integrity of the Court's orders and deter future misconduct.

As required by the Local Civil Rule, I certify that Plaintiffs' Motion for Civil Contempt and Sanctions contains 1,858 words, excluding the parts that are exempt by Local Civil Rule 7(e)(6).

DATED this 3rd day of March 2025.

FREY BUCK

By:_____
Ted Buck, WSBA #22029
Mark Conrad, WSBA #48135
*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND
SANCTIONS - 9

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND SANCTIONS** on the following individuals:

David Perez, WSBA #43959
Matthew J. Mertens (Pro Hac Vice)
Lauren A. Trambley (Pro Hac Vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
dperez@perkinscoie.com
mmertens@perkinscoie.com
ltrambley@perkinscoie.com

[  ]    Via USPS
[X]    Via Electronic Mail
[X]    Via Electronic Filing (CM/ECF)

DATED this 3rd day of March 2025, at Seattle, Washington.

Amber Holmes, Legal Assistant

PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND
SANCTIONS - 10

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000  F: (206) 902-9660