THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | No. 2:23-cv-01932-BAT<br><br>**DEFENDANTS' MOTION TO SEAL**<br><br>**Noted for Consideration:** March 28, 2025 |

DEFENDANTS' MOTION TO SEAL (NO. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## LCR 5(g)(3)(A) CERTIFICATION

Defendants Def Con Communications, Inc. and Jeff Moss (collectively, "Defendants") certify that, prior to filing, counsel for Defendants met and conferred with counsel for Plaintiffs Christopher Hadnagy and Social-Engineer, LLC's (collectively, "Hadnagy") in an effort to minimize any need to file documents under seal, minimize the amount of material filed under seal, and to explore redaction and other alternatives for filing under seal, as LCR 5(g)(3)(A) requires. The parties exchanged email correspondence between February 24, 2025, and March 7, 2025, regarding redactions to these documents. Pursuant to the parties' Stipulated Protective Order (ECF 47), Defendants are redacting the following information from its Motion to Exclude Hadnagy's Damages Expert Ben Thomas ("Daubert Motion") filed concurrently, and the supporting exhibits to the Motion: (1) Social-Engineer's annual revenues; (2) the multiplier that Thomas applied to Social-Engineer's annual revenues to calculate Social-Engineer's alleged lost business value; (3) specific line-item expenditures by Social-Engineer; (4) Hadnagy's salary history; and (5) Social-Engineer's allegedly lost business opportunities.

Defendants are only filing the Daubert Motion and Exhibits A, B, and C under seal to comply with LCR 5(g)(5)(A) and (B). Defendants are not taking a position on the propriety of these redactions or sealing.

## MOTION TO SEAL

Pursuant to LCR 5(g)(3) and the parties' Stipulated Protective Order (ECF 47), Defendants file this Motion to redact certain portions of the Daubert Motion and Exhibit A (the Expert Report), and to seal in its entirety Exhibit B (the testimony of Thomas) and Exhibit C (a spreadsheet created by Hadnagy) attached to the Declaration of Matt Mertens in support of the Daubert Motion. Hadnagy designated Exhibits A and C, and certain material relied on and referred to in the Daubert Motion and

DEFENDANTS' MOTION TO SEAL (NO. 2:23-cv-01932-BAT) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the testimony of Ben Thomas in Exhibit B, as "CONFIDENTIAL" under the parties' Stipulated Protective Order.[1]

In accordance with LCR 5(g)(5)(A) and (B), Defendants are concurrently filing a redacted version of the Daubert Motion and supporting exhibits publicly, and Defendants are filing an unredacted version of the Daubert Motion and supporting exhibits under seal.[2]

### 1. Legal Standard

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Accordingly, when a district court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (cleaned up).

A party seeking to seal records related to motions that are dispositive or otherwise "more than tangentially related to the merits of a case," must "meet the high threshold of showing that 'compelling reasons' support secrecy." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99, 1102 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1180 (internal citation omitted). "[P]lenty of technically nondispositive motions . . . are strongly correlative to the merits of a case." *Cent. Freight Lines,*

---

[1] Plaintiff intended to, but did not, designate certain portions of Exhibit B (Thomas's expert testimony) as confidential. Prior to filing, counsel for Defendants conferred with counsel for Hadnagy and confirmed that Hadnagy inadvertently did not designate portions of Thomas's testimony under the Stipulated Protective Order as confidential. Defendants are accordingly treating the entirety of Exhibit B as confidential pending Hadnagy's designations of specific portions of Thomas's testimony.

[2] Defendants have highlighted the under-seal versions of the Daubert Motion, the Expert Report, and Hadnagy's lost contracts spreadsheet to show the Court what was redacted in the public filing. Defendants have highlighted the under-seal version of Thomas's testimony to show the Court the specific portions that Defendants cite in the Daubert Motion.

DEFENDANTS' MOTION TO SEAL (NO. 2:23-cv-01932-BAT) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Inc. v. Amazon Fulfillment Servs.*, No. C17-0814JLR, 2019 WL 3501439, at *2 (W.D. Wash. Aug. 1, 2019) (applying "compelling reasons" standard in context of sealing documents for motion to exclude expert).

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal citations omitted). A failure to meet that burden means that the record will be filed in public. *Id*. at 1182. If a court decides to seal a record, it must base its decision on a compelling reason and articulate the factual basis for its ruling. *Id*. at 1179.

Further, pursuant to LCR 5(g)(3)(B), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient."

**2. Hadnagy must satisfy the "compelling reasons" standard.**

Defendants are filing the Daubert Motion and Exhibits A, B, and C *provisionally* under seal to comply with LCR(5)(g)(5)(A) and (B). The burden now shifts to Hadnagy to submit a response in support of sealing in accordance with LCR 5(g)(3)(B), LCR 5(g)(5)(B), and the Ninth Circuit authority cited above. Defendants file this Motion strictly pursuant to the Stipulated Protective Order. I certify that this Motion contains 874 words, in compliance with the Local Civil Rules.

DEFENDANTS' MOTION TO SEAL (NO. 2:23-cv-01932-BAT) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  DATED this 7th day of March 2025.

2                                       **PERKINS COIE LLP**

3

4                                       *David A. Perez*
                                         David A. Perez, WSBA No. 43959
5                                       **PERKINS COIE LLP**
                                         1201 Third Avenue, Suite 4900
6                                       Seattle, WA 98101-3099
                                         Telephone: 206.359.8000
7                                       E-mail: DPerez@perkinscoie.com

8
                                         Matthew J. Mertens
9                                       **PERKINS COIE LLP**
                                         1120 N.W. Couch Street 10th Floor
10                                       Portland, OR 97209-4128
                                         Telephone: 503.727.2000
11                                       Email: MMertens@perkinscoie.com

12
                                         Lauren A. Trambley
13                                       **PERKINS COIE LLP**
                                         505 Howard Street, Suite 1000
14                                       San Francisco, CA 94105-3204
                                         Telephone: 415.344.7000
15                                       Email: LTrambley@perkinscoie.com

16

17                                       *Attorneys for Defendants Jeff Moss and Def Con Communications, Inc.*

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO SEAL (NO. 2:23-cv-01932-BAT) – 4