1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER J. HADNAGY, an
individual; and SOCIAL-ENGINEER,
LLC, a Pennsylvania limited liability
company,

     Plaintiffs,

  v.

JEFF MOSS, an individual; DEF
CON COMMUNICATIONS, INC., a
Washington corporation; and DOES 1-
10; and ROE ENTITIES 1-10,
inclusive,

     Defendants.

No. 2:23-cv-01932-BAT

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CIVIL
CONTEMPT AND SANCTIONS**

Noted For Consideration: March 24, 2025

Redacted Version

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
(No. 2:23-cv-01932-BAT)

180290863.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2

## TABLE OF CONTENTS

3

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD...................................................................................................... 3

STATEMENT OF FACTS .............................................................................................. 4

I.    Def Con followed the Stipulated Protective Order regarding Plaintiff's other
confidential documents........................................................................................... 4

II.   Def Con responded immediately upon learning of the inadvertent disclosure. ... 6

III.  Def Con promptly obtains the sealing of the unredacted documents at
Courtlistener.com. .................................................................................................. 8

LEGAL ARGUMENT ..................................................................................................... 9

I.    Plaintiff does not cite a single similar case where a court awarded sanctions. ... 9

II.   Plaintiff overstates the sensitivity of the inadvertently disclosed information. 13

CONCLUSION............................................................................................................... 15

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– i (No. 2:23-cv-01932-BAT)

180290863.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*B.E.S. v. Seattle Sch. Dist. No. 1*,
No. C05-2092RSM, 2007 WL 710095 (W.D. Wash. Mar. 6, 2007)..........................................9

*Cen Com Inc. v. Numerex Corp.*,
No. C17-0560RSM, 2018 WL 4184335 (W.D. Wash. Aug. 31, 2018)..............................9, 10

*E.E.O.C. v. Fry's Elecs., Inc.*,
287 F.R.D. 655 (W.D. Wash. 2012) ........................................................................................4

*Gaekwar v. Amica Mut. Ins. Co.*,
No. 2:22-CV-1551-BJR, 2023 WL 8449233 (W.D. Wash. Dec. 6, 2023) .............................10

*Harmon v. City of Santa Clara*,
323 F.R.D. 617 (N.D. Cal. 2018).......................................................................10, 11, 12, 14

*Payne v. Exxon Corp.*,
121 F.3d 503 (9th Cir. 1997) ..................................................................................................3

*Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters*,
No. C09-5232BHS, 2010 WL 11485531 (W.D. Wash. Mar. 2, 2010).....................................9

*United States v. Nat'l Med. Enterprises, Inc.*,
792 F.2d 906 (9th Cir.1986) ...................................................................................................3

## OTHER AUTHORITIES

Fed.R.Civ.P. 37(b) ....................................................................................................................3, 4

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– ii (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

1

**INTRODUCTION**

2     On February 21, 2025, defendants Def Con Communications, Inc. and Jeff

3   Moss ("Def Con") filed a summary judgment motion that sets forth, in painstaking

4   detail, Plaintiff Christopher Hadnagy's pattern of misconduct and harassment that

5   resulted in his ban from the Def Con conference. Def Con received reports from more

6   than a dozen people about Hadnagy's fixation on the bodies of his female employees

7   and conference attendees and participants; regular outbursts of anger in the

8   workplace and while at the Def Con conference; pattern of insulting employees in

9   ways that are dehumanizing; design of faux-training exercises aimed at eliciting

10  sexual information from strangers about things like penis circumcision, breast size,

11  and feminine hygiene products; and brandishing a switchblade at work and at the

12  Def Con conference. There's more, but those are the highlights.

13    The evidentiary record was voluminous—59 exhibits, totaling 776 pages. When

14  it came to electronically filing the exhibits, Def Con filed one comprehensive

15  document in the ECF system.

16    In filing the 776-page exhibit, counsel for Def Con inadvertently overlooked

17  four pages containing information that Hadnagy self-labeled as confidential. When

18  Plaintiff's counsel alerted Def Con to the unredacted information, Def Con acted in

19  *less than three hours* to seal the exhibit and correct the redactions, and counsel for

20  Def Con apologized to Plaintiff's counsel for the oversight. Plaintiff's counsel asked

21  for conferral, and Def Con immediately agreed. Presumably, at the conferral, the

22  parties would discuss if there were *any other steps* that Def Con's counsel could take

23  to ensure those four pages were not disseminated. That would have been a productive

24  conversation.

