THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | No. 2:23-cv-01932-BAT<br><br>**DECLARATION OF MATTHEW J. MERTENS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND SANCTIONS**<br><br>Noted for Consideration: March 24, 2025 |

DECLARATION OF MATTHEW J. MERTENS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND SANCTIONS
(No. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   I, Matthew J. Mertens, declare and state as follows:

2   1.   I am a partner at Perkins Coie LLP, and I serve as counsel for Defendant
3   Def Con Communications, Inc. and Jeff Moss ("Def Con") in the above-entitled action.
4   I have personal knowledge of the matters attested to herein.

5   2.   On February 18, 2025, I worked with Perkins Coie's e-discovery
6   strategy and services (ESS) team to cross-check the confidentiality designations of
7   the 59 documents that Def Con intended to file in support of its February 21, 2025,
8   motion for summary judgment. Perkins Coie uses an e-discovery platform called
9   Relativity to manage inbound and outbound document productions. I asked ESS
10  personnel to review the confidentiality designations of these 59 documents in
11  Relativity to ensure that Def Con was complying with the parties' June 10, 2024,
12  stipulated protective order (SPO) regarding the potential filing of Plaintiff's
13  confidential documents.

14  3.   Through this process, we identified two documents—Exhibits 35 and
15  54—in which Plaintiff was emailing with former clients and that Plaintiff had
16  designated confidential under the SPO. We systematically redacted all references to
17  the former clients with whom Plaintiff was communicating in these two exhibits.

18  4.   On February 21, 2025, I emailed counsel for Plaintiff to advise him that,
19  although Def Con substantively disagreed with the confidentiality designations on
20  these two documents, Def Con had nonetheless applied all necessary redactions to
21  protect Plaintiff's alleged business interests when filing these documents and to spare
22  the parties unnecessary motions practice. A true and correct copy of this email is
23  attached as **Exhibit 1.**

24  5.   Additionally, during the week of February 17, 2025, I directed a Perkins
25  Coie paralegal to identify and redact personally identifiable information of third
26  parties in the 59-exhibit compilation. We applied privacy redactions to personal email

DECLARATION OF MATTHEW J. MERTENS IN SUPPORT
OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT AND SANCTIONS
(No. 2:23-cv-01932-BAT)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

addresses, phone numbers, customer information, and certain sensitive and irrelevant personal information to avoid embarrassment to uninvolved third parties.

6. However, Plaintiff did not "produce" the discovery responses as he had with Exhibits 35 and 54, and thus they did not have a confidential designation within Relativity.

7. Accordingly, when I directed the confidentiality cross-checking procedure described in Paragraph 2, I inadvertently overlooked the confidentiality designations that Plaintiff had applied to portions of his June 20, 2024, discovery responses. The caption, header, and footer for the discovery responses do not identify the presence of confidentially designated information. The only designations are within the body of the responses themselves.

8. This oversight was completely accidental, in good faith, and not for any litigation purpose. Contrary to the Motion's assertions, it was not deliberate; calculated; intentional; strategic; malicious; or part of a strategy to embarrass Plaintiff. Def Con did not direct this as a litigation strategy. I inadvertently overlooked these designations.

9. On Wednesday, February 26, 2025, at 1:16 PM, Plaintiff advised Def Con that Exhibit 21 to the summary judgment motion contained unredacted information that Plaintiff had designated confidential. A true and correct copy of Plaintiff's email is attached as **Exhibit 2.**

10. Within three hours of receiving Exhibit 2, Def Con investigated, confirmed the inadvertent filing, contacted the Court, sealed the original exhibit, and filed a corrected, redacted exhibit. On Wednesday, February 26, at 3:58 PM, I emailed counsel for Plaintiff explaining what had occurred and apologizing directly to Plaintiff for my oversight. A true and correct copy of this email chain is attached as **Exhibit 3.**

DECLARATION OF MATTHEW J. MERTENS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND SANCTIONS (No. 2:23-cv-01932-BAT) –3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

11.     On Thursday, February 27, in response to the email above, counsel for Plaintiff told me to "[p]lease be prepared to discuss this issue during our meet and confer tomorrow" as part of the parties' discussions about confidentiality issues more broadly. **Exhibit 3** contains this email from counsel for Plaintiff. I was prepared to discuss this issue with counsel for Plaintiff as he had requested.

