# Exhibit 1

## Hand, Rachel (SEA)

| | |
|---|---|
| **From:** | Mertens, Matthew (POR) |
| **Sent:** | Friday, February 21, 2025 9:43 AM |
| **To:** | Mark Conrad; Trambley, Lauren (SFO); *ESSPM 035151.0013 |
| **Cc:** | Amber Holmes; Rastello, Kenneth R. (SEA); Lauren English; Kristofer@riklislaw.com; Ted Buck; Dean, Jacob (WDC); Perez, David A. (SEA) |
| **Subject:** | RE: Hadnagy, et al. v. Moss, et al ‖ redactions regarding summary judgment filing |
| **Attachments:** | 35. SE_015434.pdf; 54. SE_20143.pdf |

Mark, sorry for the delay here. I don't think a meet and confer is required on the below and accept your representations about the difficulty of obtaining this information compared to its relevance to the case.

Separately, we intend to use the two attached documents to support our forthcoming motion for summary judgment. Social-Engineer has designated these documents as confidential under the SPO. While that designation falls within the categories of documents contemplated under the SPO, we disagree that Social-Engineer would be able to defend the confidentiality of these designations if it were forced to do so under Section 6.3 of the SPO. Emails with former clients from nearly 9 and over 3 years ago respectively would not provide any kind of competitive advantage to Social-Engineer's competitors if they became public, nor would Social-Engineer experience any kind of competitive harm.

Nonetheless, to avoid unnecessary motions practice, we will redact references to the former clients prior to filing these documents.

Thanks,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Wednesday, February 12, 2025 10:14 AM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; *ESSPM 035151.0013 <ESSPM035151.0013@perkinscoie.com>
**Cc:** Amber Holmes <aholmes@freybuck.com>; Rastello, Kenneth R. (SEA) <KRastello@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Kristofer@riklislaw.com; Ted Buck <tbuck@freybuck.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al - Plaintiffs' Responses to Defendants' Third Set of Interrogatories and Requests for Production

Matt,

I wanted to provide an update on issues we've encountered with the Slack data. Due to ILF's nonprofit status, Slack's subscription model restricts data exports unless on a higher-tier plan. While Slack allowed a one-time courtesy export, it does not appear that we can download the data again directly. The exported data is in JSON format, and our expert has confirmed that no readily available tools can natively parse it. Oxygen Forensics, the only forensic tool that supports Slack, requires direct extraction rather than working with pre-exported data. Since Chris's account is an admin account with access to the entire team's data, Oxygen Forensics appears to be attempting to download all available content, further complicating the process. The sheer volume of data is also creating challenges—an initial extraction attempt took four days and retrieved over 363,000 contacts before being halted. A second attempt has so far retrieved over 458,000 channel messages, but direct messages have yet to be processed. Additionally, our current eDiscovery platform, Digital War Room, does not support Slack data imports.

Given Ms. Gamble's testimony that she did not report anything to Def Con until after the ban announcement and that her complaints are not related to the conference, these efforts do not appear to be relevant or proportional to the issue before the court. Therefore, I propose bringing this issue to the court unless Def Con agrees that further efforts are unnecessary. We previously discussed this potential on January 17, 2025, but I am happy to meet and confer further to try to reach a resolution. Please let me know if you believe another meet/confer is necessary, and I will make myself available either tomorrow or Friday, 2/14.


-Mark

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mark Conrad
**Sent:** Wednesday, February 5, 2025 4:26 PM
**To:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>; ESSPM035151.0013@perkinscoie.com
**Cc:** Amber Holmes <aholmes@freybuck.com>; Rastello, Kenneth R. (Perkins Coie) <KRastello@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Kristofer@riklislaw.com; Ted Buck <tbuck@freybuck.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>
**Subject:** RE: Hadnagy, et al. v. Moss, et al - Plaintiffs' Responses to Defendants' Third Set of Interrogatories and Requests for Production

Matt,

Our client was able to recover additional messages with MacDougall from a backup file of his Signal account. We are producing those messages today.

# Exhibit 2

**Hand, Rachel (SEA)**

---

| | |
|---|---|
| **From:** | Mark Conrad <mconrad@freybuck.com> |
| **Sent:** | Wednesday, February 26, 2025 1:16 PM |
| **To:** | Trambley, Lauren (SFO) |
| **Cc:** | Lauren English; Ted Buck; Perez, David A. (SEA); Mertens, Matthew (POR); Dean, Jacob (WDC); Mahaffey, Freddie (POR) |
| **Subject:** | Re: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations |

It has come to my attention that your office filed multiple pieces of information that we specially marked as confidential including plaintiff's medical, client, and financial information.  See Merten Exhibits, pages 343, 346, 347. This information has now become wide spread on various social medial platforms by Def Con.

Why did Def Con file this information without conferring with our office per the protection order protocols?

-Mark

Sent from my iPhone. Please excuse any brevity, spelling and punctuation.

> On Feb 26, 2025, at 11:22 AM, Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com> wrote:

Thanks, Mark. 11:00 a.m. on Friday works. We'll circulate a calendar invite.

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Tuesday, February 25, 2025 6:16 PM
**To:** Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Add to the list:
1. Def Con 144

**Mark R. Conrad | Attorney**

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mark Conrad
**Sent:** Tuesday, February 25, 2025 6:11 PM
**To:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

I'm available on Friday morning at 11 a.m.

During the meet and confer, please be prepared to discuss Def Con's confidentiality designations under the protective order—specifically:

1. The names and other personal information of individuals who approached Defendant Def Con Communications, Inc. ("Def Con") with reports of bullying and harassment by Plaintiff Hadnagy.
2. Def Con's internal communications regarding whether and under what circumstances to ban individuals from the Def Con conference.

At this point, we specifically intend to file the following documents marked as confidential:

1. Moss's Signal messages produced in discovery (Rogers, Sugihara, Neil, Fincher, Gamble, Reynolds, Wyler, Murdock, Ensign).
2. Documents produced by Murdock in response to her subpoena.
3. Documents produced by Fincher in response to her subpoena.
4. Perkins' letter dated Nov. 14, 2024, with objections to Fincher's subpoena.
5. Moss's transcript (pages 24-25).

Also, just an FYI—Dkt. 79 is still publicly visible. If you intended to seal Dkt. 79, it remains accessible. Additionally, it appears that your office made changes to the motion beyond just fixing the redactions when comparing Dkt. 79 to Dkt. 83.

Let me know if you have any questions.

# Mark R. Conrad | Attorney

**Frey Buck**

1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Sent:** Tuesday, February 25, 2025 5:18 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Hi Mark,

Following up on the below. Please let us know your availability to meet and confer this week.

Thanks,

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com

**From:** Trambley, Lauren (SFO)
**Sent:** Monday, February 24, 2025 1:41 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>
**Subject:** Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Hi Mark,

Pursuant to LCR 5(g) and Section 4.3 of the parties' Stipulated Protective Order, we're writing to schedule a meet and confer regarding Plaintiffs' designation of (1) Ben Thomas's expert report and (2) the excel spreadsheet titled "Lost Contracts" as confidential. Defendants plan to attach these two documents as exhibits to their motion to exclude and make reference to them in the motion.

Please let us know your availability for the meet and confer.

Thanks,

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

# Exhibit 3

**Hand, Rachel (SEA)**

| | |
|---|---|
| **From:** | Mark Conrad <mconrad@freybuck.com> |
| **Sent:** | Thursday, February 27, 2025 2:37 PM |
| **To:** | Mertens, Matthew (POR); Trambley, Lauren (SFO) |
| **Cc:** | Lauren English; Ted Buck; Perez, David A. (SEA); Dean, Jacob (WDC); Mahaffey, Freddie (POR) |
| **Subject:** | RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations |

Please be prepared to discuss this issue during our meet and confer tomorrow as well.

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges. If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

---

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Wednesday, February 26, 2025 3:58 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Mark—

I missed this. We cross-checked all the exhibits against the documents' confidential designations you had provided in discovery, which is why we contacted you about the redactions we intended to (and did) apply to the other documents you had designated confidential. The RFA responses weren't "produced" and thus didn't have a confidential tag associated with them, and I didn't recall that there was confidentially designated material in the RFA admissions.

We are contacting the court right now to (1) seal the exhibit to my declaration; and (2) file an updated, redacted version that redacts the materials designated confidential in the RFA admissions.

I apologize to your client for my oversight. It was not intentional, as I hope our other efforts to maintain the confidentiality designations of your documents demonstrate.

**Matt Mertens**
**PARTNER**

**Perkins Coie**

1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Wednesday, February 26, 2025 3:22 PM
**To:** Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>
**Subject:** Re: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Please let me know what steps you intend to take to fix this?


Sent from my iPhone. Please excuse any brevity, spelling and punctuation.


On Feb 26, 2025, at 1:15 PM, Mark Conrad <mconrad@freybuck.com> wrote:


It has come to my attention that your office filed multiple pieces of information that we specially marked as confidential including plaintiff's medical, client, and financial information.  See Merten Exhibits, pages 343, 346, 347. This information has now become wide spread on various social medial platforms by Def Con.

Why did Def Con file this information without conferring with our office per the protection order protocols?


-Mark



Sent from my iPhone. Please excuse any brevity, spelling and punctuation.


On Feb 26, 2025, at 11:22 AM, Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com> wrote:


Thanks, Mark. 11:00 a.m. on Friday works. We'll circulate a calendar invite.

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204

+1.415.344.7140
ltrambley@perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Tuesday, February 25, 2025 6:16 PM
**To:** Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English
<lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR)
<MMertens@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>;
Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Add to the list:
   1. Def Con 144


## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a
transmission from the law firm Frey Buck. It may contain information that is
confidential and legally protected by the attorney-client, work product and/or
other privileges.  If you are not the designated or intended recipient, please
destroy the message without disclosing any of its contents and notify us
immediately by reply email or by calling 1-206-486-8000.

---

**From:** Mark Conrad
**Sent:** Tuesday, February 25, 2025 6:11 PM
**To:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>; Lauren English
<lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Mertens, Matthew
(Perkins Coie) <MMertens@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie)
<JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie)
<FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

I'm available on Friday morning at 11 a.m.

During the meet and confer, please be prepared to discuss Def Con's confidentiality
designations under the protective order—specifically:

   1. The names and other personal information of individuals who approached
      Defendant Def Con Communications, Inc. ("Def Con") with reports of bullying
      and harassment by Plaintiff Hadnagy.

2. Def Con's internal communications regarding whether and under what circumstances to ban individuals from the Def Con conference.

At this point, we specifically intend to file the following documents marked as confidential:

1. Moss's Signal messages produced in discovery (Rogers, Sugihara, Neil, Fincher, Gamble, Reynolds, Wyler, Murdock, Ensign).
2. Documents produced by Murdock in response to her subpoena.
3. Documents produced by Fincher in response to her subpoena.
4. Perkins' letter dated Nov. 14, 2024, with objections to Fincher's subpoena.
5. Moss's transcript (pages 24-25).

Also, just an FYI—Dkt. 79 is still publicly visible. If you intended to seal Dkt. 79, it remains accessible. Additionally, it appears that your office made changes to the motion beyond just fixing the redactions when comparing Dkt. 79 to Dkt. 83.

Let me know if you have any questions.

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Sent:** Tuesday, February 25, 2025 5:18 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Hi Mark,

Following up on the below. Please let us know your availability to meet and confer this week.

Thanks,

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com

---

**From:** Trambley, Lauren (SFO)
**Sent:** Monday, February 24, 2025 1:41 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>;
Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR)
<MMertens@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>;
Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>
**Subject:** Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Hi Mark,

Pursuant to LCR 5(g) and Section 4.3 of the parties' Stipulated
Protective Order, we're writing to schedule a meet and confer
regarding Plaintiffs' designation of (1) Ben Thomas's expert report and
(2) the excel spreadsheet titled "Lost Contracts" as confidential.
Defendants plan to attach these two documents as exhibits to their
motion to exclude and make reference to them in the motion.

Please let us know your availability for the meet and confer.

Thanks,

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other
confidential information. If you have received it in error, please advise the sender by reply
email and immediately delete the message and any attachments without copying or
disclosing the contents. Thank you.

---

This email has been scanned for spam and viruses. Click here to report this
email as spam.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

# Exhibit 4

**Hand, Rachel (SEA)**

| | |
|---|---|
| **From:** | Mark Conrad <mconrad@freybuck.com> |
| **Sent:** | Friday, February 28, 2025 10:58 AM |
| **To:** | Mertens, Matthew (POR) |
| **Cc:** | Trambley, Lauren (SFO); Lauren English; Ted Buck; Perez, David A. (SEA); Dean, Jacob (WDC); Mahaffey, Freddie (POR); Kristofer@riklislaw.com |
| **Subject:** | RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations |

Agreed. Let's reschedule. Thanks Matt.

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Friday, February 28, 2025 10:55 AM
**To:** Mark Conrad <mconrad@freybuck.com>
**Cc:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie) <FMahaffey@perkinscoie.com>; Kristofer@riklislaw.com
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Thank you, Mark. We're not going to be able to give you our position on these in 7 minutes prior to the conferral call. Given that we need your client's feedback on the proposed Daubert-related redactions, and you need our feedback on this specific set of documents, I think it makes sense to vacate the call and reschedule for early next week so we can both have intelligent and client-informed discussions about the other's position and asks.

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Friday, February 28, 2025 10:53 AM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Cc:** Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>; Kristofer@riklislaw.com
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Here are specific bates:

- DEFCON000239 – 250
- DEF CON 144
- DEFCON00000275 – 277 -
- DEFCON00000346 – 383 -
- DEFCON00000412 – 420 -
- DEFCON00000435 – 453 -
- DEFCON00000161 – 181 -
- DEFCON00000251 – 262
- DEFCON00000251 – 262
- MURDOCK00084, 96-97, plus Plaintiff's exhibits and related testimony in her deposition.
- FINCHER0001 –27, 88-97
- DEFCON0000001 – 00000067
- DEFCON0000266 - 270
- DEFCON0000398 – 411


## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mark Conrad
**Sent:** Friday, February 28, 2025 9:24 AM
**To:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Cc:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie) <FMahaffey@perkinscoie.com>; Kristofer@riklislaw.com
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Matt,

My goal is to comply with the protective order and court rules to ensure that any information designated as confidential by either Def Con or third parties is properly treated as such. This is about protecting Def Con and these third parties' information, and I hope you can appreciate that and assist me in this process. This isn't about "payback"—quite the opposite.

Additionally, you did not designate questions regarding Def Con's use of volunteers or tax compliance as "confidential" during the deposition or within the 15-day window after receiving the transcript. If there were specific portions of Moss's deposition that you wanted to be treated as confidential, you should have explicitly stated so on the record and designated them accordingly. The only question/answer you marked as confidential was on pages 24–25. Now, I'm left guessing what is confidential and what isn't.

—Mark


## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Friday, February 28, 2025 8:32 AM
**To:** Mark Conrad <mconrad@freybuck.com>
**Cc:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Mark, we are absolutely not going to re-review hundreds of documents and re-designate portions of them on the off chance that you feel like using a handful of them in your response. That's manifestly unreasonable. Conferral under 4.3 of the SPO requires discussion of whether *the document* can be redacted. It facially contemplates discussion of particular documents. Not hundreds of documents based on wide-ranging categorizations with no specificity.

Regarding your introduction, we aren't going to object to the highlighted if you say it in your introduction. But the specifics of Dec Con's annual revenue? Its specific areas of business expenditure? And the specifics about Def Con's volunteer arrangements, in-kind payments to them, Def Con's tax compliance, and the other financial and volunteer areas having *nothing to do with this case* that your client wanted you to spend hours asking Jeff about and then gloated via text message to Ryan MacDougall about having obtained? Those are confidential and will remain so.

It's evident that your client thinks that the summary judgment filing smeared him and this is his chance for payback. It's not. His conduct is directly relevant to whether Def Con's statements were defamatory. That's the entire case. The nature of his claim means that his conduct is under scrutiny in a way that Def Con's is not. Our confidentiality designations and our posture regarding our confidentiality designations will continue to reflect that clear and obvious distinction.

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Friday, February 28, 2025 8:03 AM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Cc:** Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>
**Subject:** Re: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Yes I may cite to all of them. Seems to me this should be fairly straightforward. There are two categories of documents you designated as confidential. Fincher and Murdock clearly don't fall under "internal communications re: whether and under what circumstances to ban individuals." That leaves name and personal information of people with reports re: Hadnagy. Well, their names are out there now by virtue of your filing. Personal information - just tell me what to redact?

I want to cite to the fact that ==Def Con is a multi million dollar company making millions in revenue from their conference in Vegas== which my client was banned from. It sets the stage for the rest of my argument. Again pretty straightforward.

Sent from my iPhone. Please excuse any brevity, spelling and punctuation.

