1

The Honorable Brian A. Tsuchida

2

3

4

5

6                UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
7                        AT SEATTLE

8   CHRISTOPHER J. HADNAGY, an              No. 2:23-cv-01932-BAT
    individual; and SOCIAL-ENGINEER, LLC,
9   a Pennsylvania limited liability company,

                                            **PLAINTIFFS' RESPONSE TO**
10                                          **DEFENDANTS' MOTION TO SEAL**
                      Plaintiffs,
11                                          **NOTED FOR CONSIDERATION:**
            v.                              **MARCH 28, 2024**
12
    JEFF MOSS, an individual; DEF CON
13  COMMUNICATIONS, INC., a Washington
    corporation; and DOES 1-10; and ROE
14  ENTITIES 1-10, inclusive,

15                    Defendants.

16                    **I.    INTRODUCTION**

17       Plaintiffs Christopher Hadnagy and Social-Engineer, LLC ("Plaintiffs") submit this

18  response to Defendants Def Con Communications, Inc., and Jeff Moss' ("Defendants") Motion to

19  Seal Documents Filed in Support of Their Motion to Exclude Plaintiffs' Damages Expert, Ben

20  Thomas (Dkt. 90).

21       The documents at issue contain Plaintiffs' confidential financial and compensation

22  information. Public disclosure of this information would cause Plaintiffs significant commercial

23  harm. Defendants do not oppose sealing these materials.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO              FREY BUCK
SEAL - 1                                        1200 FIFTH AVENUE, SUITE 1900
CASE NO.: 2:23-cv-01932-BAT                           SEATTLE, WA 98101
                                              P: (206) 486-8000 F: (206) 902-9660

## II.    RELEVANT FACTS

### A.  Documents and Information at Issue

Plaintiffs request that the following documents be kept under seal by this Court:

**1.  Dkt. 89: Sealed Motion to Exclude Plaintiffs Damages Expert Ben Thomas**

- Portions of this motion discuss Social-Engineer's financial information, including revenue, expenses, and profit/loss data.

- Dkt. 90: Contains a redacted version of the motion.

**2.  Dkt. 92: Exhibit A to Mertens Declaration – Sealed Ben Thomas Expert Report**

- This report details Social-Engineer's financial information, including income, revenue, expenses, and compensation paid to Hadnagy.

- Dkt. 91-1: Contains a redacted version of the expert report.

**3.  Dkt. 93: Exhibit B to Mertens Declaration – Sealed Deposition Transcript of Plaintiffs' Expert Ben Thomas**

- The sealed deposition transcript discusses Social-Engineer's sensitive financial data and Hadnagy's salary information.

- Exhibit A to Conrad Declaration: A redacted version of the deposition transcript, with redactions limited to mentions of Social-Engineer's financial and salary information.

**4.  Dkt. 94: Exhibit C to Mertens Declaration – Sealed Spreadsheet (Bates No. SE_001761)**

- This document contains Social-Engineer's client names, contract amounts, and potential client names, all protected by nondisclosure agreements.

On August 21, 2024, this Court entered a Protective Order designating certain categories of documents as confidential. In accordance with that order, Plaintiffs marked these documents as confidential.

### B.  Relevant Background

Social-Engineer, LLC provides security consulting services to corporations, government

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SEAL - 2
CASE NO.: 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

agencies, and other organizations worldwide. Declaration of Christopher Hadnagy ("Hadnagy Decl.") ¶ 3. The company operates under strict non-disclosure agreements (NDAs) with its clients and prospective clients and does not publicly disclose client identities, services rendered, or financial terms. *Id*. Social-Engineer gains access to sensitive client data while assessing security vulnerabilities. *Id*. Public disclosure of its clients' names would pose severe security risks, exposing both Social-Engineer and its clients to potential cyber threats. *Id*. Plaintiffs also take protective measures to ensure that Social-Engineer's financial information is protected and does not become public. *Id*.

Additionally, Defendant Def Con Communications is central to the global cybersecurity and hacker community, attracting both ethical hackers and malicious actors. Hadnagy Decl. ¶8. Given the nature of this lawsuit, disclosing Social-Engineer's confidential business and client information in publicly accessible court documents heightens the risk of security breaches. *Id*. The Court should carefully consider these risks when evaluating whether to seal these sensitive materials. *Id*.

### III.    AUTHORITY & ARGUMENT

The Western District of Washington Local Civil Rules provide that where a party wishes "to file a confidential document it obtained from another party in discovery," the party who designated the document confidential who must, in its response to the motion to seal, satisfy LCR 5(g)(3)(B). LCR 5(g)(3)(B) requires:

(B) A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:

i. the legitimate private or public interests that warrant the relief sought;

ii. the injury that will result if the relief sought is not granted; and

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SEAL - 3
CASE NO.: 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

iii. why a less restrictive alternative to the relief sought is not sufficient.

