The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | No. 2:23-cv-01932-BAT<br><br>**PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT AND SANCTIONS**<br><br>**Noted for Consideration: March 24, 2024**<br><br>ORAL ARGUMENT REQUESTED |

## I.     INTRODUCTION AND RELIEF REQUESTED

A simple search for the word "confidential" within Defendants' exhibits easily identifies the materials at issue. Clearly that simple task was never undertaken, but even more problematic – Defendants Def Con Communications and Jeff Moss - completely compounded the leak, amplifying the disclosure by broadcasting the pleadings across their social media platforms to their community of "hackers." By doing so, Defendants assumed the risks associated with such an action, including the very consequence now before the Court: confidential information contained

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT AND SANCTIONS - 1
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

in the exhibits was disseminated to thousands of its followers and the general public. Had Defendants simply filed the documents in error and promptly addressed the issue upon Plaintiffs' notification—without leveraging social media—this matter would be in an entirely different posture. Instead, Defendants chose to widely distribute the materials and ignored Plaintiffs' request to have the posts taken down, thereby exacerbating the harm. Such actions warrant consequences.

## II.     BACKGROUND

### A. Defendants filed their motion and supporting exhibits without affording Plaintiffs any opportunity to respond, in clear violation of this Court's Protective Order.

The Protective Order is unequivocal: before filing any document designated as confidential, "the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A)." Dkt. 48 at 4. Defendants ignored this requirement entirely. They did not attempt to meet and confer with Plaintiffs or allow them to address the issue before filing. Instead, on the morning of their filing, Defendants' counsel sent an email stating their intent to use two documents—Exhibits 35 and 54—emails between Plaintiffs and their clients, both marked CONFIDENTIAL. Defendants unilaterally decided to redact portions of these documents, "to avoid unnecessary motions practice" while claiming they "disagree that Social-Engineer would be able to defend the confidentiality of these designations if forced to do so under Section 6.3 of the SPO." Dkt. 97-1 at 2. Plaintiffs were not given a chance to respond to the email before Defendants filed their Motion for Summary Judgment and exhibits that same afternoon.

Most troubling, Defendants failed to disclose their intent to file Exhibit 21—Plaintiffs' Responses to Discovery Requests—which included multiple responses clearly marked as CONFIDENTIAL. Plaintiffs received no prior notice of this disclosure.

Defendants' claim that they complied with the Protective Order is simply untrue. They did

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT
AND SANCTIONS - 2
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

not even provide Plaintiffs any opportunity to respond to or address the confidential materials before filing. Instead, they rushed the documents into the record. That rush is further evidenced by their subsequent filing of a Praecipe—an attempt to correct redaction issues in materials that were not even marked confidential—while still leaving Plaintiffs' clearly labeled confidential information exposed. This conduct falls far short of the requirements under this Court's Protective Order.

**B. Defendants have no justification for including the confidential information in their filings.**

Defendants argue their e-discovery platform didn't "code" confidentiality designations in Plaintiffs' discovery responses because those responses were never formally produced or uploaded. That explanation is unremarkable—an e-discovery platform can't flag documents it never processed. But identifying confidential material didn't require specialized software. A basic keyword search for "confidential" in any PDF viewer would have revealed the designations within seconds.

Defendants ignored this simple safeguard and then worsened the violation by promoting the materials on social media, broadcasting them to thousands—a reckless and avoidable step. The disclosed documents—medical records, client names, contract details, and financial data—had no relevance to Defendants' summary judgment motion. Their claim that this information provided "context" or prevented accusations of "cherry-picking" is unfounded. Defendants were obligated to follow this Court's orders and procedural rules—not to preempt criticism from online followers.

Their appeal to transparency also rings hollow. In other exhibits, Defendants selectively omitted key portions of communications. Exhibits 15, 27, 28, 29, 36, 37, 41, and 48 contain only

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT
AND SANCTIONS - 3
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1  partial text messages, omitting relevant context. See LCR 5(d) ("discovery requests and responses must not be filed unless they are used in the proceedings").

In short, Defendants had no valid reason to include this confidential information. It was irrelevant to the issues before the Court, and even a basic review would have prevented its disclosure—had they taken the time before widely sharing it online.

**C. Defendants failed to remove social media posts linking to the confidential materials and instead drove significant traffic to their filing.**

Defendants' claim that they were unaware Plaintiffs sought removal of the documents from CourtListener until after this motion is both implausible and contradicted by the record. On February 26, 2025, Plaintiffs' counsel explicitly informed Defendants that confidential materials were improperly filed and highlighted Defendants' social media activity amplifying their dissemination. See Dkt. 97-1 at 5.

