THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | No. 2:23-cv-01932-BAT<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT BEN THOMAS**<br><br>**Noted for Consideration:** April 4, 2025<br><br>**Redacted Version** |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................... 3

II. ARGUMENT .............................................................................................................. 4

    A. The fact that Mr. Thomas is a CPA alone is not sufficient ........................... 4

    B. Mr. Thomas cannot rehabilitate his testimony with information not contained in his Report. .................................................................................. 4

    C. Mr. Thomas cannot simply decide whether to testify regarding lost business value based on undetermined future revenue. ............................ 8

    D. Hadnagy spoon fed Mr. Thomas client-prepared facts. .............................. 9

    E. Mr. Thomas fails to explain how increased operating expenses are tied to the Transparency Report. ................................................................. 10

    F. Mr. Thomas's calculations include unrelated and unrecoverable amounts. ...................................................................................................... 12

    G. Mr. Thomas's damages calculations double dip. ....................................... 13

    H. Mr. Thomas improperly assumes causation, ignoring alternative explanations and the factual record. .......................................................... 14

III. CONCLUSION ........................................................................................................ 16

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bell v. Boeing Co.*,
    2022 WL 1206728 (W.D. Wash. Apr. 22, 2022) .................................................... 6

*Chung v. Washington Interscholastic Actives Ass'n*,
    2021 WL 1978698 (W.D. Wash. May 18, 2021) ............................................. 9, 15

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993) ............................................................................................. 4

*Echologics, LLC v. Orbis Intelligent Sys., Inc.*,
    2023 WL 2756492 (2023) ........................................................................... 4, 8, 11

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997) ............................................................................................. 7

*Geo. M. Martin Co. v. All. Mach. Sys. Int'l, LLC*,
    2008 WL 2008638 (N.D. Cal. May 6, 2008) ....................................................... 9

*Grasshopper House, LLC v. Clean & Sober Media LLC*
    2019 WL 12074086 (C.D. Cal. July 1, 2019) ............................................... 15, 15

*Int'l, Inc. v. Houlihan Trading Co.*,
    2023 WL 2611796 (W.D. Wash. Mar. 23, 2023) ............................................... 12

*Johnson v. Oroweat Foods Co.*,
    785 F.2d 503 (4th Cir. 1986) .............................................................................. 13

*Luke v. Family Care & Urgent Med. Clinics*,
    323 F. App'x 496 (9th Cir. 2009) ........................................................................ 5

*Lust By & Through Lust v. Merrell Dow Pharms., Inc.*,
    89 F.3d 594 (9th Cir. 1996) ............................................................................... 15

*Moe v. Wise*,
    97 Wash. App. 950 (1999) ................................................................................. 12

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Platt v. Holland Am. Line Inc.*,
  2023 WL 2938172 (W.D. Wash. Apr. 13, 2023) ...................................................... 5

*Rulffes v. Macy's W. Stores, LLC*,
  2023 WL 5015963 (W.D. Wash. Aug. 7, 2023) ...................................................... 6

*Sherwin–Williams Co. v. JB Collision Servs., Inc.*,
  2015 WL 1119406 (S.D. Cal. Mar. 11, 2015) ....................................................... 5

*Tapia v. NaphCare Inc.*,
  2025 WL 437927 (W.D. Wash. Feb. 7, 2025) ........................................................ 9

*Therasense, Inc. v. Becton, Dickson and Co.*,
  2008 WL 2323856 (N.D. Cal. May 22, 2008) ........................................................ 9

*UBS Fin. Servs. Inc. v. Montoya*,
  2014 WL 2876688 (N.D. Cal. June 24, 2014) ..................................................... 12

**FEDERAL RULES**

Fed. R. Civ. P. 26 ................................................................................................. 4, 7

Fed. R. Civ. P. 37 .................................................................................................... 6

Fed. R. Evid. 702 ................................................................................................ 4, 4

Fed. R. Evid. 703 .................................................................................................... 9

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

The Court should exclude the expert testimony of Plaintiffs Social-Engineer, LLC and Christopher Hadnagy's (collectively, "Hadnagy") damages expert, Ben Thomas, for several reasons, as outlined below and in Defendants Jeff Moss and Def Con Communications, Inc.'s (collectively, "Defendants") Motion to Exclude (ECF 90).