25    But rather than confer, Hadnagy's counsel took the Friday meeting off the

26  calendar and did not reschedule; instead, Hadnagy spent the March 3rd weekend

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 1 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

drafting a motion for *contempt* that he filed the following Monday which dramatically misrepresents the record and the nature of what happened, and unprofessionally ascribes false motives to Def Con and its counsel. Contrary to Hadnagy's complaints, nothing in his brief demonstrates deliberate conduct to disseminate confidential information, and nothing remotely rises to sanctionable conduct. Nothing. These things regrettably can happen in complicated filings, and courts expect the parties to work together to fix any inadvertent errors.

Def Con disseminated and linked to (1) *the motion*, which is not confidential; and (2) a publicly-available version of the docket at Courtlistener.com, a third-party public aggregator of PACER filings. Def Con did not link to the exhibits, much less the four unredacted pages within the 776-page exhibit compilation.

Hadnagy's bad-faith failure to confer with Def Con's counsel made things *worse* for himself. And it's not hard to see how: instead of conferring, Hadnagy filed this surprise motion at 4:28 p.m. on March 3, 2025, complaining for the first time the four pages of confidential material were still available at the Courtlistener link. And *less than 24 hours later*, Def Con had contacted the executive director of Courtlistener and obtained the sealing of the unredacted summary judgment exhibits. After Def Con e-mailed Courtlistener, the original link to the unsealed exhibit was sealed only 30 minutes later. That's worth saying again: it literally took Def Con *just 30 minutes* to get Courtlistener to "fix" the link. The exhibits are now no more available at Courtlistener than they are on PACER.

Here's the upshot: *Nothing* was stopping *Hadnagy* from simply contacting Courtlistener himself to seal the link, or from conferring with Def Con about the documents' availability at Courtlistener and asking Def Con to do something about it. But as the summary judgment motion lays out, Hadnagy has an appetite for retribution and will seize any opportunity to get retribution; here, he wanted to

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 2 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

1   weaponize the public availability of the unredacted documents more than he wanted
2   to protect his ostensible privacy interests.

3   What's more, Hadnagy predicates the motion on an unintended and limited
4   disclosure of information that is, upon inspection, *not that sensitive or confidential in*
5   *the first place*. The information concerns (1) three allegedly lost contracts; (2)
6   Hadnagy's lost salary (which is necessarily the basis for his damages); and (3) his
7   emotional distress (again, a basis for damages). In other words, Hadnagy wants
8   exceedingly harsh sanctions against Def Con, and its counsel, for accidentally
9   disclosing the *exact bases* for which he would seek damages at a public trial. This was
10  not the secret formula for Coca-Cola; this is the bedrock of Hadnagy's damages case
11  according to *his own discovery responses*.

12  At bottom, this motion never should have been filed. Counsel should be
13  working together to fix inadvertent errors like this if and when they occur, rather
14  than rushing off unprofessional motions for sanctions. Here, Def Con acted
15  *immediately* to cure what amounted to a scrivener's error in a 776-page exhibit.
16  Sanctions are inappropriate and unnecessary.

17  ## LEGAL STANDARD

18  Federal Rule of Civil Procedure 37(b) permits a court to issue sanctions for
19  violations of a discovery order. Fed.R.Civ.P. 37(b)(2)(a). A protective order is a
20  discovery order within the meaning of Rule 37(b). *United States v. Nat'l Med.*
21  *Enterprises, Inc.*, 792 F.2d 906, 911 (9th Cir.1986). "The scope of sanctions for failure
22  to comply with a discovery order is committed to the sound discretion of the district
23  court." *Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997). Rule 37's twin aims
24  are "to penalize those whose conduct may be deemed to warrant such a sanction, [and]
25  to deter those who might be tempted to such conduct in the absence of such a
26  deterrent." *E.E.O.C. v. Fry's Elecs., Inc.*, 287 F.R.D. 655, 658 (W.D. Wash. 2012).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 3 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

This is not a case where Def Con's conduct warrants sanctions or where any deterrent effect is necessary, and thus the "twin aims" of Rule 37 sanctions are not present. Def Con elaborates below.