12.     On Friday, February 28, the parties exchanged additional information regarding confidentiality designations and mutually agreed to reschedule their conferral for the week of March 3. A true and correct copy of this email exchange is attached as **Exhibit 4**.

13.     Counsel for Plaintiff never conferred with me as he had requested. Plaintiff instead served this Motion for Sanctions.

14.     The "courtlistener.com" social link in Def Con's social media posts links to the entire docket for this matter, not specifically to the 776 pages of summary judgment exhibits or to the specific unredacted information. A true and correct copy of the landing page (as of March 7, 2025) from the Courtlistener link in Def Con's social media posts is attached as **Exhibit 5**.

15.     In less than 24 hours after receiving Hadnagy's motion for sanctions and learning that Hadnagy wanted the unredacted exhibits removed from Courtlistener, I contacted the executive director of Courtlistener and had the exhibits sealed. A true and correct copy of a screenshot of Docket 81 at the Courtlistener.com website, showing that Docket 81 has now been sealed, is attached as **Exhibit 6**.

16.     On Tuesday, March 4, at 1:44 pm, I emailed Mike Lissner, the executive director of Courtlistener, and asked him to please seal Docket 81 because it inadvertently contained information designated as confidential under the SPO and because the Court had administratively sealed the corresponding exhibit on PACER.

DECLARATION OF MATTHEW J. MERTENS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND SANCTIONS (No. 2:23-cv-01932-BAT) –4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  At 2:14 pm, Mr. Lissner responded to me confirming that he had sealed Docket 81. A true and correct copy of our email correspondence is attached as **Exhibit 7**.

17. Def Con would have contacted Mr. Lissner on Friday, February 28, or over the weekend if counsel for Plaintiff had conferred with Def Con before filing the motion for sanctions.

18. Def Con filed full copies of relevant documents where possible because it did not want to be accused, either by Plaintiff or in the online discourse about this dispute, of cherry-picking information for summary judgment. Def Con accordingly filed full copies of relevant documents, rather than solely the relevant excerpts, of *many* summary judgment exhibits. *See, e.g.*, Ex. 1 (full Transparency Report), Ex. 6 (entirety of Plaintiff's exchange with third party Jake Williams); Ex. 8 (entirety of draft chapter of Plaintiff's book); Ex. 11 (full conversation between television producer and plaintiff); Ex. 14 (full exchange of messages between Neil Wyler and Plaintiff); Exs. 26 and 39 (full exchanges between Plaintiff and tech journalists); Ex. 50 (full exchange of emails between Plaintiff and conference organizer); Ex. 53 (entirety of Plaintiff's DEI survey).

19. Attached as **Exhibit 8** is a true and correct copy of certain social media posts available at the following URL, which I accessed on March 4, 2025: https://www.reddit.com/r/Defcon/comments/1ivo7x0/hadnagy_vs_defcon_et_al_motion_for_summary/

20. Plaintiff's assertion that counsel for Def Con intentionally posted Plaintiff's confidential information and then "deliberately engaged in an extensive online campaign to amplify the disclosure" is completely untrue.

/ / /

/ / /

/ / /

DECLARATION OF MATTHEW J. MERTENS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND SANCTIONS (No. 2:23-cv-01932-BAT) –5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: March 7, 2025.

                                          s/*Matthew J. Mertens*

                                          Matthew J. Mertens

DECLARATION OF MATTHEW J. MERTENS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND SANCTIONS (No. 2:23-cv-01932-BAT) –6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000