> On Feb 28, 2025, at 6:56 AM, Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com> wrote:
>
> Mark—
>
> No, you haven't told me documents. Telling me documents would be, for example, MURDOCK00000222 or FINCHER00000009. Those are documents. You have instead told me categories of documents. Ms. Fincher produced 62 documents. Ms. Murdock

produced 158. I don't have Mr. Moss's Signal count offhand, but if memory serves, there are like 70-80 Signal messages. Are you going to rely on, cite to, and file each one of these 290-300 documents in your summary judgment filing?

As to the relevance—or complete lack thereof—of any additional confidentially designated information you want to include in your filing, that's absolutely germane to the confidentiality designation. You may want to review the Ninth Circuit standard that the Western District of Washington applies to motions to seal under LCR 5(g). It is a "compelling reasons" standard, and the Ninth Circuit has recognized that compelling reasons exist when "'court files might have become a vehicle for improper purposes . . . such as the use of records to gratify private spite[.]" Please provide a reason this material is relevant or we'll note your inability to do so when we recap the meet and confer in our motion to maintain confidentiality.

Thanks,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

> **From:** Mark Conrad <mconrad@freybuck.com>
> **Date:** February 28, 2025 at 5:34:09 AM PST
> **To:** "Mertens, Matthew (POR)" <MMertens@perkinscoie.com>
> **Cc:** "Trambley, Lauren (SFO)" <LTrambley@perkinscoie.com>, Lauren English <lenglish@freybuck.com>, Ted Buck <tbuck@freybuck.com>, "Perez, David A. (SEA)" <DPerez@perkinscoie.com>, "Dean, Jacob (WDC)" <JacobDean@perkinscoie.com>, "Mahaffey, Freddie (POR)" <FMahaffey@perkinscoie.com>
> **Subject: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations**

Matt,

I've told you the specific documents not sure what else I can do. Please be prepared to specifically tell me your basis for confidentiality during our meet and confer.

Re: moss dep. pg 24-25. You believing that it's not relevant for my response isn't a basis for maintaining confidentiality.  Also, Moss specifically says during the deposition that all this information is online.

-Mark

Sent from my iPhone. Please excuse any brevity, spelling and punctuation.

On Feb 27, 2025, at 9:47 PM, Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com> wrote:

Good evening, Mark—

Reaching out in advance of our meet and confer tomorrow on the Def Con designation issues.

Regarding the documents you intend to file currently marked as confidential. You've identified three categories of documents (Mr. Moss's Signal messages, documents produced by Ms. Murdock, documents produced by Ms. Fincher). What specific documents? I can't give you our position on down-designation if you're not going to tell us what you're seeking to have down-designated. As I told you previously, we aren't going to take the position that anything is confidential just because it makes reference to someone with complaints about Mr. Hadnagy's behavior. That cat is now out of the bag with our summary judgment filing, and we specifically consulted with and obtained the consent of each individual for what we filed. We also redacted the things for which those people did *not* provide their consent. It's thus a context-specific and content-specific ask you're making, so I need to know what specific content you're trying to down-designate.

1. Regarding Def Con 144, I need to consult with Mr. Moss to make sure there's nothing I'm missing, but it's likely we do not have any objection to down-designating that document.
2. Regarding our letter on Ms. Fincher's behalf dated November 14, 2024, I likewise need to consult with Ms. Fincher before committing to our position, but it's likely we do not have any objection to down-designating that document.
3. Regarding Mr. Moss's deposition transcript testimony at pp. 24-25, we object. Def Con's revenue and categories of expenses are wholly irrelevant to whether the Transparency Report and Transparency Update defamed Mr. Hadnagy, which is the sole cause of action here.

Talk soon,

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Thursday, February 27, 2025 2:37 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Mahaffey, Freddie

(POR) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Please be prepared to discuss this issue during our meet and confer tomorrow as well.

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Sent:** Wednesday, February 26, 2025 3:58 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Mark—

I missed this. We cross-checked all the exhibits against the documents' confidential designations you had provided in discovery, which is why we contacted you about the redactions we intended to (and did) apply to the other documents you had designated confidential. The RFA responses weren't "produced" and thus didn't have a confidential tag associated with them, and I didn't recall that there was confidentially designated material in the RFA admissions.

We are contacting the court right now to (1) seal the exhibit to my declaration; and (2) file an updated, redacted version that redacts the materials designated confidential in the RFA admissions.

I apologize to your client for my oversight. It was not intentional, as I hope our other efforts to maintain the confidentiality designations of your documents demonstrate.

**Matt Mertens**
**PARTNER**

**Perkins Coie**
1120 N.W. Couch Street Tenth Floor

Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Wednesday, February 26, 2025 3:22 PM
**To:** Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>
**Cc:** Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>
**Subject:** Re: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Please let me know what steps you intend to take to fix this?


Sent from my iPhone. Please excuse any brevity, spelling and punctuation.


On Feb 26, 2025, at 1:15 PM, Mark Conrad <mconrad@freybuck.com> wrote:


It has come to my attention that your office filed multiple pieces of information that we specially marked as confidential including plaintiff's medical, client, and financial information.  See Merten Exhibits, pages 343, 346, 347. This information has now become wide spread on various social medial platforms by Def Con.

Why did Def Con file this information without conferring with our office per the protection order protocols?


-Mark



Sent from my iPhone. Please excuse any brevity, spelling and punctuation.


On Feb 26, 2025, at 11:22 AM, Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com> wrote:


Thanks, Mark. 11:00 a.m. on Friday works. We'll circulate a calendar invite.

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com

**From:** Mark Conrad <mconrad@freybuck.com>
**Sent:** Tuesday, February 25, 2025 6:16 PM
**To:** Trambley, Lauren (SFO) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Add to the list:

1. Def Con 144

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any attachments is a transmission from the law firm Frey Buck. It may contain information that is confidential and legally protected by the attorney-client, work product and/or other privileges.  If you are not the designated or intended recipient, please destroy the message without disclosing any of its contents and notify us immediately by reply email or by calling 1-206-486-8000.

**From:** Mark Conrad
**Sent:** Tuesday, February 25, 2025 6:11 PM
**To:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Dean, Jacob (Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie M. (Perkins Coie) <FMahaffey@perkinscoie.com>
**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

I'm available on Friday morning at 11 a.m.

During the meet and confer, please be prepared to discuss Def Con's confidentiality designations under the protective order—specifically:

1. The names and other personal information of individuals who approached Defendant Def Con Communications, Inc. ("Def

Con") with reports of bullying and harassment by Plaintiff
Hadnagy.

2. Def Con's internal communications regarding whether and
   under what circumstances to ban individuals from the Def Con
   conference.

At this point, we specifically intend to file the following documents
marked as confidential:

1. Moss's Signal messages produced in discovery (Rogers,
   Sugihara, Neil, Fincher, Gamble, Reynolds, Wyler, Murdock,
   Ensign).
2. Documents produced by Murdock in response to her subpoena.
3. Documents produced by Fincher in response to her subpoena.
4. Perkins' letter dated Nov. 14, 2024, with objections to Fincher's
   subpoena.
5. Moss's transcript (pages 24-25).

Also, just an FYI—Dkt. 79 is still publicly visible. If you intended to seal
Dkt. 79, it remains accessible. Additionally, it appears that your office
made changes to the motion beyond just fixing the redactions when
comparing Dkt. 79 to Dkt. 83.

Let me know if you have any questions.

## Mark R. Conrad | Attorney

**Frey Buck**
1200 Fifth Avenue, Ste. 1900
Seattle, WA 98101
206-486-8000, Ext. 805
206-902-9660 (Fax)
www.freybuck.com

CONFIDENTIALITY NOTICE: This email message and any
attachments is a transmission from the law firm Frey Buck. It may
contain information that is confidential and legally protected by the
attorney-client, work product and/or other privileges.  If you are
not the designated or intended recipient, please destroy the
message without disclosing any of its contents and notify us
immediately by reply email or by calling 1-206-486-8000.

**From:** Trambley, Lauren (Perkins Coie) <LTrambley@perkinscoie.com>
**Sent:** Tuesday, February 25, 2025 5:18 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Lauren English
<lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Mertens,
Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Dean, Jacob
(Jake) (Perkins Coie) <JacobDean@perkinscoie.com>; Mahaffey, Freddie
M. (Perkins Coie) <FMahaffey@perkinscoie.com>

**Subject:** RE: Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Hi Mark,

Following up on the below. Please let us know your availability to meet and confer this week.

Thanks,

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com

**From:** Trambley, Lauren (SFO)
**Sent:** Monday, February 24, 2025 1:41 PM
**To:** Mark Conrad <mconrad@freybuck.com>; Lauren English <lenglish@freybuck.com>; Ted Buck <tbuck@freybuck.com>
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Dean, Jacob (WDC) <JacobDean@perkinscoie.com>; Mahaffey, Freddie (POR) <FMahaffey@perkinscoie.com>
**Subject:** Hadnagy v. Def Con | Meet and Confer re Confidentiality Designations

Hi Mark,

Pursuant to LCR 5(g) and Section 4.3 of the parties' Stipulated Protective Order, we're writing to schedule a meet and confer regarding Plaintiffs' designation of (1) Ben Thomas's expert report and (2) the excel spreadsheet titled "Lost Contracts" as confidential. Defendants plan to attach these two documents as exhibits to their motion to exclude and make reference to them in the motion.

Please let us know your availability for the meet and confer.

Thanks,

**Lauren Trambley** | ASSOCIATE | **Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7140
ltrambley@perkinscoie.com



NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

# Exhibit 5

# Hadnagy v. Moss (2:23-cv-01932)

## District Court, W.D. Washington

🏷 Tags ▾ | 🔔 Get Alerts (/alert/docket/toggle/) ▾

⧉ View on PACER (https://ecf.wawd.uscourts.gov/cgi-bin/DktRpt.pl?329575) ▾

Last Updated: March 6, 2025, 9:22 a.m.

Assigned To: Brian A. Tsuchida (/person/9638/brian-a-tsuchida/)

Citation: Hadnagy v. Moss, 2:23-cv-01932, (W.D. Wash.)

Date Filed: Dec. 13, 2023

Date of Last Known Filing: March 3, 2025

Cause: 28:1332 Diversity-Libel,Assault,Slander (/?type=r&cause="28:1332 Diversity-Libel,Assault,Slander")

Nature of Suit: Assault Libel & Slander (/?type=r&nature_of_suit="Assault Libel & Slander")

Jury Demand: Plaintiff (/?type=r&q=juryDemand:"Plaintiff")

Jurisdiction Type: Diversity

⊞ Docket Entries (/docket/68094183/hadnagy-v-moss/)

👥 Parties and Attorneys (/docket/68094183/parties/hadnagy-v-moss/)

Authorities (/docket/68094183/authorities/hadnagy-v-moss/)



Search this docket | 🔍 (/?type=r&q=docket_id%3A68094183)

**Filed** | **Documents**

MM/DD/YYYY | 

to | to

MM/DD/YYYY | 

↓⁹ Asc.   ↓¹ Desc. | ◀ Prev.   Next ▶

| | Date Filed | Description | ⬇ CSV |
|---|---|---|---|
| | Aug 29, 2023 | Case randomly assigned to Judge Cristina D. Silva and Magistrate Judge Brenda Weksler. (AMMi) [Transferred from nvd on 12/15/2023.] | |
| | | Add and Terminate Judges | |
| 1 | Aug 29, 2023 | PETITION FOR REMOVAL from Eighth Judicial District Court, Case Number A-23-875618-C, (Filing fee $ 402 receipt number ANVDC-7409679) by Def Con Communications, Inc., a Washington corporation, Jeff Moss. Certificate of Interested Parties due by 9/8/2023. (Attachments: # (1) Exhibit 1 - State Court Complaint, # (2) Civil Cover Sheet Civil Cover Sheet) (Cassity, Robert) NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must | |

immediately file its disclosure statement with its first appearance, pleading, petition,
motion, response, or other request addressed to the court. [Transferred from nvd
on 12/15/2023.] Modified on 12/19/2023 add description to Exh 1 (CDA).

Main Doc          Notice of Removal
(/docket/68094183/1/hadnagy-
v-moss/)

Att 1          Exhibit 1
(/docket/68094183/1/1/hadnagy-
v-moss/)

Att 2          Civil Cover Sheet
(/docket/68094183/1/2/hadnagy-
v-moss/)

| 2 | Aug 29, 2023 | CERTIFICATE of Interested Parties by Def Con Communications, Inc., a Washington corporation, Jeff Moss. There are no known interested parties other than those participating in the case. (Cassity, Robert) [Transferred from nvd on 12/15/2023.] |

Main Doc          Certificate-Other
(/docket/68094183/2/hadnagy-
v-moss/)

| 3 | Aug 30, 2023 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Matthew Mertens and DESIGNATION of Local Counsel Robert J. Cassity (Filing fee $ 250 receipt number ANVDC-7412230) by Defendants Def Con Communications, Inc., a Washington corporation, Jeff Moss. (Cassity, Robert) [Transferred from nvd on 12/15/2023.] |

Main Doc          Application for Leave to Appear Pro
(/docket/68094183/3/hadnagy-{htmlNbsp}
v-moss/)

| 4 | Aug 30, 2023 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by David A. Perez and DESIGNATION of Local Counsel Robert J. Cassity (Filing fee $ 250 receipt number ANVDC-7412231) by Defendants Def Con Communications, Inc., a Washington corporation, Jeff Moss. (Cassity, Robert) [Transferred from nvd on 12/15/2023.] |

Main Doc          Application for Leave to Appear Pro
(/docket/68094183/4/hadnagy-{htmlNbsp}
v-moss/)

| 5 | Aug 31, 2023 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Cristina D. Silva on 8/31/2023. By Deputy Clerk: A.Miller. Statement regarding removed action is due by 9/15/2023. Joint Status Report regarding removed action is due by 9/30/2023. (Copies have been distributed pursuant to the NEF - AMMi) [Transferred from nvd on 12/15/2023.] |

Main Doc          Minute Order
(/docket/68094183/5/hadnagy-
v-moss/)

| 6 | Sep 1, 2023 | STIPULATION FOR EXTENSION OF TIME (First Request) Respond to Complaint re [1] Petition for Removal,, by Defendants Def Con Communications, Inc., Jeff Moss. (Cassity, Robert) (extend) (answer) [Transferred from nvd on 12/15/2023.] |

Main Doc          Stipulated Motion
(/docket/68094183/6/hadnagy-
v-moss/)

| 7 | Sep 5, 2023 | |

ORDER Granting [3] Verified Petition for Permission to Practice Pro Hac Vice for Attorney Matthew Mertens for Defendant's Jeff Moss and Def Con Communications, Inc., and approving Designation of Local Counsel Robert Cassity. Signed by Judge Cristina D. Silva on 9/5/2023. Any Attorney not yet registered with the Court's e-filing system shall register on the PACER website www.pacer.gov(Copies have been distributed pursuant to the NEF - AMMi) [Transferred from nvd on 12/15/2023.]

Main Doc          Order on Application for Leave to
(/docket/68094183/7/hadnagy-Appear Pro Hac Vice
v-moss/)

| 8 | Sep 5, 2023 | ORDER Granting [4] Verified Petition for Permission to Practice Pro Hac Vice for Attorney David A. Perez for Defendant's Jeff Moss and Def Con Communications, Inc., and approving Designation of Local Counsel Bob Cassity. Signed by Judge Cristina D. Silva on 9/5/2023. Any Attorney not yet registered with the Court's e-filing system shall register on the PACER website www.pacer.gov(Copies have been distributed pursuant to the NEF - AMMi) [Transferred from nvd on 12/15/2023.] |

Main Doc          Order on Application for Leave to
(/docket/68094183/8/hadnagy-Appear Pro Hac Vice
v-moss/)

| 9 | Sep 5, 2023 | ORDER Granting [6] Stipulation for Extension of Time. Def Con Communications, Inc. and Jeff Moss answer due 10/2/2023. Signed by Magistrate Judge Brenda Weksler on 9/5/2023. (Copies have been distributed pursuant to the NEF - JQC) [Transferred from nvd on 12/15/2023.] |

Main Doc          Order on Stipulated Motion
(/docket/68094183/9/hadnagy-
v-moss/)

| 10 | Sep 15, 2023 | CERTIFICATE OF SERVICE for [5] Minute Order Removal Case, by Defendants Def Con Communications, Inc., Jeff Moss.. (Cassity, Robert) [Transferred from nvd on 12/15/2023.] |

Main Doc          Certificate of Service
(/docket/68094183/10/hadnagy-
v-moss/)

| 11 | Sep 15, 2023 | STATEMENT REGARDING REMOVAL by Defendants Def Con Communications, Inc., Jeff Moss.. (Attachments: # (1) Exhibit A, # (2) Exhibit B)(Cassity, Robert) [Transferred from nvd on 12/15/2023.] |

Main Doc          Statement
(/docket/68094183/11/hadnagy-
v-moss/)

Att 1          Exhibit A
(/docket/68094183/11/1/hadnagy-
v-moss/)

Att 2          Exhibit B
(/docket/68094183/11/2/hadnagy-
v-moss/)

| 12 | Sep 29, 2023 | Joint STATUS REPORT by Defendants Def Con Communications, Inc., Jeff Moss.. (Cassity, Robert) [Transferred from nvd on 12/15/2023.] |

Main Doc          Status Report
(/docket/68094183/12/hadnagy-
v-moss/)

| 13 | Oct 2, 2023 | |

MOTION to Dismiss by Defendants Def Con Communications, Inc., Jeff Moss.
Responses due by 10/16/2023. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3)
Exhibit 3)(Cassity, Robert) [Transferred from nvd on 12/15/2023.]