"When deciding a motion to seal, courts 'start with a strong presumption in favor of access to court records.'" *Burrows v. 3M Co.*, No. C19-1649-RSL, 2023 U.S. Dist. LEXIS 16339, 2023 WL 1345429 at *1 (W.D. Wash. Jan. 31, 2023) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "This presumption, however, 'is not absolute and can be overridden given sufficiently compelling reasons for doing so.'" *Id.* (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

For documents related to a dispositive motion, a party must demonstrate "compelling reasons" that outweigh the public interest in disclosure. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Courts recognize compelling reasons when disclosure would result in improper use of court records, such as promoting public scandal or releasing trade secrets. *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Courts acknowledge the risk of competitive harm through disclosure of confidential and proprietary information may warrant maintaining documents under seal, even considering the presumption of public access to judicial documents. *Nixon*, 435 U.S. at 598 (the court may ensure its records are not used "as sources of business information that might harm a litigant's competitive standing"); *Valley Broadcasting Co. v. U.S. District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (noting considerations that weigh against disclosure include "the likelihood of an improper use, including . . . trade secret materials"); *Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, No. C17-0814-JLR, 2019 U.S. Dist. LEXIS 177330, 2019 WL 5103311, at 2 (W.D. Wash. Oct. 11, 2019) (finding where information filed under seal "relates to confidential business details relating to [a business's] internal processes and procedures, and disclosure of that material could result in

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SEAL - 4
CASE NO.: 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1  improper use by business competitors," compelling reasons to maintain the seal existed); *Brown*

2  *v. Brown*, No. CV 13-03318 SI, 2013 U.S. Dist. LEXIS 207027, at 3 (N.D. Cal. Dec. 27, 2013)

3  (sealing profits, losses, income, investments, and expenses that derive from financial statements

4  and ledgers of two privately held companies. Public disclosure of this information could harm

5  these companies if the information was used by its competitors.).

6      The documents currently under seal contain confidential financial and business

7  information, including Plaintiffs' revenue, expenses, net income, and salary information. Hadnagy

8  Decl. ¶4. As a privately held company, Social-Engineer does not publicly disclose this information.

9  *Id.* Public disclosure would cause significant harm by providing competitors with insight into

10  Plaintiffs' financial performance, enabling them to exploit this knowledge in negotiations and

11  market positioning. *Id.* ¶5. Competitors could use access to Plaintiffs' contract amounts and sales

12  data to gain an unfair advantage, allowing them to undercut pricing, poach clients, and strategically

13  target Plaintiffs' business, ultimately increasing costs and reducing profit margins. *Id.* ¶6.

14      Additionally, exposure of Hadnagy's personal salary information would negatively impact

15  his ability to negotiate compensation with future employers, as potential employers could use it to

16  justify lower salary offers. Hadnagy Decl. ¶9.  Because of the sensitive nature of this information,

17  the potential harm to Plaintiffs is substantial and multifaceted, encompassing competitive,

18  operational, financial, legal, and security risks.

19      Furthermore, revealing Plaintiffs' clients' names would violate the terms of non-disclosure

20  agreements (NDAs) entered into with clients and expose both Plaintiffs and their clients to

21  heightened security threats. Hadnagy Decl. ¶7. Plaintiffs handle highly sensitive security data, and

22  disclosing their clients' identities would create new vulnerabilities, making both Plaintiffs and

23  their clients prime targets for cyber threats. *Id.* Given Defendants' established role in the global

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SEAL - 5
CASE NO.: 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

hacker and cybersecurity community—where both ethical hackers and malicious actors operate—the risks associated with public disclosure are particularly severe.

Plaintiffs have taken the least restrictive approach by offering redacted versions of all documents except Dkt. 94: Exhibit C to Mertens Declaration, which contains only client names and contract amounts. Redacting that document would remove all substantive content, rendering it meaningless.

This type of sensitive business information falls squarely within the category of records that should be sealed. *See Raner v. Fun Pimps Ent. LLC*, No. 3:22-cv-05718-TMC, 2024 U.S. Dist. LEXIS 42585, at *6 (W.D. Wash. Mar. 11, 2024) (sealing revenue, expenses, profits, and compensation details due to the risk of competitive harm).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Defendants' motion to maintain these documents under seal.

As required by Local Civil Rule 7(e)(6), I certify that Plaintiffs' Response to Defendants' Motion to Seal contains 1,292 words, excluding the parts that are exempt by Local Civil Rule 7(e)(6).

DATED this 21st day of March, 2025 at Seattle, Washington.

**FREY BUCK,**

By: _____
Ted Buck, WSBA #22029
Mark Conrad, WSBA #48135
*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SEAL - 6
CASE NO.: 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

**CERTIFICATE OF SERVICE**

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SEAL** on the following individuals:

David Perez, WSBA #43959
Matthew J. Mertens (Pro Hac Vice)
Lauren A. Trambley (Pro Hac Vice)
Jacob Dean (Pro Hac Vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
dperez@perkinscoie.com
mmertens@perkinscoie.com
ltrambley@perkinscoie.com
jacobdean@perkinscoie.com

[  ]    Via USPS
[X]    Via Electronic Mail
[X]    Via Electronic Filing (CM/ECF)

DATED this 21st day of March 2025 at Seattle, Washington.

_____
Amber Holmes, Legal Assistant

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
SEAL - 7
CASE NO.: 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660