Although Defendants later sealed the materials on the Court's docket, they knew the same materials remained publicly available—because their own posts linked directly to them on CourtListener. Rather than remove or update those links, Defendants left them active until after this motion was filed.

More concerning, Defendant Jeff Moss directed users to the Def Con subreddit—a forum he moderates—where users were sharing and promoting downloads of the exhibits. Moss posted:[1]

> DTangent · 24d ago
> Let's use the other thread for comments because it got stared over the weekend:
> https://www.reddit.com/r/Defcon/s/twJyMZbMBV
> ⇧ 24 ⇩   Reply   Award   Share   …

---

[1] https://www.reddit.com/r/Defcon/comments/1ix6qdj/def_con_vs_hadnagy_legal_update/

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT AND SANCTIONS - 4
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

Within the subreddit, users encouraged others to access the confidential material:

- "If anyone wants to read all the exhibits, they are here. It is a wild ride"

- "Just scan through it and read it. The OCR isn't done on all the pages, so you won't find the multiple dozens of mentions with a CTRL-F. It's 776 pages. Other people found it."

As moderator, Moss had full authority to remove posts, delete comments, or restrict access.[2] Yet, instead of curbing the spread of confidential material, he amplified it—actively pointing users to it and enabling its further distribution. This was not passive inaction; it was a deliberate choice.

Defendants knew the documents remained accessible and made no effort to stop their spread. Their attempt to shift blame onto Plaintiffs is meritless. Plaintiffs did not create this situation—Defendants did, by launching an unnecessary social media campaign that ensured widespread exposure.

This is exactly the kind of conduct the Protective Order was meant to prevent—using protected materials "outside of litigation." Dkt. 64 at 3. Defendants' claim that they were unaware of Plaintiffs' concerns until after the motion was filed is not credible and wholly unsupported by the record.

**D. Defendants' selective and improper disclosure of Hadnagy's medical information evidences bad faith.**

Defendants argue that Plaintiffs overstate the confidentiality of Hadnagy's medical information by citing instances where similar information in Defendants' filings was not marked as confidential. Dkt. 96 at 14. This argument is completely misplaced. The information Defendants now point to should have been designated as confidential, as it clearly falls within the categories

---

[2] https://support.reddithelp.com/hc/en-us/articles/204533859-What-s-a-moderator

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT
AND SANCTIONS - 5
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

protected by the Court's Protective Order. Had Defendants alerted Plaintiffs to any inadvertent omissions, Plaintiffs would have corrected them before Defendants' filing. This type of material is clearly entitled to confidentiality and has no place in the court file.

More concerning, Defendants included Hadnagy's sensitive medical information in their filing despite its complete irrelevance to their summary judgment motion. Defendants had no legitimate reason to publicly disclose this information, yet they did so anyway. Even more, Defendants redacted similar information for other witnesses which was not marked as confidential, yet did not afford Hadnagy the same consideration.

Defendants' selective treatment of Hadnagy's sensitive medical information—deliberately exposing it while shielding similar information for others, despite its irrelevance to the issues before the Court—further underscores their true intent.

**E. Disclosure of Plaintiffs' financial information and client names is particularly concerning given the nature of the DEF CON community.**

As the Court is now well aware, DEF CON hosts the world's largest hacking convention, attracting individuals from across the cybersecurity spectrum—including both ethical hackers and those engaged in malicious activity. This case has already drawn significant attention from members of that community, many of whom view Plaintiffs as adversaries.

In that context, the public disclosure of Plaintiffs' confidential financial records—including client names, contract values, and other sensitive business information—is especially concerning. Much of this information is governed by nondisclosure agreements (NDAs) and clearly qualifies for protection under the Court's Protective Order. See Dkt. 103 (Plaintiffs' Response to Defendants' Motion to Seal) for further detail.

Importantly, there is a substantial difference between presenting confidential materials as

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT AND SANCTIONS - 6
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

testimony at trial, and filing the information publicly and then promoting across social media. In this case, the latter occurred—posing a heightened risk due to the nature of the online audience and the public attention surrounding this litigation.

### III.    AUTHORITY & ARGUMENT

**A. Defendants' cited cases are inapposite and fail to justify their misconduct.**

None of the cases cited by Defendants excuse the violations at issue. Each is distinguishable, and none involve conduct as sustained or egregious as Defendants'—who not only filed confidential materials in violation of a Protective Order but also launched a campaign to publicly disseminate them to a hacker-focused audience.