Hadnagy effectively concedes that Mr. Thomas's expert report is riddled with deficiencies by trying to repair those deficiencies with external information in his Opposition. But Mr. Thomas's expert testimony is limited to what is contained in his September 13, 2024, expert report ("Report"). Hadnagy cannot insert external information or data that he did not initially provide in an attempt to salvage his report. For lost business value, Mr. Thomas's Expert Report does not contain any explanation for his use of the "market approach," how he selected the supposedly fourteen transactions, how he deselected other undisclosed transactions, or the underlying data for those fourteen transactions. Hadnagy's untimely production of the underlying data (ECF 113, Ex. B) is impermissible.

Mr. Thomas's testimony is further unreliable because he predicates it on several assumptions that the factual record does not support. To reach the opinions that his Expert Report asserts, Mr. Thomas relied upon a Hadnagy-created spreadsheet without independently reviewing the underlying data and assumed: (1) all contracts were lost as a result of Defendants' alleged defamation; (2) all increased operating expenses were the result of Defendants' alleged defamation; and (3) Social-Engineer lost 100% of its value. In doing so, Mr. Thomas ignores the factual record, including Hadnagy's own spreadsheet indicating that contracts were lost for reasons other than the Transparency Report; and Social-Engineer's net revenue increasing in the years after the Transparency Report.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II. ARGUMENT

### A. The fact that Mr. Thomas is a CPA alone is not sufficient.

The Court may exclude an expert witness for several reasons, including lack of qualifications, unreliable principles and methodologies, insufficient facts or data, or unreliable application to the facts of the case. Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–92 (1993). Hadnagy argues that Mr. Thomas is qualified to testify as an expert because he is a Certified Public Accountant ("CPA"). ECF 112 at 3–5. But the fact that Mr. Thomas is CPA alone is not sufficient to warrant admissibility. His testimony must also meet the other three criteria under FRE 702: (1) be based on sufficient facts or data, (2) be the product of reliable principles and methods, and (3) reflect a reliable application of the principles and methods to the facts of the case. *See* Fed. R. Evid. 702. His testimony fails under FRE 702's other three criteria.

### B. Mr. Thomas cannot rehabilitate his testimony with information not contained in his Report.

An expert's report "must contain a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i), (ii). An expert "may only testify in accordance with their expert report." *Echologics, LLC v. Orbis Intelligent Sys., Inc.*, No. 21-CV-01147-H-AHG, 2023 WL 2756492, at *12 (S.D. Cal. Mar. 27, 2023) (precluding expert from offering opinions or analysis not contained in expert report). Mr. Thomas cannot rely on untimely data to salvage his deficient Report and cannot testify to information his Report does not contain.

Mr. Thomas's Report fails to include: (1) an explanation of Mr. Thomas's selection of the market approach over other methodologies, (2) the criteria he used to select supposedly "comparable" fourteen transactions between 2010 to 2023, (3) disclosure of the fourteen transactions that he did select, (4) disclosure of the transactions that

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

he did not select, and (5) the data of the fourteen transactions that he considered. *See* ECF 90 at 5–7; *see also* ECF 91-1. The Report merely states that "a search of companies sufficiently comparable to Social-Engineer revealed 14 guideline transactions over the relevant historical period" and that those fourteen transactions were "used to estimate a loss in business value." ECF 91-1 ¶ 24. The Report nowhere discloses the fourteen transactions selected or the underlying data of each transaction, such as the date of sale, the type of business, the location of the business or, most importantly, the sale price of the business. *See id.* ¶¶ 22–27.