## STATEMENT OF FACTS

### I.  Def Con followed the Stipulated Protective Order regarding Plaintiff's other confidential documents.

Def Con's good faith should not be disputed. Before filing its summary judgment motion, Def Con literally *disclosed the exhibits it intended to use* to Hadnagy and advised what redactions Def Con thought would be necessary. And Def Con otherwise complied with the Stipulated Protective Order in protecting Plaintiff's other confidential documents and personally identifying information of third parties. This alone demonstrates Def Con's intent to follow the protective order, and Def Con's good faith compliance.

On February 18, 2025, counsel for Def Con worked with their internal e-discovery personnel to cross-check the as-produced confidentiality designations for their 59 summary judgment exhibits. Mertens Decl., ¶ 2. Through this process, Def Con identified two documents, Exhibits 35 and 54, that Plaintiff had designated confidential. Mertens Decl., ¶ 3. Def Con systematically redacted all references to the former clients with whom Plaintiff was communicating. *Id.*

On February 21, 2025, Def Con advised Plaintiff that, although Def Con substantively disagreed with the confidentiality designations on these two documents, Def Con had nonetheless applied all necessary redactions to protect Plaintiff's alleged business interests and to spare the parties unnecessary motions practice. Mertens Decl., ¶ 4, Ex. 1. Similarly, Def Con applied privacy redactions to protect the personally identifiable information of uninvolved third parties. *See, e.g.*, ECF No. 84 at 275, 564-66, 583, 615-616, 618, 660-661, 668, 722 (redacting personal

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  email addresses and phone numbers);  595-598, 708-712 (redacting customer

2  information to comply with the Stipulated Protective Order); 21, 51, 437-38, 441

3  (redacting sensitive and irrelevant personal information to avoid embarrassment to

4  uninvolved third parties).

5      But one document slipped through: Hadnagy's interrogatory responses to Def

6  Con's discovery requests. In those responses, the significant majority of which are not

7  confidential, Hadnagy describes the statements he believes defamed him; identifies

8  the people he talked to about the Transparency Report; identifies his social media

9  handles; identifies (incompletely, as future discovery made clear) the people who have

10  complained about him at trainings and seminars; and, as particularly relevant here,

11  identifies the categories of losses he intends to rely on at trial, including the same

12  lost contracts and emotional distress that he wants to sanction Def Con (and its

13  counsel) for revealing in its 776-page exhibit. Nothing about those responses is

14  especially confidential or secretive.  What's more, Hadnagy did not "produce" the

15  discovery responses as he had with Exhibits 35 and 54, and thus they did not have a

16  confidential designation within Perkins Coie's e-discovery platform. Mertens Decl., ¶

17  6. In other words, the safeguards in place—namely, the discovery platform which

18  "codes" confidentiality designations in an automated fashion—didn't apply to these

19  interrogatory responses because they weren't "produced" and therefore weren't

20  "loaded" into that platform. It's no wonder that those are the only pages that slipped

21  through.

22      When counsel for Def Con cross-checked the summary judgment exhibits for

23  confidentiality, he inadvertently overlooked the confidentiality designations on

24  portions of Hadnagy's discovery responses. Mertens Decl., ¶ 7. This oversight was

25  completely accidental; a good-faith omission; and not for any litigation purpose.

26  *Id.* ¶ 8. Contrary to the Motion's assertions, it was not deliberate; calculated;

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 5 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

1    intentional; strategic; malicious; or part of a strategy to embarrass Plaintiff. Def Con
2    did not direct this as a litigation strategy. Counsel inadvertently overlooked these
3    designations. *Id.*

4          But there is serious doubt about whether this information is even confidential
5    in the first place. The designated information falls into three categories: (1) contracts
6    with former clients (by their nature, shared with third parties); (2) Hadnagy's
7    allegedly lost salary; and (3) Hadnagy's assertions of ███████████ related
8    to Def Con's alleged defamation.[1] See ECF 84 at 343-344 and 346-347.