Main Doc              Motion to Dismiss
(/docket/68094183/13/hadnagy-
v-moss/)

Att 1              Exhibit 1
(/docket/68094183/13/1/hadnagy-
v-moss/)

Att 2              Exhibit 2
(/docket/68094183/13/2/hadnagy-
v-moss/)

Att 3              Exhibit 3
(/docket/68094183/13/3/hadnagy-
v-moss/)

|    |    |    |
|----|----|----|
| 14 | Oct 16, 2023 | RESPONSE to [13] Motion to Dismiss by Plaintiff Christopher J. Hadnagy. Replies due by 10/23/2023. (Attachments: # (1) Declaration Declaration of Counsel in Support of Plaintiffs' Opposition to Motion to Defendants' Dismiss for Lack of Personal Jurisdiction, # (2) Exhibit Exhibit 1 To Declaration of Counsel, # (3) Exhibit Exhibit 2 To Declaration of Counsel, # (4) Exhibit Exhibit 3 To Declaration of Counsel, # (5) Exhibit Exhibit 4 To Declaration of Counsel, # (6) Exhibit Exhibit 5 To Declaration of Counsel, # (7) Exhibit Exhibit 6 To Declaration of Counsel)(Riklis, Kristofer) [Transferred from nvd on 12/15/2023.] |

Main Doc              Response to Motion
(/docket/68094183/14/hadnagy-
v-moss/)

Att 1              Declaration Declaration of Counsel in
(/docket/68094183/14/1/hadnagy-    Support of Plaintiffs' Opposition to
v-moss/)

Att 2              Exhibit Exhibit 1 To Declaration of
(/docket/68094183/14/2/hadnagy-    Counsel
v-moss/)

Att 3              Exhibit Exhibit 2 To Declaration of
(/docket/68094183/14/3/hadnagy-    Counsel
v-moss/)

Att 4              Exhibit Exhibit 3 To Declaration of
(/docket/68094183/14/4/hadnagy-    Counsel
v-moss/)

Att 5              Exhibit Exhibit 4 To Declaration of
(/docket/68094183/14/5/hadnagy-    Counsel
v-moss/)

Att 6              Exhibit Exhibit 5 To Declaration of
(/docket/68094183/14/6/hadnagy-    Counsel
v-moss/)

Att 7              Exhibit Exhibit 6 To Declaration of
(/docket/68094183/14/7/hadnagy-    Counsel
v-moss/)

|    |    |    |
|----|----|----|
| 15 | Oct 16, 2023 | MOTION to Change Venue or Transfer. Responses due by 10/30/2023. (Attachments: # (1) Exhibit A)(Cassity, Robert) [Transferred from nvd on 12/15/2023.] |

Main Doc            Motion to Change Venue
(/docket/68094183/15/hadnagy-
v-moss/)

Att 1               Exhibit A
(/docket/68094183/15/1/hadnagy-
v-moss/)

| 16 | Oct 23, 2023 | REPLY to Response to [13] Motion to Dismiss by Defendants Def Con Communications, Inc., Jeff Moss. (Cassity, Robert) [Transferred from nvd on 12/15/2023.] |

Main Doc            Reply to Response to Motion
(/docket/68094183/16/hadnagy-
v-moss/)

| 17 | Oct 30, 2023 | RESPONSE to [15] Motion to Change Venue/Transfer by Plaintiff Christopher J. Hadnagy. Replies due by 11/6/2023. (Attachments: # (1) Declaration Declaration of Counsel In Support of Response, # (2) Exhibit Exhibit 1 to Decl. of Riklis, # (3) Exhibit Exhibit 2 to Decl. of Riklis, # (4) Exhibit Exhibit 3 to Decl. of Riklis, # (5) Exhibit Exhibit 4 to Decl. of Riklis, # (6) Exhibit Exhibit 5 to Decl. of Riklis, # (7) Exhibit Exhibit 6 to Decl. of Riklis, # (8) Exhibit Exhibit 7 to Decl. of Riklis, # (9) Exhibit Exhibit 8 to Decl. of Riklis, # (10) Exhibit Exhibit 9 to Decl. of Riklis, # (11) Exhibit Exhibit 10 to Decl. of Riklis, # (12) Exhibit Exhibit 11 to Decl. of Riklis, # (13) Exhibit Exhibit 12 to Decl. of Riklis, # (14) Exhibit Exhibit 13 to Decl. of Riklis, # (15) Declaration Declaration of Plaintiff, # (16) Exhibit Exhibit 1 to Decl. of Plaintiff) (Riklis, Kristofer) [Transferred from nvd on 12/15/2023.] |

Main Doc            Response to Motion
(/docket/68094183/17/hadnagy-
v-moss/)

Att 1               Declaration Declaration of Counsel In
(/docket/68094183/17/1/hadnagy-Support of Response
v-moss/)

Att 2               Exhibit Exhibit 1 to Decl. of Riklis
(/docket/68094183/17/2/hadnagy-
v-moss/)

Att 3               Exhibit Exhibit 2 to Decl. of Riklis
(/docket/68094183/17/3/hadnagy-
v-moss/)

Att 4               Exhibit Exhibit 3 to Decl. of Riklis
(/docket/68094183/17/4/hadnagy-
v-moss/)

Att 5               Exhibit Exhibit 4 to Decl. of Riklis
(/docket/68094183/17/5/hadnagy-
v-moss/)

Att 6               Exhibit Exhibit 5 to Decl. of Riklis
(/docket/68094183/17/6/hadnagy-
v-moss/)

Att 7               Exhibit Exhibit 6 to Decl. of Riklis
(/docket/68094183/17/7/hadnagy-
v-moss/)

Att 8               Exhibit Exhibit 7 to Decl. of Riklis
(/docket/68094183/17/8/hadnagy-
v-moss/)

Att 9              Exhibit Exhibit 8 to Decl. of Riklis
(/docket/68094183/17/9/hadnagy-
v-moss/)

Att 10             Exhibit Exhibit 9 to Decl. of Riklis
(/docket/68094183/17/10/hadnagy-
v-moss/)

Att 11             Exhibit Exhibit 10 to Decl. of Riklis
(/docket/68094183/17/11/hadnagy-
v-moss/)

Att 12             Exhibit Exhibit 11 to Decl. of Riklis
(/docket/68094183/17/12/hadnagy-
v-moss/)

Att 13             Exhibit Exhibit 12 to Decl. of Riklis
(/docket/68094183/17/13/hadnagy-
v-moss/)

Att 14             Exhibit Exhibit 13 to Decl. of Riklis
(/docket/68094183/17/14/hadnagy-
v-moss/)

Att 15             Declaration Declaration of Plaintiff
(/docket/68094183/17/15/hadnagy-
v-moss/)

Att 16             Exhibit Exhibit 1 to Decl. of Plaintiff
(/docket/68094183/17/16/hadnagy-
v-moss/)

| 18 | Nov 6, 2023 | REPLY to Response to [15] Motion to Change Venue/Transfer by Defendants Def Con Communications, Inc., Jeff Moss. (Attachments: # (1) Exhibit A)(Cassity, Robert) [Transferred from nvd on 12/15/2023.] |

Main Doc            Reply to Response to Motion
(/docket/68094183/18/hadnagy-
v-moss/)

Att 1              Exhibit A
(/docket/68094183/18/1/hadnagy-
v-moss/)

| 19 | Nov 17, 2023 | STIPULATION TO STAY DISCOVERY Pending Resolution of Defendants' re [13] Motion to Dismiss, [15] Motion to Change Venue/Transfer by Defendants Def Con Communications, Inc., Jeff Moss. (Cassity, Robert) (stay) (nondispositive) [Transferred from nvd on 12/15/2023.] |

Main Doc            Stipulated Motion
(/docket/68094183/19/hadnagy-
v-moss/)

| 20 | Nov 20, 2023 | ORDER granting ECF No. [19] Stipulation to Stay Discovery. Signed by Magistrate Judge Brenda Weksler on 11/20/2023.(Copies have been distributed pursuant to the NEF - DLS) [Transferred from nvd on 12/15/2023.] |

Main Doc            Order on Stipulated Motion
(/docket/68094183/20/hadnagy-
v-moss/)

| 21 | Dec 12, 2023 | ORDER granting [15] Motion to Change Venue. IT IS FURTHER ORDERED that the Clerk of Court is kindly instructed to TRANSFER this case to the United States District Court for the Western District of Washington and close the case in this |

district. Signed by Judge Cristina D. Silva on 12/12/2023. (Copies have been
distributed pursuant to the NEF - CAH) [Transferred from nvd on 12/15/2023.]

Main Doc        Order on Motion to Change Venue
(/docket/68094183/21/hadnagy-
v-moss/)

|  | Dec 15, 2023 | Hon. Brian A Tsuchida added. (RE) |
| --- | --- | --- |
|  |  | Add and Terminate Judges |
|  | Dec 15, 2023 | NOTICE: Pursuant to Fed.R.Civ.P 7.1(a)(1), Plaintiff(s) Social-Engineer LLC must file a Corporate Disclosure Statement by 12/22/2023. If applicable, a Diversity Disclosure Statement may be required pursuant to Fed.R.Civ.P 7.1(a)(2). In order to properly notify the Court, use the event Corporate/Diversity Disclosure Statement located in CM/ECF under Other Filings, Other Documents. (RE) |
|  |  | Disclosure Statement - Notice of Deadlines |
| 22 | Dec 15, 2023 | Case transferred in from District of Nevada, Las Vegas, Case Number 2:23-cv-01345-CDS-BNW. (RE) |
|  |  | Main Doc      Case Transferred In - District Transfer (/docket/68094183/22/hadnagy-v-moss/) |
| 23 | Dec 15, 2023 | LETTER from Clerk to counsel re receipt of case from District of Nevada, Las Vegas and advising of WAWD case number and judge assignment. (RE) |
|  |  | Main Doc      Judge Assignment Letter (Removal & (/docket/68094183/23/hadnagy-  Transfer cases only) v-moss/) |
| 24 | Dec 21, 2023 | APPLICATION OF ATTORNEY Matthew J. Mertens FOR LEAVE TO APPEAR PRO HAC VICE for Defendants Def Con Communications Inc, Jeff Moss (Fee Paid) Receipt No. AWAWDC-8288802 (Perez, David) |
|  |  | Main Doc      Application for Leave to Appear Pro (/docket/68094183/24/hadnagy- Vice{htmlNbsp} v-moss/) |
| 25 | Dec 22, 2023 | APPLICATION OF ATTORNEY Lauren A. Trambley FOR LEAVE TO APPEAR PRO HAC VICE for Defendants Def Con Communications Inc, Jeff Moss (Fee Paid) Receipt No. AWAWDC-8290311 (Perez, David) |
|  |  | Main Doc      Application for Leave to Appear Pro (/docket/68094183/25/hadnagy- Vice{htmlNbsp} v-moss/) |
|  | Dec 22, 2023 | Order on Application for Leave to Appear Pro Hac Vice |
| 26 | Dec 22, 2023 | ORDER re [24] Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Matthew J Mertens for DEFENDANTS Def Con Communications Inc and Jeff Moss, by Clerk Ravi Subramanian. No document associated with this docket entry, text only.NOTE TO COUNSEL: Local counsel agrees to sign all filings and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d). (MG) |
|  |  | Main Doc      Order on Application for Leave to Appear Pro Hac Vice |
|  | Dec 27, 2023 | Order on Application for Leave to Appear Pro Hac Vice |

| | Dec 27, 2023 | Application for Leave to Appear Pro Hac Vice29 by attorney Kristofer Riklis will not be processed at this time. Attorney must first complete all requirements for PHV admission via PACER. Please contact Admissions Clerk Monique Guillebeau at 206-370-8433 or WAWD_Admissions@wawd.uscourts.gov with additional questions. (MG) |
|---|---|---|
| | | Notice to PHV and Local Counsel Unable to Process Application |
| 27 | Dec 27, 2023 | ORDER re [25] Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Lauren A Trambley for DEFENDANT Jeff Moss, by Clerk Ravi Subramanian. No document associated with this docket entry, text only.NOTE TO COUNSEL: Local counsel agrees to sign all filings and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).(MG) |
| | | Main Doc          Order on Application for Leave to Appear Pro Hac Vice |
| 28 | Dec 27, 2023 | NOTICE of Association of Attorney by Daniel Allen Womac on behalf of Plaintiffs Christopher J Hadnagy, Social Engineer LLC. (Womac, Daniel) |
| | | Main Doc          Notice of Attorney Association (/docket/68094183/28/hadnagy-v-moss/) |
| 29 | Dec 27, 2023 | APPLICATION OF ATTORNEY Kristofer Riklis FOR LEAVE TO APPEAR PRO HAC VICE for All Plaintiffs (Fee Paid) Receipt No. AWAWDC-8293661 (Womac, Daniel) |
| | | Main Doc          Application for Leave to Appear Pro (/docket/68094183/29/hadnagy-Hac Vice{htmlNbsp} v-moss/) |
| 30 | Dec 27, 2023 | CORPORATE DISCLOSURE STATEMENT indicating no Corporate Parents and/or Affiliates. Filed pursuant to Fed.R.Civ.P 7.1(a)(1). Filed By All Plaintiffs. (Womac, Daniel) |
| | | Main Doc          Corporate/Diversity Disclosure (/docket/68094183/30/hadnagy-Statement v-moss/) |
| | Dec 27, 2023 | Application for Leave to Appear Pro Hac Vice 29 by attorney Kristofer Riklis will not be processed at this time. Attorney must first complete all requirements for PHV admission via PACER. Please contact Admissions Clerk Monique Guillebeau at 206-370-8433 or WAWD_Admissions@wawd.uscourts.gov with additional questions. (MG) |
| 31 | Dec 28, 2023 | NOTICE OF ASSIGNMENT TO A US MAGISTRATE JUDGE AND DECLINATION OF CONSENT FORM. Each party will be deemed to have knowingly and voluntarily consented to proceed before a Magistrate Judge if this form is not returned by 1/4/2024. Please Note: Forms must not be electronically filed with the Court. (AQ) |
| | | Main Doc          Consent Letter & Form (/docket/68094183/31/hadnagy-v-moss/) |
| 32 | Dec 29, 2023 | ORDER re [29] Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Kristofer Z Riklis for PLAINTIFFS Christopher J Hadnagy and Social Engineer LLC, by Clerk Ravi Subramanian. No document associated with this docket entry, text only.NOTE TO COUNSEL: Local counsel agrees to sign all filings and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d). (MG) |

| | | Main Doc | | Order on Application for Leave to Appear Pro Hac Vice |
|---|---|---|---|---|

| | Dec 29, 2023 | Order on Application for Leave to Appear Pro Hac Vice |
|---|---|---|

| 33 | Jan 5, 2024 | CONSENT by all parties to proceed before a Magistrate Judge. Case remains assigned to Hon. Brian A. Tsuchida. (AQ) |
|---|---|---|
| | | Main Doc | Consent to Proceed Before Magistrate Judge |

| 34 | Jan 5, 2024 | ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT AND EARLY SETTLEMENT by Hon. Brian A Tsuchida. FRCP 26(f) Conference Deadline is 2/2/2024, Initial Disclosure Deadline is 2/16/2024, Joint Status Report due by 3/1/2024. (AQ) |
|---|---|---|
| | | Main Doc (/docket/68094183/34/hadnagy-v-moss/) | Joint Status Report Order Form for Magistrate Judges |

| | Jan 7, 2024 | Consent to Proceed Before Magistrate Judge |
|---|---|---|

| 35 | Jan 12, 2024 | Stipulated MOTION to Dismiss Briefing Schedule, filed by Defendants Def Con Communications Inc, Jeff Moss. Noting Date 1/12/2024, (Perez, David) |
|---|---|---|
| | | Main Doc (/docket/68094183/35/hadnagy-v-moss/) | Stipulated Motion |

| 36 | Jan 16, 2024 | JOINT STIPULATION AND ORDER ON MOTION TO DISMISS BRIEFING SCHEDULE signed by Hon. Brian A Tsuchida. Defendants' Motion to Dismiss deadline: January 18, 2024. Plaintiffs' Opposition deadline: February 15, 2024. Defendants' Reply deadline: February 22, 2024. (TF) |
|---|---|---|
| | | Main Doc (/docket/68094183/36/hadnagy-v-moss/) | Order on Stipulated Motion |

| 37 | Jan 18, 2024 | MOTION to Dismiss for Failure to State a Claim, filed by Defendants Def Con Communications Inc, Jeff Moss. (Attachments: # (1) Proposed Order, # (2) Exhibit 1, # (3) Exhibit 2, # (4) Exhibit 3) Noting Date 2/23/2024, (Perez, David) |
|---|---|---|
| | | Main Doc (/docket/68094183/37/hadnagy-v-moss/) | Motion to Dismiss for Failure to State a Claim |
| | | Att 1 (/docket/68094183/37/1/hadnagy-v-moss/) | Proposed Order |
| | | Att 2 (/docket/68094183/37/2/hadnagy-v-moss/) | Exhibit 1 |
| | | Att 3 (/docket/68094183/37/3/hadnagy-v-moss/) | Exhibit 2 |
| | | Att 4 (/docket/68094183/37/4/hadnagy-v-moss/) | Exhibit 3 |

| 38 | Feb 5, 2024 | NOTICE of Appearance by attorney Theron A Buck on behalf of Plaintiffs Christopher J Hadnagy, Social Engineer LLC. (Buck, Theron) |
|---|---|---|