Defendants rely on *Gaekwar v. Amica Mut. Ins. Co.*, No. 2:22-cv-1551-BJR, 2023 U.S. Dist. LEXIS 217418 (W.D. Wash. Dec. 6, 2023), but that case offers no support. In *Gaekwar*, the disclosure lasted less than 24 hours and was quickly remedied. There was no social media promotion, no hostile audience, and no intent to publicize. The court emphasized the lack of prejudice and the prompt correction in denying sanctions. Here, by contrast, Defendants failed to confer with Plaintiffs as required under LCR 5(g), left the information unsealed for five days, and promoted it across multiple platforms—reaching thousands. This breach was neither brief nor isolated; it was widespread and sustained.

*Cent Com, Inc. v. Numerex Corp.*, No. C17-0560RSM, 2018 U.S. Dist. LEXIS 149357, at *23 (W.D. Wash. Aug. 31, 2018), is also inapposite. There, the party at least attempted to file under seal. The violation involved local rules, not a refusal to protect designated materials. Here, Defendants filed sensitive content without sealing and then promoted it through Reddit, X, LinkedIn, and their own website.

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT AND SANCTIONS - 7
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

*Point Ruston, LLC v. Pac. Nw. Reg'l Council*, No. C09-5232BHS, 2010 U.S. Dist. LEXIS 147765, at *2 (W.D. Wash. Mar. 2, 2010), is similarly off point. That case involved no protective order and a short-lived public filing. *Id*. In contrast, this Court had entered a Protective Order that explicitly covered the materials Defendants disclosed—clearly marked "CONFIDENTIAL."

In short, Defendants' cited cases only underscore the extraordinary nature of their conduct in this case.

**B. The Court should find Defendants in contempt and impose significant sanctions.**

Defendants violated the Court's Protective Order, and Rule 37(b) provides a clear basis for the Court to issue "further just orders" in response. Sanctions under this rule may serve both punitive and deterrent purposes, and courts have broad discretion in determining the appropriate remedy. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783–84 (9th Cir. 1983).

Importantly, contempt does not require a finding of willfulness. A party's failure to take "all reasonable steps" to comply with a clear court order may be sufficient, regardless of intent. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

These circumstances go far beyond a simple oversight. Defendants filed confidential information without giving Plaintiffs any opportunity to respond—let alone making the required effort to confer under the Local Rules and the Protective Order. A basic search for the term "CONFIDENTIAL" would have immediately flagged the sensitive content. Instead, Defendants proceeded to launch a social media campaign targeting their community of "hackers," compounding the harm.

After Plaintiffs flagged the issue—including that Defendants' posts linked directly to publicly accessible versions of the documents—Defendants still took no action to remove the posts

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT
AND SANCTIONS - 8
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

or restrict access. They waited until after this motion was filed to act.

In contrast, Plaintiffs made every effort to honor the Protective Order. They engaged in consistent communication with Defendants to ensure all materials marked as confidential—whether by Plaintiffs, Defendants, or third parties—were treated properly. See Dkt. 97-1 at 19. Any suggestion otherwise is contradicted by the record.

Plaintiffs acknowledge the seriousness of the sanctions they request. But the conduct at issue is equally serious—a widespread disclosure of sensitive information. The Court should impose meaningful sanctions to address this misconduct and uphold the integrity of its Protective Order.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the relief requested in this motion.

I certify that Plaintiffs' Reply to Motion for Civil Contempt and Sanctions contains 2,082 words, excluding the parts that are exempt by Local Civil Rule 7(e)(6).

DATED this 24th day of March, 2025 at Seattle, Washington.

**FREY BUCK**

By: _____
Ted Buck, WSBA #22029
Mark Conrad, WSBA #48135
*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT AND SANCTIONS - 9
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

# **CERTIFICATE OF SERVICE**

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT AND SANCTIONS** on the following individuals:

David Perez, WSBA #43959
Matthew J. Mertens (Pro Hac Vice)
Lauren A. Trambley (Pro Hac Vice)
Jacob Dean (Pro Hac Vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
dperez@perkinscoie.com
mmertens@perkinscoie.com
ltrambley@perkinscoie.com
jacobdean@perkinscoie.com

[ ]   Via USPS
[X]   Via Electronic Mail
[X]   Via Electronic Filing (CM/ECF)

DATED this 24th day of March 2025 at Seattle, Washington.

*/s/ Amber S Holmes*
Amber Holmes, Legal Assistant

PLAINTIFFS' REPLY TO MOTION FOR CIVIL CONTEMPT AND SANCTIONS - 10
No. 2:23-cv-01932-BAT

FREY BUCK
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660