On October 11, 2024, to try to cure the deficiencies in the Report, Hadnagy produced the data underlying the fourteen transactions that formed the basis of Mr. Thomas's damages calculations. ECF 112 at 7:1–15; ECF 113, Ex. B. Hadnagy essentially seeks to supplement Mr. Thomas's Report with deposition testimony and data untimely produced. But such testimony and documentation are too little, too late. "[S]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was ***not available at the time of the initial disclosure***." *Luke v. Family Care & Urgent Med. Clinics,* 323 F. App'x 496, 500 (9th Cir. 2009) (emphasis added). "[S]upplementation does not cover failures of omission because the expert did an inadequate or incomplete preparation[.] To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would wreak havoc in docket control and amount to unlimited expert opinion preparation." *Platt v. Holland Am. Line Inc.*, No. 2:20-CV-00062-JHC, 2023 WL 2938172, at *4 (W.D. Wash. Apr. 13, 2023) (quoting *Sherwin–Williams Co. v. JB Collision Servs., Inc.*, 2015 WL 1119406, at *6 (S.D. Cal. Mar. 11, 2015)). Rule 26(e) may not be used as a "loophole through which a party who . . . wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

for doing so has passed." *Luke*, 323 F. App'x at 500. "Put more plainly, Rule 26(e) does not give litigants license to sandbag their opponents with previously undisclosed opinions, nor does it provide a shortcut for shoring up hastily composed or otherwise shoddy expert reports." *Rulffes v. Macy's W. Stores, LLC*, No. 2:22-CV-1075, 2023 WL 5015963, at *4 (W.D. Wash. Aug. 7, 2023), *reconsideration denied,* 2023 WL 5207356 (W.D. Wash. Aug. 14, 2023). Hadnagy had a September 13, 2024, deadline to disclose his expert witness and produce all data Mr. Thomas considered to form his expert opinion. *See* ECF 45. Hadnagy admits that he did not produce Mr. Thomas's "detailed calculations" and "financial overview of the companies used in the market approach" until October 11, 2024, nearly **one month after** the Court's deadline. ECF 112 at 7:9–15. On September 13, 2024, Mr. Thomas had this data and relied upon it to form his Report's opinions, yet he failed to provide it to Defendants. Mr. Thomas cannot rely on the untimely disclosures to remedy the issues in his Report. *See* Fed. R. Civ. Proc. 37(c)(1); *see also Bell v. Boeing Co.*, No. 20-CV-01716-LK, 2022 WL 1206728, at *3 (W.D. Wash. Apr. 22, 2022).

Mr. Thomas's deposition testimony does nothing to save his selection of the fourteen transactions. Hadnagy claims that Mr. Thomas "deselected the companies that operated in irrelevant industries" and "provided examples of tanning salons, and companies related to the military." ECF 112 at 7:1–4. But that mischaracterizes Mr. Thomas's testimony:

> Q.  You said that you selected those that were most comparable, so does that mean that you excluded comps when you ultimately decided on that 14 comps or however many you said that you used?
>
> A.  Yes, there were certain comps that were deselected. I would have to go specifically back into the database to see which ones were deselected, but they would've -- just either if there's -- when you do these searches, there are some that are just totally irrelevant. You know, there might be a tanning salon ends up in here for whatever reason just because they have the NAICS code. So things like that, just going through,

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

>making -- removing those particular ones. There could be some that are, you know, related to -- I don't know -- military and things like that, so there are certain things like that that might be removed.

Thomas Dep. 135:9–24.

Mr. Thomas could not recall the specific transactions that he deselected. Instead, he used (as hypothetical examples) that there "might" be a tanning salon or military company. He did *not* testify that he deselected these specific transactions to support his damages calculations. Mr. Thomas merely asserts—without any supporting data or specific deposition testimony—that he deselected companies that he deemed to be in "irrelevant" industries.

Hadnagy's argument that Mr. Thomas "offered to provide Defendants with the list of companies removed" at his deposition and that "Defendants never followed up" is unavailing. ECF 112 at 7:3–8. Under Rule 26, Hadnagy has a duty to disclose all data that Mr. Thomas relied upon to form his expert opinion. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). It is not on Defendants to follow up and obtain such information from Hadnagy's expert. Hadnagy should have done so as part of his September 13, 2024, initial disclosures. Hadnagy's failure to do so renders Mr. Thomas's expert testimony unreliable and warrants exclusion. *See* Fed. R. Civ. Proc. 37(c)(1).