## II.    Def Con responded immediately upon learning of the inadvertent disclosure.

      On February 26, 2025, at 1:16 p.m., Hadnagy's counsel advised Def Con that
11   Exhibit 21 to the summary judgment motion contained unredacted confidential
12   information. Mertens Decl., ¶ 9, Ex. 2. Within *three hours*, Def Con investigated,
13   confirmed the inadvertent filing, contacted the Court, sealed the original exhibit, and
14   filed a corrected, redacted exhibit. *Id.* ¶ 10. Counsel for Def Con immediately
15   explained to counsel for Plaintiff what had occurred and apologized directly to
16   Plaintiff:

---

[1] *Plaintiff himself* alleges that he has suffered "emotional harm, exposure to contempt, ridicule, and shame" from Def Con's alleged defamation. Compl. ¶ 118. It follows that no one would—or as is apparent from the lack of public engagement with Plaintiff's ostensibly confidential medical information, did—raise an eyebrow about Plaintiff's mental health treatment.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 6 (No. 2:23-cv-01932-BAT)

180290863.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations



Mertens, Matthew (POR)

To  ○ Mark Conrad; ◉ Trambley, Lauren (SFO)

Cc  ○ Lauren English; ◉ Ted Buck; ◉ Perez, David A. (SEA); ◉ Dean, Jacob (WDC);
    ◉ Mahaffey, Freddie (POR)

Archive  2/25/2030

😊  ↩ Reply    ↩ Reply All    → Forward    [icon]    ···

Wed 2/26/2025 3:58 PM

Mark—

I missed this. We cross-checked all the exhibits against the documents' confidential designations you had provided in discovery, which is why we contacted you about the redactions we intended to (and did) apply to the other documents you had designated confidential. The RFA responses weren't "produced" and thus didn't have a confidential tag associated with them, and I didn't recall that there was confidentially designated material in the RFA admissions.

We are contacting the court right now to (1) seal the exhibit to my declaration; and (2) file an updated, redacted version that redacts the materials designated confidential in the RFA admissions.

I apologize to your client for my oversight. It was not intentional, as I hope our other efforts to maintain the confidentiality designations of your documents demonstrate.

**Matt Mertens**
PARTNER

Plaintiff springs the sanctions motion on Def Con without conferral.

On Thursday, February 27, in response to the e-mail above, counsel for Plaintiff told counsel for Def Con to "[p]lease be prepared to discuss this issue during our meet and confer tomorrow" as part of the parties' discussions about confidentiality issues more broadly. Mertens Decl., ¶ 11, Ex. 3. Counsel for Def Con was prepared to do so. *Id.* But the next day, Friday, February 28, at 10:53 a.m.—*seven minutes* before the parties were scheduled to confer—Hadnagy's counsel decided to add over 150 documents to a list of documents that Def Con had designated and that Hadnagy wanted to be not confidential. *Id.* ¶ 12, Ex. 4. In other words, going into this meet-and-confer, Hadnagy and his counsel were much more focused on getting *Def Con's* documents de-designated than on the four pages from the summary judgment exhibit.

Counsel for Def Con responded two minutes later and proposed that the parties reschedule their conferral for the week of March 3 to allow both sides to take informed

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 7 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

1    positions on the down-designation request, and counsel for Hadnagy agreed. *Id.* At

2    no point did counsel for Hadnagy suggest that the parties confer on his forthcoming

3    sanctions motion or on how to further remedy any disclosure of Hadnagy's

4    information. *Id.* ¶ 13. Hadnagy's counsel said literally nothing about that.

5        Instead, the next Monday, March 3, Plaintiff sprang this sanctions motion on

6    Def Con *without* conferring with Def Con's counsel.

7        Plaintiff complains that Def Con's "social media posts linking to the

8    information have not been removed." ECF 85 at 5:23. It is false that Def Con has

9    linked, or is linking, to the information in question. The "courtlistener.com" link in

10   Def Con's social media posts links to the entire docket for this matter, not the 776-

11   pages of summary judgment exhibits or the specific unredacted information. Mertens

12   Decl., ¶ 14, Ex. 5. Someone would have had to click the Courtlistener link; scroll

13   through the entire docket to find the docket entry for the unsealed exhibits; click

14   through on *that* link; and then scroll through hundreds of pages of exhibits to find the

15   unredacted four pages. Neither Def Con nor its counsel told anyone to do this, in social

16   media postings or otherwise, as neither Def Con nor its counsel knew the exhibits had

17   inadvertently not been redacted.