Main Doc              Notice of Appearance
(/docket/68094183/38/hadnagy-
v-moss/)

| 39 | Feb 15, 2024 | RESPONSE, by All Plaintiffs, to [37] MOTION to Dismiss for Failure to State a Claim . (Attachments: # (1) Exhibit Declaration)(Buck, Theron) |

Main Doc              Response to Motion
(/docket/68094183/39/hadnagy-
v-moss/)

Att 1                 Exhibit Declaration
(/docket/68094183/39/1/hadnagy-
v-moss/)

| 40 | Feb 22, 2024 | REPLY, filed by Defendants Def Con Communications Inc, Jeff Moss, TO RESPONSE to [37] MOTION to Dismiss for Failure to State a Claim (Perez, David) |

Main Doc              Reply to Response to Motion
(/docket/68094183/40/hadnagy-
v-moss/)

| 41 | Mar 1, 2024 | JOINT STATUS REPORT signed by all parties. Estimated Trial Days: 5. (Perez, David) |

Main Doc              Joint Status Report
(/docket/68094183/41/hadnagy-
v-moss/)

| 42 | Mar 5, 2024 | NOTICE of Assumption of Pro Hac Vice Duties ; filed by All Plaintiffs. (Buck, Theron) |

Main Doc              Notice-Other
(/docket/68094183/42/hadnagy-
v-moss/)

| 43 | Mar 5, 2024 | NOTICE OF WITHDRAWAL OF COUNSEL: Attorney Daniel Allen Womac for All Plaintiffs. (Womac, Daniel) |

Main Doc              Notice of Withdrawal of Counsel
(/docket/68094183/43/hadnagy-
v-moss/)

| 44 | Mar 28, 2024 | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' [37] MOTION TO DISMISS signed by Hon. Brian A Tsuchida. Plaintiffs may file an Amended Complaint consistent with this Order on or before April 22, 2024. (AQ) |

Main Doc              Order on Motion to Dismiss for Failure
(/docket/68094183/44/hadnagy- to State a Claim
v-moss/)

| 45 | Mar 29, 2024 | ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE by Hon. Brian A Tsuchida: Joinder of Parties due by 5/30/2024, Amended Pleadings due by 6/28/2024, Expert Witness Disclosure/Reports under FRCP 26(a)(2) due by 9/13/2024, Motions due by 11/15/2024, Discovery completed by 12/13/2024, Dispositive motions due by 1/10/2025, Daubert motions due by 1/10/2025, Mediation per CR 39.1(c)(3) held by 1/24/2025, Plaintiff's Pretrial Statement due by 2/3/2025, Defendant's Pretrial Statement due by 2/17/2025, Motions in Limine due by 2/17/2025, Pretrial Order due by 3/21/2025, Jury Trial is set for 4/28/2025 at 09:30 AM in Courtroom 12A before Hon. Brian A Tsuchida.(AQ) |

Main Doc              Scheduling Order
(/docket/68094183/45/hadnagy-
v-moss/)

| | | |
|---|---|---|
| 46 | May 6, 2024 | ANSWER to Complaint (Notice of Removal) re: [1] Notice of Removal,, Attorney David A. Perez added to party Def Con Communications Inc (pty:dft) by Def Con Communications Inc, Jeff Moss.(Perez, David) |
| | | Main Doc (/docket/68094183/46/hadnagy-v-moss/) — Answer to Complaint (Notice of Removal) |
| 47 | Jun 7, 2024 | Stipulated MOTION for Protective Order, filed by Defendant Def Con Communications Inc. (Mertens, Matthew) |
| | | Main Doc (/docket/68094183/47/hadnagy-v-moss/) — Motion for Protective Order |
| 48 | Jun 10, 2024 | ORDER granting [47] Stipulated Motion for Protective Order signed by Hon. Brian A Tsuchida. (AQ) |
| | | Main Doc (/docket/68094183/48/hadnagy-v-moss/) — Order on Motion for Protective Order |
| 49 | Jun 28, 2024 | MOTION to Amend Complaint, filed by Plaintiffs Christopher J Hadnagy, Social Engineer LLC. (Attachments: # (1) Proposed Order, # (2) Amended Complaint Declaration of Mark Conrad with Ex. A Proposed Amended Complaint) Noting Date 7/22/2024, (Buck, Theron) |
| | | Main Doc (/docket/68094183/49/hadnagy-v-moss/) — Motion to Amend |
| | | Att 1 (/docket/68094183/49/1/hadnagy-v-moss/) — Proposed Order |
| | | Att 2 (/docket/68094183/49/2/hadnagy-v-moss/) — Amended Complaint Declaration of Mark Conrad with Ex. A Proposed Amended Complai |
| 50 | Jul 15, 2024 | RESPONSE, by Defendants Def Con Communications Inc, Jeff Moss, to [49] MOTION to Amend Complaint. (Perez, David) |
| | | Main Doc (/docket/68094183/50/hadnagy-v-moss/) — Response to Motion |
| 51 | Jul 22, 2024 | REPLY, filed by All Plaintiffs, TO RESPONSE to [49] MOTION to Amend Complaint (Attachments: # (1) Supplement Supplemental Declaration of Mark Conrad in Support of Motion for Leave to File Amended Complaint)(Buck, Theron) |
| | | Main Doc (/docket/68094183/51/hadnagy-v-moss/) — Reply to Response to Motion |
| | | Att 1 (/docket/68094183/51/1/hadnagy-v-moss/) — Supplement Supplemental Declaration of Mark Conrad in Support of Motion for Leav |
| 52 | Jul 24, 2024 | NOTICE of Intent to File Surreply re [51] Reply to Response to Motion ; filed by Defendant Def Con Communications Inc. (Perez, David) |
| | | Main Doc (/docket/68094183/52/hadnagy-v-moss/) — Notice-Other |

| 53 | Jul 24, 2024 | ORDER Denying Plaintiff's [49] Motion to Amend signed by Hon. Brian A Tsuchida. (SNP) |
| | | Main Doc        Order on Motion to Amend (/docket/68094183/53/hadnagy-v-moss/) |
| 54 | Aug 7, 2024 | NOTICE of Unavailability of counsel Mark R Conrad for All Plaintiffs from 08/26/24-08/30/24. (Conrad, Mark) |
| | | Main Doc        Notice of Unavailability |
| 55 | Aug 7, 2024 | MOTION for Reconsideration of the Court's July 24, 2024, Order, filed by All Plaintiffs. (Attachments: # (1) Proposed Order Granting Reconsideration) Noting Date 8/7/2024, (Conrad, Mark) |
| | | Main Doc        Motion for Reconsideration |
| 56 | Aug 9, 2024 | ORDER granting in part and denying in part, Plaintiff's [55] MOTION for Reconsideration signed by Hon. Brian A Tsuchida. Plaintiffs' motion for reconsideration is GRANTED only as to Plaintiffs' claims of defamation against Defendant Moss for publishing statements in the Transparency Report and Update. The remainder of Plaintiffs' motion for reconsideration is DENIED. (AQ) |
| | | Main Doc        Order on Motion for Reconsideration (/docket/68094183/56/hadnagy-v-moss/) |
| 57 | Aug 20, 2024 | Expedited Joint Motion for Discovery Pursuant to LCR 37(a)(2), filed by Defendant Def Con Communications Inc. Noting Date 8/20/2024, (Perez, David) |
| | | Main Doc        Expedited Joint Motion for Discovery (/docket/68094183/57/hadnagy-Pursuant to LCR 37(a)(2) v-moss/) |
| 58 | Aug 20, 2024 | DECLARATION of Matthew J. Mertens filed by Defendant Def Con Communications Inc re [57] Expedited Joint Motion for Discovery Pursuant to LCR 37(a)(2) (Perez, David) |
| | | Main Doc        Declaration (/docket/68094183/58/hadnagy-v-moss/) |
| 59 | Aug 20, 2024 | DECLARATION of Lauren English filed by Defendant Def Con Communications Inc re [57] Expedited Joint Motion for Discovery Pursuant to LCR 37(a)(2) (Perez, David) |
| | | Main Doc        Declaration (/docket/68094183/59/hadnagy-v-moss/) |
| 60 | Aug 20, 2024 | DECLARATION of Mark Conrad filed by Defendant Def Con Communications Inc re [57] Expedited Joint Motion for Discovery Pursuant to LCR 37(a)(2) (Perez, David) |
| | | Main Doc        Declaration (/docket/68094183/60/hadnagy-v-moss/) |
| 61 | Aug 20, 2024 | Expedited Joint Motion for Discovery Pursuant to LCR 37(a)(2), filed by Defendant Def Con Communications Inc. Noting Date 8/20/2024, (Perez, David) |
| | | Main Doc        Expedited Joint Motion for Discovery (/docket/68094183/61/hadnagy-Pursuant to LCR 37(a)(2) v-moss/) |
| 62 | Aug 20, 2024 | |

DECLARATION of Mark Conrad filed by Defendant Def Con Communications Inc re [61] Expedited Joint Motion for Discovery Pursuant to LCR 37(a)(2) (Perez, David)

Main Doc          Declaration
(/docket/68094183/62/hadnagy-
v-moss/)

| | | |
|---|---|---|
| 63 | Aug 21, 2024 | ORDER REGARDING EXPEDITED JOINT MOTION FOR DISCOVERY (DKT. [57]) by Hon. Brian A Tsuchida. (AQ) |
| | | Main Doc          Order to Show Cause (/docket/68094183/63/hadnagy-v-moss/) |
| 64 | Aug 21, 2024 | ORDER GRANTING DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY (DKT. [61]) signed by Hon. Brian A Tsuchida, re [61] Expedited Joint Motion for Discovery Pursuant to LCR 37(a)(2) filed by Def Con Communications Inc. (AQ) |
| | | Main Doc          Order on Motion (/docket/68094183/64/hadnagy-v-moss/) |
| 65 | Sep 10, 2024 | RESPONSE by All Defendants re [64] Order on Motion JOINT CERTIFICATION OF COUNSEL IN RESPONSE TO COURTS AUGUST 21, 2024, ORDER REGARDING DISCOVERY (Mertens, Matthew) |
| | | Main Doc          Response (non motion) (/docket/68094183/65/hadnagy-v-moss/) |
| 66 | Sep 10, 2024 | ORDER Granting Stipulated Discovery Request Hon. Brian A Tsuchida. It is ORDERED that pursuant to the Joint Certification of Counsel (Dkt. 65), the parties are permitted to exchange, review, and negotiate reasonable search terms, and thereafter review and produce responsive documents, rather than producing all documents hitting on the other side's proposed search terms. (SNP) |
| | | Main Doc          Order (/docket/68094183/66/hadnagy-v-moss/) |
| 67 | Oct 1, 2024 | APPLICATION OF ATTORNEY Jacob Dean FOR LEAVE TO APPEAR PRO HAC VICE for Defendants Def Con Communications Inc, Jeff Moss (Fee Paid) Receipt No. AWAWDC-8653537 (Perez, David) |
| | | Main Doc          Application for Leave to Appear Pro (/docket/68094183/67/hadnagy-{htmlNbsp}v-moss/) |
| 68 | Oct 3, 2024 | ORDER re [67] Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Jacob Dean for Defendants Def Con Communications Inc and Jeff Moss, by Clerk Ravi Subramanian. No document associated with this docket entry, text only.NOTE TO COUNSEL: Local counsel agrees to sign all filings and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).(CDA) |
| | | Main Doc          Order on Application for Leave to Appear Pro Hac Vice |
| | Oct 3, 2024 | Order on Application for Leave to Appear Pro Hac Vice |
| 69 | Oct 31, 2024 | |

MOTION for Extension of Time (to Extend Deadlines in Scheduling Order and
Continue Trial), filed by Defendants Jeff Moss, Def Con Communications Inc.
(Attachments: # (1) Proposed Order) Noting Date 11/15/2024, (Perez, David)

Main Doc                    Motion for Extension of Time
(/docket/68094183/69/hadnagy-
v-moss/)

Att 1                    Proposed Order

| 70 | Oct 31, 2024 | DECLARATION of Matt Mertens filed by Defendants Jeff Moss, Def Con Communications Inc re [69] MOTION for Extension of Time (to Extend Deadlines in Scheduling Order and Continue Trial) (Perez, David) |

Main Doc                    Declaration
(/docket/68094183/70/hadnagy-
v-moss/)

| 71 | Nov 12, 2024 | RESPONSE, by All Plaintiffs, to [69] MOTION for Extension of Time (to Extend Deadlines in Scheduling Order and Continue Trial). (Attachments: # (1) Proposed Order Proposed Order Denying Defendants' Motion to Extend Deadlines in Scheduling Order and Continue Trial)(Buck, Theron) |

Main Doc                    Response to Motion
(/docket/68094183/71/hadnagy-
v-moss/)

Att 1                    Proposed Order Proposed Order
                         Denying Defendants' Motion to Extend
                         Deadline

| 72 | Nov 12, 2024 | DECLARATION of Mark Conrad filed by All Plaintiffs re [69] MOTION for Extension of Time (to Extend Deadlines in Scheduling Order and Continue Trial) (Buck, Theron) |

Main Doc                    Declaration
(/docket/68094183/72/hadnagy-
v-moss/)

| 73 | Nov 14, 2024 | REPLY, filed by Defendants Jeff Moss, Def Con Communications Inc, TO RESPONSE to [69] MOTION for Extension of Time (to Extend Deadlines in Scheduling Order and Continue Trial) (Perez, David) |

Main Doc                    Reply to Response to Motion
(/docket/68094183/73/hadnagy-
v-moss/)

| 74 | Nov 14, 2024 | DECLARATION of Matthew J. Mertens filed by Defendants Jeff Moss, Def Con Communications Inc re [69] MOTION for Extension of Time (to Extend Deadlines in Scheduling Order and Continue Trial) (Perez, David) |

Main Doc                    Declaration
(/docket/68094183/74/hadnagy-
v-moss/)

| 75 | Nov 15, 2024 | ORDER granting Defts' [69] Motion for Extension of Trial ad Pretrial Deadlines signed by Hon. Brian A Tsuchida. Discovery completed by 2/13/2025, Discovery Motions must be noted for consideration no later than 2/28/2025, Daubert Motions due by 3/14/2025, Dispositive motions due by 3/14/2025, 39.1 mediation to be completed by 3/28/2025, Motions in Limine due by 4/18/2025, Pretrial Order due by 5/23/2025, Plaintiffs Pretrial Statement due by 4/4/2025, Defendant Pretrial Statement due by 4/18/2025. Jury Trial is set for 7/28/2025 at 09:30 AM in Courtroom 12A before Hon. Brian A Tsuchida. (TF) |

Main Doc                    Order on Motion for Extension of Time
(/docket/68094183/75/hadnagy-
v-moss/)

| 76 | Feb 11, 2025 | NOTICE of Unavailability of counsel Mark R Conrad for All Plaintiffs from April 13-23, 2025. (Conrad, Mark) |

Main Doc                    Notice of Unavailability
(/docket/68094183/76/hadnagy-
v-moss/)

| 77 | Feb 18, 2025 | MOTION for Leave to File Over-Length Brief, filed by Defendants Jeff Moss, Def Con Communications Inc. Noting Date 2/18/2025, (Perez, David) |

Main Doc                    Motion for Leave
(/docket/68094183/77/hadnagy-
v-moss/)

| 78 | Feb 19, 2025 | ORDER GRANTING DEFENDANTS' [77] MOTION FOR OVERLENGTH BRIEF signed by Hon. Brian A Tsuchida.(TF) |