Finally, Mr. Thomas's vague testimony that "some industries, it doesn't matter how old you go or how far back you go in time. They could always transact at one multiples […] and be more driven off of the earnings" does not support his unilateral decision to go back as far as 2010 to find "comparable" transactions. Thomas 136:7–16. Without objective criteria for why he selected (or deselected) certain transactions and the time period within which he ran the search, Mr. Thomas's selection of the fourteen transactions is nothing more than *ipse dixit*. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 137 (1997) ("Nothing in either *Daubert* or the Federal Rules of Evidence

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

### C. Mr. Thomas cannot simply decide whether to testify regarding lost business value based on undetermined future revenue.

Hadnagy concedes that Social-Engineer *does* have value as a going concern, admitting that Mr. Thomas calculated lost business value "under the assumption that the business would lose its entire value at a future point." ECF 112 at 16:20–22. Hadnagy then promises that "if Social-Engineer's business improves or does not ultimately fail, he will not present damages for lost business valuation at trial." ECF 112 at 9. Mr. Thomas cannot assert in one breath that Hadnagy suffered $1,692,000 in lost business value (see ECF 91-1 ¶ 7), yet in another claim that he will not testify on lost business value if—at some undetermined time in the future before trial—he determines his current Report and corresponding testimony was inaccurate.

Trying to avoid exclusion, Hadnagy argues that "because the company continues to operate at a loss and incur debt, Mr. Thomas reasonably accounted for the possibility of total business failure in his damages calculation." *Id.* But that is not what Mr. Thomas did. Mr. Thomas did not provide various different scenarios of Social-Engineer's valuation in his Report based on the factual record. He did not even calculate the current value of Social-Engineer. Thomas Dep. 138:3–14. Instead, Mr. Thomas assumed that Social-Engineer lost ***100% of its value*** and only provided expert opinion based on that ***one*** potential outcome (and he thus limits his testimony to that one outcome). *See Echologics,* 2023 WL 2756492, at *12.

Hadnagy's Opposition fails to address this point, but it bears repeating: Social Engineer's annual net revenue ***increased*** by ▮▮▮▮▮▮▮▮ (pre-damages period) in 2021 to ▮▮▮▮▮ (during the alleged damages period) in 2022. *See* ECF 91-1 at Schedule 2. Social-Engineer also reported an annual revenue of ▮▮▮▮▮ in 2023. *Id.* Social-Engineer's undisputed revenues demonstrate that the factual record

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

does not remotely support Mr. Thomas's conclusions regarding lost business valuation. The Court should therefore exclude them. *See Chung v. Washington Interscholastic Actives Ass'n*, 2021 WL 1978698, at *3 (W.D. Wash. May 18, 2021) (excluding expert testimony where the "underlying assumptions lack a factual basis in the record").

### D.  Hadnagy spoon-fed Mr. Thomas client-prepared facts.

Hadnagy provided Mr. Thomas with a Hadnagy-prepared spreadsheet that purports to summarize the work Social-Engineer allegedly "lost" because of Defendants' defamation. Mr. Thomas did not review these underlying contracts or statements of work, nor did he review any communications between Hadnagy and the alleged clients. Mr. Thomas cannot simply parrot facts that Hadnagy spoon-fed him to form his opinions. *See* Fed. R. Evid. 703; *see also Tapia v. NaphCare Inc.*, No. C22-1141-KKE, 2025 WL 437927, at *24 (W.D. Wash. Feb. 7, 2025) (holding expert must show that his opinions are informed by "his direct experience, observations, and facts in the record"); *Therasense, Inc. v. Becton, Dickson and Co.*, 2008 WL 2323856, at *1 (N.D. Cal. May 22, 2008) (excluding expert testimony and noting that "[o]ne of the worst abuses in civil litigation is the attempted spoon-feeding of client-prepared and lawyer-orchestrated "facts" to a hired expert who then "relies" on the information to express an opinion"); *Geo. M. Martin Co. v. All. Mach. Sys. Int'l, LLC*, No. C 07-00692 WHA, 2008 WL 2008638, at *1 (N.D. Cal. May 6, 2008) (excluding survey that was "spoon-fed to expert by counsel and client").