18
### III.    Def Con promptly obtains the sealing of the unredacted documents at Courtlistener.com.
19

20       In less than 24 hours after receiving the Motion and learning that Plaintiff

21   wanted the unredacted exhibits removed from Courtlistener, counsel for Def Con

22   contacted the executive director of Courtlistener and had the exhibits sealed:

23
| 81 | Feb 21, 2025 | DECLARATION of Matt Mertens filed by Defendants Jeff Moss, Def Con Communications Inc re 79 MOTION for Summary Judgment (Attachments: # 1 SEALED Exhibit 1 - 59)(Perez, David) Modified to administratively seal Exhibit 1 on 2/26/2025 (LH). (Entered: 02/21/2025) |
| | | Main Document      Declaration |
| | | Attachment 1       Exhibit 1 - 59 |

24

25   Mertens Decl., ¶ 15, Ex. 6.

26

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 8 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

1
2
3
4
5
6
7
8

Def Con contacted Courtlistener on March 4 at 1:44 p.m.; the link to the unredacted documents was sealed *30 minutes later* by 2:14 p.m. *Id.* ¶ 16, Ex. 7. Def Con would have done this on Friday, February 28, or over the weekend if Plaintiff had bothered to confer with Def Con before filing this meritless motion. *Id.* ¶ 17. Instead of sending *one e-mail* (or directing Def Con to do so in a conferral that Hadnagy refused to reschedule) to get the link removed in *literal minutes*, Hadnagy instead chose to spend time on a baseless motion for sanctions. The Court should not countenance this kind of litigation gamesmanship.

9

## LEGAL ARGUMENT

10
11

## I.   Plaintiff does not cite a single similar case where a court awarded sanctions.

12
13
14
15
16
17
18
19
20
21
22
23
24
25

This is simply not the kind of fact pattern that results in sanctions, as Plaintiff's motion makes clear. He does not cite a *single case* where a court sanctioned a party for unintentional, limited, and promptly cured disclosure of confidential information. Indeed, Western District of Washington authority is directly contrary. *See B.E.S. v. Seattle Sch. Dist. No. 1*, No. C05-2092RSM, 2007 WL 710095, at *2 (W.D. Wash. Mar. 6, 2007) (denying plaintiff's motion for sanctions based on defendant's inadvertent filing of unredacted documents in support of motion for summary judgment); *Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters*, No. C09-5232BHS, 2010 WL 11485531, at *1 (W.D. Wash. Mar. 2, 2010) (denying plaintiff's motion for sanctions based on defendant's mistake in filing unredacted confidential information that was "publicly filed for a short time" because "it is not uncommon" for attorneys of all experience levels to make mistakes); *Cen Com Inc. v. Numerex Corp.*, No. C17-0560RSM, 2018 WL 4184335, at *8 (W.D. Wash. Aug. 31, 2018) (declining to enter sanctions notwithstanding party's multiple

26

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 9 (No. 2:23-cv-01932-BAT)

180290863.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    violations of the stipulated protective order and failure to follow local rules regarding

2    confidentiality and sealing).

3        *Gaekwar v. Amica Mut. Ins. Co.* is directly on point and strongly suggests that

4    sanctions are inappropriate here. No. 2:22-CV-1551-BJR, 2023 WL 8449233 (W.D.

5    Wash. Dec. 6, 2023). The plaintiff filed a declaration in support of his opposition to

6    the defendant's motion for summary judgment and attached certain confidential

7    materials from the defendant. *Id.* at *1. Counsel for defendant contacted counsel for

8    plaintiff and asked him to withdraw the confidential materials, and within two hours,

9    the plaintiff filed a revised declaration that did not include the confidential materials.