Main Doc                    Order on Motion for Leave
(/docket/68094183/78/hadnagy-
v-moss/)

| 79 | Feb 21, 2025 | SEALED MOTION for Summary Judgment, filed by Defendants Jeff Moss, Def Con Communications Inc. Oral Argument Requested. (Attachments: # (1) Exhibit A, # (2) Proposed Order) Noting Date 3/21/2025, (Perez, David) Modified on 2/24/2025 sealed main document only at request of filer due to unredacted items. Correct redacted version of motion filed at Dkt [83] (CDA). |

Main Doc                    Motion for Summary Judgment
(/docket/68094183/79/hadnagy-
v-moss/)

Att 1                       Exhibit A
(/docket/68094183/79/1/hadnagy-
v-moss/)

Att 2                       Proposed Order
(/docket/68094183/79/2/hadnagy-
v-moss/)

| 80 | Feb 21, 2025 | DECLARATION of Steve Wylie filed by Defendants Jeff Moss, Def Con Communications Inc re [79] MOTION for Summary Judgment (Perez, David) |

Main Doc                    Declaration
(/docket/68094183/80/hadnagy-
v-moss/)

| 81 | Feb 21, 2025 | DECLARATION of Matt Mertens filed by Defendants Jeff Moss, Def Con Communications Inc re [79] MOTION for Summary Judgment (Attachments: # (1) SEALED Exhibit 1 - 59)(Perez, David) Modified to administratively seal Exhibit 1 on 2/26/2025 (LH). |

Main Doc                    Declaration
(/docket/68094183/81/hadnagy-
v-moss/)

Att 1                       Exhibit 1 - 59

| 82 | Feb 21, 2025 | DECLARATION of Edward Robinson-Adams filed by Defendants Jeff Moss, Def Con Communications Inc re [79] MOTION for Summary Judgment (Perez, David) |

Main Doc          Declaration
(/docket/68094183/82/hadnagy-
v-moss/)

| 83 | Feb 22, 2025 | PRAECIPE to attach document (Amended Motion for Summary Judgment) re [79] MOTION for Summary Judgment by Defendants Jeff Moss, Def Con Communications Inc (Perez, David) |

Main Doc          Praecipe to Attach Document
(/docket/68094183/83/hadnagy-
v-moss/)

|  | Feb 24, 2025 | NOTICE of Docket Text Modification re 79 MOTION for Summary Judgment : Sealed Motion at request of filer due to unredacted items. Correct redacted version of motion filed at Dkt 83 . (CDA) |

|  | Feb 24, 2025 | NOTICE of Docket Text Modification re 79 MOTION for Summary Judgment : Sealed Motion at request of filer due to unredacted items. Correct redacted version of motion filed at Dkt 83. (CDA) |

Notice of Docket Text Modification

|  | Feb 26, 2025 | NOTICE of Docket Text Modification re 81 Declaration: Exhibit 1 has been administratively sealed per filer request. Redacted exhibit will be filed. (LH) |

Notice of Docket Text Modification

| 84 | Feb 26, 2025 | PRAECIPE to attach document (Exhibits 1 - 59 (Ex. 21 Redacted)) re [81] Declaration, by Defendants Jeff Moss, Def Con Communications Inc (Perez, David) |

Main Doc          Praecipe to Attach Document
(/docket/68094183/84/hadnagy-
v-moss/)

| 85 | Mar 3, 2025 | MOTION for Sanctions and Civil Contempt, filed by All Plaintiffs. Oral Argument Requested. (Attachments: # (1) Proposed Order Proposed Order Granting Plaintiffs' Motion for Civil Contempt and Sanctions) Noting Date 3/24/2025, (Conrad, Mark) |

Main Doc          Motion for Sanctions
(/docket/68094183/85/hadnagy-
v-moss/)

Att 1          Proposed Order Proposed Order
(/docket/68094183/85/hadnagy-   Granting Plaintiffs' Motion for Civil
v-moss/)                        Contemp

| 86 | Mar 3, 2025 | DECLARATION of Mark Conrad filed by All Plaintiffs re [85] MOTION for Sanctions and Civil Contempt (Conrad, Mark) |

Main Doc          Declaration
(/docket/68094183/86/hadnagy-
v-moss/)

| 87 | Mar 3, 2025 | DECLARATION of Christopher Hadnagy filed by All Plaintiffs re [85] MOTION for Sanctions and Civil Contempt (Conrad, Mark) |

Main Doc          Declaration
(/docket/68094183/87/hadnagy-
v-moss/)

# Exhibit 6

81

Feb 21, 2025

DECLARATION of Matt Mertens filed by Defendants Jeff Moss, Def Con Communications Inc re [79] MOTION for Summary Judgment (Attachments: # (1) SEALED Exhibit 1 - 59)(Perez, David) Modified to administratively seal Exhibit 1 on 2/26/2025 (LH).

Main Document          Declaration

Attachment 1            Exhibit 1 - 59

[Download PDF ▸]
[Sealed on PACER]

# Exhibit 7

**Hand, Rachel (SEA)**

| | |
|---|---|
| **From:** | Mertens, Matthew (POR) |
| **Sent:** | Tuesday, March 4, 2025 2:17 PM |
| **To:** | Mike Lissner |
| **Cc:** | Jones, Angela R. (Angie) (SEA); Perez, David A. (SEA) |
| **Subject:** | RE: Hadnagy v. Def Con \|\| No. 2:23-cv-01932 \|\| removal and/or sealing of administratively sealed document |

Mike, you rock. Thank you for moving on this so quickly.

**Matt Mertens**
**PARTNER**

**Perkins Coie**

1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
+1.503.727.2199
mmertens@perkinscoie.com
perkinscoie.com

---

**From:** Mike Lissner <mike@free.law>
**Sent:** Tuesday, March 4, 2025 2:14 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Cc:** Jones, Angela R. (Angie) (SEA) <AJones@perkinscoie.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>
**Subject:** Re: Hadnagy v. Def Con \|\| No. 2:23-cv-01932 \|\| removal and/or sealing of administratively sealed document

All set. Please let me know if you have any further concerns.

Mike
--



Michael Lissner, Executive Director
mike@free.law | https://calendly.com/flp-mike
Make a Donation to support Free Law Project

On Tue, Mar 4, 2025 at 1:50 PM Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com> wrote:

Yessir, that is correct.

**Matt Mertens**

**PARTNER**

**Perkins Coie**

1120 N.W. Couch Street Tenth Floor

Portland, OR 97209-4128

+1.503.727.2199

mmertens@perkinscoie.com

perkinscoie.com

---

**From:** Mike Lissner <mike@free.law>
**Sent:** Tuesday, March 4, 2025 1:47 PM
**To:** Mertens, Matthew (POR) <MMertens@perkinscoie.com>
**Cc:** Jones, Angela R. (Angie) (SEA) <AJones@perkinscoie.com>; Perez, David A. (SEA) <DPerez@perkinscoie.com>
**Subject:** Re: Hadnagy v. Def Con || No. 2:23-cv-01932 || removal and/or sealing of administratively sealed document

Can you please confirm that this is the case?
https://www.courtlistener.com/docket/68094183/hadnagy-v-moss/

Mike

--



Michael Lissner, Executive Director

mike@free.law | https://calendly.com/flp-mike

[Make a Donation](#) to support Free Law Project

On Tue, Mar 4, 2025 at 1:44 PM Mertens, Matthew (Perkins Coie) <[MMertens@perkinscoie.com](mailto:MMertens@perkinscoie.com)> wrote:

Good afternoon—

My name is Matt Mertens, and I'm an attorney with Perkins Coie. We represent Def Con Communications in Case No. 2:23-cv-01932 pending in the Western District of Washington. I'm writing to let you know that the Court has administratively sealed ECF No. 81-1 because it inadvertently contains information designated as "confidential" under the parties' June 10, 2024, stipulated protective order (Docket No. 48).

Can you please modify Attachment 1 to your Docket 81-1 to remove public access and thereby comply with the Court's administrative sealing of this document on PACER? The corrected, redacted exhibits are still publicly available at Docket No. 84.

Thank you for your assistance.

Best,

**Matt Mertens**

**PARTNER**

**Perkins Coie**

1120 N.W. Couch Street Tenth Floor

Portland, OR 97209-4128

+1.503.727.2199

mmertens@perkinscoie.com

perkinscoie.com

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# Exhibit 8

 Skip to main content    r/Defcon ⊗    Search in r/Defcon                                    Log In    •••

---

**r/Defcon** • 10 days ago                                                                          •••
SudoXXXXXXXX    🔵 Top 1% Commenter

## Hadnagy vs Defcon et al Motion for Summary Judgment

Defcon filed a Motion for Summary Judgment against Hadnagy yesterday. The 700+ pages of exhibits are damning, to say the least. I don't know who prepped Hadnagy for his deposition, but he did admit to having a conversation with the Defcon leadership before being banned, he did admit to trying to get one of his targets removed from a television deal and podcasts - which he reveals some of the information he gave those people later turned out to be wrong, and just a slew of crazy stuff he admitted or shows to say about his employees. There are so many conversations, texts, and chats that just don't make him look like the most innocent party here when he's admitting to a lot of these things in his deposition.

If anyone wants to read all the exhibits, they are here. It is a wild ride.

https://www.courtlistener.com/docket/68094183/hadnagy-v-moss/

⬆ 98 ⬇    💬 214    🔔    ↗ Share

---

Snyk_Security • Promoted                                                                           •••

Chaos reigns as a rogue AI named Glitch unleashes a wave of vulnerabilities. Can you
secure the code before it's too late? Play VulnVortex Today 🎮

[ Play Now ]                                          vulnvortex.com    

---



[ ➕ **Add a comment** ]

Sort by:  Best ⌄    [ 🔍 Search Comments ]

---

 **SavingsMany4486** • 10d ago • Edited 9d ago

Page 97/776:

Lawyer: Do you think it's professional or unprofessional to refer to an Asian employee as the marketing Asian
and then e-Intro to your executive assistant?

Hadnagy: Are you asking that from 2012 or today?

Lawyer: Why don't we take it in both time frames

⊖    ⬆ 60 ⬇    💬 Reply    •••

Skip to main content        Log In

---

debating whether its okay to make a joke about having a 'Token'. Get the fuck over this shit.

⊖   ⬆ -32 ⬇   💬 Reply   ⋯

 **SudoXXXXXXXX** OP · 10d ago
🏅 Top 1% Commenter

It wasn't a joke about a "token." Read the whole pile of evidence. It was repeated sexual comments about Asian women and his employees coming to him on multiple occasions about his comments about Asian women.

⬆ 30 ⬇   💬 Reply   ⋯

 **mjcl** · 10d ago

Wow, Hadnagy sounds like a huge piece of shit. Even calling his son "idiot", "incompetent", "retard" and "stupid" at work.

⊖   ⬆ 31 ⬇   💬 Reply   ⋯

 **bspence7337** · 9d ago

I can't imagine anyone talking that way about their own child. Pretty sad and what's worse is it's public record forever.

⬆ 16 ⬇   💬 Reply   ⋯

 **maru37** · 10d ago

It's unfathomable to me as to why CH would pursue this lawsuit knowing what kind of information would come out in discovery.

The victims of his behavior demonstrated incredible courage and strength by speaking up. I can't imagine how it must feel to have all of those personal details and raw emotions available via public record. Heartbreaking shit.

⊖   ⬆ 29 ⬇   💬 Reply   ⋯

 **bettersafetynet** · 9d ago

So that's one thing... but even his own responses to the questions under deposition are horrific. Even without the comments of others, he sunk himself.

He's legit sick if he thinks he's the wronged party here.

⬆ 16 ⬇   💬 Reply   ⋯

 **ThisIsNotAFarm** · 8d ago

---

Skip to main content                                                                        Log In



Ego

⬆ 10 ⬇      ◯ Reply      ⋯

autobahn · 8d ago

perhaps he thought he was going to ride a groundswell of conservative support because "cancel culture".

⬆ 8 ⬇      ◯ Reply      ⋯

Quadling · 10d ago

Godsdamnit, Chris. You're a social engineer. You know that pulling a knife, even when drunk, ISN'T A JOKE!

⊖   ⬆ 46 ⬇      ◯ Reply      ⋯

craeftsmith · 10d ago · Edited 10d ago

Where did you find that?

Edit: dang, I don't understand court paperwork at all. All I can find are things saying to do certain things, but nothing about what actually happened

⊖   ⬆ 11 ⬇      ◯ Reply      ⋯

SudoXXXXXXXX OP · 10d ago
🕶 Top 1% Commenter
Just go through this
https://storage.courtlistener.com/recap/gov.uscourts.wawd.329575/gov.uscourts.wawd.329575.81.1.pdf

⊖   ⬆ 12 ⬇      ◯ Reply      ⋯

craeftsmith · 10d ago

Thanks!

⬆ 7 ⬇      ◯ Reply      ⋯

mat_stats · 10d ago

Ctrl + F showed nothing for knife.

⊖   ⬆ -5 ⬇      ◯ Reply      ⋯

Miffy92 · 9d ago

3/4/25, 10:56 AM  Hadnagy vs. Defcon et al - Motion for Summary Judgement : r/Defcon

Case 2:23-cv-01932-BAT    Document 97-1    Filed 03/11/25    Page 58 of 87

remarks forced him to pulling out his switchblade in his hand, pointing the knife at me, and saying one of you is getting ball slapped with this; do you see that?

A: I do.

Q: Do you recall this event?

A: I do not.

Q: Do you have a knife or any type of switchblade that you would carry on you around this time?

A: I do.

Q: Is it a knife or switchblade?

A: It's a switchblade.

Q: Do you think it's appropriate or inappropriate to pull a switchblade out during a class and say, one of you is getting ball slapped with this?

A: Nowadays, I would say it's inappropriate.

Q: What about professional or unprofessional?

A: I would say unprofessional.

Q: And can you understand how someone might find it to be inappropriate to pull a switchblade, point it at them and saying, one of you is going to get slapped with this?

A: I do.

Q: You can see how that could -- someone might perceive that as being unprofessional?

A: I do.

Q: And you can understand how that might make someone feel uncomfortable, as well, right?

A: I do.

⬆ 11 ⬇    💬 Reply    ⋯

 **SudoXXXXXXXX** OP · 10d ago
🏅 Top 1% Commenter

Read through it. There are tons of deposition transcripts mentioning knives.

⬆ 8 ⬇    💬 Reply    ⋯

⊕ 37 **more** replies

 **SudoXXXXXXXX** OP · 10d ago
🏅 Top 1% Commenter



 Skip to main content      Log In

screamed at people at conferences, employees being afraid to use the restroom, "joking" about throat punching employees and students, getting one of his accusers canceled from her tv gig and podcasts, telling people in the industry that she was going to create a competing business and stole work product which he admitted in his deposition he was wrong about, and there were 15-20 accusers. I am not even halfway done and I'm shocked at how much he admitted to in his deposition or what was written down in text conversations. Did he think discovery was only a one-way thing???

 ⊖   ⌃ 29 ⌄   ◯ Reply   ⋯

**CKtravel** • 9d ago

> purposely mispronounced people's names

That's actually pretty ironic given how he has a blatantly non-English (i.e. Hungarian) last name himself.

 ⌃ 10 ⌄   ◯ Reply   ⋯

**Awkward_Age_391** • 9d ago

Jesus, I don't get how someone can be like this. It's not like you or I can stumble this hard into being a jackass. Sure, this is a litany of complaints over years or decades, but one would think self-awareness would kick in at some point.

 ⌃ 8 ⌄   ◯ Reply   ⋯

**green-wagon** • 9d ago

The arrogance of thinking some human beings exist just to decorate your space...

⌃ 7 ⌄   ◯ Reply   ⋯

**Similar-Ideal-5589** • 10d ago
🐙 Top 1% Commenter

I love how grifter handled this. His eloquence in explaining how and why this mattered at conference organizers- and his thought process throughout this was logical, calm, and he treated the situation with nuance. Props to grifter. Support and props to the victims for being courageous enough to speak up.

Chris, you're obviously in this thread under burner accounts. You're not a great social engineer when you get emotional, kind of like how you're not a great person when you're mad. After reading this whole thing, there is zero doubt in my mind that your behavior is and continues to be completely unacceptable and absolutely lacking in self reflection.

 ⊖   ⌃ 37 ⌄   ◯ Reply   ⋯

**Maxie-Reynolds** • 10d ago

Grifter is definitely even-tempered and fair in his comments, for sure.

 ⊖   ⌃ 22 ⌄   ◯ Reply   ⋯

**Similar-Ideal-5589** • 9d ago
🐙 Top 1% Commenter

Skip to main content

Log In



And yeah- tbh, I didn't know what to make of Grifter before all of this. Now I have a newfound respect, because it's not often that someone actually listens and doesn't just blindly believe a friend

⊖  ⬆ 11 ⬇    💬 Reply    ⋯

🔴 **Maxie-Reynolds** • 9d ago

I'm glad! Grifter is great.

⬆ 10 ⬇    💬 Reply    ⋯

⊕ **1 more reply**

👤 **bspence7337** • 10d ago

Right??? The courage it must have taken for them to come forward at great personal and professional risk.