Hadnagy claims that Mr. Thomas's expert opinion is "directly supported by the factual record," citing to and quoting from the declaration of Ryan McDougall that Hadnagy submitted to oppose the motion for summary judgment. ECF 112 at 11:6–16. But Hadnagy did not provide Mr. Thomas with McDougall's declaration; this declaration did not form the basis of Mr. Thomas's expert opinion; and this declaration

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

does not confirm the accuracy of the data that Hadnagy spoon-fed to Mr. Thomas and upon which Mr. Thomas relied. *See* ECF 91-1 at p.16.

In addition, Mr. Thomas's testimony is unreliable because, rather than take the average of Hadnagy's income (which would be ▮▮▮▮▮), Mr. Thomas unilaterally chose to round up to ▮▮▮▮▮, inflating Hadnagy's damages. ECF 90 at 11–12; Thomas Dep. 105:6–106:10. An expert must base his testimony on damages on objective and reliable principles, not his mathematical whimsy.

### E. Mr. Thomas fails to explain how increased operating expenses are tied to the Transparency Report.

By including Hadnagy's increased operating expenses as a component of his damages for lost income—without analyzing *why* those increases resulted or *how* Defendants' alleged defamation caused these increased expenses—Mr. Thomas's testimony is not the product of reliable principles. The Court must exclude it.

Hadnagy's Opposition claims that Mr. Thomas "provided perfectly reasonable explanations" for the increased operating expenses in his deposition testimony. Hadnagy cites testimony where Mr. Thomas states that "some of them are going to be directly tied" to the Transparency Report while "others are going to be what appear to be more normal business operating expenses," necessarily implying that—even in Mr. Thomas's own telling—Defendants' alleged defamation did not cause certain increased expenses in Schedule 2. ECF 112 at 13:15–22; Thomas Dep. 73:7–16. Hadnagy also argues that these increased operating expenses were the result of "Plaintiffs' revenue plummeting." ECF 112 at 14:2–6. But the fact that Hadnagy's revenue may have been declining (it wasn't) does not explain how Defendants' alleged defamation caused, for example, Hadnagy's expenses for "meals" to increase from $▮▮▮▮ to $▮▮▮▮, or for "trainings and seminars" to increase from $▮▮▮▮ to $▮▮▮▮. ECF 91-1 at Schedule 2.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Moreover, Mr. Thomas's deposition testimony fails to explain (1) why Hadnagy's operating expenses significantly increased in 2021 and 2022; (2) how such Defendants' alleged defamation, directly or indirectly, caused these increased operating expenses; (3) how the factual record supports this conclusion; and (4) whether Hadnagy could have avoided these expenses. Mr. Thomas's Report also does not provide any analysis ***whatsoever*** regarding these increased operating expenses or how Defendants caused these increases. *See generally* ECF 91-1. Again, Mr. Thomas may only testify in accordance with his Report, and his failure to include such analysis in his Report bars testimony on the matter. *See Echologics,* 2023 WL 2756492, at *12.

Besides, Mr. Thomas admits in his deposition testimony that he does not know the "specifics" behind Hadnagy's increased operating expenses, further undermining any claim that Defendants caused these increased expenses. For example, when asked about the increased "consulting fees," Mr. Thomas testified:

> Q: And what are these consulting fees?
> A: I don't know the specifics behind the consulting fees.
> . . .
> Q: Sitting here today, can you tell me what the consulting fees are?
> A: Right. Like I said, I don't know – I don't know exactly what those relate to. I'd have to refresh my recollection.
> Q: And sitting here today, can you tell me how they actually increased because of Def Con or Mr. Moss?
> A: Right. Same answer there. I don't know the specifics of the increase.