10   *Id.* The court entered a stipulated order sealing the initial filing the next day. *Id.* The

11   defendant sought sanctions of $5,000 because (1) the plaintiff's counsel violated the

12   protective order; (2) the brief that the confidential materials were filed in support of

13   did not rely on the materials; and (3) Plaintiff's counsel knew the materials were

14   confidential. *Id.* The court nonetheless denied the motion for sanctions because this

15   was a first-time offense with no prejudice to the defendant, plaintiff corrected the

16   error within hours, and counsel for plaintiff admitted to his error. *Id.*

17       *Gaekwar* is virtually identical: this is a first-time mistake with no

18   demonstrable prejudice to Plaintiff, as this is the same information he would use to

19   support his damages at trial; counsel for Def Con admits to his error; and Def Con

20   corrected the issue within three hours of Plaintiff bringing the issue to Plaintiff's

21   attention. Def Con sealed the unredacted documents the same day Plaintiff raised

22   the issue, which was even faster than the *Gaekwar* plaintiff. The *Gaekwar* court

23   denied a $5,000 request for sanctions; there is simply no basis for Plaintiff's request

24   of *thirty times* that amount.

25       Plaintiff relies primarily on *Harmon v. City of Santa Clara*, but this case is

26   readily distinguishable. 323 F.R.D. 617 (N.D. Cal. 2018). In *Harmon*, the issue was

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 10 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

1    whether to sanction counsel for the plaintiffs for "*publicly and purposefully releasing*
2    *the key piece of evidence in this case*: a police body cam video showing [the plaintiff]
3    being restrained and injured." *Id.* at 619 (emphasis added). Counsel for the plaintiff
4    relied on an associate attorney's "five-minute inspection of the video's electronic files
5    and his equivocal conclusion that he believed the video was not designated as
6    confidential" before intentionally deciding to post the video on YouTube and
7    disseminating links to the YouTube video. *Id.* at 626. After learning they had violated
8    the protective order by posting the confidential video, counsel for plaintiff directed
9    plaintiff to take down the video from YouTube but allowed her to keep a link to the
10   video on her publicly available Facebook page. *Id.* at 621. The court held that even
11   this conduct did not warrant civil contempt sanctions but awarded attorney's fees and
12   costs against counsel for plaintiffs. *Id.* at 627.

13          This case is not like *Harmon* in any way. Counsel for Def Con did not "publicly
14   and purposefully release the key piece of [confidential] evidence in this case." They
15   inadvertently overlooked four confidential designations embedded within Plaintiff's
16   otherwise non-confidential discovery responses and otherwise complied with the
17   Stipulated Protective Order in filing the summary judgment motion. Plaintiff did not
18   identify the discovery responses themselves as confidential, either in the document's
19   caption or in any headers or footers. *See* ECF 84 at 331-364. Unlike in *Harmon*,
20   counsel for Def Con did not intentionally conclude after an inadequate and haphazard
21   investigation that Plaintiff's discovery responses could be filed publicly. Theirs was
22   an inadvertent mistake, cured quickly. And unlike in *Harmon*—and contrary to
23   Plaintiff's assertions—neither Def Con nor its counsel are linking to the inadvertently
24   disclosed confidential materials. The opposite is true. As soon as Plaintiff made Def
25   Con aware of the Courtlistener issue, Def Con cured it.

26

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 11 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

Plaintiff contends there was "no legitimate need to file this information" because it had no bearing on Def Con's summary judgment motion. ECF 85 at 7:22-23. But Def Con intentionally filed complete documents in support of its summary judgment motion—including, crucially, those portions of documents *setting forth Plaintiff's position and point of view*—because Def Con did not want to be accused, either by Plaintiff or in the online discourse about this dispute, of cherry-picking information for summary judgment. Mertens Decl., ¶ 18.[2] To wit, Def Con filed the entirety of Plaintiff's discovery responses, including his various denials of Def Con's discovery requests. *See* ECF 84 at 331-364. Similarly, Def Con also filed the entirety of Plaintiff's draft book, which sets forth a highly slanted version of events from Plaintiff's perspective, rather than just attach specific pages from his book. *See* ECF 84 at 453-562. Def Con consistently did this across all its exhibits. *See* Mertens Decl., ¶ 18 (identifying, *inter alia*, Exhibits 1, 6, 8, 11, 14, 26, 39, 50, and 53 as full versions of documents rather than relevant excerpts). Plaintiff's assertion that counsel for Def Con intentionally posted Plaintiff's confidential information and then "deliberately engaged in an extensive online campaign to amplify the disclosure" is completely untrue. *Id.* ¶ 20.