⬆ 12 ⬇    💬 Reply    ⋯

🟢 **mat_stats** • 9d ago

Victims of what precisely? Hearing jokes they dislike? Were they stolen from? Are these victims leveling charges against this bad evil man?

⊖  ⬆ -17 ⬇    💬 Reply    ⋯

🖤 **Similar-Ideal-5589** • 9d ago
🏅 Top 1% Commenter

...you didn't read the depositions, did you? Maxie very clearly has a case for harassment, and a civil suit for defamation that's MUCH stronger than Chris'. And she explained her very legit hesitation to go to the police, as well.

But hey, you wanna simp for a dude with a pattern of swinging between being manipulative at his best and being an absolute shitheel at worst, best of luck to you. Go work for him, sounds like it's a healthy enjoyable environment.

⊖  ⬆ 13 ⬇    💬 Reply    ⋯

🦁 **green-wagon** • 9d ago

He read nothing, then never saw evidence that contradicted what he already thought about it.

*"We can't really know what his intentions were!"*

⬆ 9 ⬇    💬 Reply    ⋯

🟢 **mat_stats** • 9d ago



Skip to main content                                                                    Log In

and ask questions instead of blindly follwoing the Defcon org who is willing to exaggerate, LARP, and cover their own ass for sure.

If she has a case, then file it. Get the police involved. Reddit doesn't Justice make



⊟    ⌃  -10  ⌄      💬 Reply      ···

SudoXXXXXXXX **OP** • 9d ago
🌐 Top 1% Commenter

It is long past the statute of limitations for anything civil or criminal in all likelihood. It also probably would have cost a fortune to sue him which would have been hard if she didn't have the money to pursue it. Not to mention that he had an enormous amount of influence in the community at the time this original went down and she probably worried about her career being publicly dragged even worse by him if she had filed a lawsuit. He's attempted to drag Defcon for years only for this to finally all come to a head now.

⌃  8  ⌄      💬 Reply      ···

SudoXXXXXXXX **OP** • 10d ago
🌐 Top 1% Commenter

I am not sure how anyone can defend this:

*REQUEST FOR ADMISSION NO. 38: Admit that as part of the ostensible child sex predator sting referred to in RFA No. 37, **YOU sent the same female ILF volunteer referenced in RFA No. 34 a Google document asking her (1) when she first got her period; (2) when she first started getting pubic hair; (3) when she first started shaving her pubic hair; (4) what her cup size was; and (5) when she first started developing breasts**\*.\**

*RESPONSE: Plaintiffs admit that, as part of an operation against child sex predators called "Operation Unicorn," they were required to answer general questions related to female development to gain access to a pedophile support community, enabling ILF to gather leads for building cases for law enforcement. ILF partners with law enforcement to geo-locate individuals who traffic children and create child abuse material. The document referenced in this request is attached in response to RFP 46. Plaintiffs deny the remainder of this request*

Then, on page 655, the questionnaire is right there which includes bra size, shirt size, pant size, underwear size, shoe size, weight, height, pubic hair age, and what age they considered shaving. Why would he need to know this about a female volunteer?????

⊟    ⌃  15  ⌄      💬 Reply      ···

SudoXXXXXXXX **OP** • 10d ago
🌐 Top 1% Commenter

Skip to main content                                     Log In

*A. Yes, yeah.*

*Q. What types of comments would he make?*

*A. Like being pretty or -- I think I even -- I may still have the card talking about like growing up is -- like, watching me grow up is like drinking a fine wine. He would constantly make jokes about -- I was a lot skinnier back then, so there was a lot of jokes about me being very lightweight and small even when I would say that I'm not comfortable with those jokes.*

-----------------

*Q. And Mr. Hadnagy was asking you questions about your bra size, underwear, pubic hair, and shaving?*

*A. Correct.*

**MR. CONRAD:** *Object to form.*

*Q. (By Ms. Trambley) Did Mr. Hadnagy's questions make you feel comfortable or uncomfortable?*

**MR. CONRAD:** *I'm going to object to form.*

**THE DEPONENT:** *They made me uncomfortable, but at the time, I was very excited to be able to kind of get into all of this. I had always wanted to do child exploitation investigations, and this was like a giant shiny object. And it was, like, okay, if this is what law enforcement wants and needs, then I'm okay with answering them regardless of uncomfortability, which is — most of this job is uncomfortability. And once I discussed later with law enforcement and grew **more** in my career, I realized none of those questions would be asked.*

*Q. (By Ms. Trambley) And Mr. Hadnagy told you that you had to answer these questions for the sting operation?*

**MR. CONRAD:** *Object to form.*

**THE DEPONENT:** *He did not say that I had to. He said something along the lines of, basically, if we — he didn't direct me to, but he did say, "These are the questions that need to be answered," and he said that it came directly from a law enforcement agent who does sting operations.*



⊖   ⇧ 10 ⇩     💬 Reply     ···

SudoXXXXXXXX **OP** • 10d ago
🌐 Top 1% Commenter

**MR. CONRAD:** *Object to form.*

**THE DEPONENT:** *Correct, yes.*

**Q.** *(By Ms. Trambley) Okay. Do you feel like Mr. Hadnagy took advantage of you because you were new to ILF and new to this type of work?*

**MR. CONRAD:** *Object to form.*

**THE DEPONENT:** *Yes, I do. And I feel like he also knew a lot about history and how compliant I am and how I struggle with a fawning response as a trauma response.*

**Q.** *(By Ms. Trambley) And did the sting operation ever happen?*

**A.** *Nope. And I asked him why, and he said, "Because you have tattoos," but I had always had those tattoos. He has always known that I had those.*

-------------------------

**Q.** *And I think you said that you were 21 years old when you first started at ILF; is that right?*

**A.** *I was either 21 or freshly 22.*

There are a lot of other terrible things alleged in her testimony as well, including Chris' comments on his sex life with his wife, his sexual preferences, and making comments about this woman's body. This was her first job within the industry as a young adult. Very disturbing to read.

⊖   ⬆ 12 ⬇    💬 Reply    ···

 **mat_stats** • 9d ago

Did the list of questions come from a LEO though?

⊖   ⬆ -8 ⬇    💬 Reply    ···

 **Similar-Ideal-5589** • 9d ago
🏅 Top 1% Commenter

The thing about law enforcement investigations regarding underage exploitation content is that ONLY LAW ENFORCEMENT HANDLES THEM. There is ZERO wiggle room on that. A law enforcement officer who has even a modicum of knowledge about the laws around this stuff would NEVER instruct a civilian to setup a sting operation for CSAM, since that even viewing the images is a federal crime. The only people with the ability to collect evidence in those cases are law enforcement, and as someone working in the field of exploitation, Chris would know that. These weren't from an LEO. I can say that with a strong amount of certainty.

⬆ 7 ⬇    💬 Reply    ···

 **SudoXXXXXXXX** OP • 9d ago
🏅 Top 1% Commenter

Skip to main content                                                                                    Log In



pretext based on my own experiences with LEO. I doubt they asked him to pose those questions
to the women who worked/volunteered for him.

⌃ 4 ⌄    💬 Reply    ⋯

⊕  1 more reply

**bspence7337**  • 10d ago

Biggest self-own in history and this guy still can't take the L…

⊖    ⌃ 18 ⌄    💬 Reply    ⋯

**green-wagon**  • 9d ago

Like, he could have gotten away with it, if only he'd shut up?

⊖    ⌃ 9 ⌄    💬 Reply    ⋯

**bspence7337**  • 9d ago

Whether or not any of this would have come to light if he had just shut up, I can only speculate because
it's not in his nature apparently to do anything other than to react the way he has, something or
someone would have eventually brought this to light, just unfortunate it took dozens of people to be
affected for it to happen now.

⊖    ⌃ 9 ⌄    💬 Reply    ⋯

**mat_stats**  • 9d ago

I've yet to see anything morally wrong or repugnant from this supposedly bad man. All I've seen are
vague innuendos and less than charitable characterizations of what amount to inappropriate jokes
and comments. Just because someone is uncomfortable doesn't mean that the person who "made"
them uncomfortable is a bad person deserving of exile.

Some people need to seriously grow the fuck up and call a spade a spade. So sick of the fucking
cowardice in this community.

⊖    ⌃ -14 ⌄    💬 Reply    ⋯

**bspence7337**  • 9d ago

Then leave. Either you're morally bankrupt or empathetically immune/complicit to what's really
going on here. Either way you probably won't be missed.

It's not my duty or obligation to help you do the required reading.

⌃ 15 ⌄    💬 Reply    ⋯

⊕  2 more replies

 **werrett**  • 8d ago

Skip to main content

Log In

↑ 4 ↓    💬 Reply    ⋯

⊕ 7 more replies

Amazon_Official • Promoted    ⋯

Employees in communities across America earn an average wage over $22/hr. us

[Learn More]    aboutamazon.com



tarahmarie42 • 9d ago

I am here to independently verify that the zoom call with multiple people both occurred and that in my memory least 16 people were on it. I was on it. Of the testimony I saw in these court filings, it did not change from what these women originally said. I stand behind their truthfulness and integrity over time and their profound bravery.

⊖    ↑ 19 ↓    💬 Reply    ⋯

SudoXXXXXXXX OP • 9d ago
🌐 Top 1% Commenter

Thank you for your bravery. I hope everyone involved has some degree of peace and vindication after the last few years.

↑ 7 ↓    💬 Reply    ⋯

SudoXXXXXXXX OP • 10d ago
🌐 Top 1% Commenter

3/4/25, 10:56 AM    Hadnagy vs. Defcon et al - Motion for Summary Judgement : r/Defcon

Case 2:23-cv-01932-BAT    Document 97-1    Filed 03/11/25    Page 66 of 87

Skip to main content        Log In

*defamation. The suit is meritless for two overarching reasons:*

*Hadnagy cannot prove the falsity of any statement. A defamation plaintiff bears the burden of proving that the challenged statement was neither true nor substantially true. Hadnagy has not come anywhere close to meeting his burden. The undisputed evidence shows beyond any doubt that Def Con received multiple reports of behavior by Hadnagy that violated its Code of Conduct; that Def Con had "conversations with the reporting parties and [Hadnagy]"; and that "the severity of the transgressions merit[ed] a ban from Def Con" under the organization's own standards, which it had the authority to set in in its sole discretion. Every part of the Transparency Report and related update is true or at least substantially true; there is no evidence to the contrary. Indeed, discovery has only confirmed Hadnagy's extensive pattern of misbehavior and reinforced the propriety of the ban. On this record, no rational jury could find that defendants made any false statement.*

*Hadnagy cannot prove negligence. More*over, *even if Hadnagy could prove that some part of the challenged statements was not substantially true— which he cannot—he cannot possibly show that defendants were negligent in making them. Hadnagy admitted to retaliating against a female former subordinate (Reynolds) in ways that any reasonable person would find disturbingly vindictive whatever Hadnagy's purported justifications (many of which Hadnagy has since admitted were based on false assumptions). And the Transparency Report and Transparency Update were posted only after* **more** *than a dozen other individuals had come forward to report experiences with Hadnagy that made them feel uncomfortable, degraded, intimidated, and afraid. Hadnagy has produced no evidence showing that Defendants knew or should have known that the reports of severe harassment —made by* **more** *than a dozen people—were false. To the contrary, discovery has confirmed their truth.*

*Hadnagy complains that Def Con's statements harmed his reputation. But a person earns their reputation, good or bad, through their actions. Here, Hadnagy's own actions—including, ironically, his ruthless campaign to destroy someone else's reputation—were his undoing. Defendants cannot be held liable for truthfully reporting Hadnagy's own misconduct, as truth is an absolute defense to defamation. Paterson v. Little, Brown & Co., 502 F. Supp. 2d 1124, 1133 (W.D. Wash. 2007).*

*In the end, Hadnagy has no one to blame but himself. Defendants respectfully request that the Court grant them summary judgment and dismiss this suit.*

⬆ 16 ⬇     Reply    •••

 **SimonTek1** • 9d ago

My personal reflection, nothing important.

I completely had forgotten about all of this going on in the community. I always have to wonder if he had just stepped away and never said anything, would everyone not directly involved forgotten about everything.

It's not to make light of anything. It's just when things go wrong in one's personal life, you think it will last forever, it's interesting to see that others move on, and you can remember that it's never the end of the world forever. I'm not sure if that makes sense.

⊖     11 ⬇     Reply    •••

 **bspence7337** • 9d ago

3/4/25, 10:56 AM                Hadnagy vs. Defcon et al - Motion for Summary Judgement : r/Defcon

Case 2:23-cv-01932-BAT    Document 97-1    Filed 03/11/25    Page 67 of 87



↑ 11 ↓   💬 Reply   ⋯

🦐 **green-wagon** • 9d ago

I want to know if Maxie has use of her own computer yet. That is some bull*hit.

↑ 6 ↓   💬 Reply   ⋯

🟢 **prclayfish** • 10d ago

Was there anything about what he was supposedly banned for? Seemed sexual in nature...

⊖   ↑ 8 ↓   💬 Reply   ⋯

👓 **SudoXXXXXXXX** OP • 10d ago
🎩 Top 1% Commenter

There was never a sexual implication because they didn't say why he was banned at all. They just stated he was banned due to COBC violations.

↑ 19 ↓   💬 Reply   ⋯

👓 **SudoXXXXXXXX** OP • 10d ago • Edited 10d ago
🎩 Top 1% Commenter

Go through this
https://storage.courtlistener.com/recap/gov.uscourts.wawd.329575/gov.uscourts.wawd.329575.81.1.pdf

There are some things he said and allegations made that could be considered sexual in nature or inappropriate and discovery further proved that.

⊖   ↑ 6 ↓   💬 Reply   ⋯

🟢 **mat_stats** • 9d ago

Bullshit. I've read through that section. Show me what injured party had any sexually natured comment directed at them. I'll wait

↑ -9 ↓   💬 Reply   ⋯

⊕   12 more replies

🦐 **green-wagon** • 9d ago

Tons. See the depositions and the exhibits entered.

↑ 6 ↓   💬 Reply   ⋯

👓 **SudoXXXXXXXX** OP • 8d ago
🎩 Top 1% Commenter

Skip to main content



Log In

away without further issues. The very next day, Maxine had her laptop locked. When Grifter confronted him, he claimed to know nothing about it and acted stupid until he "spoke" to his employee (Ryan). He claimed the employee did it with good reason. Then, he tried to justify those actions while pretending he didn't know about it before Grifter brought it up. The reason he gave was that they waited for a few weeks to have the laptop sent back and due to her lack of response, Ryan just decided to lock it due to policy.

Page 111-112: In his deposition, he admits to giving Ryan the order to lock down the laptop. The new v2.0 story on why he had it locked is entirely different than what he told Grifter. He now states that he read her book, saw some ILF pictures, and "freaked out."

Page 478: In a chapter of his unreleased book, he writes that he was the one to give Ryan the order to lock down the laptop. He repeats version 2 of the story on why he believes he was justified in locking the laptop.

⬆ 6 ⬇   💬 Reply   ···



**SudoXXXXXXXX OP** • 7d ago

🏅 Top 1% Commenter

If anyone wants the tldr, this motion for summary judgment is now making the news

https://www.theregister.com/2025/02/25/def_con_harassment_allegations/

⊖ ⬆ 6 ⬇   💬 Reply   ···



**l0ra__** • 7d ago

thanks for the update.

⬆ 6 ⬇   💬 Reply   ···



**just_a_pawn37927** • 10d ago

A Social Engineer will social engineer! That's what they do....

⊖ ⬆ 5 ⬇   💬 Reply   ···



**green-wagon** • 9d ago

~~A Social Engineer will~~ Leches gonna ~~social engineer~~ lech! That's what they do....

Fixed it for you.

⬆ 6 ⬇   💬 Reply   ···



**[deleted]** • 10d ago

Comment deleted by user

⊖ ⬆ ⬇   💬 Reply   ↗ Share



**Gen4200** • 10d ago

Damn, you're saying Chris got played not just once but by four different women? He must be a pretty trash SE who doesn't learn from past lessons.

Skip to main content                                                 Log In

man, chris was trying to put up some sort of defense for the indefensible before realizing he'd better delete the evidence. and they said he was considered smart. hell, i'm no genius and knew better than that. social engineer my arse. criminal maybe, lots of them think they are good social engineers. he was pretty good at it though. whole lotta good that did for him...

⬆ 6 ⬇   💬 Reply   •••


**realKevinNash** • 10d ago

Does anyone remember the claims of his defenders?

⊖   ⬆ 5 ⬇   💬 Reply   •••


**SudoXXXXXXXX OP** • 10d ago
🎖 Top 1% Commenter

I think the only thing was that Defcon wasn't clear about which CoC violation or that they believed a CoC violation could only mean something sexual. People were mad because Defcon wasn't sharing the details. If they shared the details, he probably would have sued for libel anyway. The only difference is that the accusers and Defcon are now protected from being sued for defamation for what is stated in motions and depositions, so Hadnagy provided transparency through his own lawsuit. I just don't think it turned out in the way he hoped it would when it was all revealed.