Thomas Dep. 73:7–74:2. Mr. Thomas cannot claim that Defendants' alleged defamation caused these consulting fees when *he does not even know what the consulting fees were for*. Mr. Thomas later admits that he made the "assumption that [increased expenses] tied back to the issuance of the transparency report." *Id.* at 75:6–8.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Lastly, Mr. Thomas's testimony is unreliable because, as a component of Hadnagy's lost income, Mr. Thomas includes unrecoverable legal fees. Mr. Thomas unequivocally testified that Hadnagy's increased expenses for "professional fees" included "increased legal fees." *Id.* at 91:13–18. Ignoring the American Rule, Hadnagy argues that "Mr. Thomas did not testify that these were litigation costs," apparently splitting hairs between "litigation costs" and "legal fees." ECF 112 at 15:10–16. Regardless of terminology, under the American Rule, Hadnagy cannot recover ***any*** legal fees he has incurred—before or during litigation—absent a statute or contract that permits recovery. *See Innovative Sols. Int'l, Inc. v. Houlihan Trading Co.*, No. C22-0296-JCC, 2023 WL 2611796, at *1 (W.D. Wash. Mar. 23, 2023) ("Under the 'American Rule,' litigants must each pay their own attorney fees, unless a statute or contract provides otherwise."); *see also UBS Fin. Servs. Inc. v. Montoya*, No. MC 14-80124 WHA, 2014 WL 2876688, at *3 (N.D. Cal. June 24, 2014) (noting that "the general rule in the United States is that each party must pay its own legal fees"). Moreover, Hadnagy's "increased legal fees" are not recoverable as a matter of law. *See Moe v. Wise*, 97 Wash. App. 950, 971 (1999) (denying recovery of attorneys' fees and costs in private defamation suit). Mr. Thomas therefore cannot opine on legal fees.

### F. Mr. Thomas's calculations include unrelated and unrecoverable amounts.

Mr. Thomas's expert testimony is further unreliable because his damages calculations include: (1) allegedly lost income from SEVillage LLC; (2) income from Hadnagy's wife, Areesa Hadnagy; and (3) income from January 2022 before the Transparency Report was posted. ECF 90 at 12–15. Hadnagy cannot recover these amounts as damages for the following reasons.

First, Hadnagy's wife and SEVillage LLC are not parties to the litigation. Nor does the Complaint allege that Hadnagy lost income from SEVillage or that his wife suffered damages. While Hadnagy asserts that it is "wholly appropriate" for Mr.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Thomas to include Hadnagy's income from SEVillage and Ms. Hadnagy's income because "the relevant inquiry focuses on the total income streams attributable to Mr. Hadnagy . . . regardless of whether those streams flowed from entities or joint filings," Hadnagy does not cite any case law or authority to support this conclusory assertion. ECF 112 at 15–16.

Second, although Mr. Thomas testifies that he did not include income from January 2022 in his damages calculations, *see* Thomas Dep. 20:15–23, Mr. Thomas admits that he performed a "but-for" analysis for Hadnagy's lost income for the "full year" of 2022, which necessarily includes January 2022. *Id.* at 117:20–118:18. Mr. Thomas further admits in his deposition that he did not perform any sort of formula to account for or remove the pre-damages time period of January 1, 2022, to February 9, 2022. *Id.* Hadnagy cannot recover income as damages that predate the Transparency Report's publication, rendering Mr. Thomas's methodology for lost income unreliable.

### G.     Mr. Thomas's damages calculations double dip.

Mr. Thomas testimony is unreliable because the Report seeks double recovery for the same alleged injury. Mr. Thomas's damages calculations for Social-Engineer's lost business value includes Social-Engineer's net cash flows and net income to equity holders for 2022 and 2023. *See* ECF 91-1 ¶¶ 24–27 and Schedule 2. However, Mr. Thomas's damages calculations for Hadnagy's lost income also includes Social-Engineer's net income to equity holders from 2022 and 2023. *Id.* ¶¶ 20–21 and Schedule 1. Hadnagy's only argument against this double recovery is that the case law cited by Defendants is "inapplicable." Hadnagy is wrong. For example, in *Johnson v. Oroweat Foods Co.*, the appellate court noted that "[t]here are two ways to arrive at a dollar figure" for the plaintiff's damages: present value of all future earnings or market value of the business. 785 F.2d 503, 507–08 (4th Cir. 1986). Finding that these are

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

"simply alternative methods of measuring the extent of the same injury" and that the plaintiff can "recover either the present value of lost future earnings or the present market value of the lost business, but not both," the appellate court reversed and remanded the case because "the district court permitted an overlap." *Id.* Specifically, the district court awarded the plaintiff his lost future earnings from 1982 to 2004 and the market value of the lost business from 1982 to 2004. *Id.* The same applies here. Mr. Thomas's damages calculations impermissibly permit double recovery of Hadnagy's lost future earnings from 2022 and 2023 and Hadnagy's lost business value from 2022 and 2023.