In short, and unlike the public focus on the confidential video in *Harmon,* the focus of the summary judgment motion and the focus of the public response has been on Plaintiff's undisputed and non-confidential conduct. *See* Mertens Decl., ¶ 19, Ex. 8 (extended public discussion on Reddit of the assertions in the summary judgment motion). *No one*—except for Plaintiff, and apparently one anonymous and untraceable emailer over the March 3rd weekend, whose email provided timely

---

[2] This is precisely what has happened. *See, e.g.,* Mertens Decl., ¶ 19, Ex. 8 at pp. 16-17 (online discussion of "missing testimony" from summary judgment exhibits containing targeted excerpts from depositions).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 12 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

1   support for this sanctions motion—is talking about Plaintiff's salary, allegedly lost

2   contracts, or his alleged ████████████████. The public focus has been exclusively

3   on Def Con's motion for summary judgment and the undisputed facts of Plaintiff's

4   extensive misconduct set forth therein.

## II.    Plaintiff overstates the sensitivity of the inadvertently disclosed information.

7           Plaintiff's contentions about "the immediate and severe risk" to his company

8   do not make sense given the information inadvertently disclosed. Far from revealing

9   "a detailed list of [his] company's clients" as he states, the interrogatory responses

10  identify *three former clients* and the annual value of the contracts, without revealing

11  anything about the nature of the services performed. ECF 84 at 343. Moreover, these

12  are the precise contracts that Plaintiff identified as forming part of his damages. *See*

13  *id.* at 342-43 (interrogatory identifying each person that allegedly terminated a

14  contract with Plaintiff because of Def Con's public statements). Plaintiff, of course,

15  cannot simultaneously insist on the competitive value and confidentiality of this

16  information while *also* intending to claim these alleged losses at trial.[3]

17          The same is conceptually true for the information related to Plaintiff's medical

18  treatment. Plaintiff attributes his ████████████████████████████

19  ████████████████████████████████████—to Def Con's actions.

20  These are alleged losses for which he is seeking compensation at trial. Inadvertent,

21  limited disclosure of the highest of high-level discussion about Plaintiff's medical

22  treatment cannot possibly be the basis for sanctions when Plaintiff will presumably

23  testify in exacting detail about this treatment if this matter goes to trial.

---

[3] The same is true for Plaintiff's lost salary, which he attributes to Def Con's actions in allegedly sabotaging his company. *See id.* at 347.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 13 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

1    In fact, Plaintiff has not designated *significantly* more sensitive information as

2    "confidential" under the Stipulated Protective Order. For example:

3

4    

5

6

7

8

9    The contrast between these non-confidential excerpts and the confidential

10    excerpt for which Plaintiff seeks sanctions is striking. Sanctioning Def Con for

11    inadvertently disclosing anodyne information about Plaintiff's alleged mental-health-

12    related damages when Plaintiff has not designated much more sensitive information

13    as "confidential" is incongruous. Against this backdrop, any award of sanctions is not

14    "reasonable, fair, and just under the circumstances." *Harmon,* 323 F.R.D. 617 at 626.

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    _____

[4] Although Plaintiff has not marked this document or any of the information therein

26    as "confidential," Def Con is nonetheless redacting it out of respect for Plaintiff's
     privacy.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
– 14 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion for Sanctions in its entirety.

DATED this 11th day of March 2025.

**PERKINS COIE LLP**

I certify that this memorandum contains 3,757 words, in compliance with the Local Civil Rules.

s/David A. Perez
David A. Perez
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Email: DPerez@perkinscoie.com

Matthew J. Mertens
**Perkins Coie LLP**
1120 N.W. Couch Street 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Email: MMertens@perkinscoie.com

Lauren A. Trambley
**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Email: LTrambley@perkinscoie.com

*Attorneys for Defendants Jeff Moss and DEF CON Communications, Inc.*

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND SANCTIONS – 15 (No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

180290863.1