⊖   ⬆ 10 ⬇   💬 Reply   •••


**bettersafetynet** • 9d ago

At the time the ban was announced, DefCon was super hush on _why_. It was confusing because Chris ran the SE Village, and it was a very popular event. Folks wondered why such a high profile person would get a ban.

i.e., most of the "defense" of Chris really was "what's happening, please explain" type response.

⊖   ⬆ 9 ⬇   💬 Reply   •••


**SudoXXXXXXXX OP** • 9d ago
🎖 Top 1% Commenter

I think at the end of this years-long saga, his own lawsuit and all the discovery that came out will do **more** damage to Chris than just walking away with a ban. I had no idea what he was banned for until the court documents started coming out. Now the cat is out of the bag...

⬆ 12 ⬇   💬 Reply   •••

⊕   1 more reply


**realKevinNash** • 9d ago

Sorry to be clear there were defender's on Chris' side who either publicly or not supported his claim of unfair treatment. I just cant remember their specific claims.

⊖   ⬆ 3 ⬇   💬 Reply   •••


**green-wagon** • 9d ago

Skip to main content                                                                                    Log In



And then they'd go after anyone who objected hammer and tongs.

⬆ 5 ⬇    💬 Reply    ⋯

**green-wagon** • 9d ago

Very clearly. It was all, but there's no evidence!

15-20 women terrified to put into writing what he'd done.

Decent human being don't act this way.

⊖    ⬆ 10 ⬇    💬 Reply    ⋯

**mat_stats** • 9d ago

How'd you get the number 15-20?

⊖    ⬆ -4 ⬇    💬 Reply    ⋯

**SudoXXXXXXXX** **OP** • 9d ago

🏅 Top 1% Commenter

Grifter, Maxine, Dark Tangent, and several others testified that 15-20 people jumped on a video call to complain about Hadnagy's transgressions to Defcon, and that is what ultimately led to the ban. Since only relevant parts of transcripts are provided in the motions, I have no idea if they deposed all 15-20 people. Still, at least 5 former employees' deposition transcripts were used in this motion so there might have been **more** depositions than just the 5. It isn't uncommon to skip deposing people for cost if you get **more** information from certain witnesses.

⬆ 11 ⬇    💬 Reply    ⋯

⊕ 5 more replies

**Miffy92** • 9d ago

sure, there's one in this thread u/mat_stats

⬆ 7 ⬇    💬 Reply    ⋯

**Rebootkid** • 9d ago

I'm reading this, and it feels like there's pages missing or something.

You see it between page 22 to page 23. and page 25 to page 26 seems to be missing the jump from the experience onboarding to a statement about actions taken (imgur link, for reference: https://imgur.com/a/ZaNH7Qg )

⊖    ⬆ 5 ⬇    💬 Reply    ⋯

**BourbonInExile** • 9d ago

As I understand it, this is the evidence DEF CON is providing in support of their request for summary judgment. So they've only included the portions of transcripts that they feel are relevant to that request. It's not a full dump of all the docs in the case.

3/4/25, 10:56 AM                    Hadnagy vs. Defcon et al - Motion for Summary Judgement : r/Defcon

Case 2:23-cv-01932-BAT    Document 97-1    Filed 03/11/25    Page 71 of 87

Skip to main content                                                                    Log In



Top 1% Commenter

This is normal for motions. They only include the parts of the transcripts that support their legal arguments, not the whole transcript since the judge reading it wouldn't have the time to read thousands of pages of unrelated testimony. By the time all the depositions are over, there could be tens of thousands of pages of transcripts so the courts only want to read the portions relevant to the motion.
https://www.esquiresolutions.com/courts-want-to-see-just-the-relevant-portions-of-deposition-transcripts/

⬆ 8 ⬇    💬 Reply    ⋯

Fit-Cut9562 • 9d ago

yeah sections are likely redacted and missing for the purposes to protect victims

⊖    ⬆ 7 ⬇    💬 Reply    ⋯

Rebootkid • 9d ago

Interesting. OK. I'm used to values just being blacked out in records to protect victims, not entire sections missing.

My apologies.

⬆ 4 ⬇    💬 Reply    ⋯

Rebootkid • 9d ago

Reading **more**, yes. Entire pages of the transcript are missing.

Page 35 of the PDF is page 140 of the transcripts. Page 36 of the PDF is page 147 of the transcripts.

I'll go dig on court listener to see if I can find the FULL transcripts.

What I will say is that if you start at page 30 of the PDF (77 of the transcript) and start reading down, it does demonstrate that Chris' behavior was a code of conduct violation regarding sexual harassment at least.

⊖    ⬆ 5 ⬇    💬 Reply    ⋯

Rebootkid • 9d ago

and this is pretty damning: https://i.imgur.com/Sr7XfgN.png

⊖    ⬆ 7 ⬇    💬 Reply    ⋯

mat_stats • 9d ago

Damning of what? Damning of having literally zero sense of humor? It's a fucking joke. Again. What the fuck happened to this community man holy sshiiiiiiiiiiiit people are so insanely soft..

⬆ -5 ⬇    💬 Reply    ⋯

⊕ 9 more replies

angrypacketguy • 8d ago

 Skip to main content                                                     Log In

---

 [deleted] • 10d ago

Comment deleted by user

 ⌃ ⌄  💬 Reply  ⇄ Share

 **SudoXXXXXXXX** OP • 10d ago
🎖 Top 1% Commenter

He will get to file an opposition to the motion for summary judgment, and we'll see his "side" then, but it is a low bar for Defcon. They made no public statements related to exactly what conduct he allegedly violated. Just that it was a COBC violation, all they had to prove here was that they had good reason to believe he violated the COBC - which it seems like they have. He admits a long list of people who had issues with him. He does not dispute that 15-20 people met with Defcon organizers and made claims about him. He doesn't deny some of his conduct at the conference or some of the accusations made against him.

They don't have to prove the veracity of every single claim. They only have to prove with a preponderance of evidence that they had what **they believed was reasonable cause to ban him under the Code of Conduct** - which also includes blanket harassment in general. Unless he has a conversation showing that TDT and Grifter didn't believe the accusations and chose to ban him anyway, it's just going to be noise.

 ⌃ 18 ⌄  💬 Reply  •••

 **forerunner23** • 10d ago

withholding evidence in discovery is, as far as i'm aware, a major violation of court policy and procedure. i'm not sure if it's a crime, but it is something that could destroy that side's credibility in the case and potentially garner court punishment.

⊖ ⌃ 6 ⌄  💬 Reply  •••

 **SudoXXXXXXXX** OP • 10d ago
🎖 Top 1% Commenter

He would likely be sanctioned if he admits to withholding crucial evidence during discovery. Once the discovery period is closed, no **more** discovery is allowed to be produced. Usually motions for summary judgment come after discovery closes so if he tries to add some bombshell discovery in his opposition to the motion for summary judgment, it likely would not be allowed with some limited exceptions (i.e. judicial notice of a public site or something like that).

 ⌃ 5 ⌄  💬 Reply  •••

 **Appropriate-Big-8827** • 10d ago

and from what i am hearing, DEF CON did just that.

⊖ ⌃ -5 ⌄  💬 Reply  •••

**SudoXXXXXXXX** OP • 10d ago • Edited 10d ago
🎖 Top 1% Commenter

Skip to main content  Log In

statement and that Defcon acted negligently. I don't know how you will do that with all the evidence provided in your emails and your testimony here. Accept that this lawsuit was a bad move for you.

⬆ 8 ⬇  💬 Reply  ⋯

**Appropriate-Big-8827** · 10d ago

This is interesting all the defcon-ites are quick to jump on this but for sure there will be opposing and it will shed light. don't the sheeple realize that each lawyers job is to make their client look good and the opposer look bad?

⊖ ⬆ -5 ⬇  💬 Reply  ⋯

**bspence7337** · 10d ago

Take the L dude. Haven't you damaged yourself enough?

⬆ 11 ⬇  💬 Reply  ⋯

**l0ra__** · 10d ago

you could have just stopped with the first account. the second best time is right now.

⊖ ⬆ 7 ⬇  💬 Reply  ⋯

**Maxie-Reynolds** · 10d ago

😂

⬆ 7 ⬇  💬 Reply  ⋯

**SudoXXXXXXXX** OP · 10d ago
🏅 Top 1% Commenter

Hello, Reddit account that was just created today with an autogenerated name

⬆ 6 ⬇  💬 Reply  ⋯

**NoAmbitionInstigator** · 10d ago

I went thru all 770 pages (many of which were just chapters from Hadnagy's latest book), although I did not read them all in depth. Hadnagy does not come off as the greatest person. In Fact, he comes off as kind of a pathetic shitbag (in the past I have said that friends of mine who know him have said he is a total shitbird). That said, no one in those documents comes off in a good light. The overall theme is bad employer / pissed employees and I don't know why DefCon or BlackHat got involved in that.

In general I still believe that the way the ban was announced was designed to do as much damage to Hadnagy as possible. You can't convince me otherwise. You read thru these documents and some of this shit is going back years and DefCon had never heard or took anysort of action before and now suddenly he is a great and ongoing threat to the community? My one caveat on that is the shit with the knife and throat punching. That I think can be considered an ongoing threat and that is probably what the dismissal will hang on in my opinion.

⊖ ⬆ -8 ⬇  💬 Reply  ⋯



Skip to main content                      Log In

to do with all the bullshit blowing around with folks getting pissed at the cons for not having coc's or something. then a few years later derbycon closed it's doors forever, rip - trevor forget!

i have never been to defcon nor do i know or have heard anything specific from anyone who has been. i am a big fan of the cons though, miss derbycon terribly and still attend one in my hometown even though i am not working in the field of infosec any longer. having made that disclaimer, i would say that from an outsider listening in, it sounds like they had their eyes opened by a legal team and decided they had better take action now and did so.

i only met the guy once at derbycon and he gave me a terrible first impression and vibe when i asked him one question during a presentation. i decided right then and there he was a prick like a few others i knew who were bigger names at derbycon and ignored him. only reason i was there was to fool the lie detector, but i had done that before so it wasn't that big of a deal. would've been nice to do it in front of people though.

⬆ 4 ⬇    💬 Reply    •••

**detherow** • 9d ago
🏅 Top 1% Commenter

Tl;dc;wgaf about this guy anyways.. I mean really

⬆ -9 ⬇    💬 Reply    •••

**[deleted]** • 10d ago

Comment deleted by user

⊖   ⬆ ⬇    💬 Reply    Share

**Grifter801** • 10d ago

Hi, Chris!! Could you make it any **more** obvious that this is you?

⊖   ⬆ 18 ⬇    💬 Reply    •••

**SudoXXXXXXXX** OP • 10d ago
🏅 Top 1% Commenter

I'm glad it wasn't just me thinking that.

⬆ 10 ⬇    💬 Reply    •••

**bspence7337** • 10d ago

Mmhmmmmm

⬆ 5 ⬇    💬 Reply    •••

**[deleted]** • 10d ago

Comment deleted by user

⊖   ⬆ ⬇    💬 Reply    Share

Skip to main content        Log In

Literally everyone in here has multiple samples of your writing in the emails and text messages and can do the comparison themselves.

Don't you train people to look for things like this?

⬆ 20 ⬇    💬 Reply    ⋯

⊕ 1 more reply

 **wellthatsucksfr** · 10d ago

Did you even read the document? It was her personal laptop that they for some reason let her do work things on. And it was only locked AFTER he had promised to stop fucking with her. If it were company policy then the laptop should have been wiped/locked upon termination. What he did was 100% retaliatory.

It probably took you longer to write this half assed defense than you spent reading the document.

⊖    ⬆ 16 ⬇    💬 Reply    ⋯

 **[deleted]** · 10d ago

Comment deleted by user

⊖    ⬆ ⬇    💬 Reply    ↱ Share

 **SudoXXXXXXXX** OP · 10d ago
🕶 Top 1% Commenter

It might help you understand how property must be legally transferred in this country. This is a ruling from the Second Court of Appeals from last year. While it explicitly addresses social media intangible property, it defaults back to regular property laws on the assignment of property. If I recall, the Hayley Paige ruling is the case law to look at. She would need to have formally transferred the property and a record of that transfer would have to be in place. It's not just, "If you use it with my company, I now own it." That is not a legal transfer of property and would have never held up in court if they went after her.

⬆ 9 ⬇    💬 Reply    ⋯

⊕ 4 more replies

 **wellthatsucksfr** · 10d ago

That's not how it works at all. But keep living in your bubble man. Just don't bring this shit to the con floor.

⬆ 7 ⬇    💬 Reply    ⋯

 **SudoXXXXXXXX** OP · 10d ago
🕶 Top 1% Commenter



Skip to main content                                                          Log In

admits she owned the laptop prior to her employment in his deposition. He instead tries to say that he somehow now owns it to allow her to use it for BYOD? Unless there is a contract where she signs the property over explicitly, it would still be her property.

As far as what Grifter said, they agreed to mutually walk away from talking to Grifter, and they were going to backdown. It was initially in that context it wasn't the business of Defcon. Then, the next day, her laptop, which she owned before being employed, was locked. Chris also admits that he was wrong about her starting a competing business or stealing work produced for someone else - and that she emailed the client the work directly. He admits some of the things he shared to podcast owners, producers, industry professionals, and others was wrong but it still affected her professionally. Has he made any statement rectifying this? Defamation isn't just public statements. It can be private ones as well if they damage the person.

The "its not Defcon's business" Grifter comment isn't the full context. The whole exchange is included, and Grifter goes on to state that it would have just dropped if he could have let it go. Because he chose to escalate things with her, 15-20 other people came out of the woodwork to accuse him of a ton of stuff. Some of these depositions include potential COBC violations at Defcon. Grifter also testified that he had his own experiences with Chris' anger and outrageous behavior.

The ILF images seem to be a 'he said, she said" on permission, and he claims he reviewed the book chapters before, but he denies seeing the images or giving permission. She claims he did give her permission and that he knew about it. That one is probably a draw.

I don't think Chris should or shouldn't be believed because he's a social engineer, but I think there is a large amount of evidence and his own admissions in depositions that add weight to the fact that he had a temper, would inappropriately refer to his employees as "hot" or call out their Asian ethnicity. He admitted to some of the exercises he did in classes and that some people would get uncomfortable with them - many women. He admitted to his anger problems both in his deposition and in emails submitted in exhibits. The stories seem to be pretty consistent as far as his behavior among a large group of ex-employees and his excuses about them being untrustworthy are moving goalposts based on the history of exhibits of what he initially told people in emails/texts and then later admitted how he was wrong in some of those statements. Just reading the deposition transcripts, he made some damning admissions.

I still have about 200 pages left to read, but I'm sure I'll edit and add to this. Honestly, I always thought Chris was **more** intelligent than this. He could have kept the accusations publicly quiet with the threat of a defamation lawsuit against his accusers, but not any**more**. Thanks to his lawsuit, their testimonies are protected by litigation privilege.

⊖    ⬆ 16 ⬇    💬 Reply    •••



[deleted] • 10d ago

Comment deleted by user

⊖    ⬆ ⬇    💬 Reply    ↪ Share

SudoXXXXXXXX **OP** • 10d ago
🏅 Top 1% Commenter

3/4/25, 10:56 AM  Hadnagy vs. Defcon et al-Motion For Summary Judgement : rDefcon

Skip to main content

Log In

Case 2:23-cv-01932-BAT    Document 97-1    Filed 03/11/25    Page 77 of 87

because the company was allowed to use it after purchase. Those cases found in the federal appeals level that the company needs an explicit contract (meaning an explicit offer, acceptance, and consideration) for the property to be transferred.

The strippers at the Defcon for Kids area at night? Unless kids are there at night, it doesn't matter what the space is used for when children are not occupying it. Lots of Defcon space is used for other things when there aren't talks going on. Someone isn't a "pedophile" because they use a space for a party late at night after the kids are nowhere in proximity. It's messed up to call someone a pedophile for doing so.

Umm, it's not a sexual thing? Do you think it's not sexual for women to walk up to a man and ask about his circumcision preferences?

You say he didn't know who his accusers are, but based on Grifter's deposition and the chat logs, he seemed to have a long list of people he was rattling off on their phone calls and names he was volunteering. A lot of these people would have probably been scared to make a public statement before because he could sue them for defamation, regardless of how baseless that lawsuit would be. But he cannot sue them for libel for these deposition transcripts being posted anywhere.

⬆ 14 ⬇   💬 Reply   ⋯

⊕ 16 more replies

 **Maxie-Reynolds** • 10d ago • Edited 10d ago

3/4/25, 10:56 AM    Hadnagy vs. Defcon et al – Motion For Summary Judgement : r/Defcon

Case 2:23-cv-01932-BAT    Document 97-1    Filed 03/11/25    Page 78 of 87

Max: You possessed remote wipe capabilities—a fact I explicitly highlighted in the letter I sent you in 2021. Why not just wipe the machine? Something else you've failed to mention is that there were two computers — the one you originally sent me and the one noted as being sent to you are the same. The one you are discussing here, though, is mine.