### H. Mr. Thomas improperly assumes causation, ignoring alternative explanations and the factual record.

Hadnagy claims that "Defendants mislead the Court" by relying on the holding in *Grasshopper House, LLC v. Clean & Sober Media LLC* because the expert witness in *Grasshopper* "was provided specific facts that would have accounted for alternative explanations for the reputational decline" and Defendants challenge Mr. Thomas's testimony "without ever raising a single piece of evidence supporting another cause for Plaintiffs' economic damages." ECF 112 at 18–19. Hadnagy is wrong for several reasons.

First, like *Grasshopper*, Hadnagy ***did*** provide Mr. Thomas with "alternative explanations" for Hadnagy's alleged economic damages. A spreadsheet Hadnagy created ***himself*** and provided to Mr. Thomas said, in no uncertain terms, that Social-Engineer did not enter into 20 contracts because "█████████," two contracts because "█████████," two contracts were "█████████," another two contracts due to "█████████," ten contracts because of "███," and two contracts because of █." *See* ECF 91-3. Not a ***single entry*** on the spreadsheet attributed the loss of a contract to Defendants' conduct. Like in

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Grasshopper*, it is improper for Mr. Thomas to "fail[] to consider other factors" and "dismiss[] other possible causes" in order to assume that Defendants' alleged defamation caused each and every putatively lost contract or potential contract. *See* 2019 WL 12074086, at *12 (C.D. Cal. July 1, 2019).

Second, Defendants do not have the burden of proving admissibility. Hadnagy, as the proponent of the expert, has that burden. *See Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). Relevant case law does not put the burden on *Defendants* to "raise" evidence to prove other causes for Hadnagy's economic damages. Rather, Hadnagy has the burden to put forth evidence that supports Mr. Thomas's assumed causation and economic damages. But even if Defendants had such a burden, Defendants met that burden: the spreadsheet that Hadnagy himself created and produced in this litigation demonstrates that Social-Engineer lost these business opportunities for reasons wholly unrelated to Defendants. The factual record directly contradicts Mr. Thomas's assumed causation and therefore exclusion is appropriate. *See Chung*, 2021 WL 1978698, at *3.

Third, Hadnagy misinterprets the holding in *Grasshopper*. There, the court excluded the expert not only because he dismissed other causes for the economic damages but also because "an analysis of damages without proving that those damages were caused by the defendant's allegedly illegal conduct would be wholly useless to the jury." 2019 WL 12074086, at *12. Likewise, Mr. Thomas provides an analysis of Hadnagy's economic damages without proving (or even *attempting to prove*) that Defendants' alleged defamation caused these damages. Applying *Grasshopper*, Mr. Thomas's testimony is therefore useless to the jury, and the Court should exclude it.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 15

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### III. CONCLUSION

The Court should exclude Hadnagy's damages expert, Mr. Ben Thomas, for deficiencies under Rule 702. I certify that this memorandum contains 4,128 words, in compliance with the Local Civil Rules.

DATED this 4th day of April 2025.

**PERKINS COIE LLP**

*David A. Perez*
David A. Perez, WSBA No. 43959
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
E-mail: DPerez@perkinscoie.com

Matthew J. Mertens
**PERKINS COIE LLP**
1120 N.W. Couch Street 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Email: MMertens@perkinscoie.com

Lauren A. Trambley
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Email: LTrambley@perkinscoie.com

*Attorneys for Defendants Jeff Moss and Def Con Communications, Inc.*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT (NO. 2:23-cv-01932-BAT) – 16

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000