CH: Would you let them keep it for weeks after they quit?... Should Chris have let her keep that and all the data?

Max: Since it was my property—and you could have secured it—the answer is fairly obvious.

CH: Also, there's an interesting tidbit in there where it says Maxie stole images from the ILF for her book?

Max: The book you edited? That is a glaring oversight. Moreover, I was not involved in that case, and I would not have accessed those files without your intervention—unless what are implying is that every ILF volunteer possesses access to CP. Can any ILF volunteer arbitrarily download images pertaining to highly sensitive cases?

CH: Also, that Chris pressured podcasts and TV producers, but when you read through the supplementary evidence, it shows that his words to them were that he withdrew his support of her. Is that "pressuring"? Is that getting someone canceled?

MR: Why inform anyone at all? I simply terminated my employment, and you have since acknowledged that I neither misappropriated any assets, initiated a competing enterprise, nor caused you any harm. And yes, you pressured two producers and attempted to pressure Netflix.

CH: There is also a place where Jeff initially asks to meet at 5 a.m. but Chris asks for a different time and then Jeff pushes him off for months and they never meet before the announcement.

MR: Were you really unable to set an alarm for 4:45 a.m. for one of the most critical calls of your life? I would honestly eat dog food everyday at 4:45 a.m. if it spared me talking to or about you ever again... and yet here we are. Great.

CH: Or when Chris asks Grifter how this is any business of Defcon and Grifter says it's not. Or the text where Grifter says he is not Defcon.

MR: Semantics probably aren't going to get you out of this — take a better position and make a better case?

CH: I've seen all along that people default to believing a lot of this because "Chris is a social engineer", but so is Max, and Cat and Michelle and Jess. If we can't believe anything Chris says because he's a social engineer, how can we believe them too? I'm just asking to have the same standard applied to both.

MR: if we just adhere to the documentation and compare it against all of your statements—both public and those now available via texts and emails, books, etc., it is indisputable you have lied consistently. This is a huge own goal of yours.

CH: Jake Williams wrote in there that Maxie had a lot of red flags when he met with her.

MR: Jake provided a candid account of his thoughts; he is a good friend of mine and is entitled to his


Max.



**SudoXXXXXXXX** **OP** • 10d ago
🕶️ Top 1% Commenter

Unless he made you sign a property assignment/contract assigning your personal laptop, he's full of it, Maxine

Property law and transfer of property has been well established case law for years and big notable cases have further cemented it in recent years like this one: https://law.justia.com/cases/federal/appellate-courts/ca2/21-2535/21-2535-2024-01-17.html

A vague comment in an email is not an enforceable contract. A legally binding contract has to be specific and offer consideration. https://www.adobe.com/acrobat/business/hub/binding-vs-non-binding-contract.html

⬆ 7 ⬇   💬 Reply   ⋯



**bspence7337** • 9d ago

May I recommend Ollie? Their lamb dish with cranberries is amazing.

Serious note: I find this response very eloquent and well written, very alluring and factual. Well done.

⬆ 5 ⬇   💬 Reply   ⋯



**Appropriate-Big-8827** • 10d ago

damn when you look through stuff def con posted it doesn't really help them.... ok Chris might be a jerk at times. But Maxie lied, cheated, signed contracts and did all sorts of stuff that broke normal american employment agreements, then got a bunch of other disgruntled employees to side with her? This sounds like a workplace dispute... why is def con involved in that? So is Jeff going to now sit in judgment of every company that comes to def con to make sure they are on the up and up?

This is not good for them.... just saying. But i am still reading.

⊖ ⬆ -13 ⬇   💬 Reply   ⋯



**Gen4200** • 10d ago

Damn Chris, these sock puppets just really undermine any claim you have to being a good SE, so obvious and transparent.

⬆ 13 ⬇   💬 Reply   ⋯



**SudoXXXXXXXX** **OP** • 10d ago
🕶️ Top 1% Commenter

You aren't fooling anyone here with your newly created account. This has to be the worst attempt at socially engineering a narrative I've ever seen.

⊖ ⬆ 12 ⬇   💬 Reply   ⋯

Skip to main content        Log In

comment. The idea he'd be a novice is bullshit. He's not a novice. Implying that is *his* sockpuppet is a bit.. of a reach. Sure. Maaaaaybe? ... but no.

Something fucking shady is going on and I'm not sure what.

⬆ -7 ⬇    💬 Reply    ...

 **Maxie-Reynolds** • 10d ago

Again, you have a fundamental misunderstanding of your contracts — could I not sign for my mortgage then, given I had signed your contract? That was literally your claim to me three years ago: that I couldn't sign anything else because I signed your employee contract.

⬆ 8 ⬇    💬 Reply    ...

**kafka_quixote** • 9d ago

This is pathetic man

You opened this up by suing. DEFCON was vague to begin with. Now discovery has produced this report where the whole internet can see how disgusting you can be

You could've taken time to introspect, gone to therapy, or any number of things. Instead you're here, ego raging against how you're perceived (something totally out of your control)

⬆ 7 ⬇    💬 Reply    ...

 **CheeseyLogan** • 9d ago

Funny. You guys think I need a sock puppet account or anyone who asks a critical thinking question must be me. So weak.

Also funny how, like this whole case, the mob is only listening to one side of the story. Don't forget we get to respond to MSJ and I sat through every one of your depositions and heard every lie you told under oath, every twist of the truth and every exaggerated fact. I noted each and supplied proof of your lies and fabrications. So our reply will be very eye opening.

Finally funny how many of these supposed accounts are occuring back in the day when def con still had stripper parties and cheered cause there was only 2 rapes this def con.  And now they are the beacon of justice

Laughable.

I don't need to hide behind sock puppets. We shall see what comes out.

⊖    ⬆ -13 ⬇    💬 Reply    ...

**green-wagon** • 9d ago

What kind of information security company has a policy allowing employees' personal computers to contain clients' sensitive data?

You aren't just creepy, you're terrible at your job.

Skip to main content       Log In

"And now they are the beacon of justice"

That's been sticking in my head since I read this... and you have a very interesting point there... but it's not the one you think it is.

True Defcon isn't a collection of saints... that you went beyond the pale and had repeated behaviors so outrageous in an era of wilder times at defcon is telling.

Again, go back and re-read your OWN responses to the questions in deposition. Without any other evidence at all, you come off as a wretched person doing horrible things.

There's not going to be any evidence anywhere that is exculpatory for you. Sure, _maybe_ you'll be able to drag others to make 'em look bad... but... that's the best you got. Your very best 'win' here is going to be Pyrrhic. That said, I doubt it.

TL;DR: your own testimony by itself is enough to prove you've earned the lifetime ban.

⊖   ⬆ 13 ⬇   ⭕ Reply   ⋯



**Similar-Ideal-5589** • 9d ago
🥷 Top 1% Commenter

Well said!

⬆ 5 ⬇   ⭕ Reply   ⋯

🔵 **bettersafetynet** • 9d ago

Just stop dude. Get help.

Go back and re-read your own comments in the deposition. By your own responses you've damned yourself. Even if there were some conspiracy against you, your own answers are horrid.

That you're continuing to fight this hard? That you seem to try to make yourself into the wronged party? Nah man, it's YOU. You are the problem.

⬆ 11 ⬇   ⭕ Reply   ⋯



**Similar-Ideal-5589** • 9d ago
🥷 Top 1% Commenter



Skip to main content            Log In

your own. You could have stopped when you agreed to with Grifter. You could have recanted all of your lies about Maxie once you learned that she had not stolen anything from you, and was not starting a competing business. You could have just let the woman live her life without your management. But NO, your ego was hurt and you don't have the self control or self awareness necessary to stop.

I truly think the most damning part of testimony was your own words. Your unpublished book, where you repeatedly expressed wishes for Jeff and other people to "suffer". Those are YOUR WORDS. You showed your true colors in that writing, and anyone who even knows a modicum of psychology can see the abuser voice in yours.

Please get help. I read that you love your therapist, but it sounds like she either isn't getting the whole story or is telling you what you want to hear, but either way, you're not growing.

⊖   ⬆ 11 ⬇   💬 Reply   ⋯



**Similar-Ideal-5589** · 9d ago

🎖️ Top 1% Commenter

To be honest, my takeaway from reading every page of evidence is not that you're a predator. Not consciously, anyway. It's that you're so incredibly insecure that it infuriates you when a woman succeeds without you, or in some cases- DESPITE you. You have absolutely nothing nice to say in any of this testimony about any of the many women in the industry who aren't under your thumb. You're an insecure, vindictive man, and you need to stop lashing out at people like Jeff and Maxie and Cat, and work on yourself. Even if you somehow win this lawsuit, and I don't think you will, you're never going to become successful again until you fix the problem that started all of this- YOU.

⊖   ⬆ 10 ⬇   💬 Reply   ⋯



**green-wagon** · 9d ago

Oh, no, he's a predator too. He looked for who (in his estimation) was the weakest, and then targeted them. With his son, emotional abuse (what kind of dad does that?) With women, also sexual.

⬆ 9 ⬇   💬 Reply   ⋯



**SudoXXXXXXXX** OP · 9d ago · Edited 9d ago

🎖️ Top 1% Commenter



Skip to main content                                                    Log In

It doesn't matter if the victims aren't "perfect" or have things in their pasts. It will not raise a triable fact if you can somehow "prove" they aren't perfect people.

It doesn't matter if every accusation didn't happen the exact way that the victims recounted or if you have a subjective different experience of what happened.

It doesn't matter if you feel Defcon doesn't apply the CoC "fairly" across the board.

The only thing that Defcon has to prove is that they had reasonable belief that you broke the CoC **or** that they did not act negligently and exercised reasonable care. I can't see a reasonable jury or court believing that Defcon is negligent because you have some alternative subjective explanation for why it isn't as bad as it looks or by claiming other people are "just as bad."

It doesn't seem like you've had much luck on your motions in this case. Maybe the point of this is just to vindictively drag these people through the mud? I don't know, but I think this did **more** damage to you than the ban ever did because the evidence of your behavior is on the public record now. If Defcon wins this case, people will remember that Defcon didn't defame you and the massive amount of evidence against you.

⊖  ⬆ 11 ⬇    💬 Reply    ⋯


**green-wagon** • 9d ago

The travesty here is that these women who have had suffered so much harm as a result of coming into contact with this dirtbag, and it's unlikely they will ever see just compensation for the harms he's done to them and their careers.

⬆ 9 ⬇    💬 Reply    ⋯


**MisterBs_x90x90** • 9d ago

What seems **more** likely? That there is some huge conspiracy against you or that you're just a giant a**hole who did horrible malicious things to people? My money is on the later. There is 700+ pages of it. They can't be lies or twists if you agree to the majority of them and there is proof in screenshots with your name that you didn't contest. You're the villain in this story, guised as someone who occasionally did good things (or manipulated people to do good things, sounds didn't actually do the work). No rebuttal or fabrication from your lawyers is going to change those facts.

⊖  ⬆ 8 ⬇    💬 Reply    ⋯


**green-wagon** • 9d ago

The list of exhibits show him as he is, irrefutably. His words, his actions.

⬆ 6 ⬇    💬 Reply    ⋯


**mat_stats** • 9d ago

Skip to main content                                                    Log In

outsider to the case. I wish I could say keeping in this fight is worth it bc truthfully it looks pretty fucked at
the moment bc the mob will undoubtedly paint in broad strokes

⬆ -13 ⬇    💬 Reply    ⋯

**Appropriate-Big-8827** • 10d ago

starting page 178 - sheez this woman was a serious conwoman.... damn son.

⊖    ⬆ -14 ⬇    💬 Reply    ⋯

**SudoXXXXXXXX** OP • 10d ago
🏅 Top 1% Commenter

Hi Chris

⬆ 10 ⬇    💬 Reply    ⋯

**Similar-Ideal-5589** • 9d ago
🏅 Top 1% Commenter

The level of delusion here... wow. Chris, stop digging, the hole is deep enough!!

You really don't see the irony here in writing a book on cancel culture when you literally tried to cancel the
careers of SEVERAL women, because they chose not to work for you any longer. You're STILL trying to
harass and defame them. You're a pathetic sad little man

⬆ 5 ⬇    💬 Reply    ⋯

## New to Reddit?

Create your account and connect with a world of communities.

✉    Continue with Email

📱    Continue With Phone Number

By continuing, you agree to our User Agreement and acknowledge that you understand the Privacy Policy.

r/    r/NoShitSherlock • 19 days ago

Hegseth Is An Idiot                                                     

2.1K upvotes • 81 comments

3/4/25, 10:56 AM    Hadnagy vs. Defcon et al - Motion for Summary Judgment : r/Defcon

Case 2:23-cv-01932-BAT    Document 97-1    Filed 03/11/25    Page 85 of 87

Skip to main content                                                                       Log In

anything that happens."

83 upvotes · 36 comments

 r/leftistveterans • 9 days ago

Hegseth says firing of top military lawyers was about making sure "they don't exist to be roadblocks to anything that happens."

112 upvotes · 10 comments

 r/Defcon • 1 yr. ago

Another Hadnagy v Moss (or maybe Hadnagy v DefCon) update - Looks like a trial

29 upvotes · 67 comments

 r/Defcon • 8 days ago

DEF CON vs. Hadnagy Legal Update

73 upvotes · 1 comment

 r/hacking • 8 days ago

DEF CON vs. Hadnagy Legal Update

12 upvotes · 2 comments

 r/Defcon • 2 yr. ago

Chris Hadnagy vs. DEF CON lawsuit DISMISSED

83 upvotes · 43 comments

 r/Defcon • 3 yr. ago

Chris Hadnagy (SE village) had been banned from defcon. DC414 has been disbanded.

131 upvotes · 106 comments

 r/SocialEngineering • 3 yr. ago

Why was Chris Hadnagy banned from DEFCON?

30 upvotes · 27 comments

 r/Defcon • 1 yr. ago

Chris Hadnagy Sues DEF CON (Again) Lawsuit Update

110 upvotes · 38 comments

 r/Defcon • 3 yr. ago

3/4/25, 10:56 AM
Case 2:23-cv-01932-BAT   Document 97-1   Filed 03/11/25   Page 86 of 87
Hadnagy vs Defcon et al Motion for Summary Judgement : r/Defcon

Skip to main content 

Log In

---

 r/Defcon • 7 mo. ago

**\*\*\* DEF CON ATTENDEES \*\*\***

672 upvotes   ·   289 comments

---

 r/RepublicanValues • 2 mo. ago

The point isn't that Hegseth doesn't have combat experience and is therefore unqualified, it's that he doesn't have ANY experience that qualifies him for this position.

98 upvotes   ·   6 comments

---

 r/Defcon • 7 mo. ago

DEF CON's response to the badge controversy

456 upvotes   ·   258 comments

---

 r/Defcon • 2 yr. ago

Is Def Con worth going to as a "normie"?

74 upvotes   ·   83 comments

---

 r/whowatchesthewatchmen • 17 days ago

Hegseth did say he would stop drinking if he was confirmed as secretary of defense.



11 upvotes   ·   2 comments

---

 r/AntiTrumpAlliance • 3 mo. ago

Trump Defense Nominee Pete Hegseth Doesn't Want Soldiers Held Accountable for Killing Civilians

91 upvotes   ·   15 comments

---

 r/netsec • 11 yr. ago

HD Moore was warned by US law enforcement last year over the Critical.IO scanning project.


theguard...

162 upvotes   ·   42 comments

---

 r/Uniteagainsttheright • 2 mo. ago

Pete Hegseth, Trump's pick for U.S Secretary of Defense, has voiced strong opposition to removing the names of Confederate generals from US military bases

69 upvotes   ·   24 comments

---

 r/Uniteagainsttheright • 3 mo. ago

                                                                         Log In

42 upvotes · 41 comments

 r/RepublicanValues • 16 days ago

**GOP senators already regretting their votes for Hegseth**

84 upvotes · 12 comments

 r/Whistleblowers • 11 days ago

🚨BREAKING: Secretary of Defense Pete Hegseth has EVICTED CNN from the Pentagon.

1.1K upvotes · 121 comments

 r/conservatives • 3 mo. ago

**Military leaders are rattled by a list of 'woke' officers that a group urges Hegseth to fire**



136 upvotes · 9 comments

 r/inthenews • 2 mo. ago

The Hegseth hearing was a national embarrassment. The GOP Is No Longer the Party of National Security. America's allies and enemies watched as Trump's pick for defense secretary failed to que...



4.2K upvotes · 219 comments

 r/FoxFiction • 4 mo. ago

**Defense Secretary nominee Pete Hegseth: "I'm straight up just saying we should not have women in combat roles"**



143 upvotes · 16 comments